LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00999-BRO (AFMx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. KUTZNER, ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      (IN CHAMBERS)

# ORDER TO SHOW CAUSE RE: CIVIL CONTEMPT

On June 1, 2016, the Court issued an Order granting Plaintiff Federal Trade Commission's ("Plaintiff") Ex Parte Application for Temporary Restraining Order ("TRO"), Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Order to Show Cause Why a Preliminary Injunction Should Not Issue against Defendants Damian Kutzner, Advantis Law P.C., Advantis Law Group P.C., Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), Vito Torchia, Jonathan Tarkowski, Geoffrey Broderick, and Charles Marshall (collectively, "Defendants").  (Dkt. Nos. 22, 23.)

The TRO provides that Defendants were temporarily "enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business and personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants."  (Dkt. No. 23 at 9.)  Additionally, the TRO requires Defendants to "fully cooperate with and assist the Temporary Receiver"; for example, by "providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercise the authority and discharge the responsibilities of the Temporary Receiver under" the TRO.  (Dkt. No. 23 at 17–18.)  It also provides that if any individual defendant "possesse[d] a smartphone or tablet on receivership premises," he was required to "turn over the device to the Receiver for imaging."  (Dkt. No. 23 at 25.)  It further states that "[i]f any Documents, computers, smartphones, tablets, or electronic data storage devices containing information related to the business practices or finances of the Receivership Entities [we]re at a location other than those listed" in the TRO, the individual defendants were required to "produce to the Temporary Receiver all

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00999-BRO (AFMx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. KUTZNER, ET AL. | | |

such Documents, computers, smartphones, tablets, or electronic data storage devices," power them down, and provide any codes necessary to access them.  (*Id.*)

According to the Preliminary Report of the Court-appointed Temporary Receiver, Thomas W. McNamara, Defendant Kutzner has been "overtly uncooperative and obstructionist" throughout Mr. McNamara's execution of his role as Receiver.  (Dkt. No. 41 at 5.)  More specifically, Mr. McNamara explained that, on June 2, 2016, Defendant Kutzner immediately left the Advantis/Brookstone office after Mr. McNamara handed Defendant Kutzner a copy of the TRO.  (*Id.*)  Given that Defendant Kutzner quickly absconded, Mr. McNamara was unable to copy Mr. Kutzner's smartphone, as the TRO required.  (*Id.*)

More troubling, however, is that later the same day, shortly after leaving the Advantis/Brookstone office, Defendant Kutzner instructed Defendant Brookstone's IT consultant, Tudor Cora, to shut down the company's server immediately, falsely claiming that Brookstone was switching accounts.  (Dkt. No. 41 at 6.)  This conduct, if true, was in direct violation of the TRO provision enjoining Defendants from "destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of" Defendants' documents or records.  (*See* Dkt. No. 23 at 9.)

"A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court."  *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984); *see also Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir. 1983 ("A person fails to act as ordered by a court when he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order [].'" (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976))).  "Intent is not an issue in civil contempt proceedings. . . .  The sole question is whether a party complied with the district court's order."  *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (internal citations omitted).  Although "[t]he contempt 'need not be willful,' . . . a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.'"  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citations omitted) (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00999-BRO (AFMx)** | Date | June 16, 2016 |
|---|---|---|---|
| Title | **FEDERAL TRADE COMMISSION V. KUTZNER, ET AL.** | | |

      In light of Mr. McNamara's Preliminary Report indicating that Defendant Kutzner has violated the TRO, Defendant Kutzner is **ORDERED TO SHOW CAUSE** as to why the Court should not hold him in civil contempt. As discussed during the preliminary injunction hearing held on June 15, 2016, the contempt hearing is scheduled for July 27, 2016, at 9:00 a.m., and the parties must file their respective briefs, if any, no later than July 25, 2016, at 9:00 a.m.[1]

     **IT IS SO ORDERED.**

                                                                                                                          :

Initials of Preparer                       rf

---

[1] The Court notes that for a civil contempt order to issue, Plaintiff "must demonstrate [at the hearing] that [Defendant Kutzner] violated the [C]ourt's order by clear and convincing evidence." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695; *see also In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) ("The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.").