1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

9
10
11

FEDERAL TRADE COMMISSION,

                    Plaintiff,

        v.

DAMIAN KUTZNER, *et al*.,

                    Defendants.

**Case No. 8:16-cv-00999-BRO (AFMx)**

**PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF RECEIVER, LIMITED EXPEDITED DISCOVERY, AND OTHER EQUITABLE RELIEF AS TO DEFENDANT JEREMY FOTI**

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

        Plaintiff, the Federal Trade Commission ("FTC"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (Mar. 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538, has filed a complaint to obtain temporary,

28

preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other equitable relief for Defendants' acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015 ("Regulation O"), and has applied for a preliminary injunction order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

On June 1, 2016, this court issued its *Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Other Equitable Relief, and Order to Show Cause Why Preliminary Injunction Should not Issue.* DE 23 ("TRO"). On June 15, 2016, the Court extended the TRO until July 1, 2016. DE 47. Thereafter, the Court entered preliminary injunctions (DEs 56-57, 59) as to each of the defendants named in the original Complaint (DE 1).

On June 13, 2016, the Temporary Receiver filed his *Preliminary Report of Temporary Receiver*, in which he writes: "[Jeremy] Foti is a key, but elusive, player in the Advantis/Brookstone universe. He operates from a large, and upon our arrival locked, office next to Mr. Kutzner's office. Although he has adroitly avoided any formal ownership of the Advantis or Brookstone entities, we saw ample confirmation that he was indeed one of the bosses." DE 41.

On July 5, 2016, the FTC filed its *First Amended Complaint for Permanent Injunction and Other Equitable Relief*, ("First Amended Complaint") adding Jeremy Foti as a defendant. DE 61.

Having considered the parties' pleadings, papers, and argument, the Court hereby **GRANTS** the Preliminary Injunction against defendant Jeremy Foti.

## FINDINGS OF FACT

This Court, having considered the FTC's Complaint, *ex parte* application, declarations, exhibits, and memoranda filed in support of the FTC's application, and the evidence presented, finds that:

1.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that venue lies properly with this Court;

3.      On May 31, 2016, the FTC filed its *Complaint* and M*emorandum in Support of Ex Parte Application for a Temporary Restraining Order ("TRO") with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Other Equitable Relief, and Order to Show Cause Why Preliminary Injunction Should Not Issue* ("*TRO* Memo") and related pleadings.  DE 1, 11; DE 1-18;

4.      On June 1, 2016, the Court entered its *Ex Parte Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Other Equitable Relief, and Order to Show Cause Why Preliminary Injunction Should not Issue* ("TRO").  DE 23;

5.      On June 24, 2016, the Court entered its *Stipulated Preliminary Injunction with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Other Equitable Relief As To Vito Torchia, Jr.* (DE 56) and *Stipulated Preliminary Injunction with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery, and Other Equitable Relief As To Damian Kutzner, Charles Marshall, Jonathan Tarkowski, Advantis P.C., and Advantis Law Group P.C.* (DE 57);

6.      On June 27, 2016, the Court entered its *Preliminary Injunction with Asset Freeze, Appointment of Temporary Receiver, Limited Expedited Discovery,*

*and Other Equitable Relief As To Geoffrey Broderick, Brookstone Law P.C.*
*(California) and Brookstone Law P.C. (Nevada)* (DE 59);

      7.     On July 5, 2016, the FTC filed its First Amended Complaint adding Jeremy Foti as a defendant.  DE 61.  On July 12, 2016, the First Amended Complaint was served on Jeremy Foti by personal service through his counsel pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Moreover, Defendant Jeremy Foti's counsel was electronically served with all of the pleadings in this matter on July 13, 2016;

      8.     On July 13, 2016, the FTC filed *Plaintiff's Notice of Application and Application for Preliminary Injunction With Asset Freeze, Limited Expedited Discovery, and Other Equitable Relief As to Jeremy Foti* and accompanying *Plaintiff's Memorandum  In Support Of Application For Preliminary Injunction With Asset Freeze, Limited Expedited Discovery, And Other Equitable Relief, Against Jeremy Foti*;

      9.     There is good cause to believe that defendant Jeremy Foti has engaged in, and is likely to continue to engage, in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), including but not limited to falsely and misleadingly representing, directly or indirectly, expressly or by implication that:

      a.   Defendants are likely to obtain relief for consumers, including in some instances "at least $75,000" or consumers' homes free and clear;

      b.   Defendants will seek to void consumers' mortgages;

      c.   Defendants have a team of experienced lawyers and personnel to litigate mass joinder cases alleging lender fraud and related claims on behalf of hundreds or thousands of clients simultaneously; and

      d.   Defendants will file lawsuits on particular consumers' behalf.

