1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

9

10 FEDERAL TRADE COMMISSION,

11                              Plaintiff,

12                     v.

13 DAMIAN KUTZNER, et al.,

14                              Defendants.

**No. 8:16-cv-00999-BRO (AFMx)**

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER AND ORDER GRANTING PARTIES ACCESS TO ALL DOCUMENTS HELD BY THE RECEIVER**

15

16        Plaintiff, Federal Trade Commission ("FTC" or "Commission"), and

17 Defendants Damian Kutzner ("Kutzner"), Jeremy Foti ("Foti"), Vito Torchia

18 ("Torchia"), Jonathan Tarkowski ("Tarkowski"), Charles Marshall ("Marshall"),

19 and Geoffrey Broderick ("Broderick")  (listed defendants, collectively,

20 "Stipulating Defendants") all stipulate to this order ("Order") granting them access

21 to all documents held by the Receiver and placing certain restrictions on the use of

22 those and other documents.  Defendants Advantis Law P.C. ("Advantis Law"),

23 Advantis Law Group P.C. ("Advantis Law Group"), Brookstone Law P.C.

24 California ("Brookstone California"), and Brookstone Law P.C. Nevada

25 ("Brookstone Nevada") are not parties to the stipulation or Order because they

26 have defaulted in this action by failing to file timely Answers (DE 113).

27
28

Good cause exists for this Order.  First, documents held by Receiver Thomas W. McNamara ("Receivership Materials") contain information relevant to this litigation concerning the business practices of Advantis Law, Advantis Law Group, Brookstone California, and Brookstone Nevada (hereinafter "Receivership Entities").  Second, there is good cause for placing restrictions on the use of the Receivership Materials and other documents obtained in this case.  The Receivership Materials are likely to include correspondence from the clients of the Receivership Entities concerning the nature or existence of legal services those clients were seeking.  Although there is dispute concerning the existence of an attorney-client privilege, restricting the use of Receivership Materials will protect these former clients who may have disclosed personal or financial information to the Receivership Entities under the impression that the information would be subject to an attorney-client privilege.[1]  Furthermore, for the other documents identified below, the restricted use is limited to those documents containing sensitive personal information and trade secrets, the unfettered disclosure of which to third parties can result in invasions of individuals' privacy and disclosure of otherwise protected information.  In particular, it is likely that the litigation will involve the exchange of the sensitive personal information of the numerous former clients of the Receivership Entities.  Entering this Order will ensure that this information can be exchanged without concern that it will be used improperly or otherwise disclosed outside of the litigation.

Therefore, good cause having been shown, the Court enters this stipulated order, which includes a protective order pursuant to Fed. R. Civ. P. 26(c).

**IT IS ORDERED**:

---

[1]    In a related action, Judge Carter has held that the Receivership Materials are not subject to an attorney-client privilege.  D.E. 98

1.      The Receiver shall allow the FTC, Stipulating Defendants, and their representatives reasonable access to the Receivership Materials.  The Receiver has released certain Receivership Materials to the FTC for safekeeping.  For these materials, the FTC shall control its own access and give the Stipulating Defendants reasonable access.  The purpose of the access to Receivership Materials shall be to inspect, inventory, and copy any Receivership Materials.  Provided that:  (1) for those Receivership Materials still in the possession of the Receiver, the Receivership Materials are not to be removed from the Receivership's possession without the permission of the Receiver, and the Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access; and (2) for those Receivership Materials in the possession of the FTC, the Receivership Materials are not removed from the FTC's possession without the permission of both the Receiver and the FTC, and the FTC shall have the discretion to determine the time, manner, and reasonable conditions of such access.  To access the Receivership Materials in the FTC's possession, Stipulating Defendants shall contact counsel for the FTC, Benjamin Theisman or Gregory Madden.  The FTC and Stipulating Defendants shall have access to the Receivership Materials without regard to any claim of attorney-client privilege held by a Receivership Entity client.  Provided, further, that the Receivership Materials obtained by the Receiver pursuant to the Temporary Restraining Order with Appointment of Temporary Receiver as to Defendant Jeremy Foti, DE 130, and the Preliminary Injunction with Appointment of Receiver as to Defendant Jeremy Foti ("Foti Receivership PI"), DE 153, shall only be made available to the FTC and the Stipulating Parties subject to the Receiver's obligation to create and maintain an attorney-client privilege log to ensure that privileged materials taken from Defendant Foti's residence are not provided to any other party, inadvertently or otherwise, pursuant to Section  IV.S.6 of the Foti Receivership PI.

