1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

8

9

FEDERAL TRADE COMMISSION,

10            Plaintiff,

11      v.

12  DAMIAN KUTZNER, et al.

13            Defendants.

14

**SACV16-00999-BRO (AFMx)**

**STIPULATED ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT R. GEOFFREY BRODERICK**

15      Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its

16  Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"),

17  pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15

18  U.S.C. § 53(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8,

19  Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by

20  the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public

21  Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (Mar. 22, 2009) ("Credit Card

22  Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer

23  Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July

24  21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538.

25      The FTC also alleges that R. Geoffrey Broderick violated the Temporary

26  Restraining Order, DE 23, and Preliminary Injunctions, DE 57 & 59, entered

27  against him and the Corporate Defendants by this Court by withdrawing funds

28

1

1   from frozen bank accounts held at US Bank N.A. in the name of the Corporate
2   Defendants.  The FTC alleges that R. Geoffrey Broderick further held these funds
3   and failed to report them on his court-ordered financial statement and, after the
4   FTC learned of the withdrawals, has failed to return the money to the court-
5   appointed Receiver.

6        The Commission and R. Geoffrey Broderick stipulate to the entry of this
7   Stipulated Order for Permanent Injunction and Other Equitable Relief ("Order") to
8   resolve all matters in dispute in this action between them.

9        **THEREFORE, IT IS ORDERED** as follows:

10                              **FINDINGS**

11       1.    This Court has jurisdiction over this matter.

12       2.    The Complaint charges that Defendants participated in deceptive acts
13  or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and otherwise
14  violated the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R.
15  Part 322, recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015
16  ("Regulation O").

17       3.    R. Geoffrey Broderick neither admits nor denies any of the allegations
18  in the Complaint, except as specifically stated in this Order.  Only for purposes of
19  this action, he admits the facts necessary to establish jurisdiction.

20       4.    R. Geoffrey Broderick waives any claim that he may have under the
21  Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this
22  action through the date of this Order, and agrees to bear his own costs and attorney
23  fees.

24       5.    R. Geoffrey Broderick and the Commission waive all rights to appeal
25  or otherwise challenge or contest the validity of this Order.

26                            **DEFINITIONS**

27       For the purposes of this Order, the following definitions apply:

28

A. **"Assisting others"** includes:

  1. performing customer service functions, including receiving or responding to consumer complaints;

  2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

  3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

  4. providing names of, or assisting in the generation of, potential customers;

  5. performing marketing, billing, or payment services of any kind; or

  6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Corporate Defendants"** means Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), Advantis Law P.C., and Advantis Law Group P.C., and their successors and assigns.

C. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

D. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

1.  provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit;

2.  provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

3.  improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or

4.  provide advice or assistance to improve any consumer's credit record, credit history, or credit rating.

E.   **"Individual Defendants"** means Damian Kutzner, Jeremy Foti, Vito Torchia Jr., Jonathan Tarkowski, R. Geoffrey Broderick, and Charles T. Marshall.

F.   **"Person"** includes a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G.   **"Secured or unsecured debt relief product or service"** means:

1.  With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:

   a.  stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;

   b.  negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the

mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

c.  obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

d.  negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

e.  obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

f.  negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.  With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any

product, service, plan, or program represented, expressly or by implication, to:

    a.    repay one or more unsecured loans, debts, or obligations; or

    b.    combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

## ORDER

**I.    BAN ON SECURED AND UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

    **IT IS ORDERED** that R. Geoffrey Broderick is permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

**II.    PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES**

    **IT IS FURTHER ORDERED** that R. Geoffrey Broderick, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    the terms or rates that are available for any loan or other extension of credit, including:

        1.    closing costs or other fees;

        2.    the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

3.      the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

4.      the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

5.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

6.      whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

7.      that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

B.     the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

C.     that a consumer will receive legal representation; or

D.     any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

III.    **PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES**

**IT IS FURTHER ORDERED** that R. Geoffrey Broderick, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether

acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    the likelihood of obtaining any relief for consumers;

    B.    that consumers will be added to a lawsuit;

    C.    any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

    D.    that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

    E.    the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

    F.    the person who will provide any product, service, plan, or program to any consumer;

    G.    that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

    H.    that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;  or

    I.    any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**IV.    MONETARY JUDGMENT**

**IT IS FURTHER ORDERED** that judgment in the amount of One Million Nine Hundred Eleven Thousand Seven Hundred Forty Two Dollars and Nine Cents ($1,911,742.09), is entered, jointly and severally, in favor of the Commission against R. Geoffrey Broderick, as equitable monetary relief.  R. Geoffrey Broderick is ordered to pay the FTC this amount immediately upon the entry of this Order.

**V.    ADDITIONAL MONETARY PROVISIONS**

**IT IS FURTHER ORDERED** that:

A.    R. Geoffrey Broderick relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.    The facts alleged in the Complaint and detailed in this Order will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.    The facts alleged in the Complaint and detailed in this Order establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.    R. Geoffrey Broderick acknowledges that his Taxpayer Identification Number (Social Security Number or Employer Identification Number), which he previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used

for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F.    The asset freeze in force against R. Geoffrey Broderick is modified to permit the payment identified in the Monetary Judgment Section.  Upon completion of this payment, the asset freeze is dissolved.

## VI.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that R. Geoffrey Broderick, his officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  If a representative of the Commission requests in writing any information related to redress, R. Geoffrey Broderick must provide it, in the form prescribed by the Commission, within 14 days.

B.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any

Defendant obtained prior to entry of this Order in connection with any product or service related to consumers' mortgages; and

   C.  failing to destroy  such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

   *Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII. COOPERATION

   **IT IS FURTHER ORDERED** that R. Geoffrey Broderick must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.  R. Geoffrey Broderick must provide truthful and complete information, evidence, and testimony.  R. Geoffrey Broderick must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ANCKNOWLEDGMENTS

   **IT IS FURTHER ORDERED** that R. Geoffrey Broderick obtain acknowledgments of receipt of this Order:

   A.  R. Geoffrey Broderick, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

   B.  For 5 years after entry of this Order, for any business that R. Geoffrey Broderick, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all

employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which R. Geoffrey Broderick delivered a copy of this Order, he must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**IX. COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that R. Geoffrey Broderick make timely submissions to the Commission:

A. One year after entry of this Order, R. Geoffrey Broderick must submit a compliance report, sworn under penalty of perjury:

1. R. Geoffrey Broderick must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment

obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, R. Geoffrey Broderick must:   (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 15 years after entry of this Order, R. Geoffrey Broderick must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     R. Geoffrey Broderick must report any change in:  (a) any designated point of contact; or (b) the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, R. Geoffrey Broderick must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the

13

name, physical address, and any Internet address of the business
or entity.

C.     R. Geoffrey Broderick must submit to the Commission notice of the
filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by
or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be
sworn under penalty of perjury must be true and accurate and comply with 28
U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under
the laws of the United States of America that the foregoing is true and correct.
Executed on:  _____" and supplying the date, signatory's full name, title (if
applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing,
all submissions to the Commission pursuant to this Order must be emailed to
DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:
Associate Director for Enforcement, Bureau of Consumer Protection, Federal
Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The
subject line must begin:  FTC v. Damian Kutzner, X030002.

**X.     RECORDKEEPING**

**IT IS FURTHER ORDERED** that R. Geoffrey Broderick must create
certain records for 15 years after entry of the Order, and retain each such record for
5 years.  Specifically, for any business that R. Geoffrey Broderick, individually or
collectively with any other Defendants, is a majority owner or controls directly or
indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services
sold;

B.     personnel records showing, for each person providing services,
whether as an employee or otherwise, that person's:  name; addresses; telephone

numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E.     a copy of each unique advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring R. Geoffrey Broderick's compliance with this Order:

A.     Within 14 days of receipt of a written request from a representative of the Commission, R. Geoffrey Broderick must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with R. Geoffrey Broderick.  R. Geoffrey Broderick must permit representatives of the Commission to interview any employee or other person affiliated with him who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to R. Geoffrey Broderick or any individual or entity affiliated with him, without the necessity of identification or prior notice.  Nothing in this Order limits the

Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

       D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning R. Geoffrey Broderick, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

**XII.**   **RETENTION OF JURISDICTION**

       **IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

       IT IS SO ORDERED.

DATED: April 14, 2017

By: _____

Honorable Beverly R. O'Connell
United States District Court Judge

16

1    **SO STIPULATED AND AGREED:**

2    **FOR THE FEDERAL TRADE COMMISSION:**

3

4    _____   Date: _____

5    Benjamin J. Theisman, Attorney
     Federal Trade Commission
6    600 Pennsylvania Ave., NW
     Washington, D.C. 20580
7    (202) 326-2223 (phone)
     (202) 326-3197 (fax)
8    btheisman@ftc.gov

9

10   **FOR DEFENDANTS:**

11

12   _____   Date: _____
     R. Geoffrey Broderick

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17