BENJAMIN J. THEISMAN, *pro hac vice*
btheisman@ftc.gov
GREGORY J. MADDEN, *pro hac vice*
gmadden@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave. NW, CC-9528
Washington, DC 20580
Tel: (202) 326-2223, -2426; Fax: (202) 326-3197

THOMAS SYTA, Cal. Bar No. 116286
tsyta@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Tel: (310) 824-4343; Fax: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAMIAN KUTZNER, et al., <br><br> Defendants. | **No. SACV16-00999-BRO (AFMx)** <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO INTERVENORS NEIL AND CAROL ANNENBERG'S MOTION TO DISSOLVE OR OTHERWISE MODIFY PRELIMINARY INJUNCTION** <br><br> **Date:** June 19, 2017 <br> **Time:** 1:30 pm <br> **Location:** Courtroom 7C <br><br> United States Courthouse <br> 350 West 1st Street <br> Los Angeles, CA 90012 |

The Federal Trade Commission ("FTC") opposes intervenors Neil and Carol Annenberg's (the "Annenbergs") motion[1] because they are seeking relief that is

---

[1] Although not styled in this way, the motion appears to be a joint motion on behalf of the Annenbergs and Val-Chris Investments Inc. ("Val-Chris"), the lender for the third-note on Foti's house. Both parties are represented by the same counsel and the motion is supported by a declaration from Val-Chris' principal.

1

likely to harm consumers in this matter. The FTC does not oppose the sale of Jeremy Foti's house, indeed the FTC believes the house should be sold sooner rather than later to maximize value and potential redress available to consumers. But, the Annenbergs seek the ability to sell the house through a non-judicial foreclosure, a process that will insure that the house sells for less than its fair market value, limiting the recovery for the consumer victims. Although it seems unlikely given the Court's previous ruling on the Receiver's motion to sell Foti's house, DE 202,[2] if the Court is inclined to permit the sale of the home it should do so on the condition that the house is marketed by a reputable real estate agency in the ordinary course with any sale of the house subject to approval by this Court. These mechanisms will insure that the house is sold for the maximum amount possible.

The Annenbergs' motion seeks a courthouse steps auction, a process tailor-made to *not* obtain market value for the home, to the detriment of the consumer victims. DE 240-4 at 5 ("Trustee . . . shall sell said property at the time and place fixed by it in said Notice of Sale . . . at public auction to the highest bidder for cash in lawful money of the United States."); Cal. Civ. Code § 2924a. This method of sale, requiring a "cash" purchaser without normal marketing, will do nothing but insure the sale price is depressed from its true market value. Notably, the Annenberg's seek this relief without explaining to the Court that their desired relief will harm, not help, the consumer victims.

The Annenbergs' motion also fails to demonstrate any current need for the sale in a process designed to protect creditors, but not injured consumers. First, they claim an exigent need to sell the house based on the Receiver's $6,000,000

---

[2] There, the Court held that selling the house now would not comport with the purpose of the preliminary injunction, maintaining the status quo until a final determination on the merits. *Id.* at 9-10.

valuation of the home when they themselves have previously valued the home at $9,000,000.[3] *See* DE 129 at 22-47. The Annenbergs are investment purchasers of a promissory note. In these circumstances, California law requires the lender, here Val-Chris, to prepare an appraisal of the home secured in the promissory note to insure that the home's value meets the statutory minimum loan-to-value rate. Cal. Bus. & Prof. Code § 10232.3(a); Cal. Bus. & Prof. Code § 10232.4. Val-Chris prepared, and the Annenberg's accepted, the $9,000,000 valuation to confirm that the house would still have more than 20% in equity following the loan, as is legally required. Cal. Bus. & Prof. Code § 10232.3(a)(2). Now, for obvious tactical reasons but without any explanation, they are both rejecting this valuation and claiming that the house has less than 20% in equity. DE 240-1 at 5. Second, the Annenbergs' claim that the nonpayment on the Fotis' house is "financially burdensome" is amorphous and unsupported. DE 240-2 at 7. Under the applicable statute, it is illegal for the Annenbergs to have invested more than 10% of their net worth or annual income in the promissory note. Cal. Bus. & Prof. Code § 10232.3(b). While not receiving expected payments could be considered "financially burdensome," there is no claim that the Annenbergs are suffering any significant hardship from the non-payments. Therefore, there is no demonstrated reason why the Annenbergs cannot wait until October for liability to be determined in this matter.

---

[3] The Motion offers no explanation why the December 2015 $9,000,000 certified appraisal of the property upon which Val-Chris and the Annenberg's relied is not valid.

3

If the Court is inclined to permit the sale of the Fotis' house, which again the FTC does not oppose, the FTC merely requests that the Court require that the house be sold in a method that will maximize its value. Allowing anything less will harm the consumer victims.

       /s/ Benjamin J. Theisman
BENJAMIN J. THEISMAN
GREGORY J. MADDEN

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Executed this 25th day of May, 2017.

## PROOF OF SERVICE

I, Benjamin J. Theisman, on May 25, 2017, served the PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO INTERVENORS NEIL AND CAROL ANNENBERG'S MOTION TO DISSOLVE OR OTHERWISE MODIFY PRELIMINARY INJUNCTION and documents in support thereof through the ECF system.

/s/ Benjamin J. Theisman