**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER RE DEFENDANT CHARLES MARSHALL'S MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND MOTION TO DISSOLVE OR OTHERWISE MODIFY THE PRELIMINARY INJUNCTION [238, 239]

## I.      INTRODUCTION

Pending before the Court are Defendant Charles Marshall's ("Defendant Marshall") Motion for Leave to File an Amended Answer and Motion to Dissolve or Otherwise Modify the Preliminary Injunction. (*See* Dkt. Nos. 238 (hereinafter, "Mot. for Leave"), 239 (hereinafter, "Mot. to Dissolve").)  After considering the papers filed in support of and in opposition to the instant Motions, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** Marshall's Motion to File an Amended Answer and **DENIES** Marshall's Motion to Dissolve the Preliminary Injunction.

## II.      BACKGROUND

### A.      The Parties and Plaintiff's Allegations

Plaintiff brings the instant action against several corporate entities, Brookstone Law P.C. (California), doing business as Brookstone Law Group, Brookstone Law P.C. (Nevada), Advantis Law P.C. and Advantis Law Group P.C.  (*See* Dkt. No. 61 (hereinafter, "FAC") ¶¶ 6–7.)  These companies are law firms that offer mortgage relief

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

services to consumers.[1] (FAC ¶ 7.)  In addition, Plaintiff brings this action against several individual Defendants: Damian Kutzner, Vito Torchia, Jr., Jonathan Tarkowski, R. Geoffrey Broderick, Charles T. Marshall, and Jeremy Foti (collectively, the "Individual Defendants").  (*See* Dkt. Nos. 1, 61.)  Plaintiff has reached resolutions with several of the Individual Defendants, and they have been dismissed from the action.  (*See* Dkt. Nos. 170, 177, 193.)

The instant action arises from the Individual Defendants' alleged scheme to defraud "consumers out of thousands of dollars in upfront and recurring monthly fees" in violation of the FTC Act.  (Dkt. No. 142 (hereinafter, "Second PI Order") at 4.)  Specifically, Plaintiff claims that the Individual Defendants, operating through the Corporate Defendants, "convince consumers that if added to a 'mass joinder' case against their lender, they can expect a significant recovery, typically at least $75,000."  (*Id.*)  Plaintiff also claims that, despite their representations to the contrary, the Individual Defendants "have never won a mass joinder case, do not have the experience or resources to litigate them, and never sue on behalf of many paying consumers."  (*Id.*)

The purported scheme began with Defendant Kutzner's ULG, a law firm offering advance fee loan modifications.  (Second PI Order at 5.)  However, after the FBI and the United States Postal Inspectors raided ULG due to claims that its two primary attorneys committed mortgage modification fraud, (*id.*), and with ULG "unraveling," Defendant Kutzner, along with Defendants Torchia and Foti, set out to market mass joinder litigation through Brookstone, (*id.*).

To market the mass joinder litigation, the Individual Defendants allegedly sent a substantial amount of form mailers to the public, which included the following statements: "you may be a potential plaintiff against your lender"; "our team of experienced lawyers offers you a superior alternative for recovery"; and "[i]t may be necessary to litigate your claims against your lender to get the help you need and our lawyers know how to do so."  (*Id.*)  The mailers also included statements that consumers

---

[1] The Court refers to the Brookstone entities collectively as "Brookstone," and the Advantis entities collectively as "Advantis."  According to Plaintiff, Brookstone and Advantis "are under common control, with common employees and a common address while marketing the same product."  (FAC ¶ 14.)  Plaintiff also avers that "Defendants have used the names Brookstone and Advantis interchangeably."  (*Id.*)

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|----------|---------------------------|------|---------------|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

had "a very strong case" and that prevailing in the litigation was "basically a done deal." (*Id.*)

In order to participate in the mass joinder litigation, the Individual Defendants would require consumers to pay upfront fees, including a large initial fee and subsequent monthly fees. (*Id.*) According to Plaintiff, the Individual Defendants failed to keep these fees in client trusts accounts. (*Id.*) Plaintiff also claims that the mailers and fee agreements failed to include disclosures required by law. (*Id.*) Plaintiff avers that the Individual Defendants failed to provide the promised services, as many consumers were never added to a mass joinder case and the attorneys working from Brookstone and Advantis did not have sufficient experience to competently litigate the mass joinders. (*Id.*)

The instant Motion addresses only the conduct of Defendant Charles Marshall. Plaintiff alleges that Defendant Marshall is a director, Chief Executive Officer, and Secretary of Advantis. (FAC ¶ 13.) In addition, Defendant Marshall appeared as counsel of record in Brookstone's *Wright v. Bank of America* mass joinder litigation. (*Id.*) Defendant Marshall was disciplined by the California Bar for violations related to mortgage assistance relief services in November 2015. (*Id.*)

## B. The Action and the Preliminary Injunction

Plaintiff filed the instant action in this Court on May 31, 2016. (*See* Dkt. No. 1.) The same day, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") under seal requesting an asset freeze, appointment of a Temporary Receiver, limited expedited discovery, and other equitable relief. (*See* Dkt. No. 4; *see also* Dkt. Nos. 11–14, 16–18.) The Court granted Plaintiff's application on June 1, 2016. (*See* Dkt. No. 23.) The TRO required, among other relief, that Defendants preserve their business records, an asset freeze, the submission of financial statements, and cooperation with the Receiver. (*See id.*) On June 15, 2016, the Court held a hearing on converting the TRO into a preliminary injunction ("PI"). (*See* Dkt. No. 47.) Defendant Marshall appeared at the hearing and stipulated to extending the TRO until July 1, 2016. (*See* Dkt. No. 46.) On June 23, 2016, Defendant Marshall stipulated to the entry of the PI, (*see* Dkt. No. 53), and the Court entered the PI on June 24, 2016, (*see* Dkt. No. 57).

| Case No. | **SA CV 16-00999-BRO (AFMx)** | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | **FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL.** | | | |

On November 14, 2016, Defendant Marshall filed an Answer, summarily invoking his Fifth Amendment right to not incriminate himself. (*See* Dkt. No. 149.) On May 15, 2017, Defendant Marshall filed the instant Motion seeking Leave to File an Amended Answer, along with his proposed Amended Answer in which he no longer asserts his Fifth Amendment right. (*See* Mot. for Leave.) The next day, Defendant Marshall filed the instant Motion to Dissolve or Otherwise Modify the Stipulated Preliminary Injunction.[2] (*See* Mot. to Dissolve.) On May 22, 2017, Plaintiff opposed both Motions. (*See* Dkt. Nos. 248 (hereinafter, "Dissolve Opp'n"), 249 (hereinafter, "Leave Opp'n").) Defendant Marshall filed untimely Replies on May 29, 2017.[3] (*See* Dkt. Nos. 253, 254 (hereinafter, "Dissolve Reply").)

## III.  REQUEST FOR JUDICIAL NOTICE

Along with his Motion to Dissolve or Otherwise Modify the Preliminary Injunction, Defendant Marshall filed a Request for Judicial Notice. (*See* Dkt. No. 239-2.) Defendant Marshall requests that the Court take judicial notice of two items: (1) the State of California's Secretary of State Business Registration and Entity Statement of Information for Advantis Law, PC; and, (2) the State of California Secretary of State Business Registration and Entity Statement of Information for Advantis Law Group, PC.

---

[2] Defendant Marshall filed the Motion to Dissolve on May 16, 2017 and noticed a hearing date of June 12, 2017. (*See* Mot. to Dissolve.) This Court's Local Rules require that a "notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing." C.D. Cal. L.R. 6-1. Defendant Marshall's Motion was filed twenty-seven days before the date noticed for hearing. While Defendant Marshall missed the deadline by only a few minutes, the filing was, nonetheless, untimely. Plaintiff does not raise the untimeliness in its Opposition; thus, it appears that Plaintiff suffered no prejudice and the Court will consider the Motion, regardless. The Court admonishes Defendant Marshall, however, to ensure that all future filings are timely.

[3] Under this Court's Local Rules, all replies are due fourteen days before a motion's hearing date. C.D. Cal. L.R. 7-10. This Court's Standing Order provides, however, that if the day an opposition or reply is due is a federal holiday, the filing is due the preceding Friday. (*See* Dkt. No. 108 at 3.) Here, May 29, 2017—the day Defendant Marshall's Replies were due—was Memorial Day—a federal holiday. Thus, Defendant Marshall's Replies were due Friday, May 26, 2017. Therefore, they were untimely. Nonetheless, the Court will consider them as, again, Plaintiff does not indicate that it was prejudiced by the untimely filing. However, the Court is extremely troubled by Defendant Marshall's apparent inability to comply with this Court's Local Rules and Standing Order.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

(*See id.*)  Specifically, as to Advantis Law, PC's registration, Defendant Marshall requests that the Court take judicial notice of its registration date of September 30, 2014, the associated Statement of Information date of August 13, 2015, the name of the entity as "Advantis Law, P.C.," and the Statement of Information listing Geoffrey Broderick as the entity's officer.  (*Id.*)  As to Advantis Law Group PC's registration, Defendant Marshall requests the Court take judicial notice of its registration date of October 27, 2014, the name of the entity as "Advantis Law Group, P.C.," and the associated Statement of Information of February 27, 2015, which lists Defendant Marshall as the entity's CEO/CFO and Geoffrey Broderick as the Secretary.  (*Id.*)

A "court may take judicial notice at any stage of the proceeding."  Fed. R. Evid. 201(d).  "Under Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies."  *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (alteration and internal quotation marks omitted).  Accordingly, as the proffered documents are government documents found on a government website, the Court **GRANTS** Defendant Marshall's request and takes judicial notice of the proffered documents.[4]

## IV.   LEGAL STANDARD

### A.   Motion for Leave to Amend

Federal Rule of Civil Procedure 15 encourages courts to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has explained that Rule 15's objective is to give a party "an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  As a result, district courts should consider the following factors in deciding whether to grant leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of amendment.  *Id.*  Not all factors are accorded the same weight and it is the consideration of prejudice to the opposing party that carries the

---

[4] The Court took judicial notice of the same documents in its Order regarding Plaintiff's Motion for an Order to Show Cause as to Why Defendant Marshall Should Not Be Held in Civil Contempt.

LINK:

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

greatest weight in denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of demonstrating prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. All inferences should be in favor of granting the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs*, 833 F.2d at 186). Courts retain discretion to deny leave to amend, but any denial made pursuant to Rule 15 must include a specific finding of prejudice, bad faith, or futility of amendment. *DCD Programs*, 833 F.2d at 186–87.

However, because the Court has already issued a Scheduling Order in this case and the deadline for filing amended pleadings has already passed, Federal Rule of Civil Procedure 16(b)(4) governs the determination whether to allow Defendant Marshall to amend his Answer, rather than Rule 15(a)'s more permissive standard. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As a result, before a party should be granted leave to amend a pleading after the cut-off date specified in the scheduling order it must first show good cause to amend the order under Rule 16(b)(4) and then satisfy Rule 15's requirements for amendments to pleadings. *Johnson*, 975 F.2d at 608. "Unlike Rule 15(a)'s liberal amendment policy[,] which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted).

## B. Dissolution or Modification of a Preliminary Injunction

"A district court has inherent authority to modify a preliminary injunction in consideration of new facts." *A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

(9th Cir. 2002). "A party seeking modification or dissolution of an injunction bears the burden of establishing that a significant change in facts or law warrants revision or dissolution of the injunction." *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000). However, "[a] motion to modify or dissolve an injunction cannot be used to challenge the imposition of the original injunction." *U.S. ex rel. F.T.C. v. Bus. Recovery Servs. LLC*, 488 F. App'x 188, 189–90 (9th Cir. 2012) (citing *Gon v. First State Ins. Co.*, 871 F.2d 863, 866 (9th Cir. 1989)). The Ninth Circuit "will reverse a district court's ruling on a motion to modify or dissolve a preliminary injunction 'only where the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous findings of fact.'" *Id.* at 189; *see also Yvon v. City of Oceanside*, No. 16-CV-1640-AJB-WVG, 2016 WL 5786948, at *2 (S.D. Cal. Oct. 3, 2016) ("This discretion to modify or dissolve a preliminary injunction is broad.").

## V.    DISCUSSION

### A.    Motion for Leave to Amend

First, Defendant Marshall requests that the Court permit him to file an Amended Answer in which he no longer asserts his Fifth Amendment privilege. (*See* Mot. for Leave.) The Court issued an Amended Scheduling Order in this case, setting the final day to amend pleadings as March 6, 2017. (*See* Dkt. No. 169.) Thus, because the final day to amend pleadings has already passed, Defendant Marshall must establish good cause under Federal Rule of Civil Procedure 16(b)(4).[5] As explained above, good cause examines primarily whether the moving party has diligently pursued his or her claims. *Johnson*, 975 F.2d at 609. In *Johnson*, for instance, the Ninth Circuit affirmed the district court's refusal to permit the plaintiff to amend his complaint because the defendant's answer and interrogatories had indicated that the plaintiff had sued the incorrect defendant. *See id.* Accordingly, the court held that "[f]ailing to heed clear and repeated signals that not all the necessary parties had been named in the complaint does not constitute diligence." *Id.*

---

[5] Defendant Marshall did not reference Rule 16 in his Motion for Leave to Amend; he did so only once Plaintiff identified the correct standard in its Opposition. (*See* Mot. for Leave.) Thus, Plaintiff has not had an opportunity to respond to Defendant Marshall's proffered explanation of good cause. Nonetheless, the Court finds Defendant Marshall's explanations unavailing, regardless.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | | Date | June 12, 2017 |
|----------|---------------------------|---|------|---------------|
| Title | **FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL.** | | | |

## 1. Whether Defendant Marshall Has Established Good Cause

Here, the Court finds that Defendant Marshall has not adequately established that he has diligently pursued his claims and sought amendment in a timely manner. Defendant Marshall did not file the instant Motion until May 15, 2017—over two months after the pleadings amendment deadline had passed.[6] (*See* Mot. for Leave.) "Central to [Rule 16's] required showing of diligence is whether the movant discharged her obligation under Rule 16 to collaborate with the district court in managing the case." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The only reason Defendant Marshall cites for not seeking to file an Amended Answer sooner is that he has only recently decided to waive his Fifth Amendment privilege. (*See* Leave Reply at 3–4.)

Defendant Marshall's Amended Answer includes: (1) a lengthy narrative statement; (2) responses to Plaintiff's allegations; and, (3) four affirmative defenses. (*See* Mot. for Leave, Ex. 2.) "[T]he Fifth Amendment's protections against self-incrimination can be asserted in any proceeding, be it civil, criminal, administrative, judicial, investigative or adjudicatory." *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000). "However, in the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Id.* Thus, for the Fifth Amendment to apply, the party invoking its protections must establish that the disclosures she seeks to avoid are potentially incriminating. *See United States v. Neff*, 615 F.2d 1235, 1241 (9th Cir. 1980) (rejecting argument that the moving party's "sincerity of belief was sufficient to validate his assertion of the [Fifth Amendment] privilege," and holding instead that the moving party must show that the allegedly protected statements "would have been self-incriminating").

---

[6] Defendant Marshall initially filed a Motion for Leave to File an Amended Answer on April 3, 2017, that he later withdrew. (*See* Dkt. Nos. 203, 208.) In addition, Defendant Marshall filed the same Motion again on April 18, 2017, though the Court struck the Motion because Defendant Marshall filed it *pro se* despite being represented by counsel at the time. (*See* Dkt. No. 212.) Nonetheless, even by April 3, 2017—the first date on which Defendant Marshall filed the instant Motion—the deadline for amending pleadings had already passed. Thus, Rule 16 applies regardless and Defendant Marshall is required to establish good cause.

| Case No. | **SA CV 16-00999-BRO (AFMx)** | Date | June 12, 2017 |
|----------|-------------------------------|------|---------------|
| Title | **FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL.** | | |

Here, Defendant Marshall broadly invoked his Fifth Amendment right and refused to respond to any portion of Plaintiff's Complaint. (*See* Answer.) Defendant Marshall has not explained how he reasonably believed that much of the information he now includes in his proposed Amended Answer—including those allegations of which he claims he "does not possess sufficient information or belief to answer the allegations"— would have been self-incriminating and, therefore, implicated his Fifth Amendment rights. Thus, Defendant Marshall has not explained why, though he was aware of this information long ago, he did not either include it in his original Answer or seek to amend his Answer before the deadline for amendment had passed. *See Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv0541-LAB (WVG), 2012 WL 175411, at *2 (S.D. Cal. Jan. 20, 2012) (finding no good cause where the defendant did not explain why it waited eight months to seek amendment when it was aware of, or could have been aware of, the information much sooner); *cf. Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996) (explaining that the district court should allow amendment under Rule 16 where "the deadline could not reasonably have been met despite the diligence of the moving party"). Therefore, the Court finds that Defendant Marshall has not established good cause warranting amendment of the Court's Scheduling Order.

## 2. Undue Delay and Risk of Prejudice

Moreover, even assuming Defendant Marshall has established good cause, the Court finds that the possibility of undue delay and prejudice precludes permitting amendment here. "Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens on the court." *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011). "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading." *Id.* "The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party." *Weeks v. Union Pac. Railroad Co.*, No. 1:13-cv-01641-AWI-JLT, 2016 WL 739643, at *6 (E.D. Cal. Feb. 25, 2016).

First, Plaintiff would be prejudiced by permitting amendment. Plaintiff indicates that it took Defendant Marshall's deposition on March 20, 2017—before Defendant Marshall had moved to amend his Answer and after the deadline for amending pleadings had passed. (*See* Leave Opp'n at 5–6.) Therefore, when Plaintiff took Defendant

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

Marshall's deposition, it could not inquire into Defendant Marshall's assertions in his Answer and Plaintiff was unaware of the affirmative defenses Defendant Marshall now asserts. Permitting Defendant Marshall to amend his Answer would require further depositions and discovery. The discovery deadline in this case is August 14, 2017—only two months away. (*See* Dkt. No. 169 at 12.) Permitting amendment and requiring Plaintiff to defend new allegations and participate in additional rushed discovery at this stage would prejudice Plaintiff. *See Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding trial court did not abuse its discretion where the party moved to amend the pleadings "on the eve of the discovery deadline"); *see also AmerisourceBergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (affirming district court's denial of leave to amend even though eight months of discovery remained because "requiring the parties to scramble and attempt to ascertain" the veracity of the newly-pleaded allegations "would have unfairly imposed high, additional litigation costs on the non-moving party"); *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (upholding trial court's refusal to permit amendment where facts were previously available to the moving party in part because permitting amendment would have resulted in prejudice to the defendant); *Weeks*, 2016 WL 739643, at *6 ("Indeed, as the Ninth Circuit observed, a motion to amend the pleadings 'on the eve of the discovery deadline' causes prejudice because it would cause delays in the proceedings.").

Further, the Court finds that any risk of extending discovery, and, in turn, continuing the trial date (which is only four months away), could cause undue delay and is prejudicial to the other Defendants in this action as well as the Receiver. *See Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's conclusion that allowing amendment only three months before trial would have prejudiced the nonmoving party because it "would then have had a very limited amount of time to respond" (internal quotation marks omitted)).

As the Court indicated in its March 10, 2017 Order denying the Receiver's request to sell Defendant Jeremy Foti's property, the Court is disinclined to continue the trial in this case because of the asset freezes affecting many of the Defendants. (*See* Dkt. No.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | **FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL.** | | | |

202 at 15.)  While in some circumstances two months may be sufficient time to complete discovery based on amended pleadings, this case is particularly complex as it involves a receivership, multiple defendants, and asset freezes.  As the Ninth Circuit has explained, "[a] district judge supervising an equity receivership faces a myriad of complicated problems in dealing with the various parties and issues involved in administering the receivership."  *Sec. & Exch. Comm'n v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986).  "A district judge simply cannot effectively and successfully supervise a receivership and protect the interest of its beneficiaries absent broad discretionary power."  *Id.*  Thus here, because of the multiple parties, asset freezes, and the receivership, any risk of extending discovery or delaying the trial is highly prejudicial not only to Plaintiff, but to the other Defendants and the Receiver.  Therefore, the Court finds that the risk of prejudice and undue delay precludes permitting amendment here.  Accordingly, the Court **DENIES** Defendant Marshall's Motion to File an Amended Answer.

### B.      Motion to Dissolve or Otherwise Modify the Preliminary Injunction

#### 1.      Defendant Marshall's Attempt to Reargue the Merits of the Preliminary Injunction

Defendant Marshall's Motion to Dissolve or Modify the Preliminary Injunction in this case suffers from one primary flaw: it does not identify any changed circumstances that would justify the preliminary injunction's dissolution or modification.  (*See* Mot. to Dissolve.)  In his Motion, Defendant Marshall identifies the correct legal standard and recognizes that a district court has jurisdiction to modify a preliminary injunction "'as changed circumstances may dictate.'"  (*See* Mot. at Dissolve at 9 (quoting *Lapin v. Shulton, Inc.*, 333 F.2d 169, 170 (9th Cir. 1964)).  But the very next sentence of his Motion—rather than identifying the changed circumstances justifying modification—contends that Plaintiff's "allegations against Marshall are not supported by the facts." (*Id.*)  This embodies the thrust of Defendant Marshall's Motion; instead of identifying facts that have changed since the Court entered the preliminary injunction in this case—to which Defendant Marshall stipulated—he now argues that Plaintiff has failed to present sufficient evidence to establish its likelihood of success on the merits.

In fact, Defendant Marshall's entire Motion is spent arguing the merits of the preliminary injunction: that Defendant Marshall had no control over the corporate

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **SA CV 16-00999-BRO (AFMx)** | | Date | June 12, 2017 |
|---|---|---|---|---|
| Title | **FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL.** | | | |

entities, that Plaintiff misrepresents his involvement with the corporate Defendants, and that his personal assets should not be included under the terms of the preliminary injunction.[7] (*See* Mot. to Dissolve at 11–16.) As explained above, however, "[a] motion to modify or dissolve an injunction cannot be used to challenge the imposition of the original injunction." *Bus. Recovery Servs. LLC*, 488 F. App'x at 189–90; *see also Honor Plastic Indus. Co. v. Lollicup USA, Inc.*, 462 F. Supp. 2d 1122, 1135 (E.D. Cal. 2006) ("Here, Lollicup seeks to reargue a substantial part of the preliminary injunction motion dealing with the Word Mark apart from the Silhouette and Plain Marks. Lollicup has presented neither a change in law nor a change in facts."). This "requirement presumes that the moving party could have appealed the grant of the injunction but chose not to do so, and thus that a subsequent challenge to the injunctive relief must rest on grounds that could not have been raised before." *Alto v. Black*, 738 F.3d 1111, 1120 (9th Cir. 2013). Therefore, the Court finds Defendant Marshall's arguments addressing only the propriety of the preliminary injunction unavailing.

Defendant Marshall contends that because this is a pre-trial preliminary injunction, rather than a post-judgment permanent injunction, he has the right to reargue its merits. (*See* Dissolve Reply at 3.) In support, Defendant Marshall cites the Ninth Circuit's decision in *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415 (9th Cir. 1984). *Sierra* is inapposite. There, the district court entered a preliminary injunction against the defendant, after which the defendant moved for reconsideration. *See id.* at 1418. After the court denied the defendant's request for reconsideration, the defendant appealed. *Id.* The defendant there never moved to modify or dissolve the preliminary injunction. Thus, the Ninth Circuit explained that, on appeal, it was "review[ing] the district court's order granting an injunction," *id.* at 1421—not the district court's refusal to modify or dissolve the preliminary injunction. Accordingly, the Ninth Circuit's decision in *Sierra* provides no guidance here.

---

[7] In his Reply, Defendant Marshall argues that Plaintiff "has presented *no evidence* to support their conclusory, typically inflammatory allegations." (Dissolve Reply at 2 (emphasis in original).) Thus, Defendant Marshall apparently seeks to shift the burden to Plaintiff to establish the validity of the preliminary injunction, despite the instant Motion being his Motion and the preliminary injunction having already issued—after he stipulated to its entry—nearly eleven months ago. Defendant Marshall's approach has no basis in the law.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

### 2. Defendant Marshall's Decision Not to Invoke His Fifth Amendment Rights

Defendant Marshall does identify one factual circumstance that has changed in the time since the Court entered the preliminary injunction: Defendant Marshall is no longer invoking his Fifth Amendment rights. (*See* Dissolve Reply at 5.) But not any changed circumstance suffices—the moving party must identify a *significant* change. *See Sharp*, 233 F.3d at 1170 ("A party seeking modification or dissolution of an injunction bears the burden of establishing that a *significant change* in facts or law warrants revision or dissolution of the injunction." (emphasis added)). "A significant change is one that pertains to the underlying reasons for the injunction." *Earth Island Inst. v. Bird*, No. 2:08-CV-01897 JAM-JFM, 2011 WL 4479802, at *2 (E.D. Cal. Sept. 26, 2011). Defendant Marshall's decision to invoke the Fifth Amendment had no effect on the entry of the stipulated preliminary injunction here. Rather, the Court entered the preliminary injunction after Plaintiff and Defendant Marshall (along with several other Defendants) stipulated to its entry. Therefore, Defendant Marshall's more recent decision not to invoke the Fifth Amendment does not "pertain[] to the underlying reasons for the injunction." *Id.* Accordingly, Defendant Marshall has presented no significant change in fact or law.

Moreover, as explained above, "in the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Rudy-Glanzer*, 232 F.3d at 1263. Plaintiff has not explained why he believed that opposing Plaintiff's requested preliminary injunction would have resulted in self-incrimination. Thus, Defendant Marshall provides no explanation for why he could not have raised the arguments he makes now in opposition to the preliminary injunction.[8] Therefore, the Court finds that

---

[8] Further, the Fifth Amendment protects *compelled disclosures*. *See* U.S. Const. amend. V ("No person . . . shall be *compelled* in any criminal case to be a witness against himself . . . ." (emphasis added)); *see also Rudy-Glanzer*, 232 F.3d at 1263. Defendant Marshall does not suggest that statements voluntarily made in an opposition to a preliminary injunction might be considered a compelled disclosure. Thus, it is not clear how any opposition he may have had to Plaintiff's request for a preliminary injunction implicated the Fifth Amendment, regardless. *Cf. In re Syncor ERISA Litig.*, 229

| Case No. | SA CV 16-00999-BRO (AFMx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | FEDERAL TRADE COMMISSION V. DAMIAN KUTZNER, ET AL. | | |

Defendant Marshall has not established a significant change in the law or facts. *See Bus. Recovery Servs., LLC*, 488 F. App'x at 189–90 (holding that newly-proffered declarations that the defendant offered to support an argument it could have made when the preliminary injunction was first entered did not constitute "a meaningful change in facts or law"); *Melt Franchising, LLC v. PMI Enters., Inc.*, No. CV 08-4148 PSG (MANx), 2008 WL 4414638, at *2 (C.D. Cal. Sept. 25, 2008) (denying motion to modify or dissolve preliminary injunction where "the evidence presented in this Motion was available at the time . . . the injunction was issued").

In sum, the Court finds that Defendant Marshall has failed to establish a significant change in the law or facts that warrants modification or dissolution of the preliminary injunction. The only changed circumstance Defendant Marshall identifies is his decision to no longer invoke his Fifth Amendment rights. However, his invocation of his Fifth Amendment rights had no influence on the outcome of Plaintiff's request for a preliminary injunction and, in any event, Defendant Marshall has not established how the arguments he makes in the instant Motion implicated his Fifth Amendment rights. Accordingly, the Court **DENIES** Defendant Marshall's Motion to Dissolve or Modify the Preliminary Injunction.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Marshall's Motion for Leave to File an Amended Answer and **DENIES** his Motion to Modify or Dissolve the Preliminary Injunction.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |

F.R.D. 636, 648 (C.D. Cal. 2005) (explaining that being compelled to produce documents during discovery in a civil proceeding could implicate the Fifth Amendment).