Michael T. Stoller, Esq., Bar No. 120241
**LAW OFFICES OF MICHAEL T. STOLLER, APC**
23945 Calabasas Road, Suite 104
Calabasas, California 91302
Telephone:  818-226-4040
Facsimile:  818-226-4044
Email:  michael.stoller@stollerlawgroup.com

Attorneys for Defendant Charles T. Marshall

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 8:16-cv-00999-BRO-AFM |
| Plaintiff, | **DEFENDANT CHARLES T. MARSHALL'S RESPONSE TO THE ORDER TO SHOW CAUSE WHY HE FAILED TO COMPLY WITH THE COURT'S JUNE 12, 2017 ORDER** |
| vs. | |
| DAMIAN KUTZNER, *et al.*, | |
| Defendants. | |

### DECLARATION OF CHARLES T. MARSHALL IN RESPONSE TO THE

### COURT'S ORDER TO SHOW CAUSE RE FAILURE TO COMPLY

### WITH THE COURT'S JUNE 12, 2017 ORDER

I, Charles T. Marshall, declare:

1.      I am over the age of eighteen and a defendant in the above titled action.  The following is based on my personal knowledge, except those statements disclaimed as upon my information and belief.  If called to testify, I could and would do so competently.

2.      On June 12, 2017, this Court having read plaintiff Federal Trade Commission's ("Plaintiff" and/or the "FTC") application for contempt, my opposition, and the FTC's reply, issued an order granting the FTC's application in part and denying it in part (the "Contempt Order").  The Contempt Order set a further compliance date of June 19, 2017 for me to (i)

provide the FTC with financial disclosures, an affidavit or declaration indicating that I provided a copy of the stipulated preliminary injunction ("PI") to my "agents, employees, directors, officers, subsidiaries, affiliates, attorneys, independent contractors, representatives, franchisees, affiliates, and all persons in active concert or participation with them," and a written statement informing the FTC of the name of my law practice, address and telephone number, names of the law firm's officers, directors, principals, managers, and employees and a description of my practice's activities, and (ii) return of $24,500 to the Temporary Receiver.

3.     On June 19, 2017 at 2:22 p.m., I emailed FTC attorneys Benjamin Theisman and Gregory Madden with (i) a declaration affirming that I provided a copy of the stipulated PI to my agents, employees, attorneys, independent contractors, etc., and (ii) a statement informing the FTC of the name of my law practice, address and telephone number, names of the law firm's officers, directors, principals, managers, and employees and a description of my practice's activities.  True copies of my email to FTC attorneys Theisman and Madden, with the attached declaration and statement, are attached here as **Exhibit "A."**  As to the propriety of email service of documents in this matter, I have a long-standing agreement with the FTC's attorneys Theisman and Madden that email service is acceptable and proper.

4.     Accordingly, later that day, as required for compliance with the Contempt Order, I email served the FTC attorneys at 4:07 p.m. with a copy of my financial disclosures, dated June 19, 2017.  The financial disclosures were as complete as possible given the short time to comply, initialed and signed off on each portion of the form.  A true copy of my email to FTC attorneys Theisman and Madden is attached here as **Exhibit "B."**  I am not attaching the 10-page financial disclosure, which I sent as an attachment to the June 19, 2017 email, to this declaration because it contains personal information, but I will freely make it available to the Court and attorneys in this matter for review, if so required.  Due to time constraints and issues with gathering specific documents and statements within seven days, I indicated to the FTC on the financial statement that I would provide further financial documents and related information for which I did not have sufficient information or access to documents at the time.  I am currently gathering all such documents (hundreds of pages) and statements

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

(hundreds of pages), which also go back several years, to provide the FTC by July 3 despite the instant OSC re contempt.  As a practical matter, seven days was just not enough time to gather all such information and documents.

5.      Finally, on June 19, 2017, by and through my attorney of record, I filed in the United States Court of Appeal for the Ninth Circuit ("Ninth Circuit") a petition for a writ of mandamus (the "Writ Petition") seeking *immediate relief* and a stay of the Contempt Order, pending a hearing on the merits of the petition, as to the requirement that I pay back $24,500 in funds I used to retain a criminal defense attorney back in June 2016.  *See In Re Charles T. Marshall, Charles T. Marshall v. U.S. Dist. Ct. (Fed. Trade Comm'n),* Ninth Cir. Case No. 17-71781 (filed June 19, 2017).  Because the Writ Petition is over 130 pages, I refer the Court to Attachment 1 of the declaration of Benjamin J. Theisman, which can be found in the Court's docket at entry number 271-1, for a true copy of the submission to the Ninth Circuit.

6.      On June 20, 2017, the Ninth Circuit issued an order setting a very short briefing schedule on the issue of the stay with plaintiff and real party in interest Federal Trade Commission's opposition to a stay due today, June 21, 2017, and Marshall's reply due on June 22, 2017.  A true copy of the Ninth Circuit's Order, dated June 20, 2017 is attached hereto as **Exhibit "C."**

7.      The Writ Petition set forth the following arguments: (i) that I had no other adequate remedy to attain an immediate stay of the Contempt Order but to file the Writ Petition; (ii) that I will be irreparably harmed in a way not correctable by appeal; and (iii) the Court erred when it held my expenditure of the $24,500 to retain criminal defense counsel with untainted funds from my personal accounts as a contemptable offense.  But more importantly, I raised the issue that by this Court's failure to recognize that all my accounts were frozen by the June 2, 2016 temporary restraining order (the "TRO") and stipulated PI, there was no way I could pay back the $24,500 in funds to the Temporary Receiver, as ordered.  Since the issuance of the TRO and PI, I have not opened any new accounts.  All my accounts, personal and business, that existed as of June 2, 2016 are the only accounts I own.

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

8.      _**I have not opened a single bank account since the TRO issued on June 2,**_ _**2016.**_  Construing the language of the TRO narrowly, I looked into opening a bank account after the freeze.  Apparently, banks maintain a database (credit-rating service for bank account holders) which tracks individual profiles and their ability to open accounts.  After making several inquiries, it became apparent that I would not be able to open a new account because the banks would likely deny any new application due to the court order freezing my accounts.

9.      Given the above and the PI's sweeping language, it is impossible for me to obtain "unfrozen" funds, short of taking out a loan for new money, which, besides being impractical, is not required by the Contempt Order and beyond its scope.  Not only am I faced with an untenable dichotomy—comply with the Contempt Order to avoid contempt of the district court *or* violate professional rules and commit malpractice by inadequately preparing for trial on behalf of innocent clients—but even more problematic is the far-reaching language in the PI, which freezes a broad category of accounts indiscriminately: "accounts that are held by or for the benefit of, or controlled by, directly or indirectly, any" defendant.[1] Dkt No. 57 [the PI], at p. 5.  So, *arguendo*, in complying with other parts of the Contempt Order, even if I disclosed personal accounts to the Court previously not identified containing untainted funds, those accounts are "frozen" by this Court's broad reading and the terms of the PI.[2]  *See* Dkt No. 260 [Contempt Order], at pp. 7-8.  And I cannot use funds from those

---

[1] The Court should remember that, to date, the FTC has already frozen—and still retains possession through the appointed receiver—almost $75,000 from my personal accounts even though none of these frozen assets are related to Brookstone, Advantis Law Group, Advantis Law, or other codefendants.

[2] The TRO and PI define "assets" as:

> any legal or equitable interest in, right to, or claim to, any and all real and personal property of Defendants, or held for the benefit of Defendants, wherever located whether in the United States or abroad, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), shares of stock, futures, all cash or currency and trusts, and
> (Continued...)

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

accounts to repay the $24,500 to comply with the Contempt Order. The only way I can comply with the Contempt Order without violating the terms of the PI is if I borrowed the money, which the Court cannot require me to do under the threat of contempt. A court may not impose punishment "in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." *Hicks v. Feiock,* 485 U.S. 624, 638, n. 9 (1988). The risk of harm is real and irreparable in any instance. All roads lead to a bad outcome—I will be irreparably injured in any scenario. So, I filed the Writ Petition in good faith to inform this Court of my dilemma and seek relief, and hopefully some clarity, from the Ninth Circuit.

10.     Assuming that the Ninth Circuit electronic filing system is similar this Court's and that the parties would be automatically served electronically, my attorney of record did not specially serve the Writ Petition on the FTC's attorneys or this Court. He realized his mistake the next day that neither this Court nor the FTC was served, when this Court issued the instant order to show cause why I should not be held in contempt on June 20, 2017. My attorney then spoke with the FTC's attorneys on June 21, 2017 and filed a notice of filing the Writ Petition, with this Court. *See* Dkt No. 268. The FTC then met and conferred with my attorney and, on June 22, 2017, filed an uncontested motion with the Ninth Circuit to obtain an extension of the short briefing schedule ordered to determine the propriety of a stay pending a hearing on the merits of the Writ Petition. Although the Court has yet to rule on the FTC's uncontested motion and the issue of the stay pending a full hearing on the Writ Petition, I am hopeful that the stay will eventually be granted because the Ninth Circuit did not summarily deny the Writ Petition, as it could have. When I caused the Writ Petition to

---

shall include both existing Assets and Assets acquired after the date this order is signed, or any interest therein.

Dkt Nos. 23 [the TRO], at p. 3, and 57 [the PI], at p. 5.

The TRO and PI explicitly prevents me from "[t]ransferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending withdrawing, granting a lien or security interest or other interest in otherwise disposing of any Assets." Dkt Nos. 23 [the TRO], at p. 3, and 57 [the PI], at p. 5.

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

be filed on Monday, I reasonably believed that the Ninth Circuit would provide interim relief much sooner given that I properly noted and requested "immediate relief."

11.     In the seven days between the issuance of the Contempt Order and the date for compliance, I (i) compiled information and documents to respond to the FTC's expedited discovery requests, (ii) identified every person to whom notice of the PI should be served and then serving them with such notice, (iii) created a statement identifying the details of my current law practice, and (iv) located a source or way to pay $24,500 to the Temporary Receiver, all the while trying to maintain my profession to support myself and family.  At the same time, my attorney and I were organizing responses to outstanding and supplemental discovery at the FTC's request.  Over those seven days, I did everything within my power to ensure I complied with the Court's orders.  I never intended to disobey the Court's orders. Once I fully realized that I could not repay the $24,500 without further contempt of the PI, I engaged my attorney to prepare the Writ Petition, declarations in support, and provide him with other documents, all the while trying to represent my current clients competently and adequately.

12.     Based on the foregoing, I respectfully request the Court not find me in contempt for failing to comply with its recent June 12, 2017 order given the short seven-day period within which I was expected to comply, my substantial compliance with the financial disclosure requirements, my continuing search for responsive financial documents that should be completed by July 3, 2017, my full compliance with the disclosure of the details of my current law practice, and my full disclosure and service of the PI on persons affiliated or associated with my law practice.  To the extent I did not comply with the requirement to return $24,500 in monies that I expended to retain a criminal defense attorney over a year ago, I could not comply without violating the terms of the PI.  Given this dilemma, I took reasonable steps *in good faith* to *not* disobey the Court's Contempt Order while preserving my rights by filing the Writ Petition with the Ninth Circuit.

/ / /

/ / /

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

1    I declare the foregoing is true and correct under the penalty of perjury under the laws
2  of the United States of America; executed this 23rd day of June 2017 at Los Angeles,
3  California.

4

5    _/s/ Charles T. Marshall_____

6    Charles T. Marshall, Esq., declarant

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

--------- Original Message ---------
Subject: Compliance with Contempt Order of June 12 2017
From: cmarshall@marshallestatelaw.com
Date: 6/19/17 2:22 pm
To: "Theisman, Benjamin" <btheisman@ftc.gov>, "Madden, Gregory" <gmadden@ftc.gov>
Cc: "Michael Stoller" <michael.stoller@stollerlawgroup.com>

Attached please find documents responsive to the business entity reporting requirements and the PI notification requirements which are part of the compliance issues re the recent June 12, 2017 contempt order.

I am still working on the financial statement. Even if I am not finished with same (there are many documents I will have to still find to fully complete the statement) statement by day's end today, I will forward a partial statement to you today, with uncompleted portions (if any) as soon as I am able to organize the information and documents, etc.

*Charles Marshall, Esq.*
*Law Office of Charles T. Marshall*
*415 Laurel St., #405*
*San Diego, CA 92101*

Case 8:16-cv-00999-BRO-AFM Document 274 Filed 06/23/17 Page 10 of 22 Page ID #:6948

cmarshall@marshallestatelaw.com
**Phone** 619.807.2628
**Fax** 866.575.7413

PRIVILEGED AND CONFIDENTIAL COMMUNICATION

The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

---

**2 attachments**

 **FTC CTM Response to Contempt Order Business Report 6.19.17.pdf**
533K

 **CTM FTC Dec Associated with Notice of PI Re Contempt .pdf**
96K

FTC V. KUTZNER MATTER, CASE NO. SA CV 16-00999-BRO (AFMx)

The following is in compliance with the Contempt Order of the Court handling the above-referenced matter, which Order was issued June 12, 2017, and which Order directed me to convey four aspects to my legal practice, below which find:

1. Name of law firm: Law Office of Charles T. Marshall.
2. Address and phone number: 304 Kalmia Street, Suite A, San Diego, CA 92101, mailing address for which is 415 Laurel St., #405, San Diego, CA 92101; Phone is 619.269.8338.
3. Names of firms officers, etc: Firm has zero employees, and other officers, directors, etc., although the one and only attorney (principal, Charles T. Marshall) of the Office coordinates with various persons on a independent contractor basis to file documents (manually and electronically), prepare portions of documents under supervision and vetting to ensure the meeting of legal standards, and otherwise assist with aspects of the legal practice.
4. Description of the law firm's activities: See Exhibit 1 below, item 2 (Statement of business), provided to the FTC on March 31, 2017, which completely addresses this prompt.

Charles Marshall
Principal, Law Office of Charles T. Marshall

Date: June 19, 2017

# EXHIBIT 1

FTC v. Kutzner Matter, Case No. SACV-00999-BRO

Addressing two issues in this document that I understand from my attorneys are pending to be addressed:
1. Acknowledgement of receipt of the TRO ex parte order re asset freeze, etc
2. Statement of my business

Re item 1., I acknowledge that I have received a copy of the TRO ex parte order re the asset freeze, in the above-referenced lawsuit.

Re item 2., I have an active law practice which consists of the following cases:
- litigation (lawsuits filed on behalf of California clients who have retained me to file lawsuits on their behalf, as well as defense lawsuits where I handle litigation for someone who has been sued);
- appeals (appeals of litigation from lawsuits I previously handled, or were brought to me from other attorneys in California, filed in California state and Federal Courts);
- unlawful detainer defense (handle lawsuits for defendants in which individual Californians are sued for unlawful detainer matters, almost exclusively for former homeowners sued in unlawful detainer after a nonjudicial foreclosure sale);
- bankruptcies (bankruptcies filed on behalf of clients who have retained me to file bankruptcies on their behalf);
- personal injury (various cases in California involving a personal injury to an individual);
- immigration (handle various immigration clients, including those fighting deportation)—
though at present have no active immigration cases.

I also handle estate planning matters from time to time, but have no clients in that area at present. I handle other types of law as well, but the above categories represent my current and recent caseload.

Charles Marshall

Date 3/3/17

Michael T. Stoller (120241)
LAW OFFICES OF MICHAEL T. STOLLER, APC
23945 Calabasas Rd Ste 103
Calabasas, CA 91302
Phone: (818) 226-4040
Fax: (818) 226-4044
michael.stoller@stollerlawgroup.com

Attorney for Defendant
Charles T. Marshall

**UNITED STATES DISTICT COURT**

**CENTRAL DSITRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No.: 8:16-cv-00999-BRO-AFM |
| Plaintiff, | **DECLARATION OF CHARLES T.** |
| v. | **MARSHALL IN COMPLIANCE WITH** |
| | **CONTEMPT ORDER OF JUNE 12, 2017** |
| DAMIAN KUTZNER, individually and as an officer of | **CONFIRMING THE PROVIDING A** |
| BROOKSTONE LAW P.C. (California), BROOKSTONE LAW | **COPY OF THE STIPULATED** |
| P.C. (Nevada), ADVANTIS LAW P.C., and ADVANTIS LAW | **PRELIMINARY INJUNCTION OF JUNE** |
| GROUP P.C.;VITO TORCHIA, JR., individually and as an | **24, 2016** |
| officer of BROOKSTONE LAW P.C. (California) and | |
| BROOKSTONE LAW P.C. (Nevada); JONATHAN | |
| TARKOWSKI, individually and as an officer of | |
| BROOKSTONE LAW P.C. (California) and BROOKSTONE | |
| LAW P.C. (Nevada); R. GEOFFREY BRODERICK, | |
| individually and as an officer of ADVANTIS LAW P.C. and | |
| ADVANTIS LAW GROUP P.C.; CHARLES T. MARSHALL, | |

1

| | |
|---|---|
| 1 | individually and as an officer of ADVANTIS LAW P.C. and ) |
| 2 | ADVANTIS LAW GROUP P.C.; BROOKSTONE LAW P.C., ) |
| 3 | d/b/a BROOKSTONE LAW GROUP, a California professional ) |
| 4 | corporation; BROOKSTONE LAW P.C., d/b/a BROOKSTONE ) |
| 5 | LAW GROUP, a Nevada professional corporation; ADVANTIS ) |
| 6 | LAW P.C., a California professional corporation; ADVANTIS ) |
| 7 | LAW GROUP P.C., a California professional corporation, and ) |
| 8 | JEREMY FOTI, individually and as an officer of ) |
| 9 | BROOKSTONE LAW P.C. (California), BROOKSTONE LAW ) |
| 10 | P.C. (Nevada), ADVANTIS LAW P.C., and ADVANTIS LAW ) |
| 11 | GROUP P.C. ) |
| 12 | ) |
| 13 | Defendants. ) |
| 14 | ) |
| 15 | ) |
| 16 | ) |
| 17 | ) |
| 18 | ) |
| 19 | ) |
| 20 | ) |
| 21 | ) |
| 22 | ) |
| 23 | ) |
| 24 | ) |
| 25 | ) |
| 26 | ) |
| 27 | ) |
| 28 | ) |

2

**DECLARATION OF CHARLES T. MARSHALL**

1    )
2    )
3    )
4    )
5    )
6    )
7    )
8    )
9    )
10    )
11    )
12    )
13    )
14    )

15   I, Charles T. Marshall, declare and state as follows:

16   1. If called as a witness I could and would competently testify to the facts as related herein.

17
18   2. On June 12, 2017, this Court issued an order pursuant to a previously stipulated preliminary injunction ("PI") of June 24, 2016, to the effect of my confirming that I have
19
20   provided a copy of same PI to my "agents, employees, directors, officers, subsidiaries,
21   affiliates, attorneys, independent contractors, representatives, franchisees, affiliates, and
22   all persons in active concert or participation with them."

23   3. As of June 19, 2017, I have provided a copy of same PI to all of the above-referenced
24
25   categories of persons and entities.

26   4. All of the referenced individuals to whom notice of this PI applies are independent
27   contractors in terms of their business relationship to me or that of my law office.

28   5. Below listed same individuals with their associated addresses. I am requesting that the

**DECLARATIION OF CHARLES T. MARSHALL**

FTC redact same individual names and addresses from this Declaration, if they later file same Declaration with this Court, and that the FTC otherwise not publish or republish in any way the names and addresses of same individuals, as none of them have anything to do with this case.

6.   The names and addresses of the above-referenced individuals are as follows:

Tess Vargas, 4629 Josie Avenue, Lakewood, CA 90713

Gaby Hernandez, 1010 East 2nd Street, #8, Long Beach, CA 90802

Miguela Dalziel, 304 Kalmia Street, Suite A, San Diego, CA 92101

Kimberly Cromwell, PO Box 631, Brentwood, CA 94513

David Stallone, 304 Kalmia Street, Suite F, San Diego, CA 92101

James Macklin, 917 Tahoe Blvd, Suite 302, Incline Village, NV 89451*

* Note re James Macklin: I have not used Mr. Macklin as an independent contractor paralegal since the fall of 2016; providing his information here as I did use his services for my own legal practice on a contracting basis, at the time of the issuance of the TRO in this matter.


I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on June 19, 2017 at San Diego, California.

/s/ Charles T. Marshall
Charles T. Marshall

DECLARATIION OF CHARLES T. MARSHALL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

--------- Original Message ---------
Subject: Financial Disclosure Form Partially Completed
From: cmarshall@marshallestatelaw.com
Date: 6/19/17 4:07 pm
To: "Theisman, Benjamin" <btheisman@ftc.gov>, "Madden, Gregory" <gmadden@ftc.gov>
Cc: "Michael Stoller" <michael.stoller@stollerlawgroup.com>

Please see attached partially completed financial disclosures form per recent Court Order June 12, 2017. I have addressed and initialed and signed off on every portion of the form. Due to time constraints and issues with gathering documents, I still need additional time to complete the portions of the form which have question marks.

While I appreciate that my penmanship is not the best, I have tried several ways to use keyboard entry as an alternative to a pen, but am unable do to do so with the form provided.

*Charles Marshall, Esq.*
*Law Office of Charles T. Marshall*
*415 Laurel St., #405*
*San Diego, CA 92101*
*cmarshall@marshallestatelaw.com*
*Phone 619.807.2628*
*Fax 866.575.7413*

PRIVILEGED AND CONFIDENTIAL COMMUNICATION
The information contained in this email is privileged and confidential and is intended only for the use of the individual(s) identified above and others who specifically have been authorized to receive it. If the reader of this message is not the intended recipient, you are hereby notified that reading, use, dissemination, distribution or copying of this e-mail is strictly prohibited.

📄 **FTC CTM Signed Financial Disclosures Form 6.19.17.pdf**
2487K

# EXHIBIT "C"

**RESPONSE TO OSC RE FAILURE TO COMPLY WITH JUNE 12, 2017 ORDER**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CHARLES T. MARSHALL. | No.  17-71781 |
| CHARLES T. MARSHALL, | D.C. No.
8:16-cv-00999-BRO-AFM
Central District of California,
Santa Ana |
| Petitioner,
v. | |
| UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF
CALIFORNIA, SANTA ANA, | ORDER |
| Respondent, | |
| FEDERAL TRADE COMMISSION, | |
| Real Party in Interest. | |

This petition for writ of mandamus requests a stay of the district court's June 12, 2017 order pending full consideration of the mandamus petition.  Real party in interest's opposition to the stay request is due on Wednesday, June 21, 2017. Petitioner's optional reply is due Thursday, June 22, 2017.

FOR THE COURT:
MOLLY C. DWYER
CLERK OF COURT

By: Susan Landsittel
Deputy Clerk
Ninth Circuit Rule 27-7

SLL/MOATT