1  Michael T. Stoller, Esq., Bar No. 120241
   **STOLLER LAW GROUP, APC**
2  23945 Calabasas Road, Suite 104
   Calabasas, California 91302
3  Telephone:  818-226-4040
   Facsimile:  818-226-4044
4  Email:  michael.stoller@stollerlawgroup.com

5  Attorneys for Defendant Charles T. Marshall

6

7                  **UNITED STATES DISTRICT COURT**

8                  **CENTRAL DISTRICT OF CALIFORNIA**

9

10  FEDERAL TRADE COMMISSION,          ) Case No.: 8:16-cv-00999-BRO-AFM
                                        )
11          Plaintiff,                  ) **DEFENDANT CHARLES T.**
                                        ) **MARSHALL'S OPPOSITION TO**
12  vs.                                 ) **PLAINTIFF'S MOTION FOR**
                                        ) **SUMMARY JUDGMENT AGAINST**
13  DAMIAN KUTZNER, *et al.*,           ) **DEFENDANTS JEREMY FOTI AND**
                                        ) **CHARLES MARSHALL AS TO ALL**
14                                      ) **COUNTS**
                                        )
15          Defendants.                 ) **[Filed Concurrently with the Declaration**
                                        ) **of Charles T. Marshall]**
16                                      )
                                        ) Date:   August 28, 2017
17                                      )
                                        ) Time:   1:30 p.m.
18                                      )
                                        ) Ctrm:   7C
19                                      )
                                        ) Judge:  Hon. Beverly Reid O'Connell
20

21          Defendant  Charles  T.  Marshall  ("Marshall"  and/or  "Defendant")  hereby opposes

22  plaintiff  Federal  Trade  Commission's  ("Plaintiff"  and/or  "FTC")  motion  for  summary

23  judgment against defendants Jeremy Foti and Charles Marshall as to all counts (the "MSJ").

24          **MEMORANDUM OF POINTS AND AUTHORTIIES**

25  **I.      INTRODUCTION AND BACKGROUND**

26          Plaintiff's motion for summary judgment begins with inflammatory "quotes" from

27  unnamed "consumers" who provide no declarations in support of their claims.  The quotes

28  are attributed to a study conducted by a third party, Dr. Bruce Isaacson of MMR Strategy

1
**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1  Group.[1]  Not only are they hearsay, it is not clear who said them in what context and why.[2]
2  And so Plaintiff's motion for summary judgment proceeds with a troubling salvo of
3  inappropriate and inadmissible statements calculated to excite passions but fall far short of
4  what is required to support a summary judgment.

5         Despite a broad complaint naming six individual defendants and four entity
6  defendants, with much more culpability than Defendant, most of whom settled with the FTC,
7  Plaintiff has its sights trained on the most insignificant party to prosecute—Defendant
8  Marshall.  Not only does the operative first amended complaint fail to discuss specifically
9  what acts or omissions Marshall committed exposing him to liability under the FTC's
10 various claims but the motion for summary judgment is equally sparse.  Of the 25 pages of
11 facts in the MSJ, Marshall appears at page 23 through 25 and only to the extent that
12 "Marshall took control of Advantis with full knowledge of Brookstone's malfeasance,"
13 which is conclusory and disputed, and "Marshall has a history of MARS fraud," which is
14 irrelevant.  Neither of these establish that Marshall had any direct involvement in the
15 purported alleged fraudulent activity.  Plaintiff advances a specious and attenuated vicarious
16 liability theory against Marshall for every act committed by and on behalf of the various
17 entity defendants since the creation of Brookstone Law, "from January 1, 2011 until June 2,
18 2016," when Marshall's involvement with Advantis Law Group, P.C. and the other
19 defendants was limited to representation of clients in two cases since February 27, 2015 to
20 June 2, 2016.

21        Somehow, despite Marshall's limited involvement with Advantis Law Group, P.C.
22 for such a brief period, Plaintiff contends Marshall is jointly and severally liable for damages
23 from the inception of the other defendants' alleged fraudulent scheme, for over $18 million.
24 Such broad liability is neither supported in fact or law.  Plaintiff's motion and statement of

25 _____

26 [1] Despite the dubious evidentiary value of the "expert" report, the study focuses only on
   Brookstone clients and makes no reference to Advantis Law Group, P.C. or its clients.

27 [2] Defendant Marshall joins in Defendant Foti's evidentiary objections to the Plaintiff's
   evidence in support of its motion for summary judgment.
28

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1 undisputed facts are confusing—never clearly stating what exactly Marshall knew or did
2 wrong.  As evidenced by the limited facts and arguments Plaintiff raises against Marshall in
3 the MSJ, even Plaintiff does not believe Marshall has significant liability, if any, for the
4 alleged harm to consumers.  The major defendants, except for Foti, have already settled.

5      As discussed below, the government's burden is to prove with clear and convincing
6 that Marshall was either directly involved in making misrepresentations to consumers or had
7 the authority to control the entities that did.  Additionally, the FTC must show with clear
8 and convincing evidence that Marshall has knowledge that the corporation or one of its
9 agents was engaged in dishonest conduct or fraud, the misrepresentations were of the type a
10 reasonable person would rely, and the consumer injury resulted.  The FTC needs to show
11 Defendant had actual knowledge of falsity, reckless indifference to truth or falsity of a
12 representation, or awareness that fraud might be afoot and an avoidance of the truth.  Far
13 from clearly and convincingly establishing these elements, Plaintiff's MSJ utilizes a
14 scattershot approach to meeting its burden and fails miserably in tying Marshall to any
15 alleged misrepresentations.  Marshall not only had a limited tenure with Advantis Law
16 Group P.C., which is an entirely different entity from Advantis Law, P.C., but he only
17 handled two cases for Advantis Law Group, P.C., and once signed a pleading in the *Wright,*
18 *et al. v. Bank of America, et al.* case.  One of those two did not involve mortgage relief or a
19 loan modification; it was an intellectual property case.

20      Plaintiff's motion for summary judgment, separate statement of undisputed facts, and
21 supporting declarations are conclusory, speculative and wholly insufficient to support
22 summary judgment.

## II. PLAINTIFF MUST ESTABLISH MARSHALL'S FRAUD WITH CLEAR AND CONVINCING EVIDENCE

25      Under Rule 56(c) of the Federal Rules of Civil Procedure, a district court may grant
26 summary judgment only when "the pleadings, depositions, answers to interrogatories, and
27 admissions on file, together with affidavits, if any, show that there is no genuine issue as to
28 any material fact and that the moving party is entitled to judgment as a matter of law."  A

1  motion for summary judgment is defeated if the non-moving party sets forth facts showing

2  that a genuine issue remains for trial.  Fed. R. Civ. Proc. 56(c).  A fact is material when,

3  under the governing substantive law, it could affect the outcome of the case.  *Anderson v.*

4  *Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986); *Nat'l Ass'n of Optometrists & Opticians v.*

5  *Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) cert. denied, —— U.S. ——, 133 S.Ct. 1241

6  (2013).  A dispute is genuine if a reasonable jury could return a verdict for the nonmoving

7  party.  *Anderson*, 477 U.S. at 248.

8        When ruling on a summary judgment motion, the district court must view all

9  inferences drawn from the underlying facts in the light most favorable to the nonmoving

10  party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).  The

11  district court does not make credibility determinations with respect to evidence offered.  *See*

12  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (*citing*

13  *Matsushita*, 475 U.S. at 587).  Summary judgment is therefore not appropriate "where

14  contradictory inferences may reasonably be drawn from undisputed evidentiary facts."

15  *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 (9th Cir.1980).

16  Moreover, claims for fraud must be proved by clear and convincing evidence.  *See England*

17  *v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960); *Aulmann v. Aulmann*, 25 F. App'x 555, 556-

18  57 (9th Cir. 2001).

19        Here, Plaintiff fails to establish that the entity defendants made deceptive

20  representations.  Under the Federal Trade Commission Act, section 5, an act or practice is

21  deceptive or misleading if (i) there is a representation (ii) that is likely to mislead

22  consumers acting reasonably under the circumstances, and (3) the representation is

23  material.  *FTC v. Pantron I Corp*., 33 F.3d 1088, 1095 (9th Cir. 1994). In determining

24  whether the representations were likely to mislead, the purported claims must be evaluated

25  to determine if the "net impression" of the claims "would be likely to mislead reasonable

26  consumers." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1046 (C.D. Cal. 1999).  The FTC argues

27  that the Corporate Defendants made the following representations:

28        • Consumers "may be a potential plaintiff" against their lender;

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

• "Mass joinder litigation is a way to 'void your note(s), and/or award you relief and monetary damages;'"

• "[O]ur team of experienced lawyers offers you a superior alternative for recovery;"

• "It may be necessary to litigate your claims against your lender to get the help you need and our lawyers know how to do so."

• Some "consumers could expect to receive $75,000 in damages;"

• "Referenced the Department of Justice's multibillion-dollar settlements with the banks, suggesting that Brookstone's cases were somehow connected"

• "[I]f you are behind on your payments act now to preserve your legal rights because the law is on your side,"

• "Brookstone/Advantis was a national law firm with expertise in lender law litigation."

• "[Brookstone/Advantis] is a Pioneer in Mass Tort litigation and all of our landmark cases are still going through the court system. We have had some phenomenal results in our individual cases and have been able to save hundreds of homes and have achieved many confidential settlements."

FTC Mot. for Sum. J., at 6-7.

As an initial matter, the FTC fails to establish which of the above alleged representations were actually made to consumers, and if so what involvement Marshall had in these representations.  Instead, it offers mailers and scripts that were apparently found at the entity defendants' offices, which predate Marshall's involvement, without having made an attempt to lay any foundation reflecting when, or if, those material were actually mailed or presented to any consumers and, if so, during what time period. More importantly, many of the challenged representations were true on their face.  But even more poignant is the fact that Marshall was not involved with Brookstone or any of the entity defendants other than Advantis Law Group, P.C., which was formed in early 2015.

/ / /

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1  / / /

2  **III.    MARSHALL DID NOT TAKE CONTROL OF ADVANTIS WITH FULL**

3         **KNOWLEDGE OF BROOKSTONE'S MALFEASANCE**

4         Plaintiff fails to show that Marshall had "full knowledge" of Brookstone's purported

5  malfeasance or that he became a part of Advantis Law Group, P.C. with such knowledge.

6  Marshall can only be liable for the alleged misconduct of the corporate defendants only if

7  the FTC can prove that (i) the corporate entity "committed misrepresentations of a kind

8  usually relied on by a reasonably prudent person and resulted in consumer injury," and (ii)

9  "[Marshall] participated directly in the violations or had authority to control the entities."

10  *FTC v. Grant Connect, LLC*, 763 F.3d 1094, 1101 (9th Cir. 2014) (citing *FTC v. Publ'g*

11  *Clearing House, Inc.,* 104 F.3d 1168, 1170-71 (9th Cir. 1997)).

12         Additionally, "the FTC must also show that [Marshall] 'had knowledge that

13  [Advantis Law Group, P.C.] or one of its agents engaged in dishonest or fraudulent conduct,

14  that the misrepresentations were the type upon which a reasonable and prudent person would

15  rely, and that consumer injury resulted.'" *Id.* (*quoting Publ'g Clearing House*, 104 F.3d at

16  1171). "To satisfy the knowledge requirement, the FTC must show 'that [Marshall] had

17  ***actual knowledge of material misrepresentations***, [was] recklessly indifferent to the truth

18  or falsity of a misrepresentation, or had an awareness of a high probability of fraud along

19  with an intentional avoidance of the truth.'" *Id.* at 1101-02 (*quoting Publ'g Clearing House*,

20  104 F.3d at 1171) (internal citation omitted).

21         Here, Plaintiff cannot establish any of the elements above because Marshall had the

22  least amount of knowledge, involvement or authority of all the other defendants.  Not only

23  did Marshall, a resident of San Diego rarely if ever come into the Advantis Law Group's

24  offices in Orange County, he limited his involvement to two cases and signed limited

25  pleadings in the *Wright* case.  Unlike *FTC v. Gill*, 71 F. Supp. 2d 1030 (C.D. Cal. 1999),

26  there is no evidence Marshall made any misrepresentations directly to any consumer.  And

27  unlike *FTC v. Amy Travel Service, Inc*., 875 F.2d 564, (7th Cir. 1989), there is no evidence

28  that Marshall wrote the mailers, website, or the scripts.  Such materials were all written by

Torchia and other Brookstone employees and contractors, approved by Torchia upon advice of counsel. The FTC again attempts to rely on inadmissible and mischaracterized evidence in support of its arguments that Marshall "directly participated" in the alleged violations.

The FTC cannot meet its obligation to establish that Marshall had the requisite knowledge required to hold him liable for the acts of the entity defendants. The facts demonstrate that Marshall was not aware that the entity defendants had committed any violations and instead that he believed in good faith that the services he offered thjrough his involvement with Advantis Law Group, P.C., was beneficial.  Marshall never believed that he was a part of the other entity defendants, other than to assist Brookstone in the *Wright* case.  He believed he and the others Advantis Law Group attorneys had sufficient knowledge to advocate successfully on behalf of its clients.

## IV. MARSHALL'S HISTORY OF PROFESSIONAL DISCIPLINE IS NEITHER RELEVANT NOR CONCLUSIVE PROOF OF FRAUD IN THIS ACTION

Under the Federal Rules of Evidence ("FRE"), rule 404(b)(1), evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with character.  Except for a criminal conviction under limited circumstances, extrinsic evidence is not admissible to prove specific instances of a witness' conduct in order to attack or support the witness' character for truthfulness.  Fed. R. Evid. 608(b).

Here, Marshall's history of professional discipline is not only irrelevant but intentionally mischaracterized by the government.  Plaintiff was never disciplined for MARS violations.  Very simply, Plaintiff's stipulation, which is public record, with the California State Bar does not reference violations of MARS or any other FTC rule.

/ / /

/ / /

/ / /

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

## V.   PLAINTIFF SEEKS SUMARY JUDGMENT AGAINST MARSHALL AS A PENALTY FOR HAVING PLEADED THE FIFTH AMENDMENT IN THE EARLY STAGES OF THE LITIGATION

Plaintiff cites as evidence throughout its separate statement, Marshall's failure to respond to discovery.  Other than requests for admissions, which are deemed admitted if the responding party fails to timely serve responses or object, interrogatories and requests for production do not carry such a presumption.  Failing to produce a document in discovery responsive to a request for a certain category of documents does not mean the propounding party can then presume definitively that that category of documents must surely exist and use it in support of a motion for summary judgment as the FTC attempts to do here.

In fact, the FTC is merely exploiting Defendants' refusal to provide substantive responses on his then criminal attorney's advice to plead the Fifth Amendment privilege against self-incrimination, based on the credible threat of criminal prosecution.  Defendant has tried unsuccessfully many times since then to withdraw his Fifth Amendment plea and answer Plaintiff's operative complaint with substantive denials and admissions and affirmative defenses.  Incredibly, Plaintiff still opposes Marshall's attempt to amend his answer.

## VI.   CONCLUSION

For the foregoing reasons, defendant Charles T. Marshall respectfully requests that this Court deny Plaintiff's motion for summary judgment as to this defendant.

DATED: August 7, 2017            STOLLER LAW GROUP, APC


            __/s/ Michael T. Stoller_____
            Michael T. Stoller, Esq.
            *Attorneys for Defendant Charles T. Marshall*

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that on August 7, 2017, I caused the foregoing to be electronically

4   filed with the Clerk of the Court using the CM/ECF system, which will send notification of

5   the filing to all participants in the case who are registered CM/ECF users.

6

7                                            /s/ Michael T. Stoller_____
                                             Michael T. Stoller
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**