The FTC is therefore likely to prevail on the merits of its action under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a);

10.     There is good cause to believe that immediate and irreparable harm will result from defendant Jeremy Foti's ongoing violations of Section 5(a) of the FTC Act restrained and enjoined by Order of this Court;

11.     There is good cause to believe that the Court's ability to grant effective final relief for consumers in the form of equitable monetary relief and disgorgement of ill-gotten gains will suffer immediate and irreparable damage from defendant Jeremy Foti's transfer, dissipation, or concealment of his Assets or business records unless he is restrained and enjoined by Order of this Court;

12.     Good cause exists to permit the FTC to take limited expedited discovery from third parties as to the existence and location of Assets and Documents;

13.     Weighing the equities and considering the FTC's likelihood of ultimate success, a preliminary injunction order with an Asset freeze, limited expedited discovery as to the existence and location of Assets and Documents, and other equitable relief is in the public interest; and

14.     No security is required of any agency of the United States for the issuance of a preliminary injunction order.  Fed. R. Civ. P. 65(c).

## **DEFINITIONS**

For the purposes of this Preliminary Injunction order, the following definitions apply:

A.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendant Foti or held for his benefit , wherever located, whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes,

accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, all cash or currency, and trusts, including but not limited to a trust held for the benefit of Defendant Foti, his minor children, or his spouse, and shall include both existing Assets and Assets acquired after the date this order is signed, or any interest therein.

B.     "**Asset Freeze Accounts**" includes accounts that are held by or for the benefit of, or controlled by, directly or indirectly, by Defendant Foti, Time Out Management LTD LLC, Taphouse LLC, GAMC Services Inc., GAMC Limo Leasing Inc., and DND consulting Inc.  Asset Freeze Accounts also includes the following accounts, identified by the account holder, the Financial Institution, and last four digits of the account number:

     1.  Time Out Management LTD LLC, Bank of America, 2464;

     2.  GAMC Services Inc., Bank of America, 6849;

     3.  Taphouse LLC, Bank of America, 0031; and

     4.  DND Consulting Inc., Bank of America, 0095.

C.     **"Assisting others"** includes but is not limited to:  (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communications; (3) formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services; (4) providing names of, or assisting in the generation of, potential customers; (5) performing or providing marketing, billing, or payment services of any kind; (6) acting or serving

as an owner, officer, director, manager, or principal of any entity; (7) providing telemarketing services; or (8) consulting with regard to any of the above.

D.    **"Corporate Defendants"** means, collectively, Advantis Law P.C., Advantis Law Group P.C., Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

E.    **"Defendants"** means the Individual Defendants, Corporate Defendants, and their successors, assigns, affiliates, subsidiaries, or agents, individually, collectively, or in any combination, and each of them by whatever names each might be known.

F.    **"Document"** is synonymous in meaning and equal in scope to the terms "Document" and "electronically stored information," as described and used in the Federal Rules of Civil Procedure.  This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on:  cards; magnetic or electronic tapes; disks; computer hard drives; network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

G.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information.  This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

H.    **"Financial Institution"** means any bank, savings and loan institution, credit union, payment processor, trust, or any financial depository of any kind, including but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

I.     **"Individual Defendants"** means, collectively, Damian Kutzner, Vito Torchia, Jonathan Tarkowski, Geoffrey Broderick, Charles Marshall, Jeremy Foti, and any other names they might use, have used, be known by or have been known by.

J.      **"Person"** means any individual, group, unincorporated association, limited or general partnership, corporation or other business entity.

K.     **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

L.     **"Receivership Entities"** means Corporate Defendants and any entities that are part of Defendants' common enterprise, including but not limited to Broad Base Inc. and Federal Management Systems Inc.  "Receivership Entities" includes businesses that lack formal legal structure (such as businesses operating under fictitious business names), but that otherwise satisfy the definition of "Receivership Entity."

M.     **"Receiver"** means the Receiver appointed in this case.  The term "Receiver" also includes any deputy receivers or agents as may be named by the Receiver.

N.     **"Stipulating Individual Defendants"** means Damian Kutzner, Charles Marshall, and Jonathan Tarkowski and any other names they might use, have used, be known by or have been known by.

O.     **"Stipulating Corporate Defendants"** means Advantis Law P.C., and Advantis Law Group P.C. and their successors, assigns, affiliates, or subsidiaries, and each of them by whatever names each might be known.

P.     **"Stipulating Defendants"** means collectively Stipulating Individual Defendants, Stipulating Corporate Defendants, Vito Torchia Jr., and their successors, assigns, affiliates, subsidiaries, or agents, individually, collectively, or in any combination, and each of them by whatever names each might be known.

Q.     "**Defendant Foti**" means Jeremy Foti, and any other names he might use, have used, be known by or have been known by.

## I.     PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendant Foti, his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or performance of any service or product, are  restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.     Defendants are likely to obtain relief for consumers, including "at least $75,000" or consumers' homes free and clear;

B.     Defendants will seek to void consumers' mortgages;

C.     Defendants have a team of experienced lawyers and personnel to litigate mass joinder cases alleging lender fraud and related claims; and

D.     Defendants will file lawsuits on particular consumers' behalf.

## II.     PRESERVATION OF RECORDS AND TANGIBLE THINGS

**IT IS FURTHER ORDERED** that Defendant Foti, his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any product or service, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents or records that relate to the business practices, or business and personal finances, of Defendants, or an entity directly or indirectly under the control of Defendants.

### III.   DISABLEMENT OF WEBSITES AND PRESERVATION OF ELECTRONICALLY STORED INFORMATION

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them, (1) any Electronic Data Host and (2) Defendant Foti, his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, shall:

A.      Immediately take all necessary steps to ensure that any Internet website used by Defendant Foti for the advertising, marketing, promotion, offering for sale, sale, or provision of services or products relating to consumers' mortgages or containing statements or representations prohibited by Section I of this Order cannot be accessed by the public; and

B.      Prevent the alteration, destruction or erasure of any (1) Internet website used by Defendant Foti for the advertising, marketing, promotion, offering for sale, sale, or provision of services or products relating to consumers' mortgages by preserving such websites in the format in which they are maintained currently and (2) any electronically stored information stored on behalf of Defendant Foti, or entities in active concert or participation with any of them.

### IV.   SUSPENSION OF INTERNET DOMAIN NAME REGISTRATIONS

**IT IS FURTHER ORDERED** that any domain name registrar shall suspend the registration of any Internet website used by Defendant Foti for the advertising, marketing, promotion, offering for sale, sale, or provision of services or products relating to consumers' mortgages or containing statements or representations prohibited by Section I of this Order and provide immediate notice to counsel for the FTC of any other Internet domain names registered by Defendant Foti, his officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise.

## V.    PROHIBITION ON USE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Foti, his officers, agents, directors, servants, employees, salespersons, and attorneys, as well as all other persons or entities in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, are hereby restrained and enjoined from using, benefitting from, selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, email address, Social Security number, credit card number, debit card number, bank account number, any financial account number, or any data that enables access to any customer's account, or other identifying information of any person which any Defendant obtained prior to when this Order is signed in connection with the marketing or sale of any product or service, including those who were contacted or are on a list to be contacted by any of the Defendants; provided that Defendant Foti may disclose such identifying information to the Receiver, a law enforcement agency, or as required by any law, regulation, or court order.

## VI.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendant Foti, and his officers, agents, servants, and employees, and all other persons or entities directly or indirectly under the control of him, and all other persons or entities in active concert or participation with him who receive actual notice of this Order are hereby restrained and enjoined from directly or indirectly:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets, or any interest therein, wherever located, including outside the United States, that are:

1.    Asset Freeze Accounts;

2.      owned or controlled, directly or indirectly, by Defendant Foti, in whole or in part, or held, in whole or in part, for the benefit of Defendant Foti;

3.      in the actual or constructive possession of Defendant Foti; or

4.      owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with Defendant Foti, including any entity acting under a fictitious name owned by or controlled by Defendant Foti, and any Assets held by, for, or under the name of Defendant Foti at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, payment processing company, precious metal dealer, or other Financial Institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of Defendant Foti, or subject to access by Defendant Foti;

C.      Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of Defendant Foti;

D.      Obtaining a personal or secured loan;

E.      Incurring liens or encumbrances on real property, personal property or other Assets in the name, singly or jointly, of Defendant Foti; and

F.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of Defendant Foti.

**IT IS FURTHER ORDERED** that the Assets affected by this Section shall include:  (1) all Assets of Defendant Foti as of the time the TRO was entered; and (2) for Assets obtained after the time the TRO was entered, those Assets of Defendant Foti that are derived, directly or indirectly, from the Defendants' activities as described in the Commission's Complaint, including the activities of any Receivership Entity.  This Section does not prohibit transfers to the Receiver, as specifically required in the Section titled "Transfer of Funds to the Receiver by

Financial Institutions and Other Third Parties," nor does it prohibit the repatriation of foreign Assets, as specifically required in the Section titled "Repatriation of Foreign Assets" of this Order.

## VII.   **RETENTION  OF ASSETS AND DOCUMENTS BY THIRD PARTIES**

**IT IS FURTHER ORDERED** that any Financial Institution, business entity, Electronic Data Host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Foti, or other party subject to the Asset Freeze above, or has held, controlled, or maintained any such account, Document, or Asset, shall:

A.      Hold, preserve, and retain within such entity's or person's control, and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of such account, Document, or Asset held by or under such entity's or person's control, except as directed by further order of the Court;

B.      Provide the  Receiver immediate access to electronically stored information stored, hosted, or otherwise maintained on behalf of Defendant Foti for forensic imaging;

C.      Deny access to any safe deposit boxes that are either titled in the name of, individually or jointly, or subject to access by, Defendant Foti or other party subject to the Asset Freeze above; and

D.      Provide to counsel for the FTC, within one (1) business day of service, a sworn statement setting forth:

1.      the identification of each account or Asset titled in the name, individually or jointly, or held on behalf of or for the benefit of, subject to

13

withdrawal by, subject to access or use by, or under the signatory power of any Defendant Foti or other party subject to the Asset Freeze above;

2. the balance of each such account, or a description of the nature and value of such Asset, as of the close of business on the day on which this Order is served, the day before the Order is served, and the average daily balance for the six months before the Order is served;

3. the identification of any safe deposit box that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, Defendant Foti or other party subject to the Asset Freeze above; and

4. if the account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on said date, and the name or the person or entity to whom such account or other Asset was remitted;

E. Provide counsel for the FTC, within three (3) business days after being served with a request, copies of all Documents pertaining to such account or Asset, including but not limited to: account statements, account applications, signature cards, underwriting files, checks, deposit tickets, transfers to and from the accounts, wire transfers, all other debit and credit instruments or slips, 1099 forms, and safe deposit box logs; and

F. Cooperate with all reasonable requests of the FTC relating to this Order's implementation.

**IT IS FURTHER ORDERED** that this Section shall apply to (a) all Assets as of the time the TRO was entered; and (b) for Assets obtained after the TRO was entered, those Assets that are derived, directly or indirectly, from the Defendants' activities as described in the Commission's Complaint, including the activities of any Receivership Entity. This Section does not prohibit transfers to the Receiver, as specifically required in the Section titled "Transfer of Funds to the Receiver by Financial Institutions and Other Third Parties," nor does it prohibit the repatriation

of foreign Assets, as specifically required in the Section titled "Repatriation of Foreign Assets" of this Order.

**IT IS FURTHER ORDERED** that in addition to the information and documents required to be produced pursuant to other provisions herein, the FTC is granted leave, pursuant to Fed. R. Civ. P. 45, to subpoena documents immediately from any financial or brokerage institution, business entity, electronic data host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, document, electronically stored information, or asset of, on behalf of, in the name of, for the benefit of, subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Foti, or other party subject to Section VIII above, or has held, controlled, or maintained any such account, document, electronically stored information, or asset, and such financial or brokerage institution, business entity, electronic data host or person shall respond to such subpoena within three (3) business days after service.  The FTC may effect service by electronic mail.

## VIII.  <u>FINANCIAL STATEMENTS AND ACCOUNTING</u>

**IT IS FURTHER ORDERED** that Defendant Foti must provide Financial Statements to the FTC in accordance with Section VIII of the TRO, within (1) business days of entry of this Order.  He shall complete the "Financial Statement of Individual Defendant" in the form of Attachment A to the TRO.

## IX.   <u>CREDIT REPORTS</u>

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning  Defendant Foti pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## X.   <u>REPATRIATION OF FOREIGN ASSETS</u>

**IT IS FURTHER ORDERED** that, within one (1) day following entry of this Order on the docket, , Defendant Foti shall:

A.     Transfer to the territory of the United States and provide the FTC and the  Receiver with a full accounting of all Assets, Documents, and records outside of the territory of the United States that are:

1.     owned or controlled by;

2.     subject to access by;

3.     held in whole or in part for the benefit of;

4.     belonging to any entity that is directly or indirectly owned, managed, or under the control of; or

5.     belonging to a person under the control of Defendant Foti;

B.     Hold all repatriated Assets, Documents, and records as required by the Asset Freeze imposed by this Order; and

C.     Provide the FTC access to all records of accounts or Assets of Defendant Foti held by any Financial Institution or other person located outside the territorial United States by signing any Documents required by any person, including any Financial Institution, or other person holding any such Asset.

## XI.   <u>NON-INTERFERENCE WITH REPATRIATION</u>

**IT IS FURTHER ORDERED** that Defendant Foti, and his successors, assigns, members, officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, are hereby restrained and enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding "Repatriation of Assets" Section of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to the "Repatriation of Assets" Section of this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to "Repatriation of Assets" Section of this Order.

## XII.   **RECORDKEEPING AND BUSINESS OPERATIONS**

**IT IS FURTHER ORDERED** that Defendant Foti is hereby restrained and enjoined from:

A.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money;

B.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company or corporation, without first providing the Commission with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; and

C.      Affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action without first providing the Commission with a written statement disclosing:  (1) the name of the business;

(2) the address and telephone number of the business; and (3) a detailed description of the nature of the business or employment and the nature of Defendant Foti's duties and responsibilities in connection with that business or employment.

## XIII. **COOPERATION WITH THE RECEIVER**

**IT IS FURTHER ORDERED** that Defendant Foti shall fully cooperate with and assist the Receiver. Defendant Foti's cooperation and assistance shall include, but not be limited to, providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any login, password, or biometric identifier required to access any computer or electronic files or information in or on any medium; and advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver. Defendant Foti is hereby restrained and enjoined from directly or indirectly:

A.     Transacting any of the business of the Receivership Entities;

B.     Excusing debts owed to the Receivership Entities;

C.     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of the Receivership Entities;

D.     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities, or the Receiver;

E.     Failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of any Assets within the receivership estate that the Receiver or the FTC has identified; or

F.     Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the Assets or Documents subject to this receivership; or to harass or interfere with the Receiver

in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

## XIV.  TRANSFER OF FUNDS TO THE RECEIVER BY FINANCIAL INSTITUTIONS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, any Financial Institution shall cooperate with all reasonable requests of counsel for the FTC and the Receiver relating to implementation of this Order, including transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XV.  RECEIVER'S ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      If Defendant Foti possesses a smartphone or tablet on receivership premises, they will turn over the device to the Receiver for imaging.  Within two business days, the Receiver will return the device; and

B.      If any Documents, computers, smartphones, tablets, or electronic data storage devices containing information related to the business practices or finances of the Receivership Entities are at a location other than those listed herein, including but not limited to, the personal residence(s) of Defendant Foti, then, immediately upon notice of this Order, Defendant Foti shall produce to the Receiver all such Documents, computers, smartphones, tablets, or electronic data storage devices.  To prevent the destruction of electronic data, upon service of this Order upon any Receivership Entity, any computers, smartphones, tablets, or electronic data storage devices containing such information shall be powered down (turned off) in the normal course for the operating systems used on such devices and shall not be used until produced for copying and inspection, along with any codes needed for access.  For any smartphone or tablet that contains information

related to the business practices or finances of the Receivership Entities that is in the personal possession of Defendant Foti, the Receiver shall image that device and return it to Defendant Foti within two business days.

## XVI.  PARTIES' ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that the Receiver shall allow the FTC, Defendant Foti, and their representatives reasonable access to the premises of the Receivership Entities.  The purpose of this access shall be to inspect, inventory, and copy any Documents and other property owned by, or in the possession of, the Receivership Entities, provided that those Documents and property are not removed from the premises without the permission of the Receiver.  The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access.  The Receiver will segregate all materials subject to an attorney-client privilege held by a Receivership Entity's clients and shall not make these materials available to either the FTC or Defendant Foti without the clients' consent.  The FTC's access to any Documents pursuant to this provision shall not provide grounds for any Defendant to object to any subsequent request for Documents served by the FTC.

## XVII. LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Receiver and the FTC are granted leave to conduct certain expedited discovery and that in lieu of the time periods, notice provisions, and other requirements of the applicable Local Rules for this District and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, the Receiver and the FTC are granted leave to:

A.      Depose, on three (3) days' notice, any party or non-party for the purpose of discovering:  (1) the nature, location, status, and extent of Assets of Defendant Foti or his affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendant Foti or his affiliates or subsidiaries;

and (3) compliance with this Order.  Any such depositions shall not be counted toward any deposition limit set forth in the Federal Rules of Civil Procedure or this Court's Local rules and shall not preclude the FTC from subsequently deposing the same person during discovery on the merits in this case.  Depositions may be taken by telephone, video conference, or other remote means.  Any deposition taken pursuant to this Section that has not been reviewed and signed by the deponent may be used by any party for purposes of any preliminary injunction hearing;

B.      Serve upon parties interrogatories or requests for production of Documents or inspection that require a response, production or inspection within four (4) days of service, and may serve subpoenas upon non-parties that direct production or inspection within seven (7) days of service, for the purpose of discovering:  (1) the nature, location, status, and extent of Assets of Defendant Foti or his affiliates or subsidiaries; (2) the nature and location of Documents and business records of Defendant Foti or his affiliates or subsidiaries; and (3) compliance with this Order; provided, however, that forty-eight (48) hours' notice shall be deemed sufficient for the production of any such Documents that are maintained or stored as electronic data.  Any such interrogatories or requests for production or inspection shall not count toward any limit on discovery set forth in the Federal Rules of Civil Procedure or this Court's Local Rules;

C.      For purposes of this Section, serve deposition notices and other discovery requests upon the parties to this action personally or by facsimile, email, certified or registered mail, or private courier (including a process server) with a receipt from the courier showing delivery; and

D.      Pursuant to Fed. R. Civ. P. 45, subpoena Documents immediately from any Financial Institution, business entity, Electronic Data Host, or person served with a copy of this Order that holds, controls, or maintains custody of any account, Document, or Asset of, on behalf of, in the name of, for the benefit of,

subject to withdrawal by, subject to access or use by, or under the signatory power of Defendant Foti or other party subject to the Asset Freeze above, or has held, controlled, or maintained any such account, Document, or Asset. The recipient shall respond to such subpoena within three (3) business days after service. The FTC may effect service by electronic mail.

## XVIII.    PRE-EXISTING ORDERS

**IT IS FURTHER ORDERED** that nothing herein modifies any existing Order in any way, including the Orders governing Damian Kutzner. *See FTC v. GM Funding, Inc.*, SACV02-1026 DOC (C.D. Cal.), Stipulated Judgment and Order for Permanent Injunction as to Defendants GM Funding, Inc., Robert D. Kutzner, Global Mortgage Funding, Inc., and Damian R. Kutzner (May 5, 2003); *U.S. v. Global Mortgage Funding, Inc.*, SACV07-1275 DOC (C.D. Cal.), Stipulated Judgment and Order for Permanent Injunction (July 17, 2009). The FTC may take discovery and pursue any other measure any existing Order permits.

## XIX.  ACKNOWLEDGMENT OF RECEIPT OF ORDER BY STIPULATING DEFENDANTS

**IT IS FURTHER ORDERED** that Defendant Foti, within three (3) business days of receipt of this Order, must submit to counsel for the FTC a truthful sworn statement acknowledging receipt of this Order.

## XX.   CORRESPONDENCE WITH PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purposes of this Order, because mail addressed to the FTC is subject to delay due to heightened security screening, all correspondence and service of pleadings on Plaintiff shall be sent via electronic submission and Federal Express to:

Benjamin Theisman
Gregory Madden
Federal Trade Commission
600 Pennsylvania Ave., NW, Mail Drop CC-9528

Washington, DC 20580
Telephone: (202) 326-2223, -2426
btheisman@ftc.gov, gmadden@ftc.gov

## XXI.  SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by facsimile, email, hand-delivery, personal or overnight delivery, or U.S. Mail, by agents and employees of the FTC or any state or federal law enforcement agency or by private process server, upon any Financial Institution or other entity or person that may have possession, custody, or control of any Documents or Assets of any Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any Financial Institution shall effect service upon the entire Financial Institution.

## XXII. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that within three (3) calendar days after service of this Order, Defendant Foti shall provide a copy of this Order to each of his agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, affiliates, and all persons in active concert or participation with them.  Within five (5) calendar days following this Order, Defendant Foti shall provide the FTC with an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendant Foti has served with a copy of this Order in compliance with this provision.

## XXIII.     RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED**

**Date:  August 24, 2016**

_____
HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE

24