2.      An attorney for the FTC or Stipulating Defendants, or an individual defendant if unrepresented, marking material as "Confidential Material" certifies in good faith that it contains: (a) sensitive personal information, or (b) trade secret(s) or other confidential research, development, or commercial information.

3.      "Confidential Material" shall also include all documents obtained from the Receiver reflecting communications from or to a former Receivership Entity client concerning legal advice or information offered to assist in the provision of legal advice.  Although the Receiver shall not be obligated to mark such documents as Confidential Material before providing them to the Stipulating Parties, the Stipulating Parties must treat such documents as Confidential Material whether or not marked.

4.      "Sensitive Personal Information" means any: (a) Social Security number; (b) sensitive health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number, (vi) credit or debit card number; or (e) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.  Provided that for items designated under (e), the designating party identifies the specific applicable law, order, or agreement entitling such information to confidential status at the time of its designation.

5.      Confidential Material must be designated as follows:

      a.      Mark paper materials "CONFIDENTIAL."  If paper material is only confidential in part, mark only the portions of the material that are confidential.

      b.      Mark electronic materials "CONFIDENTIAL" by marking each

electronic page or subpart that is confidential.  If the electronic material cannot be marked by page or subpart, the designee shall meet and confer with the recipient to determine a means to delineate the confidential material.  Also, mark the electronic storage medium, as well as any electronic file and folder name "CONFIDENTIAL."

c.      Designate deposition transcripts as Confidential Material within 10 days of receipt of the final transcript by identifying the specific page(s) and line number(s) that are confidential.  If testimony is identified as confidential during a deposition, absent agreement on the scope of confidentiality, the entire transcript shall be treated as confidential until the time for designation expires.

6.      An inadvertent failure to mark Confidential Material prior to disclosure does not preclude a subsequent designation, but no prior disclosure of newly designated Confidential Material by a recipient shall violate this Order.

7.      Local Rule 37 shall govern all disputes regarding the marking of documents as Confidential Material.  In particular, within ten (10) days of a written objection to the designation of Confidential Material, the designating party must meet and confer with the other party and serve its portion of the Local Rule 37-2 Joint Stipulation.  The burden of proving that the designation is proper is on the designating party.  Failure to abide by this provision terminates confidential treatment.

8.      Confidential Material may only be disclosed to:

a.      the Court and court personnel;

b.      any Receiver appointed in this matter;

c.      the parties' outside counsel and designated employees only to the extent necessary to assist in the litigation and, for unrepresented parties, the party;

d.      experts and contractors consulted or retained by the parties or counsel, and their employees, provided that they agree in writing to abide by this protective order or execute FTC Form X33-Nondisclosure Agreement for Contractors;

e.      any person who had prior access to the Confidential Material or participated in a communication that is the subject of the Confidential Material; and

f.      witnesses and their counsel.

9.     Disclosure of Confidential Material to any person described in Paragraph 8 shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever.  Provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential Material as provided by its Rules of Practice; sections 6 and 21 of the Federal Trade Commission Act; with any state or federal agency for law enforcement purposes in accordance with Commission procedures; or any other legal obligation imposed upon the Commission.

10.     The FTC and Stipulating Defendants acknowledge that this Order does not entitle them to file documents marked as Confidential Material under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

11.     This Order does not govern the use of Confidential Material or Receivership Material at trial.  Rather, the use of such information shall be governed by the orders of the trial judge.

12.     At the conclusion of this case, any consultant or other person retained to assist counsel in the preparation of this action shall destroy or return all

Confidential Materials and any other materials containing confidential information. All Confidential Materials held by the parties shall be destroyed or returned to the designee, except that the FTC shall retain, return, or destroy Confidential Materials in accordance with Rule 4.12 of the FTC's Rules of Practice.

13.    This Order continues to govern Confidential Material after conclusion of the case absent further order of the Court.

IT IS SO ORDERED, this 29th day of  November, 2016.

_____

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE