Michael T. Stoller, Esq., Bar No. 120241
**STOLLER LAW GROUP, APC**
23945 Calabasas Road, Suite 104
Calabasas, California 91302
Telephone: 818-226-4040
Facsimile: 818-226-4044
Email: michael.stoller@stollerlawgroup.com

Attorneys for Defendant Charles T. Marshall

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>          Plaintiff,<br><br>     v.<br><br>DAMIAN KUTZNER, *et al*.,<br><br>          Defendants. | Case No. 8:16-cv-00999-BRO-AFM<br><br>**DEFENDANT CHARLES T. MARSHALL'S STATEMENT DISPUTING PLAINTIFF'S UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF SUMMARY JUDGMENT AGAINST DEFENDANTS JEREMY FOTI AND CHARLES MARSHALL AS TO ALL COUNTS**<br><br>Date: August 28, 2017<br>Time: 1:30 pm<br>Ctrm: 7C |

/ / /

/ / /

/ / /

## TABLE OF CONTENTS TO STATEMENT OF FACTS

I.    GENERAL BACKGROUND ....................................................................... 1

II.   IN LATE 2010, FOTI TEAMED UP WITH TORCHIA AND KUTZNER TO RUN BROOKSTONE'S MASS JOINDER SCHEME ... 20

III.  WITH TORCHIA FACING BAR DIFFICULTIES, THE CORPORATE DEFENDANTS CREATED ADVANTIS AND MARSHALL BECAME AN OWNER. ..................................................... 25

    A.     The Corporate Defendants Solicited Consumers Through Mass Mailers Followed By Phone Calls and In-Person Meetings. ........... 47

    B.     The Corporate Defendants Convinced Consumers to Pay Advance Fees. .................................................................................. 89

    C.     A Consumer Survey Confirms The Misrepresentations Were Made. ....................................................................................... 117

    D.     The MARS Rule Requires Certain Disclosures, None of Which Were Made. .............................................................................. 122

    E.     Consumers Do Not Receive the Promised Benefits...................... 124

    F.     In May 2016, the Corporate Defendants Sent Out "Account Due" Letters Demanding an Additional $5,000............................ 134

IV.  CONSUMERS PAID MORE THAN $18 MILLION.............................. 137

V.   FOTI AND MARSHALL WERE DIRECTLY INVOLVED IN THE WRONGFUL CONDUCT. .................................................................. 138

    A.     From the Beginning, Foti Was a Manager. .................................. 138

    B.     Foti Helped Draft Mailers and Sales Scripts................................ 165

    C.     Foti Received and Responded to Consumer Complaints and Otherwise Had Knowledge of Bad Acts. ....................................... 179

    D.     Foti was Directly Involved in the May 2016 "Account Due" Scheme. ....................................................................................... 190

    E.     Marshall Took Control of Advantis with Full Knowledge of Torchia's, Kutzner's, Broderick's and Brookstone's Malfeasance................................................................................... 193

VI.  FOTI'S PAST INVOLVES TELEMARKETING, DEBT SETTLEMENT, AND ATTEMPTS TO HIDE HIS OWNERSHIP OF COMPANIES. .......................................................................................... 214

VII.  MARSHALL HAS A HISTORY OF MARS FRAUD. .......................... 218

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| **I.      General Background** | |
| 1.      Brookstone Law P.C. (California) is a California Professional Corporation.<br><br>DE 94, Defendant Jeremy Foti's Answer to Complaint ("Foti Answer"), at Page ID 3758, ¶ 7 (admitting ¶ 6 of DE 61, First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint")); DE 14, Declaration of Anthony L. Gales ("Gales Decl.") at Page ID 1119-23. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Declaration of Charles T. Marshall ("Marshall Decl."), at ¶ --. |
| 2.      Brookstone Law P.C. (Nevada) ("Brookstone Nevada") is a Nevada Professional Corporation.<br><br>DE 94, Foti Answer at Page ID 3758 at ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1124-27. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 3.      Brookstone Nevada was incorporated on November 20, 2014 by Corporate Legal.<br><br>DE 14, Gales Decl. at Page ID 1125, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| | individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 4.      In a November 20, 2014 Articles of Incorporation filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 is identified as the sole Board of Director/Trustee of Brookstone Nevada.<br><br>DE 14, Gales Decl. at Page ID 1125, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 5.      In a March 3, 2015 corporate filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 is identified as the President, Secretary, Treasurer, and Director of Brookstone Nevada.<br><br>DE 14, Gales Decl. at Page ID 1126, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 6.      In the March 3, 2015 corporate filing with the Nevada Secretary of State, Dr. Connor O'Shea provides the "Signature of Officer or Other | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Authorized Signature" for the Brookstone Nevada filing.<br><br>DE 14, Gales Decl. at Page ID 1126, Att. 7. | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 7.      In a June 12, 2015 corporate filing with the Nevada Secretary of State, John Mortimer from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102, is identified as the President of Brookstone Nevada.<br><br>DE 14, Gales Decl. at Page ID 1127, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 8.      In the June 12, 2015 corporate filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 is identified as the Secretary, Treasurer, and Director of Brookstone Nevada.<br><br>DE 14, Gales Decl. at Page ID 1127, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 9.      In the June 12, 2015 corporate filing with the Nevada Secretary of State, Dr. Connor O'Shea provides the | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| "Signature of Officer or Other Authorized Signature" for the Brookstone Nevada filing.<br><br>DE 14, Gales Decl. at Page ID 1127, Att. 7. | alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 10.    Damian Kutzner and Jeremy Foti are identified as Board of Directors/Trustees with the address 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 on a purported March 30, 2015 Nevada Secretary of State Articles of Incorporation filing for Brookstone Nevada.<br><br>DE 69-2, Declaration of Edward Chang ("Chang July 2016 Decl.") at Page ID 3269, Att. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 11.    The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada are different from the November 20, 2014, Articles of Incorporation filing with the Nevada Secretary of State provided to the FTC by the Nevada Secretary of State. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| *Compare* DE 69-2, Chang July 2016 Decl. at Page ID 3269, Att. 2; *with* DE 14, Gales Decl. at Page ID 1125-27, Att. 7. | |
| 12.     Barbara Cegavske was the Nevada Secretary of State in 2015, and Ross Miller was the Nevada Secretary of State in 2014.<br><br>DE 14, Gales Decl. at Page ID 1125-26, Att. 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 13.     The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada filing identifies Ross Miller as the Nevada Secretary of State at that time.<br><br>DE 69-2, Chang July 2016 Decl. at Page ID 3269, Att. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 14.     The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada accompanied a health insurance application for Damian Kutzner and | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Jeremy Foti.<br><br>DE 69-2, Chang July 2016 Decl. at Page ID 3267-77, Att. 2. | Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 15.    Jeremy Foti is identified as "CFO" of Brookstone Law on the health insurance application he signed on December 16, 2015, seeking health insurance through Brookstone Nevada.<br><br>DE 69-2, Chang July 2016 Decl. at Page ID 3273, 3277, Att. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 16.    A voided check from Brookstone Law PC, 3050 Sirius Ave, Ste 104, Las Vegas, NV, 89102 from the Bank of America account ending in 7366 accompanied the healthcare application.<br><br>DE 69-2, Chang July 2016 Decl. at Page ID 3272, Att. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 17.    Brookstone Nevada had a bank account with Bank of America that ended in 7366.<br><br>DE 14-5, Gales Decl. at Page ID 1408- | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 11, Att. 20; DE 69-2, Chang July 2016 Decl. at Page ID 3272, Att.2. | Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 18.　The bank documents for the Brookstone Nevada Bank of America account ending in 7366 state that Jonathan Tarkowski is Brookstone Nevada's managing attorney, and that Geoffrey Broderick is an attorney for Brookstone Nevada.<br><br>DE 14-5, Gales Decl. at Page ID 1408-09, Att. 20. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 19.　Advantis Law P.C. ("Advantis Law") is a California Professional Corporation.<br><br>DE 94, Foti Answer at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1114-18. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 20.　Advantis Law Group P.C. ("Advantis Law Group") is a California Professional Corporation. | Undisputed. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 94, Foti Answer, at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1108-13. | |
| 21.    Brookstone Law P.C. (California) and Brookstone Nevada (collectively, "Brookstone") maintained an office at 18400 Von Karman, Suite 1000, Irvine, CA. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact did not involve Defendant, or Defendant's involvement with Advantis Law Group, P.C. |
| DE 94, Foti Answer at Page ID 3758 at ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 17, Declaration of Diane Samar Ayoub ("Ayoub Decl.") at Page ID 1942, ¶ 6, and Page ID 1944, ¶ 15; DE 186-3, Declaration of Jonathan Tarkowski ("Tarkowski Decl.") at Page ID 5356, ¶¶ 4-5; Declaration of Gregory Madden ("Madden July 2017 Decl.") at ¶ 3, Att. 15, MSJ Evid p. 880, 1170, Plaintiff's First Requests for Admission Issued to Charles Marshall Pursuant to Federal Rule of Civil Procedure 36 ("Marshall's First RFAs"), RFA 40 admitted pursuant to FRCP 36(a)(3); DE 41-4 at Page ID 2596 (Brookstone Fee Agreement); Declaration of Edward Chang Pursuant to 28 U.S.C. § 1746 | Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| ("Chang Decl.") at ¶ 4.q, MSJ Evid p. 2 (authenticating fee agreement). | |
| 22.   Advantis Law and Advantis Law Group (collectively, "Advantis") maintained an office at 18400 Von Karman, Suite 1000, Irvine, CA.

DE 94, Foti Answer at Page ID 3758 at ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1110-11, 1116-17; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1170, Marshall's First RFAs, RFA 41 admitted pursuant to FRCP 36(a)(3). | Disputed.  Advantis Law and Advantis Law Group are not related and should not be collectively referred to as the same entity or common identity.

Marshall Decl., at ¶ --. |
| 23.   Brookstone maintained an office at 6 Hutton Centre Drive, Suite 1000, Santa Ana, CA.

DE 94, Foti Answer, at Page ID 3758, ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 17, Ayoub Decl. at Page ID 1942, ¶ 6 and Page ID 1944, ¶ 15; Madden July 2017 Decl. at  ¶ 3, Att. 15, MSJ Evid p. 880, 1171, Marshall's First RFAs, RFA 43 admitted pursuant to FRCP 36(a)(3); DE 13, Declaration of Gregory J. Madden ("Madden May 2016 Decl.") at | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Page ID 886-93, Att. 46. | |
| 24.     Advantis maintained an office at 6 Hutton Centre Drive, Suite 1000, Santa Ana, CA.<br><br>DE 94, Foti Answer at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 17, Ayoub Decl. at Page ID 1942, ¶ 6 and Page ID 1944, ¶ 15; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1171, Marshall's First RFAs, RFA 44 admitted pursuant to FRCP 36(a)(3). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Defendant was not involved with Advantis Law, P.C.<br><br>Marshall Decl., at ¶ --. |
| 25.     Brookstone and Advantis (collectively, "Corporate Defendants") offered mortgage assistance relief services ("MARS") as defined in 12 C.F.R. § 1015.2.<br><br>DE 94, Foti Answer at Page ID 3578, ¶¶ 7-8 (admitting ¶¶ 6-7 of DE 61, Complaint, which alleged that the Corporate Defendants "advertised, marketed, distributed, or sold mortgage assistance relief services to consumers in this district.  [Brookstone/Advantis] is a 'law firm' offering mortgage assistance relief services to consumers | Disputed.  Advantis Law Group, P.C. offered litigation to challenege the banks' rights to foreclose on clients' properties.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| by representing them in litigation against their lenders."); DE 17-6, Declaration of Mario Rios ("Rios Decl.") at Page ID 2135 ("You may become a joined plaintiff in a significant lawsuit that will seek, among other things, to void your note(s), and/or to award you relief and monetary damages."); DE 17-6, Rios Decl. at Page ID 2148-53 (Pre-Litigation Settlement Agreement); DE 17, Declaration of Jesse Chapman ("Chapman Decl.") at Page ID 1946,  ¶ 7 (hired Brookstone "to get a refund from Bank of America or a modification to our loan"); *id.* at Page ID 1948 ("You may become a joined named plaintiff in a significant lawsuit that will seek, among other things, to void your note(s), and/or to award you relief and monetary damages."); DE 17-7, Declaration of Malu Lujan ("Lujan Decl.") at Page ID 2170, ¶ 8 ("Richard Taylor told me that Brookstone would probably be able to get me 'free and clear' on my loan, that I would owe nothing on my mortgage due to my | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| lender's fraud."); DE 17-4, Declaration of Michael Nava ("Nava Decl.") at Page ID 2095, ¶ 7 ("He said I could get the $75,000, and the bank would try to negotiate the $750,000 claim by lowering my loan amount."); DE 41-2 at Page ID 2517 and 2523 (scripts claiming services will help consumers "struggling to pay your mortgage" or "facing foreclosure"); Chang Decl. at ¶¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating scripts); Ex. 75 at FTC-RAD-001-0221284 to 0221285 (offering foreclosure relief; stating "We are attorneys that focus on foreclosure defense and can offer immediate solutions to your problem.  You must know well in advance what your legal rights and options are so you don't lose your home;" and further stating "Available forms of relief include, reduction of unpaid principal balances, refinancing for borrowers whose homes are worth less than what they owe, payments to borrowers who were wrongly foreclosed on; and the opportunity for a short sale"); Ex. 87 at | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| FTC-RAD-001-0089958 ("Keep in mind that this is the first lawsuit of its kind, and is keeping homeowners in there [sic] homes."); Declaration of Benjamin J. Theisman in Support of Plaintiff's Motion for Summary Judgment Against Defendants Jeremy Foti and Charles Marshall as to all Counts ("Theisman Decl.") at ¶ 4.n & 4.u, MSJ Evid p. 239-40, 330-332, 363-368 (authenticating and attaching Exs. 75 & 87); Madden July 2017 Decl. at ¶¶ 4-5, Att. 16,  MSJ Evid p. 880-82, 1177-80 (excerpts of Defendant Charles T. Marshall's Responses to Plaintiff's First Set of Interrogatories ("Marshall First Int. Resp."), Int. Nos. 7-8, identifying no defenses and identifying  no individuals or entities with information suggesting any Defendant is not liable), Att. 17, (excerpts of Defendant Marshall's Objections and Response to Plaintiff's First Requests for Production of Documents ("Marshall First RFP Resp."), RFP Nos. 19, 21, identifying no documents tending to disprove or call into question that Corporate | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Defendants were "mortgage assistance relief providers."). | |
| 26.   Damian Kutzner is an individual who was an owner or executive of the Corporate Defendants.<br><br>DE 41-4 at Page ID 2620-27 (agreement making Kutzner COO of Brookstone); DE 41-5 at Page ID 2640-41 (phone directories identifying Kutzner as "management"); *id.* at Page ID 2668-72 (payment schedule listing Kutzner as an "executive"); *id.* at Page ID 2681 ("Deal Memo"); Chang Decl. at ¶¶ 4.s, 4.u, 4.z, and 4.bb, MSJ Evid p. 3; DE 186-4, Declaration of Vito Torchia, Jr. ("Torchia Decl."), at Page ID 5370-72, 5375-76, 5378-80, ¶¶ 3-8, 15-17, 21, 23-25; Theisman Decl. at ¶ 15, Att. 12, March 22, 2017 Excerpts of Deposition of Jeremy Foti ("Foti Depo.") at 48:15-18, MSJ Evid p. 810 ("I mean, I would give my input, but the final decision always lied [sic] with Vito, or Damian if Vito wasn't around, or one of Vito's managing attorneys."); *id.* at 65:10-18 ("Damian was actually an officer of the | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| corporation. . . .  Damian could approve anything . . ."); DE 218-2, Declaration of Gregory J. Madden in Support of Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall ("Madden April 2017 Decl.") at Page ID 6063, Att. 16, March 20, 2017 Deposition of Charles Marshall ("Marshall Depo."), at 48:17-21 (Marshall understood Kutzner to be a "principal"); Declaration of Josephine Lobo ("Lobo Decl.") at ¶¶4-5, Att. 1 at p. 9, MSJ Evid p. 231. | |
| 27.    Vito Torchia Jr. is an individual who was an owner or executive of the Corporate Defendants.<br><br>DE 14, Gales Decl. at Page ID 1108, 1114, 1119; DE 186-4, Torchia Decl. at Page ID 5370, ¶ 3; DE 41-6 at Page ID 2742-44; Chang Decl. at ¶ 4.kk, MSJ Evid p. 3 (authenticating Page ID 2742-44). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 28.    Geoffrey Broderick is an individual who was an owner or executive of the Corporate Defendants. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 14, Gales Decl. at Page ID 1110, 1116; DE 186-4, Torchia Decl. at Page ID 5379-80, ¶¶ 23 & 25; DE 41-6 at Page ID 2742-44; Chang Decl. at ¶ 4.kk, MSJ Evid p. 3 (authenticating Page ID 2742-44); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1168, Marshall's First RFAs, RFA 10 admitted pursuant to FRCP 36(a)(3). | alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 29.   Jonathan Tarkowski is an individual who was a lawyer for the Corporate Defendants.<br><br>DE 186-3, Declaration of Jonathan Tarkowski ("Tarkowski Decl.") at Page ID 5356-58 ¶¶ 4-7. | Disputed.  Tarkowski was not a lawyer for Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |
| 30.   Charles Marshall is an individual who was an owner or executive of Advantis Law Group.<br><br>DE 14, Gales Decl. at Page ID 1110; DE 41-6 at Page ID 2746-52 (Advantis Law Group shareholder agreement); Chang Decl. at ¶ 4.ll, MSJ Evid p. 3 (authenticating Advantis Law Group shareholder agreement). | Marshall does not dispute that he was nominally listed as an executive for Advantis Law Group PC for some period of time; he disputes any inferences the FTC might draw from this fact. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 31.    Jeremy Foti is an individual who was an owner or executive of the Corporate Defendants.<br><br>DE 41-5 at Page ID 2640-41 (phone directories identifying Foti as "management"); *id.* at Page ID 2668-72 (payment schedule listing Foti as an "executive"); *id.* at Page 2681 ("Deal Memo"); Chang Decl. at ¶¶ 4.u, 4.z, and 4.bb, MSJ Evid p. 3; DE 186-4, Torchia Decl. at Page ID 5370-72, 5375-76, 5378-80, ¶¶ 3-8, 15-17, 21, 23-25; DE 69-2, Chang July 2016 Decl. at Page ID 3269 (purported Articles of Incorporation listing Jeremy Foti as member of the board of directors or trustee); *id.* at Page ID 3273-77 (Foti signing health insurance application claiming to be CFO); Madden April 2017 Decl. Page ID 6063, Att. 16, Marshall Depo. at 48:17-21 (Foti was a "principal" for Advantis whom Marshall was negotiating with); Lobo Decl. at ¶¶ 4-5, MSJ Evid p. 220-221; Theisman Decl. at ¶ 4.qq, MSJ Evid p. 240, 506-507 (authenticating and | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | attaching FTC-RAD-001-0050335 to | |
| 3 | 0050336); *id.* at ¶ 4.aaa, MSJ Evid p. | |
| 4 | 241, 530 (authenticating and attaching | |
| 5 | FTC-RAD-001-0080085); *id.* at ¶ 4.qqq, | |
| 6 | MSJ Evid p. 241, 608 (authenticating | |
| 7 | and attaching FTC-RAD-001-0191412); | |
| 8 | *id.* at ¶ 4.k, MSJ Evid p. 239, 295-394 | |
| 9 | (authenticating and attaching Ex. 69); | |
| 10 | *id.*at ¶ 7, MSJ Evid p. 243, 257-270 | |
| 11 | (attaching excerpts of Foti's answers to | |
| 12 | RFAs in which he admits he occupied | |
| 13 | the office identified as number 111 and | |
| 14 | admitting the office locations of | |
| 15 | Kutzner and Broderick, responses to | |
| 16 | RFAs 111-13); *id.* at ¶ 4.ggg, MSJ Evid | |
| 17 | p. 241, 552-556 (authenticating and | |
| 18 | attaching FTC-RAD-001-0163703 to | |
| 19 | 0163707, cover email on memo | |
| 20 | regarding Brookstone's bonus structure, | |
| 21 | from Torchia to Kutzner and Foti, | |
| 22 | stating "Confidential.  Do not | |
| 23 | distribute."); *id.* at ¶ 4.hhh, MSJ Evid p. | |
| 24 | 241, 557-576 (authenticating and | |
| 25 | attaching FTC-RAD-001-0164070 to | |
| 26 | 0164089, cover email from Torchia is to | |
| 27 | just Kutzner and Foti); *id.* at ¶ 4.iii, MSJ | |
| 28 | Evid p. 241, 577-581 (authenticating | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| and attaching FTC-RAD-001-0164311 to 0164315, cover email on memo regarding Brookstone's claim to be a national law firm, from Torchia to Kutzner and Foti, stating "This is Confidential Memo not to be distributed."); Lobo Decl. at ¶ 7, MSJ Evid p. 221; Ex. 69 (email from Kutzner to Pepe Abad, copying Foti, attaching the Deal Memo, and stating "Psss. . Look at the Deal memo we all signed. . . . I am sending this to you as we are partners NOW and you should understand all sides!  Not just one!"); DE 78-1, Foti July Decl. at Page ID 3538-39, ¶ 10; DE 78-1, Foti July Decl. at Page ID 3546; DE 152-1, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. Decl.") at Page ID 4757; DE 41 at Page ID 2479 ("He operates from a large, and upon our arrival locked, office next to Mr. Kutzner's office."); DE 41-2 at 2498-99 (identifying Foti's office as the "VP | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Office" designated as "I" or "111"); DE 186-3, Tarkowski Decl. at Page ID 5359, ¶ 9. | |

## II.    In Late 2010, Foti Teamed Up With Torchia and Kutzner to Run Brookstone's Mass Joinder Scheme

| | |
|---|---|
| 32.    Defendants initially built their mass joinder practice with the advice and support of Phil Kramer and Mitch Stein.

Ex. 2, DE 18 at Page ID 2250-54, 2259-63; DE 186-4, Torchia Decl. at Page ID 5370-71, ¶ 4 ("Initially, Brookstone engaged in debt relief work, but subsequently followed the model of three other attorneys, Mitchell Stein, Philip Kramer, and Kenin Spivak and began signing up clients for 'mass joinder' lawsuits.  In a mass joinder lawsuit, tens, or hundreds, of plaintiffs bring a single case against a common defendant, such as Bank of America. Philip Kramer and Mitch Stein contacted Damian Kutzner and then approached me to have Brookstone interview potential clients/clients, gather documents, and communicate with clients while Mitch Stein would be | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| the lead litigation counsel for the mass joinders against national banks. I did not have the experience to be lead counsel in a mass joinder case against national banks because I lacked any trial experience.") | |
| 33. Foti began working with Brookstone in late 2010.<br><br>DE 78-1, Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction, dated July 25, 2016 ("Foti July Decl."), at Page ID 3538, ¶ 9, and 3544-50; Ex. 91 (email dated 11/18/10 from Foti to Kutzner attaching a draft script for Brookstone); Theisman Decl. at ¶ 4.w, MSJ Evid p. 240, 407-410 (authenticating and attaching Ex. 91); *id.* at ¶ 4.vvvv, MSJ Evid p. 243, 727-728 (attaching and authenticating email from Foti to Brookstone personnel dated 11/30/10, FTC-RAD-002-0457531 to 0457532, stating: "It is go time let's hit it full throttle."). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 34. Kramer and Stein are now disbarred for running an illegal mass joinder scheme. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 13, Madden May 2016 Decl. at Page ID 745-802, Atts 33 & 34; DE 16-2, Kennedy Decl. at Page ID 1699-1723, Att. 4 (bar information related to Mitchell J. Stein); DE 16-2 and 16-3, Kennedy Decl. at Page ID 1724-44, Att. 5 (bar information related to Philip Kramer). | fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 35.    Stein is in prison.<br><br>Ex. 2, DE 18 at Page ID 2251-2; DE 16-2, Kennedy Decl. at Page ID 1699-1723, Att. 4 (bar information related to Mitchell J. Stein). | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 36.    Later, Kramer was alleged to have run another mass joinder fraud with Broderick while using an alias.<br><br>Madden July 2017 Decl. at ¶ 2.n, Att. 14, MSJ Evid p. 880, 1120, 1128. | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 37.    At times, Brookstone used mailers and sales scripts claiming the *Ronald v. Bank of America* lawsuit was Brookstone's lawsuit. | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Ex. 88 at FTC-RAD-002-0133016 to 0133017; Ex. 73 at FTC-RAD-002-0284832) (mailer stating that recipients may be a plaintiff in *Ronald v. Bank of America*); Theisman Decl. at ¶¶ 4.v & 4.l, MSJ Evid p. 240 & 239, 369-406, 325-328 (authenticating and attaching Ex. 88 & 73). | occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 38.     *Ronald v. Bank of America* was Stein's mass joinder lawsuit.<br><br>Ex. 2, DE 18 at Page ID 2249-50. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 39.     By January 2011, Brookstone had started its mass joinder business, filing *Wright v. Bank of America* in February 2011.  From that point forward, its business was focused on mass joinder litigation.<br><br>DE 12, Madden May 2016 Decl. at Page ID 620, Att. 28; DE 13, Madden May 2016 Decl. at Page ID 803-04, Att. 35; DE 14-4, Gales Decl., at Page ID 1274, | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Att. 17; Theisman Decl. at ¶ 13, Att. 10, | |
| 3 | Foti Depo. at 104:6-14, MSJ Evid p. | |
| 4 | 816; Ex. 2, DE 18 at Page ID 2237, | |
| 5 | 2244-47, 2253 (Torchia State Bar | |
| 6 | testimony explaining Brookstone | |
| 7 | originally did debt settlement work and | |
| 8 | then switched to mass joinder litigation | |
| 9 | at the end of 2010); DE 186-4, Torchia | |
| 10 | Decl. at Page ID 5570-71, ¶ 4. | |
| 11 | 40.    Brookstone then filed additional | *This* Defendant lacks the knowledge or |
| 12 | mass joinder lawsuits against other | information and belief to dispute or declare |
| 13 | mortgage lenders, including JPMorgan | this fact undisputed, as this alleged fact |
| 14 | Chase, Wells Fargo, Ally, Indymac, and | occurred prior to or without this Defendant's |
| 15 | Citibank. | involvement in Advantis Law Group, P.C. or |
| 16 | | the other individual defendants in this action. |
| 17 | DE 12, Madden May 2016 Decl. at Page | |
| 18 | ID 512, Att. 21, Page ID 463, Att. 14, | |
| 19 | Page ID 435, 439, Atts. 9-10, Page ID | |
| 20 | 498-99, Att. 19, Page ID 582, Att. 24. | |
| 21 | 41.    By January 1, 2016, courts had | *This* Defendant lacks the knowledge or |
| 22 | dismissed all of Brookstone's mass | information and belief to dispute or declare |
| 23 | joinder lawsuits except for *Wright v.* | this fact undisputed, as this alleged fact |
| 24 | *Bank of America*. | occurred prior to or without this Defendant's |
| 25 | | involvement in Advantis Law Group, P.C. or |
| 26 | DE 12, Madden May 2016 Decl. at Page | the other individual defendants in this action. |
| 27 | ID 353, Att. 1, Page ID 361, Att. 2, | |
| 28 | Page ID 377, Att. 4, Page ID 414, 418, | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Att. 6, Page ID 419-20, 434, Atts. 7-8, Page ID 435, 438-439, 455, Atts. 9-11, Page ID 457, Att. 12, Page ID 463, 480, 482, Atts. 14 & 16, Page ID 489, Att. 17; Page ID 498, Att. 19, Page ID 512, 515, Att. 21, Page ID 600, 603, Att. 26; DE 13, Madden May 2016 Decl. at Page ID 726-27, 732, Att. 29. | |
| 42.    *Wright v. Bank of America* has never advanced beyond the filing of a complaint.<br><br>Madden July 2017 Decl. at ¶ 2.a, Att. 1, MSJ Evid p. 878, 883-927. | Disputed. See below. |
| 43.    On appeal, under the name *Petersen v. Bank of America*, the court stated that Brookstone's complaint in *Wright v. Bank of America* was "desultory and scattered allegations."<br><br>232 Cal. App. 4th 238, 254. | Dsiputed. See below. |
| **III.    With Torchia Facing Bar Difficulties, the Corporate Defendants Created Advantis and Marshall Became an Owner.** | |
| 44.    In 2014, Vito Torchia faced a trial in the State Bar Court of California regarding ethics violations concerning Brookstone Law P.C. clients who had retained Brookstone Law P.C. for | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| representation in mass joinder lawsuits against their lenders.<br><br>DE 16, Kennedy Decl. at Page ID 1562-64, Att. 1.C | in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 45. On August 6, 2014, Judge Richard A. Platel of the State Bar Court of California entered a ruling finding that Torchia had violated his ethics obligations to Brookstone clients.<br><br>DE 16, Kennedy Decl. at Page ID 1562-1604, Att. 1.C. | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 46. On February 13, 2015, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case No. 14-O-03311, alleging ethics violations arising out of Brookstone's mass joinder services.<br><br>DE 16, Kennedy Decl. at Page ID 1618-22, Att. 1.G | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 47. On May 6, 2015, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case Nos. 14-O-04441, 14-O-04507, 14-O- | This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 04926, 14-O-4968, 14-O-05192, alleging ethics violations arising out of Brookstone's mass joinder services.<br><br>DE 16, Kennedy Decl. at Page ID 1623-32, Att. 1.H. | occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 48.   On May 14, 2015, the State Bar Court of California entered a default against Vito Torchia for failing to respond to ethics charges in Case Nos. 13-O-14835 and 14-O-01008, and enrolled Vito Torchia as an inactive member of the California Bar.<br><br>DE 16, Kennedy Decl. at Page ID 1633-34, Att. 1.I. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 49.   On June 3, 2015, the State Bar Court of California entered a default against Vito Torchia for failing to respond to ethics charges in Case No. 14-O-03311, and enrolled Vito Torchia as an inactive member of the California Bar.<br><br>DE 16, Kennedy Decl. at Page ID 1635-36, Att. 1.J. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 50.   On July 7, 2014, the California | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case Nos. 13-O-14835 and 13-O-15422, alleging ethics violations arising out of Brookstone's mass joinder services.<br><br>DE 16, Kennedy Decl. at Page ID 1555-61, Att. 1.B. | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 51.    On November 12, 2015, Judge Yvette D. Roland of the State Bar Court of California entered an order of involuntary and inactive enrollment as to Vito Torchia for his failure to respond to 19 ethics charges related to Brookstone's mass joinder services.<br><br>DE 16 and 16-1, Kennedy Decl. at Page ID 1637-46, Att. 1.K. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 52.    On November 20, 2014, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case Nos. 14-O-01008, 14-O-02316, 14-O-02698, alleging ethics violations arising out of Brookstone's mass joinder services.<br><br>DE 16, Kennedy Decl. at Page ID 1608- | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 14, Att. 1.E. | |
| 53.    Vito Torchia's disbarment became effective on May 29, 2016.<br><br>Madden July 2017 Decl. at ¶ 2.f, Att. 6, MSJ Evid p. 879, 1013-16. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 54.    Torchia registered Advantis Law P.C. with the California Secretary of State on September 30, 2014.<br><br>DE 14, Gales Decl. at Page ID 1114-15, Att. 5. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 55.    Torchia registered Advantis Law Group P.C. with the California Secretary of State on October 27, 2014.<br><br>DE 14, Gales Decl. at Page ID 1108-09, Att. 4. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 56.    By November of 2014, Foti and Kutzner were negotiating with Marshall for Marshall to become an owner of Advantis. | References in this paragraph are inherently vague and ambiguous as to what is meant by 'Advantis'. Marshall did not understand until his deposition of March 20, 2017 (check date) |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Ex. 30, DE 218-2, Madden April 2017 Decl. at Page ID 6055-57, Att. 15; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1040-41, Marshall Depo. (testimony authenticating Ex. 30 at 80:16-18, 81:11-82:5); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 30). | that there was a completely separate corporate entity called Advantis Law (for whom he was never an officer/excutive/owner—nor has any evidence ever been presented with a claim that he was) he knew nothing about until same deposition was held, during which deposition based upon various FTC questions it became clear at some point that there was a separate corp entity called Advantis Law PC, with whom Marshall never had dealings, and whose existence Marshall was not apprised of.<br><br>As for negotiations to become an owner of Advantis Law Group, yes those began in November of 2014. |
| 57.    In January 2015, Kutzner emailed Marshall and Foti that "ADVANTIS LAW" needed to move forward and should leverage the existing "[Brookstone] clients" because Brookstone was a "dead hoarse" [sic] and "circl[ing] the drain." | Again this email is not specifically referencing Advantis Law Group. Any response I would have had would have only been directed to ALG, as I did not know at that time (or anytime prior to March 20, 2017) of the Advantis Law entity.<br><br>Any response I had to that email would have |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Ex. 32; Madden July 2017 Decl. at ¶ | been to the effect of using Advantis Law |
| 3 | 2.h, Att. 8, Marshall Depo. (testimony | Group to use as a vessel for potential clients |
| 4 | authenticating  Ex. 32 at 93:18-94:10); | in future joinder cases. Any emails exchanged |
| 5 | Theisman Decl. at ¶ 4.a, MSJ Evid p. | at that time, would have been fairly vague as |
| 6 | 239, 272 (authenticating and attaching | to how the clients would be generated. I |
| 7 | Ex. 32). | specifically was not working with Brookstone |
| 8 | | clients. If I were intending to work |
| 9 | | exclusively or even primarily with |
| 10 | | Brookstone clients, I would have simply |
| 11 | | become a corporate officer of Brookstone, |
| 12 | | which I pointedly and intentionally did not |
| 13 | | due at that time or not time later because of |
| 14 | | liability and other issues with those cases. |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | 58.    In multiple email exchanges, | Though at times I did occasionally refer to |
| 19 | Marshall's negotiations regarding his | 'we three' to exclude Macklin, in fact |
| 20 | ownership of Advantis and other | everyone knew, and I had mentioned a |
| 21 | important Advantis-related matters | number of times, that Macklin was important |
| 22 | would be between Foti, Kutzner, and | to the Advantis Law Group idea because of |
| 23 | sometimes James Macklin, with | his expertise in analyzing and generating |
| 24 | Marshall sometimes referring to  "we | mortgage loan analyses and associated |
| 25 | three" to indicate himself, Foti, and | reports. |
| 26 | Kutzner. | |
| 27 | | |
| 28 | Ex. 34; Ex. 36; Ex. 38; Ex. 51; Ex. 53; | |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Theisman Decl. at ¶¶ 4.b, 4.c, 4.d, 4.g, | |
| 3 | & 4.h, MSJ Evid p. 239, 273-286, 290- | |
| 4 | 291 (authenticating and attaching Exs. | |
| 5 | 34, 36, 38, 51, and 53); DE 218-2, | |
| 6 | Madden April 2017 Decl., at Page ID | |
| 7 | 6013, 6078, 6006, 6007-08 (attaching | |
| 8 | Exs. 35, 54, 55, and 57); Madden July | |
| 9 | 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. | |
| 10 | 879, 1044-45, 1047, 1056, 1058-59, | |
| 11 | 1061-62, Marshall Depo. (testimony | |
| 12 | authenticating  Exs. 34-36, 38, 51, 53- | |
| 13 | 55, and 57 at 98:14-99:8, 101:19- | |
| 14 | 102:18, 121:16-122:7, 148: 9-18, 150:8- | |
| 15 | 12, 203:25-204:18, 210:13-211:13, | |
| 16 | 215:4-216:7, 222: 4-14,  226:24- | |
| 17 | 227:11); Theisman Decl. at ¶ 5, MSJ | |
| 18 | Evid p. 243 (authenticating Exs. 35, 54, | |
| 19 | 55, and 57). | |
| 20 | 59.     Marshall testified that during his | If I actually called them principals of |
| 21 | negotiations for ownership of Advantis, | Advantis (I am not sure that I did—the |
| 22 | he understood Foti and Kutzner to be | transcript may use that term I do not |
| 23 | principals for Advantis. | know), I did not mean that in the since |
| 24 | | of them being co-executives, etc. They |
| 25 | DE 218-2, March 20, 2017 Marshall | were never listed as executives. So here |
| 26 | Depo. at Page ID 6063-65, at 48:17-21, | we dispute. If I used the term |
| 27 | 80:2-8. | 'principal' it was not meant to convey |
| 28 | | that they were co-executives or owners. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| | Clearly they were never formally or legally either, and no document was ever created or signed indicating such executive or ownership capacity. |
| 60.    On February 25, 2015, Marshall agreed to the terms of his ownership of Advantis.<br><br>Ex. 34, Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1044, Marshall Depo. (testimony authenticating  Ex. 34 at 98:14-99:8); Theisman Decl. at ¶ 4.b, MSJ Evid p. 239, 273-280 (authenticating and attaching Ex. 34). | I signed something to that effect on that date yes, as to only Advantis Law Group PC. This claim is disputable as it does not identify whether Advantis Law Group or Advantis Law is being referenced. |
| 61.    On February 27, 2015, Marshall formally signed the Advantis Law Group shareholder agreement.<br><br>DE 41-6 at Page ID 2746-52; Chang Decl. at ¶ 4.ll, MSJ Evid p. 3 (authenticating shareholder agreement). | I signed something to that effect on that date yes. |
| 62.    On February 27, 2015, Broderick submitted new documents to the California Secretary of State, identifying himself and Marshall as Advantis Law Group's officers. | True. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 14, Gales Decl. at Page ID 1110, Att. 4. | |
| 63.     On March 19, 2015, Marshall sent an email to Foti including the following statement: "The paperwork situation is absurd, to put the matter succinctly.  I will deal with it.  You legally represent that Advantis Law Group is a group of attorneys, yet I am the only attorney moving forward with papers, etc.  Maybe you did the same thing with Brookstone (via Vito), and got away with it.  News Flash:  I am not Vito, which is good news all the way around, for you, for me, for the future prospects of Advantis." | Undisputed. |
| Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1049, Marshall Depo. (testimony authenticating  Ex. 37 at 129:11-130:10); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 37). | |
| 64.     Brookstone and Advantis shared | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| office space at 18400 Von Karman Ave., Suite 1000, Irvine, CA.<br><br>DE 13-1, Madden Decl. at Page ID 833-344; DE 14, Gales Decl. at Page ID 1110, 1116; DE 17, Ayoub Decl. at Page ID 1942, 1944, ¶¶ 6, 15; DE 186-3, Tarkowski Decl. at Page ID 5356-58, ¶¶ 4-6; DE 41-4 at Page ID 2596; Chang Decl. at ¶ 4.q, MSJ Evid p. 2 (authenticating Page ID 2596); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1170, Marshall's First RFAs, RFA 42 admitted pursuant to FRCP 36(a)(3). | |
| 65.    Brookstone and Advantis shared office space at 18831 Von Karman Ave., Suite 400, Irvine, CA.<br><br>DE 13-2, Madden May 2016 Decl. at Page ID 857, 860, Atts. 42-43; DE 14, Gales Decl, at Page ID 1108, 1114, Atts. 4-5; Madden July 2017 Decl. at ¶ 3, Att. 15, Marshall's First RFAs, RFA 39 admitted pursuant to FRCP 36(a)(3). | |
| 66.    Brookstone and Advantis shared office space at 6 Hutton Centre, Suite | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 1000, Santa Ana, CA.<br><br>DE 13-2 at Page ID 886, Madden May 2016 Decl. Att. 46; DE 17 at Page ID 1942, 1944, Ayoub Dec. ¶¶ 6, 15; DE 186-3 at Page ID 5356, Tarkowski Dec. ¶ 5; DE 41-4 at Page ID 2607; Chang Decl. at ¶ 4.r, MSJ Evid p. 3; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1171, Marshall's First RFAs, RFA 45 admitted pursuant to FRCP 36(a)(3). | |
| 67.    Advantis Law Group, P.C. signed a lease for the office space at 6 Hutton Centre, Suite 1000, Santa Ana, CA for the period beginning December 1, 2015 and ending on August 31, 2017.<br><br>Chang Decl. at ¶ 5, Att. 1, MSJ Evid p. 6-18. | |
| 68.    Advantis began marketing for Advantis clients by at least June 2015.<br><br>Theisman Decl. at ¶ 4.cccc, MSJ Evid p. 242, 646-649 (attaching and authenticating email chain dated 6/25/15, FTC-RAD-002-0019313 to | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0019316). | |
| 69.    Anthony Stout was soliciting clients for Advantis by at least June 2015.

Theisman Decl. at ¶ 4.cccc, MSJ Evid p. 242, 646-649 (attaching and authenticating email chain dated 6/25/15, FTC-RAD-002-0019313 to 0019316). | |
| 70.    Marshall understood that clients resulting from Advantis marketing were Advantis clients, including stating: "[A]ny Plaintiff's lawsuit will go under Advantis for sure."

Theisman Decl. at ¶ 4.cccc, MSJ Evid p. 242, 646-649 (attaching and authenticating email chain dated 6/25/15, FTC-RAD-002-0019313 to 0019316). | I understood no such thing, and do not recall this issue coming up at the deposition—though I guess it did. Clearly if I did make such a statement via email or otherwise, I would have understood that issue to be restricted to Advantis Law Group. Again, FTC here is purposely conflating Advantis Law Group with Advantis Law since they know the vast majority of any marketing docs they possess and they have shoved into their pleadings referenced Advantis Law, and even to this day, I don't believe there is a single sample referencing Advantis Law Group by itself. In other words, probably 95% of 'marketing' docs they |

37

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| | have a la Advantis reference AL, not ALG. Moreover, even where ALG is referenced in their marketing material, usually it is a logo only—and the rest refers to AL, not ALG—I don't believe a single document marketing shows ONLY ALG. And I personally never signed ANY marketing doc, and anything that went out under my name I did not review or even know about specifically. |
| 71.     Marshall understood that an "Advantis referral" could come from more than one "legal firm name." <br><br> Theisman Decl. at ¶ 4.cccc, MSJ Evid p. 242, 646-649 (attaching and authenticating email chain dated 6/25/15, FTC-RAD-002-0019313 to 0019316). | I never had any understanding other than the following: Wherever the referral came from, the client would have to be personally vetted as an Advantis Law Group client. As I have maintained many times, not a single client to my knowledge ever became an ALG foreclosure client (and none became joinder clients), other than Jason Le the one individual Advantis lawsuit I had. |
| 72.     Foti stated that "Charles is Advantis so ANY clients taken in are under the Advantis firm!" and that clients coming from the marketing "should only know Advantis." | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 4.cccc, MSJ Evid p. 242, 646-649 (attaching and authenticating email chain dated 6/25/15, FTC-RAD-002-0019313 to 0019316). | |
| 73.  Marshall directed Anthony Stout on setting the Advantis retainer fees.<br><br>Ex. 43; Madden July 2017 Decl. at ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 43 at 172:7-21, MSJ Evid p. 1051); Theisman Decl. at ¶ 4.f, MSJ Evid p. 239, 289 (attaching and authenticating Ex.43, email chain dated 8/7/15, FTC-RAD-001-0172810). | There were a number of persons (including Stout) involved with discussing what Advantis Law Group retainer fees would be. That issue was always a work-in-progress, with no definitive definition to the fees because we never reached a point where ALG foreclosure clients were being actually brought on board—again with the exception of Jason Le. I never 'directed' as in commanded anything to anyone; lots of discussions and hypothetical suggestions. |
| 74.  Tarkowski was hired by Advantis Law Group.<br><br>DE 186-3, Tarkowski Decl. at Page ID 5356, ¶¶ 4-5. | |
| 75.  Tarkowski performed work for both Brookstone and Advantis. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 186-3, Tarkowski Decl. at Page ID 5356-57, ¶¶ 5-6. | |
| 76.    On his financial statement, Tarkowski identifies simultaneous employment by both Brookstone and Advantis.<br><br>DE 42 at Page ID 2771. | |
| 77.    A phone directory found on-site for the Corporate Defendants identified the company as both Brookstone and Advantis, and included both Brookstone and Advantis email addresses for employees.<br><br>DE 41-5 at Page ID 2639; Chang Decl. at ¶ 4.u, MSJ Evid p. 3. | |
| 78.    Employees had phone lines and emails for both Advantis and Brookstone, and the same employees would make and receive calls for both entities.<br><br>DE 41-5 at Page ID 2639; Chang Decl. at ¶ 4.u, MSJ Evid p. 3; DE 17, Ayoub Decl. at Page ID 1944, ¶ 15; Theisman Decl. at ¶ 4.lll, MSJ Evid p. 241, 588 | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| (authenticating and attaching FTC-RAD-001-0172955); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 879, 1171, Marshall's First RFAs, RFA 46 admitted pursuant to FRCP 36(a)(3). | |
| 79.    The Receiver found numerous Advantis marketing materials at the Brookstone/Advantis office on June 2, 2016, including an Advantis mailer urging consumers to call, stating"[i]f you are behind on your payments act now to preserve your legal rights because the law is on your side."<br><br>DE 41-2 at Page ID 2511, 2515, 2523-27; Chang Decl. at ¶¶ 4.b, 4.d, 4.f, MSJ Evid p. 2 | . |
| 80.    The Advantis website featured both Charles Marshall and Geoffrey Broderick as "Directors."<br><br>DE 14-4, Gales Decl. at Page ID 1374, Att. 18; Ex. 60; Theisman Decl. at ¶ 4.i, MSJ Evid p. 239, 292-293 (authenticating and attaching Ex. 60); DE 218-2, Marshall Depo. at Page ID 6073, Testimony 243:11-20; Madden | At one time I believe yes I was listed as a director—though again, I saw that as only re Advantis Law Group—not knowing about that Advantis Law or Advantis otherwise named was different corporate entity. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880,  1168, Marshall's First RFAs, RFAs 8-9 admitted pursuant to FRCP 36(a)(3). | |
| 81.     Both the Advantis and Brookstone websites advertised the *Wright v. Bank of America* case as its own using identical language.<br><br>DE 14-4, Gales Decl. at Page ID 1275, 1367, Atts. 17-18; DE 16-4, Kennedy Decl. at Page ID 1821,1854, Atts. 8-9; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1168, Marshall's First RFAs, RFA 11 admitted pursuant to FRCP 36(a)(3). | |
| 82.     The Receiver found both Brookstone and Advantis retainer agreements on-site.<br><br>DE 41-3 at Page ID 2578-84; DE 41-4 at Page ID 2586-618; Chang Decl. at ¶¶ 4.o, 4.p, 4.q, 4.r, MSJ Evid p. 2-3. | |
| 83.     The Receiver found a joint retainer agreement, where a client retained both Brookstone and Advantis. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-4 at Page ID 2585-94; Chang Decl. at ¶ 4.p, MSJ Evid p. 2. | |
| 84.   The Advantis website used the same language as the Brookstone website to describe its real estate services.<br><br>DE 14-4 at Page ID 1282, Gales Decl. Att. 17; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1168, Marshall's First RFAs, RFA 12 admitted pursuant to FRCP 36(a)(3). | |
| 85.   The Receiver found sales scripts for Brookstone and Advantis that were nearly identical.<br><br>DE 41-2 at Page ID 2517-27; Chang Decl. at ¶¶ 4.e, 4.f, MSJ Evid p. 2; Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 183:4-9, MSJ Evid p. 832 (describing the two scripts as "pretty close."). | |
| 86.   "Main Floor" scripts for the intake personnel at 6 Hutton Centre included both Brookstone and Advantis scripts, which make many of the same misrepresentations. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-2 at Page ID 2517-19, 2523-25; Chang Decl. at ¶¶ 4.e, 4.f, MSJ Evid p. 2. | |
| 87.    Both Main Floor scripts tell the intake staff to tell callers:<br>• "[Brookstone Law/Advantis Law] is a nationwide law firm."<br>• "[Brookstone Law/Advantis Law] has teamed up with some of the top trial lawyers in the country. These attorneys have filed multi-plaintiff litigation cases against some of the country's largest banks."<br><br>DE 41-2 at Page ID 2517, 2523; Chang Decl. at ¶¶ 4.e, 4.f, MSJ Evid p. 2. | |
| 88.    Both Main Floor Scripts tell the intake staff to direct callers to their respective websites, www.advantislaw.com and www.brookstonelaw.com, and further tells the caller in identical language:<br>• "The home page of our website features many of the different services that | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| [Advantis/Brookstone] has to offer and displays some of the Mass Tort complaints that we have filed to date; | |
| • "[Brookstone Law/Advantis Law] is comprised of legal professionals and attorneys who specialize in Real Estate and financial transactions.  Already these lawyers have filed multiple mass tort actions against Bank of America, JP Morgan Chase, Citibank, GMAC, Aurora, Wells Fargo, and numerous individual complaints;" | |
| • "[on] our website you will see a list of some important case results that we have achieved as of today.  [Brookstone/Advantis] is a Pioneer in Mass Tort litigation and all of our landmark cases are still going through the court system.  We have had some phenomenal results in our individual cases and have been able to save hundreds of homes and have achieved many | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| confidential settlements." <br> • "What we need to do next is analyze your situation to see if it meets the parameters of our cases.  Before we can do this I need to take your file to our Legal Department where they will either accept or deny your case for the next stage of the process." <br><br> DE 41-2 at Page ID 2519, 2525; Chang Decl. at ¶¶ 4.e, 4.f, MSJ Evid p. 2. | |
| 89.    Foti coordinated substituting Advantis mailers for Brookstone mailers, directing technical support to convert a Brookstone mailer to an Advantis mailer. <br><br> Theisman Decl. ¶¶ 4.llll and 4.mmmm, MSJ Evid p. 242, 672-676 (attaching and authenticating email chain dated 8/6/15, FTC-RAD-002-0213524 to 0213525 and email dated 10/14/15 and FTC-RAD-002-0215783 to 0215785). | |
| 90.    Foti coordinated sending out Advantis Law Group marketing mailers | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| beginning in at least August 2015.<br><br>Theisman Decl. ¶¶ 4.kkkk and 4.ffff, MSJ Evid p. 242, 669-671, 653-656 (attaching and authenticating email chain dated 8/11/15, FTC-RAD-002-0212914 to 0212916, and dated 10/14/15, FTC-RAD-002-0138034 to 0138037) | |
| 91.    The costs for Advantis mailers were billed to Brookstone.<br><br>Theisman Decl. ¶ 4.iiii, MSJ Evid p. 242, 662-667 (attaching and authenticating email with attachments dated 10/14/15, FTC-RAD-002-0210038 to 0210043). | |
| **A.    The Corporate Defendants Solicited Consumers Through Mass Mailers Followed By Phone Calls and In-Person Meetings.** | |
| 92.    The Corporate Defendants would contact consumers through mailed advertisements.<br><br>DE 17, Declaration of Jesse Chapman ("Chapman Decl.") at Page ID 1945,   ¶ 2; DE 17, Declaration of Corina Durrett ("C. Durrett Decl.") at Page ID 1965-66, ¶ 3; DE 17-1, Declaration of Teresa | |

47

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Irannejad ("Irannejad Decl.") at Page ID 1976, ¶¶ 3-7; DE 17-2, Declaration of Ronald Kolodziej ("Kolodziej Decl.") at Page 1998 at ¶ 3; DE 17-4, Declaration of Richard Leonido ("Leonido Decl.") at Page 2076 , ¶ 2; DE 17-4, Declaration of Michael Nava ("Nava Decl.") at Page ID 2094,  ¶ 3; DE 17-5, Declaration of Raymond Navarro ("Navarro Decl.") at Page ID 2107, ¶ 3; DE 17-6, Declaration of Mario Rios ("Rios Decl.") at Page ID 2131, ¶ 3; DE 17-7, Declaration of Malu Lujan ("Lujan Decl.") at Page ID 2168, ¶ 3; DE 41-2 at Page ID 2507-08; DE 41-2 at Page ID 2511; DE 41-2 at Page ID 2515; Chang Decl. at ¶ 4, MSJ Evid p. 2 (authenticating documents filed with DE 41); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 104:15-105:21, MSJ Evid p. 816. | |
| 93.    After receiving mailed advertisements, consumers would call the Corporate Defendants.<br><br>DE 17, Chapman Decl. at Page ID 1945, ¶ 3; DE 17, C. Durrett Decl. at Page ID | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| 1966 at ¶ 8; DE 17-1, Irannejad Decl. at Page ID 1976, ¶ 4; DE 17-2, Kolodziej Decl. at Page ID 1998 , ¶ 3; DE 17-4, Leonido Decl. at Page ID 2076, ¶ 4; DE 17-7, Lujan Decl. at Page ID 2168, ¶ 4; DE 17-4, Nava Decl. at Page ID 2094, ¶ 4; DE 17-5, Navarro Decl. at Page ID 2107, ¶ 4; DE 17-6, Rios Decl. at Page ID 2131, ¶ 5; DE 41-2 at Page ID 2517-2527 (inbound telemarketing scripts for Corporate Defendants); Chang Decl. at ¶¶ 4.e, 4.f, MSJ Evid p. 2 (authenticating inbound telemarketing scripts). | |
| 94.     After calling the Corporate Defendants, most consumers would have an in person sales meeting with a "Banking Specialist," a non-attorney sales representative.

DE 41-2 at Page ID 2520, 2526 (scripts showing meetings are being set up with Banking Specialists); DE 41-5 at Page ID 2640-41 (office directories identifying Banking Specialists Anthony Stout, Dwight Watanabe, Robert Geist, and Richard Taylor); | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Chang Decl. at ¶¶ 4.e, 4.f, & 4.u, MSJ Evid p. 2-3 (authenticating scripts and office directories); DE 17, Chapman Decl. at Page ID 1945-47, ¶¶ 3 & 10 (met with Anthony Stout and Dwight Watanabe but not with any attorney); DE 17-1, Irannejad Decl. at Page ID 1978-79, ¶¶ 10-14 (met with Anthony Stout); DE 17, C. Durrett Decl. at Page ID 1966-68, ¶¶ 8-13 (met with Dwight Watanabe); DE 17-2, Kolodziej Decl. at Page ID 1998-2000, ¶¶ 3-10 (met with Robert Geist, an attorney only took part in a portion of one meeting); Ex. 86 at FTC-RAD-001-0171366 to 0171369 ("CLR Workflow" explaining that the CLR sets up meeting with Banking Specialist); Theisman Declaration at ¶ 4.t, MSJ Evid p. 239, 346-362 (authenticating and attaching Ex. 86). | |
| 95.     Brookstone received ethics advice stating:  "We cannot too strongly emphasize the riskiness of using non-lawyers as a material part of any law firm's communications with clients and prospective clients." | |

50

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Theisman Decl. at ¶ 4.hhh, MSJ Evid p. | |
| 3 | 241, 557-576 (authenticating and | |
| 4 | attaching FTC-RAD-001-0164070 to | |
| 5 | 0164089, at FTC-RAD-001-0164074). | |
| 6 | 96.    Brookstone received ethics advice | |
| 7 | that its Banking Specialists were likely | |
| 8 | "runners and cappers" in violation of | |
| 9 | the law:  "As to the banking specialists, | |
| 10 | given that the attorney-client | |
| 11 | relationship typically is formalized at | |
| 12 | this initial office visit and that an | |
| 13 | attorney is not present during a | |
| 14 | significant part of this meeting or at all, | |
| 15 | arguably the banking specialist is acting | |
| 16 | for the 'procurement of business for' | |
| 17 | Brookstone in violation of Cal. Bus. & | |
| 18 | Prof. Code Section 6152." | |
| 19 | | |
| 20 | Theisman Decl. at ¶ 4.hhh, MSJ Evid p. | |
| 21 | 241, 557-576 (authenticating and | |
| 22 | attaching FTC-RAD-001-0164070 to | |
| 23 | 0164089, at FTC-RAD-001-0164075). | |
| 24 | 97.    Torchia testified in 2014 that he | |
| 25 | knew it would be "highly illegal" to be | |
| 26 | "splitting fees with non-attorneys," and | |
| 27 | stating "I didn't want to be one of these | |
| 28 | 'shops,' quote/unquote." | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Ex. 2, DE 18, Torchia Transcript at Page ID 2268-69. | |
| 98.     Brookstone received ethics advice regarding possible unauthorized practice of law by its Banking Specialists:  "We believe the risk is great that the Brookstone Banking specialists are engaged in UPL.  We understand that they have no script for dealing with clients, which heightens the risk. . . . The fact that a lawyer might be in the room with a banking specialist and client or potential client does not immunize the banking specialist from UPL issues."<br><br>Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164077). | |
| 99.     Mailers sent to consumers state:  "[Y]ou may be a potential plaintiff against your lender."<br><br>DE 17-6, Rios Decl. at Page ID 2135; DE 17-5, Navarro Decl. at Page ID | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| 2128-29; DE 17, Chapman Decl. at Page ID 1948; DE 17, C. Durrett Decl. at Page ID 1972; Ex. 73 at FTC-RAD-002-0284832 ("RECORDS INDICATE YOU ARE A POTENTIAL PLAINTIFF IN THE FOLLOWING CASES:  ***Ronald vs. Countrywide*** & ***Wright v. Bank of America***"); Ex. 76 at FTC-RAD-002-0373032 ("You have been identified as a potential plaintiff due to 1 or more of the following reasons. . . ."); Ex. 77 at FTC-RAD-002-0373017 ("You have been identified as a potential plaintiff. . . ."); Theisman Decl. at ¶¶ 4.l, 4.o, & 4.p, MSJ Evid p. 239, 325-328, 333-339 (authenticating and attaching Exs. 73, 76, 77); *id.* at ¶ 4.ooo, MSJ Evid p. 241, 597-600 (authenticating and attaching FTC-RAD-001-0183728 to 0183731, claiming "YOU ARE A POTENTIAL PLAINTIFF AGAINST YOUR LENDER"); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (authenticating and attaching FTC-RAD-001-0065189 to 0065190, stating "Our records indicate that you may be a potential plaintiff | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| against your lender."); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (attaching and authenticating FTC-RAD-001-0064644 to 0064646, at FTC-RAD-001-0064645 stating "Our records indicate that you may be a potential plaintiff against your lender."). | |
| DE 17-6, Rios Decl. at Page ID 2135; DE 17-5, Navarro Decl. at Page ID 2128-29; DE 17, Chapman Decl. at Page ID 1948; DE 17, C. Durrett Decl. at Page ID 1972; Ex. 73 at FTC-RAD-002-0284832 ("void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages"); Theisman Decl. at ¶ 4.l, MSJ Evid p. 239, 325-328 (authenticating and attaching Ex. 73); *id.* at ¶ 4.ooo, MSJ Evid p. 241, 597-600 (authenticating and attaching FTC-RAD-001-0183728 to 0183731, at FTC-RAD-001-0183729 claiming "void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages."); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (authenticating and attaching FTC-RAD-001-0065189 | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| to 0065190, stating "void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages."); *id* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (attaching and authenticating FTC-RAD-001-0064644 to 0064646, stating "void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages."). | |
| 100.   Mailers sent to consumers state: "[O]ur team of experienced lawyers offers you a superior alternative for recovery."<br><br>DE 17-6, Rios Decl. at Page ID 2135; DE 17-5, Navarro Decl. at Page ID 2128-29; DE 17, Chapman Decl. at Page ID 1948; DE 17, C. Durrett Decl. at Page ID 1972; Theisman Decl. at ¶ 4.ss, MSJ Evid p. 240, 511-512 (authenticating and attaching FTC-RAD-001-0065189 to 0065190 at FTC-RAD-001-0065190); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (authenticating and attaching FTC-RAD-001-0064644 to FTC-RAD-001-0064646, at FTC- | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| RAD-001-0064645).  *See also* Ex. 79 at FTC-RAD-001-0088987 ("BROOKSTONE LAW, P.C.: Headquartered in Newport Beach, Calif., and with offices in Los Angeles, Calif., and Ft. Lauderdale, Fla., Brookstone Law, PC is a law firm comprised of attorneys with experience and success in business, corporate and personal finance, employment, entertainment and media, art and museum, intellectual property and real estate law.  The firm has a network of more than 40 affiliate attorneys nationwide and employs highly trained specialists, paralegals, paraprofessionals and administrative staff dedicated to serving clients."); Ex. 73 at FTC-RAD-002-0284832 ("Our team of Lawyers specializes in Lender fraud and we are notifying you to discuss settlement arrangements.  The attorneys are at the top firms in the nation and have represented hundreds of homeowners with these causes.  Prior settlements with these Banks have been successful which have included Cash Settlement | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| and properties rewarded Free and Clear homes."); Theisman Decl. at ¶¶ 4.r & 4.l, MSJ Evid p. 239, 341-343, 325-328 (authenticating and attaching Exs. 79 & 73). | |
| 101.   Mailers sent to consumers state: "It may be necessary to litigate your claims against your lender to get the help you need and our lawyers know how to do so."<br><br>DE 17-6, Rios Decl. at Page ID 2136; DE 17-5, Navarro Decl. at Page ID 2128; DE 17-6, Navarro Decl. at Page ID 2130; DE 17, Chapman Decl. at Page ID 1948; Theisman Decl. at ¶ 4.ooo, MSJ Evid p. 241, 597-600 (authenticating and attaching  FTC-RAD-001-0183728 to 0183731,  at FTC-RAD-001-0183729 claiming "Our team of lawyers specialize in lender fraud and related claims.  We are notifying you to discuss your potential involvement in our team's efforts.  Our attorneys have represented hundreds of homeowners.  Prior settlements with banks have included Cash Settlement | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| and properties retained Free and Clear. However, a settlement is not always available.  It may be necessary to litigate to seek a better result and our lawyers know how to do so."); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (attaching and authenticating FTC-RAD-001-0065189 to 0065190, at FTC-RAD-001-0065190 claiming "Our team of lawyers, coordinated by Brookstone Law, P.C., specialize in lender fraud and related claims.  We are notifying you to discuss your potential involvement in our team's efforts.  Our attorneys have represented hundreds of homeowners.  Prior settlements with banks have included cash settlement and properties retained free and clear. However, a settlement is not always available.  It may be necessary to litigate to seek a better result and our lawyers know how to do so."); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (authenticating and attaching FTC-RAD-001-0064644 to 0064646, at FTC-RAD-001-0064645claiming "Our team of lawyers, coordinated by Brookstone | |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Law, P.C., specializes in lender fraud | |
| 3 | and related claims.  We are notifying | |
| 4 | you to discuss your potential | |
| 5 | involvement in our team's efforts.  Our | |
| 6 | attorneys have represented hundreds of | |
| 7 | homeowners. It may be necessary to | |
| 8 | litigate to seek a better result and our | |
| 9 | lawyers know how to do so."). | |
| 10 | 102.   One mailer from 2011 asserted | |
| 11 | plaintiffs in the *Wright v. Bank of* | |
| 12 | *America* litigation would be entitled to | |
| 13 | "$75,000 in damages per individual." | |
| 14 | | |
| 15 | Ex. 73 at FTC-RAD-002-0284832; | |
| 16 | Theisman Decl. at ¶ 4.l, MSJ Evid p. | |
| 17 | 239, 325-328  (authenticating and | |
| 18 | attaching Ex. 73). | |
| 19 | 103.   One mailer sent to consumers in | |
| 20 | 2011 stated: | |
| 21 | "That each Plaintiff shall receive a | |
| 22 | judicial determination that the mortgage | |
| 23 | lien alleged to exist against their | |
| 24 | particular property is null and void *ab* | |
| 25 | *initio*. | |
| 26 | The case is covered by the settlement is | |
| 27 | defined [sic] as follows:  all Florida and | |
| 28 | California residents who purchased a | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| loan by any of these lenders from January 1, 2004 through February 5, 2009 (the 'Settlement Class'). Your current lender will pay up to $75,000 in cash and certificates for (i) valid claims submitted by Settlement Class members, (ii) notice to the Settlement Class, (iii) administrative costs of the settlement, (iv) Settlement Class Counsel's attorneys fees and costs not to exceed $793,750, and (v) incentive awards to the Plaintiffs not to exceed $5,000 for each Plaintiff ('Settlement Fund')." | |
| Ex. 79 at FTC-RAD-001-0088987 (including cover email indicating the mailer was sent to consumers and then the two page mailer); Ex. 80 (email indicating that this mailer was a mailer that had been in use for more than one set of mailings); Theisman Decl. at ¶¶ 4.r & 4.s, MSJ Evid p. 239, 341-345 (authenticating Exs. 79 & 80). | |
| 104.   Foti sent an email to Torchia attaching a mailer that stated, among | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| other items: "I'm sure you may share a similar situation as many of our clients either being lied to, mislead, or wrongfully denied a loan modification. As you may already know, <<BANK>> is under great scrutiny for questionable business practices, negligence in processing loan modifications, and illegal foreclosures."<br><br>Ex. 75 at FTC-RAD-001-0221284; Theisman Decl. at ¶ 4.n, MSJ Evid p. 239, 330-332 (authenticating and attaching Ex. 75). | |
| 105.   Foti sent an email to Kutzner including a draft mailer that stated:<br>• "Mortgage Lenders Have Profited Now It Is Time To Make Them Pay!"<br>• "You have been identified as a potential plaintiff due to 1 or more of the following reasons:<br>  o   You received an NOD or a NOS within the last 3 years which could entitled [sic] you to damages.<br>  o   Even if you are in default your | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| loan may be 'current'. | |

- o Home has been foreclosed on under a noncompliant process that could have violated your legal rights.
- o Have received a temporary Loan Modification or didn't have a single point of contact try to help you stay in your home.
- o You were foreclosed on while you had a loan Modification application in process.
- o Laws AB 1950, SB 1474 extends the statute of limitations to file claims for fraud."
- "If you have received a Notice of Default or Notice of Sale within the last 3 years you could be entitled to damages!"
- "If you have been foreclosed on if [sic] could have been done illegally. New laws that protect homeowners under the new Homeowner Bill of Rights act are on your side.  Major Banks are settling for billions of dollars and you may be entitled to part of these settlements."

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Ex. 76 at FTC-RAD-002-0373032; Theisman Decl. at ¶ 4.o, MSJ Evid p. 239, 333-336 (authenticating and attaching Ex. 76). | |
| 106.   Foti sent an email identifying a mailer as "the final one" making the following statements:<br>• "5 Major Banks agree to $25 BILLION dollar settlement which you could be entitled to."<br>• "Bank of America just settled for $16.5 BILLION dollars for homeowner relief."<br>• "You received an NOD or NOS within the last 3 years which could entitle you to damages."<br>• "Even if you are in default your loan may be 'current' because of a special provision in your mortgage note/deed."<br>• "Home has been foreclosed on under a noncompliant process that could have violated your legal rights."<br>• "Have received a temporary Loan Modification or didn't have a single | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| point of contact try to help you stay in your home." | |

• "You were foreclosed on while you had a loan Modification application in process."

• "Laws AB 1950, SB 1474 extends the statute of limitations to file claims for fraud."

• "If you are late on your mortgage call today before you lose your rights."

• "If you have received a Notice of Default or Notice of Sale within the last 3 years you could be entitled to damages!"

• "If you have been foreclosed on, or in the process of foreclosure, it could have been illegal.  New laws that protect homeowners under the Homeowner Bill of Rights Act are on your side.  Major Banks are settling for billions of dollars and you may be entitled to part of these settlements."

Ex. 77 at FTC-RAD-002-0373017;
Theisman Decl. at ¶ 4.p, MSJ Evid p.

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 239, 337-339 (authenticating and attaching Ex. 77). | |
| 107.   Some versions of mailers sent to consumers reference the Department of Justice's multibillion dollar settlements with certain banks.

DE 17-8, Lujan Decl. at Page ID 2194 ("Your property may be eligible to receive settlement funds to be released in 2015.  Bank of America entered into an agreement with Federal Banking Regulators-the office of Comptroller of Currency and board of Governors of the Federal Reserve System.  By accepting this settlement you do not waive any legal claims against Bank of America and are entitled to still sue your Trustee. It is important that you call us to discuss these details further."); Ex. 76 at FTC-RAD-002-0373032 ("Major Banks are settling for billions of dollars and you may be entitled to part of these settlements."); Ex. 77 at FTC-RAD-002-0373016 ("5 Major Banks agree to $25 BILLION dollar settlement which you could be entitled to."); *id.* ("Bank of | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| America just settled for <u>$16.5 BILLION</u> dollars for homeowner relief."); Theisman Decl. at ¶¶ 4.o & 4.p, MSJ Evid p. 239, 333-339 (authenticating and attaching Exs. 76-77). *See also* Ex. 75 at FTC-RAD-001-0221285 ("The California Attorney General has obtained a broad-ranging settlement against <<BANK>>.  If you are a homeowner struggling to pay your mortgage or facing foreclosure, or have already lost a home to foreclosure, it is possible that this settlement could help you."); Theisman Decl. at ¶ 4.n, MSJ Evid p. 239, 330-332 (authenticating and attaching Ex. 75); <u>DE 41-2</u> at Page ID 2508; Chang Decl. at ¶ 4.a, MSJ Evid p. 2 (authenticating mailer on Page ID 2508). | |
| 108.   A mailer sent to consumers in 2015 made the following statements: • "We have been trying to reach you to discuss our landmark victory against Bank of America in California's Supreme Court.  This decision is NOW LAW which opens up many different legal channels on | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| your case.  Brookstone Law is preparing to sue the trustee assigned to foreclose on your property for wrongful foreclosure and demand that they immediately cancel your auction date scheduled for **8/26/2015**." <br><br> • "Your property may be eligible to receive settlement funds to be released in 2015.  Bank of America entered into an agreement with Federal Banking Regulators-the office of Comptroller of Currency and board of Governors of the Federal Reserve System.  By accepting this settlement you do not waive any legal claims against Bank of America and are entitled to still sue your Trustee.  It is important that you call us to discuss these details further." <br><br> DE 17-8, Lujan Decl. at Page ID 2194. | |
| 109.   The Receiver found a mailer for Advantis that referenced both Advantis Law and Advantis Law Group and stated that Marshall was the attorney | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred without this |

67

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| issuing the marketing.<br><br>DE 41-2 at Page ID 2511 (containing "Advantis Law Group" in header and then stating: "Advantis Law, PC (attorney Charles Marshall, esq) is a CA licensed law firm. . . ."); Chang Decl. at ¶ 4.b, MSJ Evid p. 2 (authenticating mailer on Page ID 2511). | Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 110.   A mailer for Advantis touts in bold type that consumers might be entitled to relief as a result of multibillion-dollar settlements with banks.<br><br>DE 41-2 at Page ID 2511 ("5 Major Banks agree to $25 BILLION dollar settlement which you could be entitled to;" "Bank of America just settled for $16.5 BILLION dollars for homeowner relief;" and "Major Banks are settling for billions of dollars and you may be entitled to part of these settlements."); Chang Decl. at ¶ 4.b, MSJ Evid p. 2 (authenticating mailer on Page ID 2511). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred wiuthout this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. |
| 111.   The mailers included phone | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| numbers for consumers to call to get more information.

DE 41-2 at Page ID 2511; Chang Decl. at ¶ 4.b, MSJ Evid p. 2 (authenticating mailer on Page ID 2511); Exs. 73, 75-77, 79; Theisman Decl. at ¶¶ 4.l, 4.n, 4.o, 4.p & 4.r, MSJ Evid p. 239, 325-328, 330-339, 341-343  (authenticating and attaching Exs. 73, 75-77, 79); DE 41-2 at Page ID 2508; Chang Decl. at ¶ 4.a, MSJ Evid p. 2 (authenticating mailer on Page ID 2508); DE 17-5, Navarro Decl. at Page ID 2128; DE 17-6, Navarro Decl. at Page ID 2130; DE 17, Chapman Decl. at Page ID 1948; Theisman Decl. at ¶ 4.ooo, MSJ Evid p. 241, 597-600 (authenticating and attaching FTC-RAD-001-0183728 to 0183731); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (attaching and authenticating FTC-RAD-001-0065189 to 0065190); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (authenticating and attaching FTC-RAD-001-0064644 to 0064646). | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 112.   Brookstone received ethics advice | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| indicating its mailers may contain deceptive statements: "In the current mailing, there are a few phrases that could be misleading.  One is the case validation expiration date.  We're not sure why there is an expiration date and if it has any basis.  If it does not have any basis, it is possible the expiration date could be taken as putting false pressure on a potential client.  Also, is it correct that Brookstone Law has obtained settlements for clients of cash and properties retained free and clear? As you can see, we have some questions on whether the current mailing could be in violation of CRPC 1-400.  It might be helpful to go over the language of the current mailing with you to consider alternative phrasing that might be less likely to run afoul of CRPC 1-400."

Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 001-0164089, at FTC-RAD-001-0164088). | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 113.   Some consumers completed the | *This* Defendant lacks the knowledge or |

70

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| sales process entirely over the phone.<br><br>DE 17-4, Nava Decl. at Page ID 2094-96 ¶¶ 4-11; DE 41-2 at Page ID 2520 (script stating phone appointments are available for people more than 3 hours away); Chang Decl. at ¶ 4.e, MSJ Evid p. 2 (authenticating script including Page ID 2520). | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 114.   The Corporate Defendants preferred the sales process to be completed through an in person meeting with the consumer because they believed they were more likely to close a deal if the person physically came to the office.<br><br>DE 41-2 at Page ID 2520 ("If anyone lives more than a three (3) hour drive away then we will allow phone appointments, however be aware of the fact that these appointments close at a smaller percentage in comparison to in office appointments."); DE 41-2 at Page ID 2526 (same); Chang Decl. at ¶¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating scripts containing Page IDs 2520 & | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 2526); Ex. 87 at FTC-RAD-001-0089958 (in large type "In office appointment (preferred)"); Ex. 88 at FTC-RAD-002-0133018 (stating that everyone within 150 miles must come in for an in person appointment); Theisman Decl., at ¶¶ 4.u & 4.v, MSJ Evid p. 240, 363-406 (authenticating and attaching Exs. 87 & 88). | |
| 115.   At least one script directed the sales people to say the following when setting an in person appointment:  "The legal department has informed me that due to the strength of your case they would like to schedule a time to have you come down to our office to meet with the attorney at no charge to go over your potential case as soon as possible."<br><br>Ex. 87 at FTC-RAD-001-0089958; Ex. 88 at FTC-RAD-002-0133017 ("The legal department has informed me that due to the strength of your case they would like to schedule a time to have you come down to our office to meet with the attorney to go over your potential case as soon as possible."); | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶¶ 4.u & 4.v, MSJ Evid p. 240, 363-406 (authenticating and attaching Exs. 87 & 88). | |
| 116.   At times, Corporate Defendants' sales people would tell consumers that the Corporate Defendants' lawyers "previously represented these very same banks we are suing." <br><br> Ex. 86 at FTC-RAD-001-0171373 ("The nation's top trial lawyers have banded together.  These are the lawyers who previously represented these very same banks we are suing; (Now let's go to the second paragraph) the lawyers who know their way around the courthouses better than anyone."); Theisman Decl. at ¶ 4.t, MSJ Evid p. 239, 346-362 (authenticating and attaching Ex. 86). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 117.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:  "[Brookstone Law/Advantis Law] is a nationwide law firm that focuses [mainly] on civil litigation." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-2 at Page IDs 2517 & 2523; Chang Decl. at ¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating the scripts containing Page IDs 2517 & 2523). | |
| 118.   Sales scripts instruct sales people to say:  "We are currently reviewing potential litigation cases from bank records and we feel your file fits our nationwide litigation case against the Banks."<br><br>Ex. 86 at FTC-RAD-001-0171362; Ex. 87 at FTC-RAD-001-0089955; Theisman Decl. at ¶¶ 4.t & 4.u, MSJ Evid p. 239-40, 346-368 (authenticating and attaching Exs. 86-87). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 119.   Sales scripts instruct sales people to say: "These lawyers have filed multiple mass joinder cases against Bank of America (Countrywide) and Wells Fargo and additional litigation against (there bank if applicable)  These Banks have admitted defrauding hundreds of thousands of Homeowners. (Now 3 sentences below it says)  This | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| case is now going national.  Recently Bank of America was forced to admit that it had been defrauding the government in foreclosing on mortgages nationwide." | |
| Ex. 86 at FTC-RAD-001-0171364; Theisman Decl. at ¶ 4.t, MSJ Evid p. 239, 346-362 (authenticating and attaching Ex. 86). | |
| 120.   Brookstone never maintained more than one office with actual employees. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 41:21-42:1, MSJ Evid p. 809 ("Q.  So talking generally about Brookstone law, was Brookstone Law a national law firm?  A.  I don't believe so.  Q.  How many offices did it have?  A.  I've only seen one at a time.  That's what I knew."); Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 880, 1039, Marshall Depo. at 73:13-18 ("Q. How many offices did Advantis have?  A.  That I was familiar with?  I was familiar with one office at a time.  There | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| was an office in Irvine for some time, and then there was an office in Santa Ana.  Those are the only offices I visited, and those are the only offices I'm familiar with."). | |
| 121.   Brookstone received ethics advice that it should not claim to be a national law firm.<br><br>Theisman Decl. at ¶ 4.iii, MSJ Evid p. 241, 577-581 (attaching and authenticating FTC-RAD-001-0164311 to 0164315, and stating on FTC-RAD-001-0164313 "we believe that Brookstone holding itself out as a 'national law firm' could be misleading under Rule 1-400"). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 122.   The Corporate Defendants' sales scripts instructed sales people to tell consumers: "[Brookstone Law/Advantis Law] has teamed up with some of the top trial lawyers in the country.  These attorneys have filed multi-plaintiff litigation cases against some of the country's largest banks.  The banks were charged with committing the biggest corporate fraud in United States | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

76

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| history and for trying to foreclose on homes they do not own.  The Department of Justice and the State Attorney Generals have reached a historic settlement with some of these same banks and if you are a homeowner that is struggling to pay your mortgage, facing foreclosure, or if you have already lost your home to foreclosure, it is possible that this settlement could help you." | |

DE 41-2 at Page IDs 2517 & 2523; Chang Decl. at ¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating the scripts containing Page IDs 2517 & 2523); *See also* Ex. 86 at FTC-RAD-001-0171362 & FTC-RAD-001-0171370 ("Brookstone Law has teamed up with some of the top trial lawyers in the country; these lawyers have filed a mass joinder case (which is a form of a Class Action) against some of the largest banks in the country. Recently in the news, all fifty state Attorney Generals have announced actions against the lenders for their wrongdoing.  We feel you might be a

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| part of these potential claims against the banks."); Ex. 87 at FTC-RAD-001-0089955 ("Brookstone Law Firm has teamed up with some of the top trial lawyers in the country; these lawyers have filed a mass joinder case (which is a form of a Class Action) against some of the largest banks in the country. Recently in the news, all fifty state Attorney Generals have announced actions against the lenders for their wrongdoing.  We feel you might be part of these potential claims against the banks."); Ex. 88 at FTC-RAD-002-0133014 ("Brookstone Law has teamed up with some of the top trial lawyers in the country.  These lawyers have filed multi-plaintiff litigation against the largest banks in the nation, for committing the biggest corporate fraud in United States history.  The five major banking institutions have admitted to wrongdoing and have reached a settlement with all fifty state Attorney Generals.  These actions have placed increased pressure on the lenders to improve and remedy the harms, | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| misrepresentations and fraud committed within their illegal loan practices."); Theisman Decl. at ¶¶ 4.t, 4.u & 4.v, MSJ Evid p. 239-40, 346-406 (authenticating and attaching Exs. 86-88). | |
| 123.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:   As you look at our "website you will see a list of some important case results that we have achieved as of today. [Brookstone/Advantis] is a Pioneer in Mass Tort litigation and all of our landmark cases are still going through the court system. We have had some phenomenal results in our individual cases and have been able to save hundreds of homes and have achieved many confidential settlements." <br><br> DE 41-2 at Page IDs 2519 & 2525; Chang Decl. at ¶¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating scripts containing Page IDs 2519 & 2525).  *See also* Ex. 88 at FTC-RAD-002-0133016 ("Our cases are now proceeding into trial | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| court, and the numbers of plaintiffs from around the country are expanding. It may be that the banks are unable to show they own any of their promissory notes, or that the banks have made errors that will cause other penalties to be levied against them.  In the case below, the attorneys have racked up consecutive wins in each round against the Banks."); Ex. 86 at FTC-RAD-001-0171364 (same); Theisman Decl. at ¶¶ 4.t & 4.v, MSJ Evid p. 239-40, 346-362, 369-406 (authenticating and attaching Exs. 86 & 88). | |
| 124.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:  "[Brookstone Law/Advantis Law] is comprised of legal professionals and attorneys who specialize in Real Estate and financial transactions.  Already, these lawyers have filed multiple mass tort actions against Bank of America, JP Morgan Chase, Citibank, GMAC, Aurora, Wells Fargo,and numerous individual complaints" | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-2 at Page IDs 2519 & 2525; Chang Decl. at ¶¶ 4.e & 4.f, MSJ Evid p. 2 (authenticating scripts containing Page IDs 2519 & 2525). | |
| 125.   At least one script instructed sales people to tell consumers: "You will see that the judge has stated in court, that the whole matter is of intense interest of the U.S. congress, as well as the central bank.  Now (Name) if some of the claims pressed are proven and successful and a request to be tried in a jury court is achieved, the judge states that the punitive damages or reasonable outcome of the case would be a judgment and or settlement would be in the billions.  So as you can see this case is starting to get a lot of attention and we are achieving very serious results."<br><br><br>Ex. 86 at FTC-RAD-001-0171364; Theisman Decl. at ¶ 4.t, MSJ Evid p. 239, 346-362 (authenticating and attaching Ex. 86). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 126.   The Corporate Defendants' sales | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| scripts instructed sales people to tell consumers:  "The five major banking institutions have admitted to wrongdoing and have reached a settlement with all fifty state Attorney Generals.  These actions have placed increased pressure on the lenders to improve and remedy the harms, misrepresentations and fraud committed within their illegal loan practices." <br><br> Ex. 88 at FTC-RAD-002-0133014; Theisman Decl. at ¶ 4.v, MSJ Evid p. 240, 369-406 (authenticating and attaching Ex. 88). | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 127.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:  "Our cases are now proceeding into trial court, and the numbers of plaintiffs from around the country are expanding.  It may be that the banks are unable to show they own any of their promissory notes, or that the banks have made errors that will cause other penalties to be levied against them.  In the case below, the attorneys have racked up consecutive | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| wins in each round against the Banks."<br><br>Ex. 88 at FTC-RAD-002-0133016; Theisman Decl. at ¶ 4.v, MSJ Evid p. 240, 369-406 (authenticating and attaching Ex. 88). | |
| 128.   Over the phone, Advantis sales people would claim *Wright* as Advantis', pointing the caller to the Advantis website and saying:  "As you scroll down [the website] you will see one of our prominent cases called Wright v. Bank of America.  Do you see it? [**YES**]  Great, the Wright case is probably one of the most controversial existing Mass Torts against a major lender in the nation,  . . . If you scroll down you will be able to find the many amendments that we have collectively filed with our associate counsel Brookstone Law."<br><br>DE 41-2 at Page ID 2525; Chang Decl. at ¶ 4.f, MSJ Evid p. 2 (authenticating script containing Page ID 2523-25). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 129.   Over the phone, Advantis sales people would say "we have teamed up | *This* Defendant lacks the knowledge or information and belief to dispute or |

83

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| with Brookstone Law on this very High profile case and have associated on many other cases." | declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| DE 41-2 at Page ID 2525; Chang Decl. at ¶ 4.f, MSJ Evid p. 2 (authenticating script containing Page ID 2525). | |
| 130.   Another document, titled "Objection Techniques," instructed sales people, when challenged on how much the mass joinder was going to cost, to say:  "So what your saying is that you want to [sic] the most cost effective program available, the fact is that Brookstone law has been assisting homeowners like you for many years, what this means to you is that we have helped thousands of homeowners save their homes either through litigation, bankruptcy, or some other form of legal aide [sic], and you do want to you're your home don't you?" The Objection Techniques document also instructed sales people to tell a customer who didn't want to pay anything because they were tired of losing money on their property: "Sir, I know exactly how you | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| feel and the bottom line is, if we can't custom tailor a program that benefits you and your family we won't get to write and you won't sign it correct?"<br><br>DE 41-2 at Page ID 2529; Chang Decl. at ¶ 4.g, MSJ Evid p. 2 (authenticating script containing Page ID 2529). | |
| 131.  In another document, sales people are directed to address questions about whether the mass joinder is better or different than a loan modification by stating:  "Over the past few years we have taken the steps to build solid relationships with the major banking institutions to provide our clients with the relief they seek.  By Having the backing of a REPUTABLE law Firm that has formed a strong relationship with the lenders as we have, you can rest assured that we will be able to get you and your family a permanent solution."<br><br>Ex. 88 at FTC-RAD-002-0133025; Theisman Decl. at ¶ 4.v, MSJ Evid p. 240, 369-406 (authenticating and | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| attaching Ex. 88). | |
| 132.   The scripts and email correspondence with the sales people emphasize that the sales people were supposed to ask about consumers' "harms"—why consumers were falling behind on their mortgage or feel they were harmed by their banks—and then to "repeat the harms" and state that because of the "strength of your case" the consumer should come in for an in person meeting to further discuss the mass joinder litigation. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| DE 41-2 at Page IDs 2518 & 2524 (directing sales people to ask "Do you feel that you have been harmed, misrepresented or defrauded by your lender," and directing them to say, "IF HAVE HARMS REPEAT (LH1, LH2, LH3) back to them.  'Due to the fact you have LH1, LH2, and LH3 we believe you can be a possible candidate for our program'.");  Ex. 87 at FTC-RAD-001-0089958 ("The legal department has informed me that due to the strength of your case they would | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| like to schedule a time to have you come down to our office to meet with the attorney at no charge to go over your potential case as soon as possible."); Ex. 88 at FTC-RAD-002-0133018 ("Legal has informed that due to the strength of your case you are able to proceed further with the litigation process. . . ."); Theisman Decl. at ¶¶ 4.u & 4.v, MSJ Evid p. 240, 363-406 (authenticating and attaching Exs. 87 & 88); *id.* at ¶ 4.uuuu, MSJ Evid p. 243, 726 (authenticating and attaching FTC-RAD-002-0411571, an email from Todd Siedel to Banking Specialists, cc'ing Foti, stating: "Going forward it is imperative you do your job correctly, REPEAT THE HARMS!  DUE TO THE STRENGTH OF YOUR CASE!"). | |
| 133.   Brookstone's ethics counsel warned that Brookstone may have been improperly playing on potential clients' emotions: "For instance, in the document entitled 'CLR Work Flow – Resource Management Temp', Brookstone directs client litigation representatives to listen | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| for 'emotions and clients pains brought on by bank and [to] notate them on intake form.  LISTEN!  LISTEN!  LISTEN!.'  This could be taken to suggest Brookstone is evaluating and directing its efforts at those who are in a suffering emotional state.  There is a risk that communications by Brookstone personnel could come under Standard 3 of CRPC 1-400.  Standard 3 presumes a violation if a communication is 'delivered to a potential client whom the member knows or should reasonably know is in such a physical, emotional, or mental state that he or she would not be expected to exercise reasonable judgment as to the retention of counsel.'  We have not looked into whether any behavior could violate other laws, such as elder abuse laws.  The language above highlights the care that must be taken when creating and reviewing scripts."  Theisman Decl. at ¶ 4.hhh, MSJ Evid p. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 241 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164076). | |
| 134.  CLR Work Flow document states: "CLR listens for emotions and clients pains brought on by bank and will notate them on intake form. **LISTEN!  LISTEN!  LISTEN!**" Ex. 86 at FTC-RAD-001-0171366; Theisman Decl. at ¶ 4.t, MSJ Evid p. 239, 346-362 (authenticating and attaching Ex. 86). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| **B.     The Corporate Defendants Convinced Consumers to Pay Advance Fees.** | |
| 135.   Consumers were told they were likely to prevail in their mass joinder litigation. DE 186-4, Torchia Decl. at Page ID 5373-75, ¶¶ 9-14, and Page ID 5384-88 (legal analysis would tell clients they had claims); DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶ 8, and Page ID 2005-10; DE 17-6, Rios Decl. at Page ID 2132, ¶ 7, and Page ID 2142-47; DE 17-1, Irannejad Decl. at Page ID 1977, ¶¶ 9-12; DE 17, C. Durrett Decl. at Page | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| ID 1968, ¶ 11; DE 17, Chapman Decl. at Page ID 1945, ¶¶ 4-5; DE 17-4, Leonido Decl. at Page ID 2077, ¶¶ 8-9; DE 17-7, Lujan Decl. at Page ID 2170, ¶¶ 7-8; DE 17-4, Nava Decl. at Page ID 2095, ¶¶ 6-7; DE 17-5, Navarro Decl. at Page ID 2108, ¶ 5; Expert Report Submitted by Dr. Bruce Isaacson Measuring the Experiences of Consumers Who Retained Brookstone Law Firm ("Isaacson Expert Report") at ¶ 2.i, MSJ Evid p.57. | |
| 136.   Consumers were told they were likely to obtain monetary relief, including $75,000 or more.<br><br>DE 17-1, Irannejad Decl. at Page ID 1978-79, ¶¶ 12 & 14; DE 17, C. Durrett Decl. at Page ID 1968, ¶ 11; DE 17-6, Rios Decl. at Page ID 2132, ¶ 6; DE 17-7, Lujan Decl. at Page ID 2170, ¶ 8; DE 17-4, Nava Decl. at Page ID 2095, ¶¶ 6-7; DE 17-2, Kolodziej Decl. at Page ID 2000, ¶ 9; DE 17-5, Navarro Decl. at Page ID 2108, ¶ 6; Theisman Decl. at ¶ 4.pppp, MSJ Evid p. 242, 680-682 (authenticating and attaching FTC- | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| RAD-002-0256242 to 0256244, an email in which a Brookstone associated lawyer writes: "Bottom line—prospective clients are being given the numbers of $75,000 in general damages and $750,000 in punitive damages.  No mental gymnastics related to 'guarantee', 'promise', 'no guarantee', 'estimate', 'likely', 'unlikely', etc. can change that fact.  The prospective client hears numbers only.  That's how any reasonable outside person wil look at that.  But, hey, that's just one person's opinion."); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p.  880, 1174, Marshall's First RFAs, RFA 75 admitted pursuant to FRCP 36(a)(3); Isaacson Expert Report at ¶¶ 2, 91 & 95, MSJ Evid p.57, 87, & 88. | |
| 137.   Consumers were told they were likely to obtain a loan modification.<br><br>DE 17-4, Nava Decl. at Page ID 2095, ¶¶ 6-7; DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶ 9; DE 17, Chapman Decl. at Page ID 1946, ¶ 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | 138.   Consumers were told they were likely to have their mortgage notes voided or obtain their homes free and clear. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | DE 17-6, Rios Decl. at Page ID 2132, ¶ 6; DE 17-7, Lujan Decl. at Page ID 2170, ¶ 8; Isaacson Expert Report at ¶ 110, MSJ Evid p.94; Madden July 2017 Decl. at  ¶ 3, Att. 15, MSJ Evid p. 880, 1174, Marshall's First RFAs, RFA 78 admitted pursuant to FRCP 36(a)(3). | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | 139.   In an email exchange in May 2012, an attorney associated with Brookstone wrote: "Bottom line—prospective clients are being given the numbers of $75,000 in general damages and $750,000 in punitive damages.  No mental gymnastics related to 'guarantee', 'promise', 'no guarantee', 'estimate', 'likely', 'unlikely', etc. can change that fact.  The prospective client hears numbers only.  That's how any reasonable outside person will look at that.  But, hey, that's just one person's opinion." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Theisman Decl. at ¶ 4.pppp, MSJ Evid p. 242, 680-682 (authenticating and attaching FTC-RAD-002-0256242 to 0256244). | |
| 140.   During in person meetings, Banking Specialists show consumers a "Legal Analysis" that would invariably state that consumers had multiple valid causes of action against their lenders with no discussion of any defenses the lenders may have or discussions of the relative weakness of the various claims.<br><br>DE 186-4, Torchia Decl. at Page ID 5373-75, ¶¶ 9-14, and Page ID 5384-88, Att. A ("My understanding is that the vast majority of the Legal Analysis reports told clients they that they [sic] had a valid legal claim (e.g., fraudulent concealment, intentional misrepresentations, negligent misrepresentation, breach of contract) against their lender and/or other third party;" "Signing clients up for a Legal Analysis report was Damian Kutzner's | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| idea and its main purpose was to get people in the door as clients. . . . Specifically, the Legal Analysis would tell the client the causes of action the client had against their lender and/or other third party.  Contrary to the statements in the Legal Analysis, these documents were not thorough legal analyses of the clients' possible claims. For instance, although the Legal Analysis would state consumers had valid causes of action against their lenders, it would not discuss or identify any defenses to these claims or weaknesses of these claims. Furthermore, although the Legal Analysis purported to be an examination of the client's specific circumstances, the discussion of the client's particular facts and analysis of those facts was cursory."); DE 17-2, Kolodziej Decl. at Page ID 2005-10 (a "Legal Analysis" for Ronald Kolodziej, identifying several causes of action against his lender without any discussion of any defenses the lender may have); DE 17-6, Rios Decl. at Page ID 2142-47 (a | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| "Legal Analysis" for Mario Rios, identifying several causes of action against his lender without any discussion of any defenses the lender may have). | |
| 141.   The "Legal Analysis" would state:  "A thorough and comprehensive analysis was completed on all loan documents supplied;" and "The purpose of this report is to flush out some of those claims and to insure that you have a valid claim against your lender."<br><br>DE 186-4, Torchia Decl. at Page ID 5373, ¶ 10; DE 17-2, Kolodziej Decl. at Page ID 2005; DE 17-6, Rios Decl. at Page ID 2142. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 142.   The "Legal Analysis" provided to clients was not completed by a lawyer or reviewed by a lawyer prior to being shown or explained to a client.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 262:7-10, MSJ Evid p. 839 ("Q.  Is the legal analysis completed by a lawyer?  A.  A legal analysis was actually, I believe, completed by an | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | expert who was familiar with title | |
| 3 | documents."); DE 186-4, Torchia Decl. | |
| 4 | at Page ID 5373-74, ¶ 11 ("Although | |
| 5 | identified as Legal Analysis reports, | |
| 6 | lawyers did not complete the reports for | |
| 7 | the clients. . . .  Brookstone lawyers did | |
| 8 | not produce or review these documents | |
| 9 | before they were shared with clients."). | |
| 10 | 143.   Banking Specialists would | *This* Defendant lacks the knowledge or |
| 11 | present the "Legal Analysis" to | information and belief to dispute or |
| 12 | potential mass joinder clients. | declare this fact undisputed, as this |
| 13 | | alleged fact occurred prior to this |
| 14 | DE 186-4, Torchia Decl. at Page ID | Defendant's involvement with |
| 15 | 5374-75, ¶ 13 ("Typically, the Banking | Advantis Law Group, P.C. or the other |
| 16 | Specialist would meet with the client | individual defendants in this action. |
| 17 | after the Legal Analysis report was | |
| 18 | prepared and were principally | |
| 19 | responsible for reviewing and | |
| 20 | explaining the Legal Analysis report to | |
| 21 | Brookstone clients.  The protocol I | |
| 22 | established was to have an attorney | |
| 23 | present at some point during the | |
| 24 | meeting with the client about the Legal | |
| 25 | Analysis report and to answer client | |
| 26 | questions.  I now understand that this | |
| 27 | protocol was not regularly followed by | |
| 28 | the Banking Specialists."); DE 17, C. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Durrett Decl. at Page ID 1967-68, ¶¶ 10-11; DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶¶7-9; DE 17-7, Lujan Decl. at Page ID 2169-70, ¶¶ 5-6. | |
| 144.   Teresa Irannejad testifies that she met with a Brookstone representative, Salvador Auciello, who told her she would need to pay an additional $605 in cash for the "Legal Analysis."<br><br>DE 17-1, Irannejad Decl. at Page 1977, ¶ 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 145.   Teresa Irannejad testifies that a Brookstone representative, Salvador Auciello, told her:  "I did not have to make my mortgage payments to BoA while I was paying Brookstone.  I did not have enough money to pay both Brookstone and BoA.  I stopped paying my BoA mortgage at that point."<br><br>DE 17-1, Irannejad Decl. at Page 1977, ¶ 8. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 146.   Teresa Irannejad testifies that after paying for her "Legal Analysis," she received a phone call from a Brookstone representative, Salvador | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Auciello, who "told me he had received the legal analysis and the lawyer said it was a good case and Brookstone could help me if they got involved.  He told me I would need to come into the Brookstone office again to get signed up with Brookstone."<br><br>DE 17-1, Irannejad Decl. at Page ID 1977, ¶ 9. | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| 147.   Teresa Irannejad testifies:  "When I went to Brookstone, I met with Anthony Stout.  Anthony Stout showed me the legal analysis report and we went through it page by page.  Anthony Stout told me that Countrywide had done things they shouldn't have on my mortgage.  He said they charged me a half-point for a 'stated income' loan even though I had provided them with pay stubs.  He said Countrywide had changed the mortgage to a balloon payment even though I had said I didn't want a balloon payment."<br><br>DE 17-1, Irannejad Decl. at Page ID 1978, ¶ 10. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 148.   Teresa Irannejad testifies: "Anthony Stout told me Brookstone could represent me and that I had a good case.  He said there was no risk of losing because Countrywide had already been sued and lost.  Anthony Stout told me that the minimum amount I would get was $75,000 and it could be as much as $160,000 because Countrywide had made my mortgage a 'stated income' loan with a balloon payment.  He told me the lawyers said I was guaranteed $75,000.  He also said I would get the money back that I paid to Brookstone in fees."<br><br>DE 17-1, Irannejad Decl. at Page ID 1978, ¶ 12. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 149.   Teresa Irannejad testifies: "Before signing the retainer agreement, I asked Anthony Stout about the disclaimer in the agreement saying that there was no guarantee, but that he had told me I was guaranteed at least $75,000.  He said that it was just legal words in the retainer and they had to use them in the agreement, but there was no | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | risk of losing. He said I shouldn't pay | |
| 3 | attention to the disclaimer because the | |
| 4 | case against Countrywide had already | |
| 5 | been proven. Anthony Stout said trust | |
| 6 | me, I can assure you that you will get | |
| 7 | $75,000 and the money you paid to | |
| 8 | Brookstone back." | |
| 9 | | |
| 10 | DE 17-1, Irannejad Decl. at Page ID | |
| 11 | 1979, ¶ 14. | |
| 12 | 150.   Corina Durrett testifies being told | *This* Defendant lacks the knowledge or |
| 13 | by a Banking Specialist: "He said our | information and belief to dispute or |
| 14 | case looked pretty good. He said we | declare this fact undisputed, as this |
| 15 | shouldn't run out and buy a new car | alleged fact occurred prior to this |
| 16 | because it wasn't guaranteed, but that | Defendant's involvement with |
| 17 | we had a good case. He said that we | Advantis Law Group, P.C. or the other |
| 18 | could win over $1.0 million, counting | individual defendants in this action. |
| 19 | punitive damages." | |
| 20 | | Marshall Decl., at ¶ --. |
| 21 | DE 17, C. Durrett Decl. at Page ID | |
| 22 | 1968, ¶ 11. | |
| 23 | 151.   Mario Rios testifies: "The | *This* Defendant lacks the knowledge or |
| 24 | Brookstone Law representatives told me | information and belief to dispute or |
| 25 | that they would file a lawsuit on my | declare this fact undisputed, as this |
| 26 | behalf against my lender, Bank of | alleged fact occurred prior to this |
| 27 | America, and that the lawsuit would get | Defendant's involvement with |
| 28 | me at least $75,000 off the principal of | Advantis Law Group, P.C. or the other |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| my house, and that it might remove the entire mortgage from my house." DE 17-6, Rios Decl. at Page ID 2132, ¶ 6. | individual defendants in this action. Marshall Decl., at ¶ --. |
| 152.   Mario Rios testifies:  "The Brookstone Law representatives told me that Brookstone Law had a great chance of succeeding in the lawsuit.  They said that although it may take some time, Brookstone Law would succeed eventually." DE 17-6, Rios Decl. at Page ID 2132, ¶ 7. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. |
| 153.   Jesse Chapman testifies that Banking Specialists told him:  "Stout and Watanabe told us that we would have a very good case against our lender because the lender failed to disclose to us that our mortgage was an interest only loan." DE 17, Chapman Decl. at Page ID 1945, ¶ 4. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. |
| 154.   Jesse Chapman testifies that Banking Specialists told him:  "Stout | *This* Defendant lacks the knowledge or information and belief to dispute or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| and Watanabe further stated that we were very good candidates and were entitled to a refund as a result of litigation between the Department of Justice and Bank of America." | declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| DE 17, Chapman Decl. at Page ID 1945, ¶ 5. | Marshall Decl., at ¶ --. |
| 155.   Richard Leonido testifies:  "I also spoke with some other Brookstone Law P.C. employees who assured me that I had a good case against my lender. . . . At the time that I signed up, I was told that the litigation would, at the very least, put me in a better position on my mortgage." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| DE 17-4, Leonido Decl. at Page ID 2077, ¶¶ 8-9. | Marshall Decl., at ¶ --. |
| 156.   Malu Lujan testifies "Senior Banking Specialist" Richard Taylor, "told me that he had been a loan underwriter at the time I re-financed my mortgage with JP Morgan and based on my documents it was likely JP Morgan and the mortgage broker had likely committed fraud.  He said they must | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| have falsified the loan documentation in originating my loan because it would have been otherwise impossible to get a stated income loan with those terms at that time."<br><br>DE 17-7, Lujan Decl. at Page ID 2170, ¶ 7. | Marshall Decl., at ¶ --. |
| 157.   Malu Lujan testifies "Senior Banking Specialist" Richard Taylor, "told me that Brookstone would probably be able to get me 'free and clear' on my loan, that I would owe nothing on my mortgage due to my lender's fraud.  He also said Brookstone would seek compensatory damages up to $75,000 and punitive damages of $675,000 per plaintiff.  Richard Taylor told me that Brookstone had already been offered substantial settlements by JP Morgan.  He estimated settlement would take up to one year to complete."<br><br>DE 17-7, Lujan Decl. at Page ID 2170, ¶ 8. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 158.   Michael Nava testifies:  "I spoke to Anthony Stout from Brookstone who | *This* Defendant lacks the knowledge or information and belief to dispute or |

103

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| told me I had a number of different counts on which to sue Chase Bank and Brookstone would sue Chase Bank for me. Anthony Stout told me that the counts against Chase Bank were fraudulent concealment, intentional misrepresentation, and negligence. I asked for a copy of the preliminary report at least twice. Brookstone never provided the preliminary report to me."<br><br>DE 17-4, Nava Decl. at Page ID 2095, ¶ 6. | declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 159.   Michael Nava testifies: "Brookstone offered to file a lawsuit on my behalf as part of the *Potter v. Chase* case. Anthony Stout told me that I could get $75,000 for my participation in the joint lawsuit. He also said I could get an additional $750,000 due to my individual circumstances."<br><br>DE 17-4, Nava Decl. at Page ID 2095, ¶ 6. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 160.   Michael Nava testifies: "Anthony Stout told me that I definitely had a very strong case, it was basically a | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| done deal, and filing the lawsuit would get me those results.  He said I could get the $75,000, and the bank would try to negotiate the $750,000 claim by lowering my loan amount."<br><br>DE 17-4, Nava Decl. at Page ID 2095, ¶ 7. | alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 161.   Ronald Kolodziej testifies being told by a Banking Specialist:  "[I]t was not a question of whether I would win my cases, but how much money I would get.  He never identified not winning as a consideration."<br><br>DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶ 8. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 162.   Ronald Kolodziej testifies being told by a Banking Specialist:  "Brookstone told me that I would win at least some loan forgiveness through the lawsuit.  They said that my potential recovery was two to three hundred thousand dollars, and a drastically reduced interest rate.  Brookstone told me that based on the value of my properties, I could expect to recover a | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

105

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | couple hundred thousand dollars." | |
| 3 | | |
| 4 | DE 17-2, Kolodziej Decl. at Page ID | |
| 5 | 2000, ¶ 9. | |
| 6 | 163.   Ronald Kolodziej testifies being | *This* Defendant lacks the knowledge or |
| 7 | told by a Banking Specialist:  "I would | information and belief to dispute or |
| 8 | be added to a lawsuit against Bank of | declare this fact undisputed, as this |
| 9 | America ("BOA"), who now owned | alleged fact occurred prior to this |
| 10 | Countrywide, very shortly.  He said | Defendant's involvement with |
| 11 | BOA would probably not want to go to | Advantis Law Group, P.C. or the other |
| 12 | court and would want to settle the case. | individual defendants in this action. |
| 13 | I was told that it would take three to six | |
| 14 | months to get the loan forgiveness and | Marshall Decl., at ¶ --. |
| 15 | reduced interest rate." | |
| 16 | | |
| 17 | DE 17-2, Kolodziej Decl. at Page ID | |
| 18 | 2000, ¶ 10. | |
| 19 | 164.   Raymond Navarro testifies to a | *This* Defendant lacks the knowledge or |
| 20 | conversation "with a Brookstone Law | information and belief to dispute or |
| 21 | P.C. employee who told me that based | declare this fact undisputed, as this |
| 22 | on what I owed on my house, and the | alleged fact occurred prior to this |
| 23 | practices of my lender, Wells Fargo, I | Defendant's involvement with |
| 24 | was a good candidate for litigation." | Advantis Law Group, P.C. or the other |
| 25 | | individual defendants in this action. |
| 26 | DE 17-5, Navarro Decl. at Page ID | |
| 27 | 2108, ¶ 5. | Marshall Decl., at ¶ --. |
| 28 | 165.   Raymond Navarro testifies:  "On | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| September 8, 2011, I went to the Brookstone Law P.C. offices and met with a Brookstone Law P.C. employee. At this meeting, I was told I should expect to recover $75,000 for both the original loan and the loan modification and that my girlfriend, who was also on the loans, should also expect to recover $75,000 for both the original loan and the loan modification.  In total, we were told we should expect to recover $300,000 from Wells Fargo, less Brookstone Law P.C.'s fee."<br><br>DE 17-5, Navarro Decl. at Page ID 2108, ¶ 6. | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 166.   Many if not most of the meetings with Banking Specialists were not attended by attorneys.<br><br>DE 186-4, Torchia Decl. at Page ID 5375, ¶ 13 ("The protocol I established was to have an attorney present at some point during the meeting with the client about the Legal Analysis report and to answer client questions.  I now understand that this protocol was not | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| regularly followed by the Banking Specialists."); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 181:17-182:6, MSJ Evid p. 832 ("Q.  Is it your understanding that everybody met with an attorney? A.  No.  I know that there was times that that didn't happen because of the attorneys being busy or whatnot, but I'm not sure how often or the – when that happened.  Q.  Do you think it would be more likely that somebody would not meet with an attorney than that that they would?  A. Well, I guess it would depend on staffing at that point.  I don't know. There was times that, you know, there was more attorneys than clients, and then there was times that there was more clients than attorneys.  So I don't – I don't – I don't know the averages. Q.  But at the very least there are people who met with just the banking specialist and not an attorney; right?  A.  I would say that's accurate."); DE 17-5, Navarro Decl. at Page ID 2108, 2110, ¶¶ 7, 12 (stating that at the end of his sales meeting he was introduced to man who | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| claimed to be Torchia, but then when Navarro took Brookstone to small claims court to recover the fees he paid to Brookstone, the Brookstone lawyer that entered an appearance in small claims court as Torchia was not the man he had been introduced to at the end of the sales meeting); DE 17, Chapman Decl. at Page ID 1945-64 (reporting that he met with "representatives" and that after he signed up could never get an appointment or phone call with an attorney); DE 17, C. Durrett Decl. at 1966, ¶ 8 (an attorney only took part for 10 minutes of the sales process); DE 17-7, Lujan Decl. at 2169-70, ¶¶ 6-8 (talked only with non-attorneys). | |
| 167.   Consumers paid for the "Legal Analysis," in amounts ranging from $895-$1500.<br><br>DE 186-4,Torchia Decl. at Page ID 5373, ¶ 10 ("Clients typically paid $895 for a 'Legal Analysis' report."); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 263:4-8, MSJ Evid p. 839; DE 17, Chapman Decl. at Page ID 1950; | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 17, C. Durrett Decl. at Page ID 1966-67, ¶ 8 ("We agreed to pay Brookstone $895 to prepare an analysis report to check our mortgage records for issues and evaluate whether we had claims against Chase Bank."); DE 17-1, Irannejad Decl. at Page ID 1976-77, ¶ 7 ("He said the cost of the legal analysis was $895.  I gave him a check for that amount, but he said Brookstone would not cash the check before I received the legal analysis.  I signed an agreement with Brookstone to have them do the legal analysis.  (Attachment A.) Approximately two days later, he called me and said the cost had changed and that I would need to pay $1500 for the legal analysis.  I paid Salvador Auiello the difference in cash that day."); DE 17-2, Kolodziej Decl. at Page ID 1998-99, ¶ 5 ("The fee for each legal analysis was $895.  For the three legal analyses, I paid Brookstone a total of $2685."); DE 17-4, Leonido Decl. at Page ID 2076-77, ¶ 5 ("The paralegal told me that it looked like I had a case against my lender but that I would need to | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| spend $1,250 on a further legal analysis to determine what laws had been broken.  The paralegal told me that Brookstone Law P.C. would reimburse me this money if I did not have a case. I agreed to this and paid the $1,250."); DE 17-7, Lujan Decl. at Page ID 2169, ¶ 5 ("He told me Brookstone would offer me a special deal and do the initial legal research for $895 and $1000 a month for three months to participate in the case."); DE 17-4, Nava Decl. at Page ID 2094, ¶ 4 ("I paid Brookstone $1300 to do a preliminary report about whether I had a case against Chase Bank."); DE 17-5, Navarro Decl. at Page 2108, ¶ 7 ("I signed two agreements.  The first one was for a legal analysis, and I paid $895 under that agreement."); DE 17-6, Rios Decl. at Page ID 2132, ¶ 9 ("First, on May 30, 2013, I paid $895 for a review of my mortgage documents."). | |
| 168.   Consumers paid an initial fee for the mass joinder litigations, always exceeding $1,000. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 17, Chapman Decl. at Page ID 1946, ¶ 7 ("Under this agreement, we agreed to pay an initial fee of $3,000, spread over five payments, as well as a monthly fee of $250."); DE 17, C. Durrett Decl. at Page ID 1968, ¶ 12 ("[I]nitial payment of $3000, paid in installments of $1000, and monthly payments of $250 for 12 months, followed by monthly payments of $59.99."); DE 17-1, Irannejad Decl. at Page ID 1991 ($4,500 over five payments); DE 17-2, Kolodziej Decl. at Page ID 2001, ¶ 12 (referring to his Attachment B, paying $6,250); DE 17-4, Leonido Decl. at Page ID 2077, ¶ 8 ($1,500); DE 17-7, Lujan Decl. at Page ID 2170-71, ¶ 9 ("In April 2013, I signed the Contingency Fee Agreement and agreed to pay Brookstone $3,000 in $1,000 installment payments. . . ."); DE 17-4, Nava Decl. at Page ID 2095, ¶ 8 ("I paid Brookstone $3,000 in three $1,000 monthly payments from July-September 2013 to file a case against Chase Bank for me."); DE 17-5, Navarro Decl. at Page ID 2108, ¶ 7 | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | ("The second agreement was for the | |
| 3 | mass joinder litigation, and I agreed to | |
| 4 | pay $3,000 plus $250 per month during | |
| 5 | the course of the litigation."); DE 17-6, | |
| 6 | Rios Decl. at Page ID 2132-33, ¶ 12 | |
| 7 | ("[O]n June 10, 2013, I signed a retainer | |
| 8 | agreement with Brookstone Law, | |
| 9 | paying $1,500 upfront and agreeing to | |
| 10 | pay an additional $250 per month."); | |
| 11 | Madden July 2017 Decl. at ¶ 3, Att. 15, | |
| 12 | MSJ Evid p. 880, 1173, Marshall's First | |
| 13 | RFAs, RFAs 70 admitted pursuant to | |
| 14 | FRCP 36(a)(3); Madden July 2017 | |
| 15 | Decl. at ¶¶ 4-5, Att. 16,  MSJ Evid p. | |
| 16 | 880-81, 1177-80 (excerpts of Marshall | |
| 17 | First Int. Resp., Int. Nos. 7-8 identifying | |
| 18 | no defenses and identifying no | |
| 19 | individuals or entities suggesting any | |
| 20 | Defendant is not liable), Att. 17, | |
| 21 | (excerpts of Marshall First RFP Resp., | |
| 22 | RFP No. 23 identifying no documents | |
| 23 | tending to disprove or call into question | |
| 24 | that Corporate Defendants would | |
| 25 | receive advance fees.). | |
| 26 | 169.   Consumers paid monthly fees, in | *This* Defendant lacks the knowledge or |
| 27 | many instances $250 per month. | information and belief to dispute or |
| 28 | | declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 17, Chapman Decl. at Page ID 1946, ¶ 7 ("Under this agreement, we agreed to pay an initial fee of $3,000, spread over five payments, as well as a monthly fee of $250."); DE 17, C. Durrett Decl. at Page ID 1968, ¶ 12 ("[I]nitial payment of $3000, paid in installments of $1000, and monthly payments of $250 for 12 months, followed by monthly payments of $59.99."); DE 17-1, Irannejad Decl. at Page 1991 ("A monthly legal fee of $250.00."); DE 17-3, Kolodziej Decl. at Page ID 2025 ($250 monthly fee); DE 17-4, Leonido Decl. at Page ID 2077, ¶ 8 ("250 per month thereafter for 12 months and then a $59.99 monthly fee for the duration of the litigation."); DE 17-7, Lujan Decl. at Page ID 2170-71, ¶ 9 ("The Contingency Fee Agreement also required a $250 monthly payment for 12 months."); DE 17-4, Nava Decl. at Page ID 2095, ¶ 9 ("Pursuant to the agreement, I paid Brookstone a $250 monthly fee from October 2013-November 2014."); DE 17-5, Navarro Decl. at Page ID 2108, ¶ 7 ("The second | alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| agreement was for the mass joinder litigation, and I agreed to pay $3,000 plus $250 per month during the course of the litigation."); DE 17-6, Rios Decl. at Page ID 2132-33, ¶ 12 ("[O]n June 10, 2013, I signed a retainer agreement with Brookstone Law, paying $1,500 upfront and agreeing to pay an additional $250 per month."). | |
| 170.   The Corporate Defendants did not deposit the fees it collected into client trust accounts or an IOLTA account.<br><br>Second Declaration of Emil T. George dated July 6, 2017 ("George July 6, 2017 Decl.") at ¶ 5, MSJ Evid p. 19-20; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1173, Marshall's First RFAs, RFA 71 admitted pursuant to FRCP 36(a)(3). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 171.   Brookstone received ethics advice that its "non-refundable" flat fees were not true retainer fees: "The retainer agreements should be amended to remove the language that the retainer fees are non-refundable unless the payment is used to insure availability | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| and not to any extent to compensate Brookstone for providing legal services. Given that Brookstone's attorneys do not currently keep track of the time spent on each client, it would be difficult for Brookstone to track the time spent in case a client terminates Brookstone's representation before the matter is resolved or adjudicated.  We recommend that Brookstone's lawyers begin keeping track of their time to provide a basis to show that fees have been earned." <br><br> Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164085). | Marshall Decl., at ¶ --. |
| 172.   Brookstone received ethics advice noting that Brookstone did not perform conflicts checks when retaining clients and stating that this was problematic. <br><br> Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164082 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0164083). | |
| 173.   FTC's requests for production of documents 8-15 issued to Foti sought all documents supporting or tending to disprove that consumers would win their mass joinder lawsuits, obtain a financial benefit, be added to mass joinder lawsuits, or that the Corporate Defendants had the experience and capability to litigate the mass joinders as promised.  In response, Foti produced no documents controverting the FTC's evidence that these claims were made and that they were false.

Theisman Decl. at ¶ 12, MSJ Evid p.244. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |
| **C.      A Consumer Survey Confirms The Misrepresentations Were Made.** | |
| 174.   Dr. Bruce Isaacson of MMR Strategy Group conducted a survey of the Corporate Defendants' clients in accordance with standard procedures.

Isaacson Expert Report at ¶ 12, 27, 50-52, MSJ Evid p. 60, 64, 72-74. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. |
| 175.   Dr. Isaacson found that "80.4% of all respondents answered that | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Brookstone's representatives said or suggested that hiring Brookstone would definitely or probably achieve at least one of the following five outcomes: respondents would (1) win a lawsuit against the company that holds their mortgage; (2) have the terms of their mortgage changed; (3) receive money; (4) have their mortgage voided; and/or (5) get their property free and clear of their mortgage." Isaacson Expert Report at ¶ 2, MSJ Evid p. 57. | |
| 176.   Dr. Isaacson found that 64.5% of the survey respondents "indicated that Brookstone's representatives said or suggested they would definitely or probably win their lawsuit." Isaacson Expert Report at ¶ 2.i, MSJ Evid p. 57. | |
| 177.   Dr. Isaacson asked the survey respondents an open-ended question at the beginning of the survey about what Brookstone representatives said or suggested they would achieve by hiring | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Brookstone, more than 70% provided an answer in their own words referencing one of the following three themes:  (1) obtaining money or a settlement, getting their loan reduced or modified, or eliminating their loan; (2) joining a lawsuit, suing lender or banks, or class action; or (3) saving their house from foreclosure or keeping or saving their home.<br><br>Isaacson Expert Report at ¶¶ 59 (Table A), 63, MSJ Evid p. 76, 77. | |
| 178.   Dr. Isaacson asked the survey respondents an open-ended question at the beginning of the survey about what they thought hiring Brookstone would achieve, and more than 20% answered by complaining about Brookstone, including the following statements:<br><br>• "They stole my money and lied to me."<br><br>• "We gave them about $15,000 and they packed and left town like a bunch of thieves."<br><br>• "A lot of lies and promises.  They took money from me and nothing happened." | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Isaacson Expert Report at ¶¶ 66-67, MSJ Evid p. 78-79. | |
| 179.   Dr. Isaacson found that if a consumer recalled a certain claim being made, more than 79% would state they were told that result was definite or probable. | |
| Isaacson Expert Report at ¶¶ 73-74 (Table D), 80-81 (Table G), 90-91 (Table K), 99-100 (Table O), 104-05 (Table Q), MSJ Evid p. 80-83, 86-87, 89-92. | |
| 180.   Dr. Isaacson found that 54.3% of the survey respondents "indicated that Brookstone's representatives said or suggested that they would definitely or probably receive money." | |
| Isaacson Expert Report at ¶ 2, MSJ Evid p. 57. | |
| 181.   Dr. Isaacson found that of those who reported being told they would definitely or probably obtain money as a result of hiring Brookstone, "80.4% answered $75,000 or more, including | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 51.7% who answered $300,000 or more." <br><br> Isaacson Expert Report at ¶ 95, MSJ Evid p. 88. | |
| 182.   Dr. Isaacson concluded: "Based on the findings from my survey of customers who had retained Brookstone, I conclude that a substantial percentage of respondents hired Brookstone to obtain a settlement or a modification relating to their mortgage, to join a lawsuit, or to save a home from foreclosure." <br><br> Isaacson Expert Report at ¶ 109, MSJ Evid p. 93. | |
| 183.   Dr. Isaacson concluded: "Based on the findings from my survey, I also conclude that a substantial percentage of respondents believe that Brookstone's representatives said or suggested that the respondents will definitely or probably:  (a) win their lawsuit against the company that holds their mortgage, and/or (b) achieve outcomes such as changing the terms of | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| their mortgage, receiving money, having their mortgage voided, or getting their property free and clear of their mortgage." <br><br> Isaacson Expert Report at ¶ 110, MSJ Evid p. 94. | |

| | |
|---|---|
| **D.   The MARS Rule Requires Certain Disclosures, None of Which Were Made.** | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 184.   The Corporate Defendants' mailers, websites, and retainer agreements did not include the disclosures identified in 12 C.F.R. § 1015.4. <br><br> DE 17, Chapman Decl. at Page ID 1948 (mailer); *id.* at Page ID 1949-63 (agreements); DE 17, C. Durrett Decl. a Page ID 1971-72 (mailer); DE 17-1, Irannejad Decl. at Page ID 1982-92 (agreements); DE 17-1, Irannejad Decl. at Page ID at 1993-97 (second half of agreement); DE 17-3, Kolodziej Decl. at Page ID 2021-50 (agreements); DE 17-4, Leonido Decl. at Page ID 2084-93 (agreement); DE 17-7, Lujan Decl. at Page ID 2175-76 (mailer); *id.* at Page ID 2178-87 (agreements); DE 17-8, | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. This Defendant did not have knowledge of or any involvement with marketing or advertising. <br><br> Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Lujan Decl. at Page ID 2188-93 (second half of agreement); *id.* at Page ID 2194 (mailer); DE 17-4, Nava Decl. at Page ID 2098-99 (first two pages of agreement); DE 17-5, Nava Decl, at Page ID 2100-06 (remainder of agreement); DE 17-5, Navarro Decl. at Page ID 2112-25 (agreements); *id.* at Page ID 2128-29 (one mailer and first page of second mailer); DE 17-6, Navarro Decl. at Page ID 2130 (second page of mailer); DE 17-6, Rios Decl. at Page ID 2135-36 (mailer); DE 17-6, Rios Decl. at Page ID 2137-41, 2148-53 (agreements); DE 41-2 at Page ID 2508-11, 2515 (mailers); Chang Decl. at ¶¶ 4.a, 4.b, 4.d, MSJ Evid p. 2 (authenticating mailers found at Page ID 2508-11, 2515); DE 41-3 at Page ID 2578-84 (agreement); Chang Decl. at ¶ 4.o, MSJ Evid p. 2 (authenticating agreement at Page ID 2578-84); DE 41-4 at Page ID 2586-2618 (agreements); Chang Decl. at ¶¶ 4.p, 4.q, 4.r, MSJ Evid p. 2-3 (authenticating agreements at Page ID 2586-2618); DE 14-4, Gales Decl. at Page ID 1268-1366 | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| (Brookstone Law website); DE 14-4, Gales Decl. at Page ID 1367-76 (Advantis Law website); Ex. 73 at FTC-RAD-002-0284832 (mailer); Ex. 75 at FTC-RAD-001-0221284-85; Ex. 76 at FTC-RAD-002-0373032-33 (mailer); Ex. 77 at FTC-RAD-002-0373017 (mailer); Ex. 79 at FTC-RAD-001-0088986-87 (mailer); Ex. 80 (Ex. 79 mailer was sent); Theisman Decl. at ¶¶ 4.l, 4.n, 4.o, 4.p, 4.q, 4.r, & 4.s, MSJ Evid p. 239, 325-328, 330-345 (authenticating and attaching Exs. 73, 75-80); *id.* at 4.ooo, 4.ss & 4.rr, MSJ Evid p. 241 & 240, 597-600, 508-512 (authenticating and attaching documents containing mailers, including FTC-RAD-001-0183728 to 0183731, FTC-RAD-001-0065189 to 0065190, FTC-RAD-001-0064644 to 0064646); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1174, Marshall's First RFAs, RFAs 82-83 admitted pursuant to FRCP 36(a)(3). | |
| **E.  Consumers Do Not Receive the Promised Benefits.** | |
| 185.  Torchia declared: "Neither Brookstone nor Advantis has ever won | *This* Defendant lacks the knowledge or information and belief to dispute or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| a mass joinder case.  Because there is always risk in litigation, I knew there was a possibility that we could in fact lose all of the lawsuits and that payment to Brookstone and Advantis would increase those consumers' losses."<br><br>DE186-4, Torchia Decl. at Page ID 5375, ¶ 14. | declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 186.   Of all of the mass joinder cases filed prior to 2016, all but *Wright* had been dismissed and none had resulted in a judgment for plaintiffs.<br><br>DE 12, Madden May 2016 Decl. at Page ID 353, Att. 1, Page ID 361, Att. 2; Page ID 377, Att. 4; Page ID 414, 418, Att. 6; Page ID 420, 434, Atts. 7-8; Page ID 439, 442-43,  455-56, Atts. 9-11;  Page ID 457, Att. 12; Page ID 463, 480, 482, Atts. 14 & 16; Page ID 489, 491 Att. 17; Page ID 498, 502 Att. 19; Page ID 512, 515, Att. 21; Page ID 600, 603, Att. 26; DE 13, Madden May 2016 Decl. at Page ID 726, 732, Att. 29; *See* DE 17, Chapman Decl. at Page ID 1947, ¶¶ 11-12; DE 17, C. Durrett Decl. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| a Page ID 1968-70, ¶¶ 15-22; DE 17-1, Irannejad Decl. at Page ID 1979-81, ¶¶ 16-22; DE 17-2 , Kolodziej Decl. at Page ID 2002-04, ¶¶ 16-22; DE 17-4, Leonido Decl. at Page ID 2077-79, ¶¶ 10-14; DE 17-7, Lujan Decl. at Page ID 2171-72, ¶¶ 10-14; DE 17-4, Nava Decl. at Page ID 2095-96, ¶¶ 10-12; DE 17-5, Navarro Decl. at Page ID 2109-10, ¶¶ 8-13; DE 17-6, Rios Decl. at Page ID 2133, ¶¶ 13-16. | |
| 187.  Although *Wright* is still active, it has not progressed beyond the filing of a complaint.<br><br>Madden July 2017 Decl. at ¶ 2.a, Att. 1 MSJ Evid p. 878, 883-927. | Disputed.<br><br>*Petersen v. Bank of America*, 232 Cal. App. 4th 238, 254 (2014). |
| 188.  On appeal in *Wright*, the California Court of Appeal stated that Brookstone's complaint, as filed, was not viable and criticized it as "scattered and desultory allegations."<br><br>*Petersen v. Bank of America*, 232 Cal. App. 4th 238, 254 (2014). | Disputed.<br><br>Marshall Decl., at ¶ --. |
| 189.  Currently in *Wright*, a demurrer is pending and many of the plaintiffs have | Disputed. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| stipulated to a dismissal with prejudice in exchange for Bank of America agreeing not to seek costs.<br><br>Madden July 2017 Decl. at ¶¶ 2.a-e, Att. 1-5, MSJ Evid p. 878-79, 883-1012. | |
| 190.   Brookstone lost a number of mass joinder cases on the merits.<br><br>DE 12, Madden May 2016 Decl., at Page ID 414, 418, Att. 6; 463, 480, 482, Atts. 14 & 16; Page ID 512, 515, Att. 21; DE 13 at Page ID 727, 732, Att. 29. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 191.   In *Wells Fargo Bank Mortgage Cases*, JCCP No. 4711, Coordinated Actions *Mireles, et al. v. Wells Fargo Bank N.A., et al.* No. BC467652 and *Roberts, et al. v. Wells Fargo Bank N.A., et al.* No. 34-2011-00110146, a September 12, 2013 decision sustained Wells Fargo's demurrer without leave to amend, finding:<br>• the complaint "is recycled from other cases, by other plaintiffs, represented by other lawyers, against | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| other defendants." at p. 1;<br><br>• the complaint "matches the invalid complaint described in the Bank of America case.  Comparing the two documents establishes that the pleading by Luis Mireles in this case is unoriginal.  As the Bank of America complaint lacked merit, so too does this complaint lack merit." at p. 2;<br><br>• "Copycat allegations warrant the same legal fate as earlier and more original pleadings that themselves – at the pleading stage – completely and conclusively failed." at pp. 8-9;<br><br>• "Mireles has not shown a reasonable probability he could cure the pleading defects.  At oral argument, the court inquired on this topic.  Mireles's reply illustrated the gulf between his concept of a curative amendment and the requirements of the law." at p. 16.<br><br>Madden July 2017 Decl. at ¶ 2.g, Att. 7 MSJ Evid p. 879, 1017-18, 1024-25, 1032. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 192.   In *Potter v. JP Morgan Chase Bank, N.A. et al.*, BC 459627, California Superior Court for Los Angeles County, judgment was entered in favor of JP Morgan Chase.<br><br>DE 12, Madden May 2016 Decl. at Page ID 512, 515, Att. 21. | |
| 193.   In *Norberto Flores Zenteno et al. v. Aurora Loan Services, LLC et al.*, BC460262, California Superior Court for Los Angeles County, judgment was entered in favor of defendants.<br><br>DE 13, Madden May 2016 Decl. at Page ID 727, 732, Att. 29. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 194.   In *James Hughes et al. v. Ocwen Financial Corp. et al.*, BC559747, California Superior Court for Los Angeles County, the mass joinder was dismissed for want of prosecution.<br><br>DE 12, Madden May 2016 Decl. at Page ID 457, Att. 12. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 195.   In many instances, Brookstone voluntarily dismissed mass joinder actions it had filed.<br><br>DE 12, Madden May 2016 Decl. at Page ID 353, 360 Att. 1, Page ID 361, 371 Att. 2, Page ID 377, 384, Att. 4, Page ID 439, 442, 455-56, Atts. 10-11, Page ID 489, 491 Att. 17, Page ID 498, 502 Att. 19. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 196.   The Corporate Defendants did not seek to void consumers' mortgage notes through mass joinder litigation arguing **"the debt isn't void, just the sale. The property is still subject to the same encumbrances as existed prior to the wrongful foreclosure sale."** (emphasis in original).<br><br>DE 13-3, Madden May 2016 Decl. at Page ID 919, 942-43, Att. 50, *Potter v. JP Morgan Chase Bank N.A.*, No. 11-10255 (C.D. Cal.) (Pltf. Reply in Support of Motion to Remand, at 15-16, (DE 24)). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 197.   Neither Brookstone nor Advantis ever succeeded in a mass joinder case it | *This* Defendant lacks the knowledge or information and belief to dispute or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| filed.<br><br>DE 186-4, Torchia Decl. at Page ID 5375, ¶ 14; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1173-74, Marshall's First RFAs, RFAs 69, 76-77, 79 admitted pursuant to FRCP 36(a)(3). | declare part of this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Disputed.  To the extent "Advantis" refers to Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |
| 198.   Some consumers who paid to be mass joinder clients were never added to a mass joinder case.<br><br>DE 16, Kennedy Decl. at Page ID 1562, 1580, 1589,  Att. 1.C (Decision, *In the Matter of: Vito Torchia, Jr., Member No. 244687*, Case Nos. 12-O-11847-RAP (12-O-13469); 12-O-14081; 12-O-14522; 12-O-16003; 12-O-17260; 12-O-17119; 12-O-18135 (State Bar Court of California (Aug. 6, 2014))); *id.* at Page ID 1641, 1642, Att. 1.K (Decision and Order of Involuntary Inactive Enrollment, *In the Matter of: Vito Torchia, Jr.,* Case Nos. 13-O-14835 (13-O-15422); 14-O-01008 (14-O- | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

131

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 02316); 14-O-02698-YDR, (State Bar Court of California (Nov. 12, 2015))); Madden July 2017 Decl. at  ¶ 3, Att. 15, MSJ Evid p. 880, 1174, Marshall's First RFAs, RFA 81 admitted pursuant to FRCP 36(a)(3). | |
| 199.   The California Bar found Torchia "lacked and continues to lack the law-office-management skills and basic knowledge of mortgage lending law and bankruptcy law necessary to adequately and properly represent some 4,000 mortgage loan clients and to adequately supervise a law office staff of 30 to 40 employees." <br><br> DE 16, Kennedy Decl. at Page ID 1565, Att. 1.C (Decision, *In the Matter of: Vito Torchia, Jr., Member No. 244687*, Case Nos. 12-O-11847-RAP (12-O-13469); 12-O-14081; 12-O-14522; 12-O-16003; 12-O-17260; 12-O-17119; 12-O-18135 (State Bar Court of California (Aug. 6, 2014))). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 200.   Tarkowski was first admitted to the California Bar in 2014. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

132

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 16-1, Kennedy Decl. at Page ID 1647. | alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 201.   Tarkowski had little mortgage lender litigation experience prior to working for the Corporate Defendants.<br><br>DE 186-3, Tarkowski Decl. at Page ID 5356-57, ¶¶ 2-3, 6. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 202.   Marshall had no prior mass joinder litigation experience.<br><br>Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1037, Marshall Depo. at 19:11-20. | Undisputed.  That is one of the big reasons Marshall sought to coordinate with the individual co-defendants— they had foreclosure joinder lawsuit experience and Marshall had the deeper foreclosure law experience overall.  It was never a secret that Marshall sought to make their cases more successful.  In turn, if and when Marshall filed joinder cases, which never happened, Marshall would benefit and his new Adavantis Law Group clients would benefit. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 203.   Many of the complaints Marshall has filed on behalf of his clients are dismissed without leave to amend for failure to allege cognizable claims.<br><br>Madden July 2017 Decl. at ¶¶ 2.j-m, Atts. 10-13, MSJ Evid p. 879-80, 1070-1119. | Disputed. A significant number of foreclosure cases Marshall has settled and "won."<br><br>Marshall Decl., at ¶ --. |
| **F.      In May 2016, the Corporate Defendants Sent Out "Account Due" Letters Demanding an Additional $5,000.** | |
| 204.   On May 5, 2016, Brookstone mass mailed an "ACCOUNT DUE" letter to clients claiming each owed Brookstone $5,000 for past work done on the *Wright* appeal.<br><br>DE 41-2 at Page ID 2543-45; DE 41-3 at Page ID 2547-74; Chang Decl. at ¶¶ 4.l, 4.m, MSJ Evid p. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 205.   The "Account Due" letter claimed:  "Your file needs your immediate attention as we show there is an outstanding balance. We need this to be cleared up with accounting so we can continue to represent you as a plaintiff on this case." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-2 at Page ID 2543; Chang Decl. at ¶ 4.l, MSJ Evid p. 2. | Marshall Decl., at ¶ --. |
| 206.  The "Account Due" letter claimed:  **We do have several options for you in order to make it financially feasible for you to continue to have our firm represent you in this case**. Attached please find an invoice for services provided and an amount that is currently due." (bold in original).<br><br>DE 41-2 at Page ID 2543; Chang Decl. at ¶ 4.l, MSJ Evid p. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 207.  The "Account Due" letter claimed:  "Call today to get your account off 'Accounting Hold.'"<br><br>DE 41-2 at Page ID 2543; Chang Decl. at ¶ 4.l, MSJ Evid p. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 208.  The "Account Due" letter attached an invoice, claiming $5,000 was due for over 1,800 hours purportedly spent working on the | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| *Wright* appeal.<br><br>DE 41-2 at Page ID 2543-44; Chang Decl. at ¶ 4.l, MSJ Evid p. 2. | without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 209.   The "Account Due" letter attached an invoice, claiming 1,237 hours had been worked on the opening appeal brief for the *Wright v. Bank of America* appeal.<br><br>DE 41-2 at Page ID 2543-44; Chang Decl. at ¶ 4.l, MSJ Evid p. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 210.   The Corporate Defendants did not track the hours worked by attorneys on matters or projects related to the mass joinder litigation.<br><br>DE 186-3, Tarkowski Decl., at Page ID 5363-64, ¶ 22; DE 186-4, Torchia Decl., at Page ID 5381-82, ¶¶ 28-30; Madden July 2017 Decl. at  ¶ 3, Att. 15, MSJ Evid p. 880, 1173, Marshall's First RFAs, RFA 73 admitted pursuant to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| FRCP 36(a)(3). | |
| 211.   The "Account Due" letter went to clients who had not agreed to additional billings, clients who had regularly made their monthly payments, and even some clients who had long since terminated Brookstone.<br><br>DE 41-3 at Page ID 2547-74; Chang Decl. at ¶ 4.m. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| **IV.    Consumers paid more than $18 Million.** | |
| 212.   From January 1, 2011 through June 2, 2016, the Corporate Defendants had revenues of $18,146,866.34 taking into account refunds, chargebacks, and transfers among the Corporate Defendants' bank accounts.<br><br>George July 6, 2017 Decl. at ¶ 9, Att. B, MSJ Evid p. 25. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 213.   From February 27, 2015 through June 2016, the Corporate Defendants had revenues of $1,784,022.61 taking into account refunds, chargebacks, and transfers among the Corporate | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Defendants' bank accounts.<br><br>George July 6, 2017 Decl. at ¶ 10, Att. C, MSJ Evid p. 26. | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| **V.  Foti and Marshall Were Directly Involved in the Wrongful Conduct.** | |
|---|---|
| **A.  From the Beginning, Foti Was a Manager.** | |

| 214.  Foti began working with Brookstone in late 2010.<br><br>DE 78-1, Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction ("Foti July 2016 Decl.") at Page ID 3538, ¶¶ 9-10; *id.* at Page ID 3544-50; DE 152-1, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. 2016 Decl.") at Page ID 4757-59; Ex. 91 (email from Foti to Kutzner regarding Brookstone sales script dated November 18, 2010); Ex. 97 (email from Foti to Kutzner and other Brookstone employees re sales dated December 10, 2010); Theisman Decl. at ¶¶ 4.w & 4.cc, MSJ Evid p. 240, 407- | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 410, 439 (authenticating and attaching Ex. 91 & 97); *id.* at ¶ 4.vvvv, MSJ Evid p. 243, 727-728 (authenticating and attaching FTC-RAD-002-0457531 to 0457532, email from Foti to Kutzner regarding bringing on Brookstone employees dated November 30, 2010); *id* at ¶ 4.ddd, MSJ Evid p. 241, 544-547 (authenticating and attaching FTC-RAD-001-0131338 to 0131341, email dated November 16, 2010 from Kutzner to Foti attaching Brookstone script); *id.* at ¶ 4.ttt, MSJ Evid p. 241, 611 (authenticating and attaching FTC-RAD-001-0201437, email dated November 17, 2010 from Foti to Kutzner replying to email from Kutzner attaching a Brookstone sales script, stating: "Send me the rest of your scripts.  I am putting an ad in to hire people and have leads starting on Thursday.  We are set to have our screeners answer calls as soon as tomorrow.  If calls dump into screens they will get all the mortgage info then transfer the call over to your QC person. I think the flow can be a little smoother | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| that is why I want to look at the scripts. I will work on a little bit shorter process, but will still have the same effect with the client.  Let me know what you think."); *id.* at ¶ 4.rrr, MSJ Evid p. 241, 609 (authenticating and attaching FTC-RAD-001-0195945, email exchange dated December 2, 2010, with Foti regarding a shared calendar for Brookstone); *id.* at ¶ 4.qqq, MSJ Evid p. 241, 608 (authenticating and attaching FTC-RAD-001-0191412, email from Foti to Kutzner regarding "our deal," and stating, among other things, "[p]rofits to be split 50/50"); *id.* at ¶ 4.uuu, MSJ Evid p. 241, 612 (authenticating and attaching FTC-RAD-001-0204736, an email exchange dated December 6, 2010, with Foti asking what to do about Brookstone's phone provider being down); *id.* at 4.sss, MSJ Evid p. 241, 610 (authenticating and attaching FTC-RAD-001-0196601, email dated December 7, 2010, with Foti asking for a "company employee list" to be sent to jeremyf@brookstone-law.com"); *id.* at | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| ¶ 4.ppp, MSJ Evid p. 241, 601-607 (authenticating and attaching FTC-RAD-001-0191405 to 0191411, email dated December 16, 2010 with Foti requesting an estimate for business cards and attaching proofs of the cards including one listing his title as "Managing Team"); Lobo Decl. ¶ 4, Att. 1 at 4, MSJ Evid p. 226. | |
| 215.   In an email dated November 17, 2010, in response to an email from Kutzner attaching a Brookstone script, Foti writes to Kutzner:  "Send me the rest of your scripts.  I am putting an ad in to hire people and have leads starting on Thursday.  We are set to have our screeners answer calls as soon as tomorrow.  If calls dump into screens they will get all the mortgage info then transfer the call over to your QC person. I think the flow can be a little smoother that is why I want to look at the scripts. I will work on a little bit shorter process, but will still have the same effect with the client.  Let me know what you think." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |

141

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 1 | | |
| 2 | Theisman Decl. at ¶ 4.ttt, MSJ Evid p. | |
| 3 | 241, 611 (authenticating and attaching | |
| 4 | FTC-RAD-001-0201437); *id.* at ¶ 4.ddd, | |
| 5 | MSJ Evid p. 241, 544-547 | |
| 6 | (authenticating and attaching FTC- | |
| 7 | RAD-001-0131338 to 0131341, email | |
| 8 | dated November 16, 2010 from Kutzner | |
| 9 | to Foti attaching Brookstone script). | |
| 10 | 216.   In an email dated November 30, | *This* Defendant lacks the knowledge or |
| 11 | 2010, Foti tells Kutzner he is bringing | information and belief to dispute or |
| 12 | in numerous employees, several of | declare this fact undisputed, as this |
| 13 | whom are sales people and are former | alleged fact occurred prior to or |
| 14 | employees of Plan Right Group, and | without this Defendant's involvement |
| 15 | further states: "It is go time let's hit it | with Advantis Law Group, P.C. or the |
| 16 | full throttle." | other individual defendants in this |
| 17 | | action. |
| 18 | Theisman Decl. at ¶ 4.vvvv, MSJ Evid | |
| 19 | p. 243, 727-728 (authenticating and | Marshall Decl., at ¶ --. |
| 20 | attaching FTC-RAD-002-0457531 to | |
| 21 | 0457532). | |
| 22 | 217.   In an email from Foti to Kutzner | *This* Defendant lacks the knowledge or |
| 23 | dated December 3, 2010, Foti writes: | information and belief to dispute or |
| 24 | "Here is the way I see our deal being | declare this fact undisputed, as this |
| 25 | structured so look it over and make any | alleged fact occurred prior to or |
| 26 | changes or suggestions you might have. | without this Defendant's involvement |
| 27 |   1.   Investment to be split 50/50 | with Advantis Law Group, P.C. or the |
| 28 |   2.   Investment to be paid back by | other individual defendants in this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| applying 80% of the net profit per month until everyone's investment has been paid back. | action. |
| 3.  Profits to be split 50/50 | Marshall Decl., at ¶ --. |
| 4.  All decisions to be agreed on and discussed. | |
| 5.  Salaries for all ACTIVE working employee's | |
| 6.  Start date income and expenses to be effective 11-29-10 this past Monday | |
| 7.  Shared employee's must be agreed on by all parties before such share shall take place | |
| 8.  Any past expenses for either party to be paid by that party in full | |
| 9.  All expenses to be agreed upon | |
| 10.  Agreement can only be broken if BOTH parties agree | |
| 11.  All parts of litigation business to be split 50/50 regardless of who brings it in | |
| 12.  Any NEW outside ventures should be 50/50 as well | |
| That all I can think of as of now but I am sure you will come up with some things." | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 4.qqq, MSJ Evid p. 241, 608 (authenticating and attaching FTC-RAD-001-0191412). | |
| 218.   Foti had authority to issue refunds to Brookstone clients.<br><br>Theisman Decl. at ¶ 4.aaa, MSJ Evid p. 241, 530 (authenticating and attaching FTC-RAD-001-0080085); Lobo Decl. at ¶ 7, MSJ Evid p. 221. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 219.   One of the Corporate Defendants' phone directories identified Foti as "management."<br><br>DE 41-5 at Page ID 2640; Chang Decl. at ¶ 4.u, MSJ Evid p. 3 (authenticating phone directory). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 220.   One of the Corporate Defendants' phone directories identified Foti as "VP of Marketing." | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-5 at Page ID 2641; Chang Decl. at ¶ 4.u, MSJ Evid p. 3 (authenticating phone directory); Theisman Decl. at ¶ 4.yy, MSJ Evid p. 241, 523-525 (authenticating and attaching FTC-RAD-001-0079758 to 0079759, an email dated July 12, 2012, to "Brookstone All," recovered from one of Foti's computers, attaching phone directory identifying Foti as VP of Marketing). | alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 221.   Foti was copied on an email from a Brookstone employee to Brookstone's landlord attaching a "Tenant Contact Information" document listing Foti as the person with signature authority and identifying him as an "Executive."<br><br>Theisman Decl. at ¶ 4.qq, MSJ Evid p. 240, 506-507 (authenticating and attaching FTC-RAD-001-0050335 to 0050336). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 222.   When Foti applied for health insurance, he claimed to be Brookstone's CFO. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or |

145

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 69-2, Chang July 2016 Decl., at Page ID 3273-77, Att. 2, at Page ID 3273 (Foti health care application); Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpt of Foti RFA answer admitting he signed this health care application, response to RFAs 8 & 9). | without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 223.   Brookstone's bookkeeper created a chart showing the payments to Brookstone employees, and Foti, along with Kutzner, is identified as an "executive."<br><br>DE 41-5 at Page ID 2669; Chang Decl. at ¶ 4.z, MSJ Evid p. 3. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 224.   In the chart created by Brookstone's bookkeeper, Foti received the same amount of income from Brookstone as Torchia and Kutzner.<br><br>DE 41-5 at Page ID 2668-72; Chang Decl. at ¶ 4.z, MSJ Evid p. 3; Lobo Decl. at ¶ 6, MSJ Evid p. 221. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

146

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 225.   Brookstone's bookkeeper created and distributed "daily cash position" reports to Foti, Kutzner, and Torchia.'<br><br>Lobo Decl. at ¶ 7, MSJ Evid p. 221. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 226.   Foti, Kutzner, and Torchia all signed their initials to a document titled "Deal Memo."<br><br>DE 41-5 at Page ID 2681; Ex. 68; Theisman Decl. at ¶ 4.j, MSJ Evid p. 239, 294 (authenticating and attaching Ex. 68); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 74:12-18, MSJ Evid p. 813 ("It's not my signature.  It's my initials."); Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's response to RFA 38 admitting the Deal Memo is authentic, response to RFA 38). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 227.   The "Deal Memo," in a provision related to the day-to-day management of | *This* Defendant lacks the knowledge or information and belief to dispute or |

147

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Brookstone, states: "[T]here will be a majority rule in the voting decision amongst the shareholders of the firm and non-attorneys (Employees) Jeremy Foti and Damian Kutzner."<br><br>DE 41-5 at Page ID 2681; Ex. 68; Theisman Decl. at ¶ 4.j, MSJ Evid p. 239, 294  (authenticating and attaching Ex. 68); Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's response to RFAs admitting the Deal Memo is authentic, response to RFA 38). | declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 228.   Foti later provided loan funding to Brookstone in accordance with the "Deal Memo" agreement.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 76:6-12, MSJ Evid p.  813 ("Q. Did you ever provide loan funding to Brookstone? A.  I did.  I provided Vito [Torchia] personally with funds.  I'm not sure of the exact amounts, but it was always, you know, approached by Vito [Torchia] about, 'Hey, I need to be able to pay this or pay that,' and so I would | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| consider it from time to time."). | |
| 229.   In 2015, Kutzner sent the "Deal Memo" to a third party, explaining that he and Foti were "partners" of Brookstone.<br><br>Ex. 69 (email from Kutzner to Pepe Abad, copying Foti, attaching the Deal Memo, and stating "Psss. .  Look at the Deal memo we all signed. . . . I am sending this to you as we are partners NOW and you should understand all sides!  Not just one!"); Theisman Decl. at ¶ 4.k, MSJ Evid p. 239, 295-394 (authenticating and attaching Ex. 69). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 230.   Foti has declared that his role with the Corporate Defendants included:  (1) " . . . [M]anagement services related to referral services, hiring/recruiting, vendor relations, IT relations, and data sources"; (2) "Obtain[ing] estimates and costs for expenses associated with day to day operations"; (3) "Obtain[ing] or arrang[ing] for the preparation of law firm supplied creative content, advertising, campaign management and | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| other related services"; and (4) "Audit[ing] all invoices and expenses provided by third-parties to ensure accuracy, including but not limited to payroll bonuses and employee compensation." <br><br> DE 78-1, Foti July Decl. at Page ID 3538-39, ¶ 10. | |
| 231.   Foti declares he was promised an "turnkey private office space free of charge" in whatever offices Brookstone maintained. <br><br> DE 78-1, Foti July Decl. at Page ID 3546; DE 152-1, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. Decl.") at Page ID 4757. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 232.   Foti admits that he occupied a "VP Office" at 6 Hutton Centre, Suite 1000, Santa Ana, CA, which, according to the Receiver's diagram, was larger than all offices occupied by any other Brookstone employee but Kutzner. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41 at Page ID 2479 ("He operates from a large, and upon our arrival locked, office next to Mr. Kutzner's office."); DE 41-2 at 2498-99 (identifying Foti's office as the "VP Office" designated as "I" or "111"); Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's answers to RFAs in which he admits he occupied the office identified as number 111 and admitting the office locations of Kutzner and Broderick, responses to RFAs 111-13). | other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 233.   Foti agreed to hold Brookstone "harmless from any and all claims brought by a third party. . . ."<br><br>DE 152-1, Foti Nov. Decl., at Page ID 4758. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 234.   Brookstone's ethics counsel stated, in a memo addressed to Torchia: "You are the sole shareholder of | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Brookstone.  You supervise the attorneys' work, and the attorneys seem to understand that you are the supervisory lawyer at Brookstone.  It is less clear to us whether the non-lawyer personnel at Brookstone understand that you are in charge of supervising their work." | alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |
| Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164078). | Marshall Decl., at ¶ --. |
| 235.  Foti was responsible for determining the bonuses for the Corporate Defendants' sales personnel.

Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 216:21-217:6, 219:7-13, MSJ Evid p. 835-36 (indicating he would "verify" "units" sold to determine bonus amounts); Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's answers to RFAs, including where he admits he was "responsible for calculating bonuses for non-lawyer staff that worked as employees for Corporate | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Defendants, or as contractors for Corporate Defendants", response to RFA 90). | |
| 236.   In determining bonuses, Foti would determine the payment status of a client and bonuses could be changed, including taking into account chargebacks or if a client cancelled or obtained a refund.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 217:17-218:13, MSJ Evid p. 836; Theisman Decl. at ¶ 4.www, MSJ Evid p. 242, 620 (authenticating and attaching FTC-RAD-001-0218348, email to Foti claiming right to bonuses, including taking into account chargebacks); DE 69-2, Chang July 2016 Decl. at Page ID 3259-61 (email correspondence with Brookstone sales person about bonus amount, including deductions where consumers signed up for less lucrative deals and where there were chargebacks). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 237.   Bonuses were based on the number of sales made by a sales person. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 217:7-13, MSJ Evid p. 836 ("Q.  Right.  So the methodology would be that they would submit information to you indicating the number of units sold, 'units' meaning the number of clients who were retained; and then depending on the number of units that were sold, they would receive an incentive payment; is that accurate?  A. That sounds accurate."); Theisman Decl. at ¶¶ 4.hhh & 4.ggg, MSJ Evid p. 241, 552-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164082, and authenticating and attaching FTC-RAD-001-0163703 to 0163707, at FTC-RAD-001-0163706) (ethics opinions discussing Brookstone's practice of bonuses based on the number of sales); Theisman Decl. at ¶ 4.www, MSJ Evid p. 242, 620 (authenticating and attaching FTC-RAD-001-0218348, email to Foti claiming right to bonuses, including taking into account chargebacks); DE 69-2, Chang July 2016 Decl. at Page ID 3259-61 (email | alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --. |

154

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| correspondence with Brookstone sales person about bonus amount, including deductions where consumers signed up for less lucrative deals and where there were chargebacks). | |
| 238.   Broderick, the purported "Managing Attorney," sought approval from Foti for payment of bonuses for collections activities.<br><br>41-6 at Page ID 2714; Chang Decl. at ¶ 4.gg, MSJ Evid p. 3. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 239.   Brookstone obtained ethics advice that paying sales people a bonus based on the number of clients retained likely violated Brookstone's ethical duties.<br><br>Theisman Decl. at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164082, stating:  "Brookstone's payments to CSRs of bonuses based on a percentage | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| of the clients' initial fees clearly violate this rule.  It is possible the bonuses to other non-attorney personnel violate this rule too, but we don't have information about how those bonuses are calculated. This is not to say that a bonus cannot be paid to the CSRs.  For instance, the CSRs could be paid a bonus based on compliance with the guidelines for their performance.  It is crucial that any bonus or amount paid to a non-attorney could not be characterized as fee-sharing or as a referral fee."); Theisman Decl. at ¶ 4.ggg, MSJ Evid p. 241, 552-556 (authenticating and attaching FTC-RAD-001-0163703 to 0163707, at FTC-RAD-001-0163706 stating: "[I]t seems more likely than not that the proposed bonus arrangement would be found to violate CRPC 1-320."). | |
| 240.   At times, Foti would send emails to the Corporate Defendants' sales personnel regarding sales process and guidelines.<br><br>Theisman Decl. at ¶ 4.tt, MSJ Evid p. 240, 513 (authenticating and attaching | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| FTC-RAD-001-0068198); *id.* at ¶ 4.ww, MSJ Evid p. 241, 518 (authenticating and attaching FTC-RAD-001-0072682, stating, among other things: "I the [sic] company is very concerned with your numbers!  In Aug you sold 37 reports vs. only 10 Litigations.  These numbers are unacceptable and the company cannot afford to pay a large bonus for such a low conversion ratio?  I hope you would agree that these numbers are not what we were trying to accomplish with the new bonus system.  If you can please email me back an explanation on this so we can understand what happened that would be great."); *id.* at ¶ 4.bbbb, MSJ Evid p. 242, 643-645 (authenticating and attaching FTC-RAD-001-0232680 to 0232682); *id.* at ¶ 4.vv, MSJ Evid p. 241, 516-517 (authenticating and attaching FTC-RAD-001-0072573 to 0072574). | action.<br><br>Marshall Decl., at ¶ --. |
| 241.   At times, Foti monitored the use of "leads" by sales people, even instructing those sales people to create Excel spreadsheets and then report to Foti on the status of a sales lead. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 41-6 at Page ID 2736; Chang Decl. at ¶ 4.jj, MSJ Evid p. 3. | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 242.   Foti received and then provided to sales people messages from potential clients, passing them on as "leads."<br><br>Theisman Decl. at ¶ 4.fff, MSJ Evid p. 241, 551 (authenticating and attaching FTC-RAD-001-0156323, email from a sales person to other Brookstone sales people stating:<br>"Good afternoon,<br>Jeremy has been sending NEW Chase Bank leads/messages from our answering service.  I understand we're all busy however, it is absolutely critical YOU<br>  1) Call back all leads SAME DAY<br>  2) Put client info in ILS EVERY TIME<br>  3) Schedule QUALITY appointments for Banking Specialists<br>Please remember. . . .  These clients are | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| calling us, leaving a message and NEED a call back ASAP!!!!!! Also… work closest to the MONEY! Things can ONLY get better!"). | |
| 243.   On March 21, 2016, Foti sent an email to sales people stating:  "Attached is a daily sales sheet that we can use as a tracking tool for all of your calls and appointments.  Please take a look at it and then go back and plug in the numbers from this month.  To start please email this to me at the end of each day so we can keep our eye on the target."<br><br>Theisman Decl. at ¶ 4.hhhh, MSJ Evid p. 242, 659-651 (authenticating and attaching FTC-RAD-002-0202972 to 0202974). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 244.   On January 21, 2011, Foti sent an email to other Brookstone personnel on setting up training meetings for sales staff.<br><br>Theisman Decl. at ¶ 4.qqqq, MSJ Evid p. 242, 683-684 (authenticating and attaching FTC-RAD-002-0296308 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0296309). | |
| | Marshall Decl., at ¶ --. |
| 245.   Foti took part in meetings to determine the sales process.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 114:19-115:8, 124:21-125:11, MSJ Evid p. 819, 821-822 (meetings regarding content of mailers); Theisman Decl. at ¶ 4.qqqq, MSJ Evid p. 242, 683-684 (authenticating and attaching FTC-RAD-002-0296308 to 0296309); *id.* at ¶ 4.tttt, MSJ Evid p. 243, 691-725 (authenticating and attaching FTC-RAD-002-0325546 to 0325580). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 246.   At times, Foti would distribute sales scripts to sales people.<br><br>Theisman Decl. at ¶ 4.yyy, MSJ Evid p. 242, 628-632 (authenticating and attaching FTC-RAD-001-0224438 to 0224442); *id.* at ¶ 4.xxx, MSJ Evid p. 242, 621-627 (authenticating and attaching FTC-RAD-001-0224419 to 0224425); *id.* at ¶ 4.zzz, MSJ Evid p. 242, 633-637 (authenticating and attaching FTC-RAD-001-0225464 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0225468); *id.* at ¶ 4.aaaa, MSJ Evid p. 242, 638-642 (authenticating and attaching FTC-RAD-001-0225511 to 0225515). | |
| 247.   Torchia, the purported owner of Brookstone, declared:  "Although Jeremy Foti was technically a 'consultant' for Brookstone, he was, along with Damian Kutzner, responsible for all non-legal aspects of Brookstone's operation."<br><br>DE 186-4, Torchia Decl. at Page ID 5371-72, ¶ 6. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 248.   Former Brookstone and Advantis attorney Jonathan Tarkowski declares:  "Damian Kutzner and Jeremy Foti, another non-attorney, were responsible for Brookstone/Advantis financial matters.  Damian Kutzner and Jeremy Foti supervised the individuals primarily responsible for customer contact—the 'Civil Litigation Representatives' (CLRs) and 'Banking Specialists.'"<br><br>DE 186-3, Tarkowski Decl. at Page ID | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 5359, ¶ 9. | |
| 249.   In a deposition taken as a result of ULG's bankruptcy, Brookstone's then bookkeeper, Josephine Lobo, testified that Brookstone's management was "Vito [Torchia], Damian [Kutzner], and Jeremy [Foti]." <br><br> Lobo Decl. at ¶¶ 4-5, Att. 1 at 9, MSJ Evid p. 231. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 250.   In a deposition taken as a result of ULG's bankruptcy, Brookstone's then bookkeeper, Josephine Lobo, testified that Torchia, Kutzner, and Foti received the same compensation from Brookstone. <br><br> Lobo Decl. at ¶¶ 4 & 6, Att. 1 at 13, MSJ Evid p. 235. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 251.   A Brookstone employee wrote an email to Torchia, Kutzner, and Foti seeking their approval to become the direct supervisor over the sales operation. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 4.ccc, MSJ Evid p. 241, 543 (authenticating and attaching FTC-RAD-001-0106007). | other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 252.   Brookstone obtained ethics advice, which was shared only with Torchia, Kutzner, and Foti.<br><br>Theisman Decl. at ¶ 4.ggg, MSJ Evid p. 241, 552-556 (authenticating and attaching FTC-RAD-001-0163703 to 0163707, cover email on memo regarding Brookstone's bonus structure, from Torchia to Kutzner and Foti, stating "Confidential.  Do not distribute."); *id.* at ¶ 4.hhh, MSJ Evid p. 241, 557-576 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, cover email from Torchia is to just Kutzner and Foti); *id.* at ¶ 4.iii, MSJ Evid p. 241, 577-581 (authenticating and attaching FTC-RAD-001-0164311 to 0164315, cover email on memo regarding Brookstone's claim to be a national law firm, from Torchia to Kutzner and Foti, stating "This is Confidential Memo not to be | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 253. In response to the ethics opinion Foti responded: "This looks pretty good overall just need to change a few things," to which Kutzner wrote: "You didn't read it?"<br><br>Theisman Decl. at ¶ 4.jjj, MSJ Evid p. 241, 582 (authenticating and attaching FTC-RAD-001-0168632). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 254. In response to one piece of ethics advice, Foti wrote: "I think we need to keep in mind he is an ethic's attorney so he is going to always say you shouldn't do this you shouldn't do that."<br><br>Theisman Decl. at ¶ 4.uu, MSJ Evid p. 240, 514-515 (authenticating and attaching FTC-RAD-001-0069272 to 0069273). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 255. The FTC sought discovery from Foti on his control over the Corporate Defendants and he did not identify or produce any documents controverting the FTC's evidence. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 9, MSJ Evid p. 243-244. | other individual defendants in this action. |
| | Marshall Decl., at ¶ --. |
| **B.      Foti Helped Draft Mailers and Sales Scripts.** ||
| 256.   Foti owned and controlled GAMC Services Inc. ("GAMC Services").<br><br>Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, response to RFA 89). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 257.   Foti owned and controlled DND Consulting Inc.<br><br>Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, response to RFA 88). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 258.   Foti owned and controlled Webstar Inc. ("Webstar"). | *This* Defendant lacks the knowledge or information and belief to dispute or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, response to RFA 86); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 143:17-18, MSJ Evid p. 825 (Q.  What was Webstar?  A.  Webstar was an extension of GAMC Services. . . .") *id.* at 158:22-159:12, MSJ Evid p. 829 (noting that multiple people knew he owned Webstar). | declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.  Marshall Decl., at ¶ --. |
| 259.   Foti, through GAMC Services and Webstar, arranged for the Corporate Defendants' mailers to be sent to consumers.  DE 78-1, Foti July Decl.at 3538; Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 105:1-3, MSJ Evid p. 817  ("Q.  Would you say that the direct mail was the most commonly used form of solicitation?  A.  I would probably say that was correct."); *id.* at 109:12-22, MSJ Evid p. 818 ("Q.  And your consulting services, did it have anything to do with the mailers?  A.  As far as?  Q.  Anything.  A.  Well, yeah.  I would | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.  Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| – I would find services for them to get quotes on whatever marketing they were seeking and see, you know, how the pricing would look; and, you know, based off of what Vito wanted to have go out, rather be it mail or whatever type of marketing, he would say, 'Hey this is what I want to do.  Can you find some vendors that will help?'"); *id.* at 110:19-23, MSJ Evid p. 818 ("Q.  What I'm asking you is:  You, as part of your consulting services, would provide the mailing companies with proofs and copies of the mailers that they were instructed to, then, send to consumers?  A.  It's – it's possible."); *id.* at 144:10-13, MSJ Evid p. 825 ("Q.  What did Webstar do regarding the marketing?  A.  It was a facilitator.  It would locate the best marketing, the lowest prices, and, you know, who can do the best job and then subcontract them."); DE 78-1, Foti July 2016 Decl. at page ID 3539, ¶ 10 (declaring his duties included "[o]btain[ing] or arrang[ing] for the preparation of law firm supplied creative content, advertising, campaign | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| management and other related services). | |
| 260.   At times, Foti circulated the mailers to Torchia.<br><br>Ex. 75 (email from Foti to Torchia attaching mailers to be sent to consumers); Theisman Decl. at ¶ 4.n, MSJ Evid p. 239, 330-332 (authenticating and attaching Ex. 75); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (authenticating and attaching FTC-RAD-001-0065189 to 0065190, email from Foti to Torchia attaching a mailer). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 261.   Not all of the mailers sent to consumers were approved by attorneys.<br><br>Ex. 79 at FTC-RAD-001-0088985 (email from Torchia to Kutzner and Foti stating: "SEE THE ATTACHED MAILER.  THIS WAS NOT AUTHORIZED!  WHO SENT THIS AND WHEN WAS IT SENT.  THERE ARE SO MANY THINGS WRONG WITH THIS I CANNOT EVEN BEGIN TO LIST THEM."); Theisman Decl. at ¶ 4.r, MSJ Evid p. 239, 341-343 (authenticating and attaching Ex. 79). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 262.   In March 2011, Foti sent an email to Kutzner and Torchia stating:<br>"Here is where we should target until we run out of local data.<br>Min loan – 400K<br>NOD and late payments (no current loans)<br>Chase, Aurora, Wells, Citi, Ocwen<br>Add to mailer –Mass joinder lawsuit claiming trial loan modification fraud."<br><br>Ex. 74; Theisman Decl. at ¶ 4.m, MSJ Evid p. 239, 329 (authenticating and attaching Ex. 74). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 263.   Foti sent an email to Kutzner, subject line "info for mailer," stating "This is what I am thinking for inside message for mailer" and then included the following text:<br>"We have been trying to reach you to discuss our landmark victory against Bank of America in California supreme court.  Bank of America was not pleased with this decision as it now opens up many different legal channels on your case.  Brookstone is preparing to sue the trustee assigned to foreclose | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| on your property for wrongful foreclosure and demand that they immediately cancel your sale date scheduled for _____.  If you would like to be included in this case we need to hear from you as soon as possible.  This is a very time sensitive matter so please call us at XXX XXX XXXX."<br><br>Ex. 78; Theisman Decl. at ¶ 4.q, MSJ Evid p. 239, 340 (authenticating and attaching Ex. 78). | |
| 264.   Foti provided text for mailers to subordinates at Brookstone, had subordinates create mailer proofs incorporating that text, and then further arranged for those mailers to be distributed.<br><br>Ex. 76 (email chain showing Foti providing text for a mailer to Josh Cook, who then created a mailer proof that Foti then provided to Kutzner); Ex. 77 (email chain showing Foti taking mailer completed by Cook and identifying it as the final one in an email | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| to bobby@clientprocessingcenter.com); Theisman Decl. at ¶¶ 4.o & 4.p, MSJ Evid p. 239, 333-339 (authenticating and attaching Ex. 76-77); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (authenticating and attaching FTC-RAD-001-0064644 to 0064646, email from Foti to a mailing vendor providing mailer). | |
| 265.   Foti sent and received emails attaching mailers sent to consumers.<br><br>Theisman Decl. at ¶ 4.ooo, MSJ Evid p. 241 (authenticating and attaching FTC-RAD-001-0183728 to 0183731, an email from Torchia to Foti attaching an approved mailer); *id.* at ¶ 4.ss, MSJ Evid p. 240, 511-512 (authenticating and attaching FTC-RAD-001-0065189 to 0065190, an email from Foti to Torchia attaching a mailer). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 266.   Foti received draft mailers from other sales staff.<br><br>Theisman Decl. at ¶ 4.kk, MSJ Evid p. 240, 467-470 (authenticating and attaching FTC-RAD-001-0019904 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the |

171

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0019907); Ex. 76 (email chain showing Foti providing text for a mailer to Josh Cook, who then created a mailer proof that Foti then provided to Kutzner.); Ex. 77 (email chain showing Foti taking mailer completed by Cook and identifying it as the final one in an email to bobby@clientprocessingcenter.com); Theisman Decl. at ¶ 4.o and 4.p, MSJ Evid p. 239, 333-339 (authenticating and attaching Exs. 76-77); *id.* at ¶ 4.rr, MSJ Evid p. 240, 508-510 (authenticating and attaching FTC-RAD-001-0064644 to 0064646, email from Foti to a mailing vendor providing mailer). | other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 267.  Foti was frequently included on emails to sales staff or emails regarding sales process.<br><br>Ex. 87 (Foti copied on email to "Brookstone Banking Specialists"); Theisman Decl. at ¶ 4.u, MSJ Evid p. 240, 363-368 (authenticating and attaching Ex. 87); *id.* at ¶ 4.ll, MSJ Evid p. 240, 471-474 (authenticating and attaching FTC-RAD-001-0040733 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0040736); *id.* at ¶ 4.xx, MSJ Evid p. 241, 519-522 (authenticating and attaching FTC-RAD-001-0079288 to 0079291); *id.* at ¶ 4.uuuu, MSJ Evid p. 243, 726  (authenticating and attaching FTC-RAD-002-0411571, an email from Todd Siedel to Banking Specialists, cc'ing Foti); *id.* at ¶ 4.rrrr, MSJ Evid p. 242, 685-686 (authenticating and attaching FTC-RAD-002-0312583 to 0312584); *id.* at ¶ 4.tttt, MSJ Evid p. 242, 691-725 (authenticating and attaching FTC-RAD-002-0325546 to 0325580). | |
| 268.   In November 2010, Foti provided a copy of a sales script to Kutzner, stating in the email attaching the script: "Check it out made some minor, but good changes." <br><br> Ex. 91; Theisman Decl. at ¶ 4.w, MSJ Evid p. 240, 407-410 (authenticating and attaching Ex. 91). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 269.   In January 2011 Foti wrote an email proposing language for sales people to use to close sales, including | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| lines like "If your case is not strong enough we can't risk the validity of these cases so we would not be able to represent you" and "[t]hese attorneys are so sure that they will win that they will defer 95% of their fee and charge it ONLY IF THEY WIN."<br><br>Ex. 96; Theisman Decl. at ¶ 4.bb, MSJ Evid p. 240, 436-438 (authenticating and attaching Ex. 96). | alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 270.   In December 2010 Foti wrote an email to sales staff directing them to say the following:  "As a case specialist it is my job to see if you are ready to join the case.  As you are aware the attorneys have approved your case so all we need is the signed retainer and a check to get this going.  Remember that 99% of the law firms fees are only earned if they win the case so they feel pretty good about your chances of winning."<br><br>Ex. 97; Theisman Decl. at ¶ 4.cc, MSJ Evid p. 240, 439 (authenticating and attaching Ex. 97). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 271.   In January 2014, Foti sent an | *This* Defendant lacks the knowledge or |

174

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| email attaching a draft script to Kutzner, among others, and stating: "Please look at this and give any feedback you have."<br><br>Theisman Decl. at ¶ 4.zzz, MSJ Evid p. 242, 633-637 (authenticating and attaching FTC-RAD-001-0225464 to 0225468). | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 272.   Over several years, Foti was included on numerous emails attaching scripts and drafts of scripts.  Sometimes, the emails asked for Foti's input on scripts.<br><br>Ex. 92 (email to Foti attaching a draft script and stating:  "Please review and approve the script."); Ex. 93 (email to Foti attaching a draft script and stating: "Check it out and if okay. . .  I will finish the rest!"); Ex. 94 (email from Kutzner to Foti attaching script and stating:  "Can you look over this.. Seems alittle to much!"); Theisman Decl. at ¶¶ 4.x, 4.y, & 4.z, MSJ Evid p. 240, 411-432 (authenticating and attaching Exs. 92-94); *id.* at ¶ 4.kkk, | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| MSJ Evid p. 241, 583-587 (authenticating and attaching FTC-RAD-001-0171170 to 0171174, an email cc'ing Foti asking for approval for a "CLR Work Flow"); *id.* at ¶ 4.ddd, MSJ Evid p. 241, 544-547 (authenticating and attaching FTC-RAD-001-0131388 to 0131341, email dated November 16, 2010 from Kutzner to Foti attaching Brookstone script); *id.* at ¶ 4.ttt, MSJ Evid p. 241, 611 (authenticating and attaching FTC-RAD-001-0201437); *id* at ¶ 4.mm, MSJ Evid p. 240, 475-482 (authenticating and attaching FTC-RAD-001-0040906 to 0040913); *id.* at ¶ 4.nn, MSJ Evid p. 240, 483-490 (authenticating and attaching FTC-RAD-001-0044119 to 0044126); *id.* at ¶ 4.oo, MSJ Evid p. 240, 491-498 (authenticating and attaching FTC-RAD-001-0049059 to 0049066); *id.* at ¶ 4.pp, MSJ Evid p. 240, 499-405 (authenticating and attaching FTC-RAD-001-0049879 to 0049885, email to Kutzner and Foti with a draft script stating: "Thoughts?"); *id.* at ¶ 4.zz, MSJ Evid p. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 241, 526-529 (authenticating and attaching FTC-RAD-001-0079969 to 0079972); *id.* at ¶ 4.bbb, MSJ Evid p. 241, 531-542 (authenticating and attaching FTC-RAD-001-0092325 to 0092336). | |
| 273.   In September 2015, Foti sent an email to a sales person, giving him language to include in an email to a Brookstone client.<br><br>Theisman Decl. at ¶ 4.jjjj, MSJ Evid p. 242, 668 (authenticating and attaching FTC-RAD-002-0212695). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 274.   In April 2015, Kutzner sent an email to Foti stating:  "Another BIG issue we MUST update the SCRIPT!! ME and YOU…..  LETS DO THIS!!!"<br><br>Ex. 95; Theisman Decl. at ¶ 4.aa, MSJ Evid p. 240, 433-435 (authenticating and attaching Ex. 95). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 275.   The FTC sought discovery from | *This* Defendant lacks the knowledge or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Foti on his duties in drafting and creating marketing materials for the Corporate Defendants and he did not identify or produce any documents controverting the FTC's evidence.<br><br>Theisman Decl. at ¶ 10, MSJ Evid p. 244, 754-786. | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 276.   FTC sought discovery regarding any defenses Foti might assert, issuing an interrogatory requiring him to identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses.  In response, Foti asserted only that the FTC would not be able to prove he had control, participated in the relevant acts, or had the relevant knowledge to hold him monetarily liable.  He did not assert that the Corporate Defendants did not commit the alleged acts.  He also did not identify any affirmative defenses.<br><br>Theisman Decl. at ¶ 11, MSJ Evid p. 244, 754-767. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| **C.   Foti Received and Responded to Consumer Complaints and Otherwise Had Knowledge of Bad Acts.** | |
| 277.   Foti, at times, would engage in collection efforts for Brookstone, including bragging to Kutzner on one occasion:  "I took a small amount of them (50) and closed 36." <br><br> Ex. 108; Theisman Decl. at ¶ 4.ii, MSJ Evid p. 240, 458-461 (authenticating and attaching Ex. 108). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |
| 278.   The Receiver found hundreds of "chargebacks" in Foti's office. <br><br> DE 69-2, Declaration of Andrew W. Robertson ("Roberston Decl.") at Page ID 3283-84, ¶ 8 (attaching "true and correct redacted examples of Advices of Chargebacks to Brookstone Law from Merchant Services that were in a box on the floor of Jeremy Foti's office at that time.  The box contained hundreds of envelopes with Merchant Services Chargeback notices."), Page ID 3287-88, Att. 1, 3307-11, Att. 4; Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 291:8-292:10, MSJ Evid p. 842 | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| (admitting he responded to consumer chargebacks). | |
| 279.   Foti worked with others to respond to chargebacks.<br><br>Lobo Decl. at ¶ 10, MSJ Evid p. 221-22; Theisman Decl. at ¶ 4.vvv, MSJ Evid p. 242, 613-619 (authenticating and attaching FTC-RAD-02-0207633 to 0207639; *id.* at ¶ 4.xxxx, MSJ Evid p. 243, 732 (authenticating and attaching FTC-RAD-004-0000044); *id.* at ¶ 4.yyyy, MSJ Evid p. 243, 733 (authenticating and attaching FTC-RAD-004-0000053); Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 291:8-292:10, MSJ Evid p. 842 (admitting he responded to consumer chargebacks). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 280.   Foti received emails from consumers complaining about the Corporate Defendants' services.<br><br>Ex. 100 (Foti receiving and responding to a consumer complaint); Ex. 107 (Foti directing another employee to address a written consumer complaint); Theisman Decl. at ¶¶ 4.dd, 4.ee, & 4.hh, MSJ Evid | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| p. 240, 440-449, 456-457 (authenticating and attaching Exs. 100 and 107); *id.* at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, request admitting he had access to the accounting@brookstonelaw.com email address, response to RFA 29); DE 41-3 at Page ID 2547-53 (complaint sent to "accounting"); *id.* at Page ID 2559-65 (complaints sent to "accounting"); *id.* at 2576 (email complaint sent to "accounting" to which Foti then directs another employee to respond); Chang Decl. at ¶¶ 4.m & 4.n, MSJ Evid p. 2. (authenticating documents in DE 41-3); Theisman Decl. at ¶ 4.bbbb, MSJ Evid p. 242, 643-645 (authenticating and attaching FTC-RAD-001-0232680 to 0232682, email thread with a complaint from a consumer about an individual lawsuit in which nothing had been done as to which Foti instructed sales people to call the client to save the deal). | Marshall Decl., at ¶ --. |
| 281.   One "chargeback" document found in Foti's office relates to a particular client whose signature block | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| for the purported "Credit Card / Debit Card Authorization" is at an angle in comparison to the rest of the document, the margins for the signature block portion of the document are narrower than the remainder of the document, and the date of the signature is for two years prior to the date of the authorized charge.<br><br>Theisman Decl. at ¶ 6, MSJ Evid p. 243 (authenticating and attaching FTC-RFP-0040099 to 0040112, at FTC-RFP-0040102, marked as "confidential" pursuant to protective order and redacted for use in this filing, DE 158). | alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 282.   In November and December 2014, Foti received consumer voice messages directly from Brookstone's answering service, with consumers complaining about unfulfilled promises and not being able to reach Brookstone.<br><br>Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, response to RFA 131, admitting: "In November and | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| December 2014 you received consumer messages from Brookstone's answering service."); Theisman Decl. at ¶ 16, MSJ Evid p. 245 (authenticating and attaching emails to Foti attaching voicemails from consumers from November and December 2014). | |
| 283.   In November 2015, Tarkowski sent an email to Foti, among others, stating concerns he had with consumers reporting to him that they had been promised they would prevail in the mass joinder litigation or otherwise obtain relief.<br><br>DE 186-3, Tarkowski Decl. at Page ID 5361, ¶ 15, and Page ID 5365, Att. 1. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 284.   In 2015, Foti helped draft and send emails stating that Brookstone is "very confident we will prevail" in the mass joinder litigation, that the consumer's accout was "on suspense due to a past due amount," and then responded to emails sent by consumers receiving these messages.<br><br>Theisman Decl. at ¶ 4.nnnn, MSJ Evid | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| p. 242, 677 (authenticating and attaching FTC-RAD-002-0231191, email from Foti to Kutzner with draft language to send to consumers); *id.* at ¶ 4.eeee, MSJ Evid p. 242, 651-652 (authenticating and attaching FTC-RAD-002-0078913 to 0078914, email exchange with consumer that received email claiming "very confident we will prevail," with Brookstone employee reporting to Foti); Ex. 100, Theisman Decl. at ¶ 4.dd, MSJ Evid p. 240, 440-441 (authenticating and attaching Ex. 100); *id.* at ¶ 4.dddd, MSJ Evid p. 242, 650 (authenticating and attaching FTC-RAD-002-0078912, email exchange with consumer receiving "very confident we will prevail" email, and consumer indicating he has been in correspondence with Foti about this); DE 17-6, Rios Decl. at Page ID 2157-58. | |
| 285.   One consumer who received the email from 2015 demanding more money and claiming Brookstone is "very confident we will prevail," responded by stating:  "I am unwilling | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| to put more money into this 'possibility.'  Back when this all started I was promised many things that were never delivered."  Foti responded: "[W]e think things looks [sic] promising."<br><br>Ex. 100; Theisman Decl. at ¶ 4.dd, MSJ Evid p. 240, 440-441 (authenticating and attaching Ex. 100). | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 286.   Foti was aware that Kutzner had been pursued by the FTC in the past.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 39:14-40:11, MSJ Evid p. 808; Theisman Decl. at ¶ 4.ssss, MSJ Evid p. 242, 687-690 (authenticating and attaching FTC-RAD-002-0323522 to 0323525, email including Foti discussing Kutzner's history with the FTC, including a telemarketing ban). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 287.   Foti was aware that Kutzner had previously worked with United Law Group ("ULG") and that ULG had been shut down by criminal law enforcement.<br><br>Ex. 110 (email correspondence | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| discussing criminal investigation of ULG); Theisman Decl. at ¶ 4.jj, MSJ Evid p. 240, 462-466 (authenticating and attaching Ex. 110); *id.* at ¶ 4.ssss, MSJ Evid p. 242, 687-690 (authenticating and attaching FTC-RAD-002-0323522 to 0323525, email exchange including Foti discussing Kutzner and ULG). | other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 288.   Torchia and Kutzner had worked for ULG.<br><br>DE 18, Ex. 2, at Page ID at 2225-40 (Torchia explaining his history with ULG, Kutzner's position with ULG and ULG's demise); *id.* at 2256-57 (Torchia explaining how he opened Brookstone and took on a number of ULG employees); *id.* at 2239-40 (Kutzner was ULG's COO); *United States v. Kutzner*, SACR14-00186-JLS (C.D. Cal.), DE 1 (information), DE 19 (guilty plea). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 289.   Kutzner has been indicted and pled guilty to conspiracy to commit mail fraud and wire fraud related to ULG's loan modification and lender | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| litigation practices.<br><br>*United States v. Kutzner*, SACR14-00186-JLS (C.D. Cal.), DE 1 (information), DE 19 (guilty plea). | without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 290.    In 2012, Gil Mariscal, one of Brookstone's sales managers, stated the following in an email to Kutzner that Foti also received:<br>"When the crap came down with the U.S. Attorney I gave you information to try to help you out and whether it was helpful or not is irrelevant, I was trying to look out for you.  If you don't think that was loyalty then I would have kept my mouth shut and would not have led those investigators in a different direction.  Jeremy knows the person leading the investigation and he believes what I say because the guy has not [sic] reason to doubt me.  I told him Brookstone had nothing to do with all the bullshit Kramer/Kaslow and ULG did and they left it alone.  You know those people came to my home and I never said shit to them.  I instead picked | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| | Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|---|
| 2 | up the phone and called off the dogs | |
| 3 | and sent them in a different direction. | |
| 4 | For them to try to pull Jeremy and me | |
| 5 | into an investigation that we had | |
| 6 | nothing to do with is beyond me.  If you | |
| 7 | don't think that was loyalty Damian, | |
| 8 | then I don't know what is." | |
| 9 | | |
| 10 | Ex. 110 at FTC-RAD-002-0256068; | |
| 11 | Theisman Decl. at ¶ 4.jj, MSJ Evid p. | |
| 12 | 240, 462-466 (authenticating and | |
| 13 | attaching Ex. 110). | |
| 14 | 291.   Brookstone's ethics counsel | *This* Defendant lacks the knowledge or |
| 15 | identified and discussed a Brookstone | information and belief to dispute or |
| 16 | document that made reference to ULG | declare this fact undisputed, as this |
| 17 | in a memo forwarded to Foti by | alleged fact occurred prior to or |
| 18 | Torchia:  "There is an error in the | without this Defendant's involvement |
| 19 | Guidelines, which has 'United' as the | with Advantis Law Group, P.C. or the |
| 20 | defined term for Brookstone.  This | other individual defendants in this |
| 21 | could prove highly detrimental to | action. |
| 22 | Brookstone because it could be seen as | |
| 23 | evidence that Brookstone is a | Marshall Decl., at ¶ --. |
| 24 | continuation of United." | |
| 25 | | |
| 26 | Theisman Decl. at ¶ 4.hhh, MSJ Evid p. | |
| 27 | 241, 557-576 (authenticating and | |
| 28 | attaching FTC-RAD-001-0164070 to | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0164089, at FTC-RAD-001-0164078). | |
| 292.   At least at one point, there were staffing guidelines that stated:  "This is a list of mandatory guidelines to be followed by any Resource Management employee that has an assignment with Brookstone Law, Inc. ("United"). . . ."<br><br>Ex. 88 at FTC-RAD-002-0133032; Theisman Decl. at ¶ 4.v, MSJ Evid p. 240, 369-406 (authenticating and attaching Ex. 88). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 293.   In an email from 2012, Gil Mariscal wrote to Foti, among others, regarding banking specialists' behavior: "Cain brings me a list of clients every day that need repeated calls because they are being ignored and we are losing monthly revenue because of it. Their response is, I don't get paid on residuals so I don't care about dealing with those clients I did my job.  They complain our BBB rating is an 'F', they complaint [sic] that they can't close deals unless they stretch the truth. . . ."<br><br>Ex. 110 at FTC-RAD-002-0256066; | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Theisman Decl. at ¶ 4.jj, MSJ Evid p. 240, 462-466 (authenticating and attaching Ex. 110). | |
| 294.   The FTC sought discovery from Foti on his duties in communicating with clients, and he did not identify or produce any docments controverting the FTC's evidence.<br><br>Theisman Decl. at ¶ 10, MSJ Evid p. 244. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| **D.    Foti was Directly Involved in the May 2016 "Account Due" Scheme.** | |
|---|---|
| 295.   Foti was included on numerous emails regarding the April/May 2016 draft "Account Due" letters and draft invoices, including the final draft invoice circulated on May 4, 2016.<br><br>DE 41-6 at Page ID 2729-32; Chang Decl. at ¶ 4.jj, MSJ Evid p. 3; Theisman Decl. at ¶¶ 4.ff, 4.gg, & 4.wwww, MSJ Evid p. 240, 243, 450-455, 729-731 (authenticating and attaching Ex. 103, FTC-RAD-002-0203558 to 0203560; Ex. 104, FTC-RAD-002-0535454 to | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0535456; FTC-RAD-002-0535460 to 0535462). | |
| 296.  Foti received at least some emails from consumers complaining about the "Account Due" letters.<br><br>DE 41-3 at Page ID 2576; Chang Decl. at ¶ 4.n, MSJ Evid p. 2; Ex. 107, FTC-RAD-007-0000771 to 0000772; Theisman Decl. at ¶ 4.hh, MSJ Evid p. 240, 456-457 (authenticating and attaching Ex. 107). | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 297.  Foti directed other staff members to respond to consumer complaints regarding the "Account Due" letters.<br><br>DE 41-3 at 31, Page ID 2576; Chang Decl. at ¶ 4.n, MSJ Evid p. 2. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 298.  In one consumer complaint regarding the "Account Due" letters that Foti received, the consumer expressed concern about the Account Due letter and explained that she had previously | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| been convinced to pay an additional $1,500 based on claims that the *Wright v. Bank of America* litigation was close to resolution in the fall of 2015.<br><br>Ex. 107, FTC-RAD-007-0000771 to 0000772; Theisman Decl. at ¶ 4.hh, MSJ Evid p. 240, 456-457 (authenticating and attaching Ex. 107). | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 299.   Throughout 2015, there was not an operative complaint on file in *Wright v. Bank of America*.<br><br>*Petersen v. Bank of America*, 232 Cal. App. 4th 238 (Dec. 11, 2014); DE 12, Madden May 2016 Decl., at Page ID 657-60, Att. 28. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| 300.   The Receiver found on Foti's desk copies of the "Accounting Inbound SCRIPT (Inbound)" with handwritten notes about the "accounting hold" referred to in the May 5 letter.<br><br>DE 69-2, Robertson Decl. at Page ID 3282-84, 3289-90, Ex. 11, ¶ 5, Att. 1. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| | |
| | Marshall Decl., at ¶ --. |
| 301.   The Receiver found on Foti's desk a printout tallying the results of the collection efforts related to the Account Due letters with the title "Damian and Regina Crushing IT!!!"<br><br>DE 69-2, Robertson Decl. at Page ID 3282-86, Ex. 11, ¶ 5, Att. 1. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. |
| **E.     Marshall Took Control of Advantis with Full Knowledge of Torchia's, Kutzner's, Broderick's and Brookstone's Malfeasance.** | |
| 302.   Marshall intended to transfer clients from Brookstone to Advantis, including providing instruction regarding the "Brookstone to Advantis client hand-off," and Brookstone clients "subject to transfer to Advantis."<br><br>Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-6003, Att. 7; Ex. 44, DE 218-2, Madden April 2017 Decl. at Page ID 6004 Att. 8; Ex. 48, DE 218-2, Madden April 2017 Decl. at Page ID 6005, Att. 9; Madden July 2017 Decl. at | Disputed.  There were a tiny number of clients—no more than a half dozen—that were considered as possible candidates because the coordination efforts to start filing mass joinder cases in coordination with co-defendants was slow in developing and the idea was to jump-start one small test case in one joinder. There was never any global transfer clients and/or Brookstone cases to Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| ¶ 2.h, Att. 8, MSJ Evid p. 879, 1053, 1055, Marshall Depo. (testimony authenticating Exs. 44 & 46 at 178:7-12, 179:1-20, 185:14-19, 186:10-17, 187:3-16); DE 218-2, Madden April 2017 Decl. at Page ID 6069, Marshall Depo. (testimony authenticating Ex. 48 at 194:11-195:1Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Exs. 46, 44, and 48). | |
| 303.   Marshall sent letters to Brookstone clients informing them that their cases were being transferred to Marshall and Advantis.<br><br>Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-6003, Att. 7; Marshall Depo. (testimony authenticating  Ex. 46 at 185:14-19, 186:10-17, 187:3-16); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 46). | Disputed.  There were a tiny number of clients—no more than a half dozen—that were considered as possible candidates because the coordination efforts to start filing mass joinder cases in coordination with co-defendants was slow in developing and the idea was to jump-start one small test case in one joinder. There was never any global transfer clients and/or Brookstone cases to Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |
| 304.   On numerous occasions, Marshall requested that Kutzner and Foti begin fully marketing Advantis' mass joinder services urging them to "fully open | Disputed.  During Marshall's brief tenure  with Advantis Law Group, P.C., he issued three to three to six letters, which he never heard the results of nor |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| marketing," have marketing "full-on," and "open up the marketing." Ex. 54, DE 218-2, Madden April 2017 Decl. at Page ID 6078, Att. 17; Ex. 55, DE 218-2, Madden April 2017 Decl. at Page ID 6006, Att. 10; Ex. 56, DE 218-2, Madden April 2017 Decl. at Page ID 6094, Att. 18; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 1059, 1061, Marshall Depo. (testimony authenticating Exs. 54-56 at 215:4-216:7, 222:4-14, and 223:22-224:25); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Exs. 54, 55, 56). | followed up with as to whether the letters actually went out or if any of those clients actually switched and became either Advantis Law clients (which Marshall never had any information about or control over) nor Advantis Law Group, which he would have known and been informed, if true. In fact, Marshall has no knowledge whether these letters actually went out. Marshall never reviewed or individually vetted the marketing.  As his deposition states, multiple times, whenever the issue of marketing came up, Kutzner assured Marshall that a separate attorney had reviewed and fully vetted and signed off on the marketing and advertising as fully compliant with all California Bar rules, state and federal laws, including FTC requirements.  Foti's and Kutzner's initial disclosures identify the reviewing attorney. Marshall Decl., at ¶ --. |
| 305.   Marshall had an Advantis email address of Charles@advantislaw.com. | Undisputed. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Ex. 62, DE 218-2, Madden April 2017 Decl. at Page ID 6009; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1064, Marshall Depo. (testimony authenticating Ex. 62 at 253:8-254:9); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 62); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1171, Marshall's First RFAs, RFA 47.b admitted pursuant to FRCP 36(a)(3). | |
| 306.   Marshall received multiple emails from people associated with the Corporate Defendants from advantislaw.com email addresses and multiple emails from people who claimed Advantis titles in their email signature blocks.<br><br>Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-98, Att. 7; Ex. 57, DE 218-2, Madden April 2017 Decl. at Page ID 6007-08; Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1049, | Disputed.  This fact is vague.  Marshall considered this email domain to be associated with Advantis Law Group. He used 'advantislaw' because it was shorter.  Prior to his deposition, Marshall had no awareness of Advantis Law as opposed to Advantis Law Group.  Marshall rarely used this email—less than a few dozen emails were ever sent or received over the few months Marshall was involved with Advantis Law Group.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 1055, 1062, Marshall Depo. (testimony authenticating Exs. 37, 46, and 57 at 129:11-130:10, 185:14-19, 186: 10-17, 187: 3-16, 226:24-227:11; Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Exs. 46, 57, 37); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1171-72, Marshall's First RFAs, RFAs 46, 48-51 admitted pursuant to FRCP 36(a)(3). | |
| 307.   Marshall expected Kutzner and Foti to be in charge of the marketing and, although asking that the marketing be "full on," never reviewed any of the Advantis marketing materials.<br><br>Ex. 55, DE 218-2, Madden April 2017 Decl. at Page ID 6006, Att. 10; DE 218-2, Madden April 2017 Decl. at Page ID 6072, Marshall Depo. at 218:8-20, Att. 16; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1061, Marshall Depo. (testimony authenticating  Ex. 55 at 222:4-14); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 55). | Undisputed.  Marshall relied on the attorney who had vetted all this for compliance based on Kutzner's representations.  Also, the "full on" comments were few, and spaced weeks or sometimes months apart, and never came to anything—mere suggestions that never transpired.<br><br>Marshall Decl., at ¶ --. |
| 308.   Marshall scheduled a meeting | Disputed.  Defendant never scheduled |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| with the Brookstone/Advantis sales people to go over the entire business, including sales scripts.<br><br>Ex. 41; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1050, Marshall Depo. (testimony authenticating Ex. 41 at 166:2-7, 167:9-17); Theisman Decl. at ¶ 4.e, MSJ Evid p. 239, 287-288 (authenticating and attaching Ex. 41). | any such meeting because his inquiries about the overall operation was never satisfied, and the discussions between co-defendants and Marshall never reached the stage where such a meeting was actually warranted. The meeting of this kind never in fact happened—an Marshall does not recall following up to make it happen later.<br><br>Marshall Decl., at ¶ --. |
| 309.  Marshall first appeared  in the *Wright v. Bank of America* litigation on July 20, 2015.<br><br>DE 13-1, Madden May 2016 Decl. at Page ID 833-34, Att. 38. | Undisputed.  Marshall appeared as co-counsel only.  Marshall did not manage client contacts.  Marshall appeared on the pleadings solely to help with litigation and negotiation strategy.<br><br>Marshall Decl., at ¶ --. |
| 310.  Marshall appeared on pleadings in  the *Wright v. Bank America* litigation on behalf of all plaintiffs.<br><br>DE 13-1, Madden May 2016 Decl. at Page ID 837-41, Att. 39; DE 13-3, Madden May 2016 Decl. at Page ID 904-08, Att. 49; Ex. 62, DE 218-2, Madden April 2017 Decl. at Page ID | Undisputed.  Marshall appeared as co-counsel only.  Marshall did not manage client contacts.  Marshall appeared on the pleadings solely to help with litigation and negotiation strategy.  Up to seven attorneys appeared on the pleadings in the *Wright* litigation but Plaintiff only sued Torchia and Marshall. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 6009-12, Att. 12; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1172, Marshall's First RFAs, RFA 56 admitted pursuant to FRCP 36(a)(3); *id.* at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1064, Marshall Depo. (testimony authenticating  Ex. 62 at 253:8-254:9); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 62). | Marshall Decl., at ¶ --. |
| 311.   As a counsel of record, Marshall received the "Separate Case Management Statement of Defendants" filed in the *Wright v. Bank of America* litigation highlighting Brookstone's, Torchia's, Broderick's, and Kutzner's checkered histories. | Undisputed.  Marshall appeared as co-counsel only.  Marshall received and read the statement, which appeared to be tendentious boilerplate intimidation tactics.  The juge agreed and admonished defendant Bryan Cave— attorney Stuart Price. |
| DE 13-1, Madden May 2016 Decl. at Page ID 809, 816, 818-20, 822, Att. 36; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1064-65,Marshall Depo. at 255:13-256:13;  257:2-9, 259:7-8. | Marshall Decl., at ¶ --. |
| 312.   Marshall appeared in the *Wright v. Bank of America* litigation because if *Wright v. Bank of America* were dismissed it would hamper his ability to | Disputed.  Marshall stated that if the *Wright* case was lost, it would hurt the credibility of joinder cases in general.  For that reason, he sought to keep the |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| market new mass joinder litigation under the "Advantis" name.<br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6075, Marshall Depo. at 250:4-11, 251:15-16, Att. 16. | case alive and thriving. His goal was to bring credibility to joinder cases so he could file one someday himself and vindicate borrower rights in such a case.<br><br>Marshall Decl., at ¶ --. |
| 313.   Marshall told Foti and Kutzner that the *Wright* matter and his participation in it and any settlement was dependent on his "presenting well for Advantis."<br><br>Ex. 55, DE 218-2, Madden April 2017 Decl. at Page ID 6006, Att. 10; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1061, Marshall Depo. (testimony authenticating  Ex. 55 at 222:4-14); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 55). | Undisputed.  But by Advantis, Marshall was referring to Adavntis Law Group *only*.<br><br>Marshall Decl., at ¶ --. |
| 314.   Marshall worked to ensure the *Wright* case "stays on track" due to its importance and told Foti he had "done all the right things to keep that baby alive."<br><br>Ex. 57, DE 218-2, Madden April 2017 | Undisputed.  Based on his foreclosure litigation expertise, Marshall believed the *Wright* case was the only joinder case still alive in June of 2016 when the FTC sued everyone.  It was alive partially due to Marshall's efforts, for which he never sought or received compensation of any kind.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| Decl. at Page ID 6007, Att. 11; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1062, Marshall Depo. (testimony authenticating Ex. 57 at 226:24-227:11); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 57). | |
| 315.   Marshall  participated in the *Wright* matter, signing a pleading as "Advantis Law Group, PC, Charles Marshall, Attorneys for All Plaintiffs."<br><br>Ex. 62, DE 218-2, Madden April 2017 Decl. at Page ID 6009, 6012, Att. 12; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1064, Marshall Depo. (testimony authenticating  Ex. 62 at 253:8-254:9); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 62). | Undisputed. |
| 316.   After his bar suspension concluded in 2016, Marshall deepened his involvement in Brookstone matters, telling Jonathan Tarkowski that, per instructions from Foti and Kutzner, he would need "access to all the pleadings for recent Brookstone joinder cases that | Disputed.  Marshall did not deepen his involvement but lessened it overall.  He never signed back onto the *Wright* or any other case.  He went off the *Jason Le* case too.  And when he returned to that case after his suspension, he signed back on under his name—NOT under |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| you filed.  I need to review and assess status of hearings, pleadings, next steps, etc."<br><br>Ex. 53, DE 278-1 at Page ID 6995, 6998, Madden May 22, 2017 Decl. at ¶ 2.a, Att. 1; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1058, Marshall Depo. (testimony authenticating  Ex. 53 at 210:13-211:14); Theisman Decl. at ¶ 4.h, MSJ Evid p. 239, 291 (attaching and authenticating Ex. 53); *id.* at ¶ 4.gggg, MSJ Evid p. 242, 657-658 (attaching and authenticating FTC-RAD-002-0148328 to 0148329); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1171-72, Marshall's First RFAs, RFA 57-62 admitted pursuant to FRCP 36(a)(3) . | Advantis Law Group.  Marshall requested pleadings of the different Brookstone cases because again, he intended to do what he could to make the pleadings better from a litigation point of view.  Marshall believed that if the cases were dismissed with prejudice, it would hurt foreclosure joinder cases generally.<br><br>Marshall Decl., at ¶ --. |
| 317.   In numerous emails including Marshall, Advantis was referred to as "Advantis" or "Advantis Law."<br><br>Theisman Decl. at ¶ 4.mmm, MSJ Evid p. 241, 589-594 (authenticating and attaching FTC-RAD-001-0173291 to | Disputed.  Co-defendants might have used these terms interchangeably but the ONLY Advantis entity Marshall was aware of was Advantis Law Group—using "Advantis" or "Advantis Law" as shorthand. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0173296); DE 218-2, Madden April 2017 Decl., at Page ID 6055-57, 6004, 6006, 6007-08 (attaching Exs. 30, 44, 55, and 57); Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 879, 1040-41, 1043, 1050-51, 1053, 1056, 1062, Marshall Depo. (testimony authenticating Exs. 30, 32, 41, 43-44, 51, 55, 57 at 80:16-18, 81:11-82:5, 93:18-94:10, 166:2-7, 167: 9-17, 172:7-21, 178:7-12, 179:1-20, 203:25-204:18, 222:4-14, 226:24-227:11; Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Exs. 30, 44, 55, and 57; *id.* at ¶¶ 4.a, 4.e, 4.f, & 4.g, MSJ Evid p. 239, 272, 287-290  (authenticating and attaching Exs. 32, 41, 43, and 51). |  |
| 318.   Marshall signed a payment processing application for "Advantis Law."  Theisman Decl. at ¶ 4.mmm, MSJ Evid p. 241, 589-594 (authenticating and attaching FTC-RAD-001-0173291 to 0173296). | Dsiputed.  Marshall did not sign a payment processing application for Advantis Law, P.C., but for Adbvantis Law Group, P.C., which was referred to in short hand as Advantis Law.  Marshall Decl., at ¶ --. |
| 319.   Marshall appeared on behalf of and signed the stipulation for the | Disputed.  Marshall was never aware that Advantis Law, P.C., was a separate |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| preliminary injunction in this matter on behalf of "Advantis Law Group P.C." and "Advantis Law P.C."<br><br>DE 50 at Page ID 2959; DE 53 at Page ID 2967-69, DE 53-1 at Page ID 2972-3005. | enity that predates Advantis Law Group, P.C.  Marshall appeared solely to state that he had a legal conflict and could not represent either entity. Marshall was factually mistaken about who and what Advantis Law was believing it to be an aka for Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |
| 320.   Marshall was aware that Torchia and Brookstone were facing bar discipline related to the mass joinder practice.<br><br>Ex. 30, DE 218-2, Madden April 2017 Decl. at Page ID 6055-57, Att. 15; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1040-41, Marshall Depo. (testimony authenticating Ex. 30 at 80:16-18, 81:11-82:5); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 30); DE 218-2, Madden April 2017 Decl. at Page ID 6061-62, Marshall Depo. at 24:6-25:14, Att. 16. | Undisputed.  Marshall learned of Torchia and Brookstone's troubles, which is why he did not associate with Torchia and why he signed onto Advantis Law Group, so that the new corporate entity could do matters right and be Bar and otherwise legally compliant.<br><br>Marshall Decl., at ¶ --. |
| 321.   Notwithstanding his knowledge | Dsiputed. Marshall decided to not |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| of Torchia's California State Bar disciplinary issues related to Brookstone's mass joinder litigations, Marshall did no systematic analysis of the Brookstone mass joinder cases, undertook no investigation and did not research the bar complaints against Torchia at "any kind of level of detail."<br><br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6061-62, 6068-69, Marshall Depo. at 24:6-25:14, 146:12-16, 196:18-20, Att. 16. | involve himself directly with Torchia and Brookstone, deciding to create a new entity—Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --. |
| 322.   Marshall was aware of Kutzner's history, including that ULG had been shut down by criminal law enforcement.<br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 245:24-246:1-17, Att. 16; DE 13-1, Madden May 2016 Decl. at Page ID 815-16, Att. 36. | Undisputed.  Marshall was later made aware. |
| 323.   Marshall claims he relied solely on Kutzner's oral representations that the Brookstone/Advantis practices were bar compliant. | |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 218-2, Madden April 2017 Decl. at Page ID 6071, 6073, Marshall Depo. at 215:23-216:24; 244:19-25, Att. 16. | |
| 324.   Marshall testified he never saw any documents corroborating Kutzner's claim that any advertising materials were vetted and bar compliant.<br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 247:10-248:5, Att. 16. | Dispute—I specifically relied on his oral representations that a specific attorney vetted same practices—I was not relying on Kutzner per se—I was relying on the attorney he indicated had done the due diligence. Clearly I would not rely on Kutzner for this due diligence—as he is not an attorney and thus would not clearly know all the rules himself. |
| 325.   Marshall testified that at no time did he do "an independent corroboration" of what Kutzner told him.<br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6077, Marshall Depo. at 261:3-9, Att. 16. | True. |
| 326.   Marshall relied exclusively on the word of Kutzner, a non-lawyer with a checkered history, as conclusively establishing the legality of the business practices. | True. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 247:10-248:5, Att. 16. | |
| 327. Marshall was aware of Broderick's past involving another alleged mass joinder fraud as of early March 2015, communicating with Foti and Kutzner regarding the Federal District Court actions of the Florida and Connecticut Attorneys General.<br><br>Ex. 35, DE 218-2, Madden April 2017 Decl. at Page ID 6013-52, Att. 13; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1045, Marshall Depo. (testimony authenticating Ex. 35 at 101:19-102:18); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 35); DE 218-2 at Page ID 6067, Marshall Depo. at 101:21-103:7; Ex. 36; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1047, Marshall Depo. (testimony authenticating Ex. 36 at 121:16-122:7); Theisman Decl. at ¶ 4.c, MSJ Evid p. 239, 281-282 (attaching and authenticating Ex. 36). | See 324 again—dispute and reference that language. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 328.   The Federal District Court actions of the Florida and Connecticut Attorneys General against Broderick involved a mass joinder litigation scheme by a purported law firm using advertising tactics like those used by Brookstone and Advantis.<br><br>Ex. 35, DE 218-2, Madden April 2017 Decl. at Page ID 60134, 6015-17, Att. 13 at ¶¶ 3, 7-11; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1045, Marshall Depo. (testimony authenticating Ex. 35 at 101:19-102:18); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 35). | This Defendant does not have any personal knowledge of these actions and on that basis can neither dispute nor declare this fact as undisputed. |
| 329.   The Federal District Court Complaints filed by the Florida and Connecticut Attorneys General identify Broderick as the "front man" for the mass joinder litigation scheme.<br><br>Ex. 35, DE 218-2, Madden April 2017 Decl. at Page ID 6021, Att. 13 at ¶ 31; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1045, Marshall Depo. (testimony authenticating Ex. 35 at | This Defendant does not have any personal knowledge of these actions and on that basis can neither dispute nor declare this fact as undisputed. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 101:19-102:18); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 35). | |
| 330.   Marshall acknowledges analyzing/investigating the Florida and Connecticut Attorneys General action against Broderick and tells Kutzner and Foti the "results are quite unfavorable."<br><br>Ex. 36; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1047, Marshall Depo. at 127:20-129:3 (testimony authenticating Ex. 36 at 121:16-122:7); Theisman Decl. at ¶ 4.c, MSJ Evid p. 239, 281-282  (attaching and authenticating Ex. 36). | Undisputed. But this is exactly why Marshall would not go under the Brookstone umbrella, but insisted on having a new corporate vehicle to file the cases using due diligence.<br><br>Marshall Decl., at ¶ 46. |
| 331.   In one email related to Broderick's past involving another alleged mass joinder fraud, Marshall stated: "misgivings, given the situation with Brookstone" and that Brookstone's and Broderick's history was creating "a lot of liability for me," he wanted to continue because "[a]t the end of the day, though, we are in complete agreement that this is fundamentally a business decision.  So I am moving | Undisputed. But this is exactly why Marshall would not go under the Brookstone umbrella, but insisted on having a new corporate vehicle to file the cases using due diligence.<br><br>Marshall Decl., at ¶ 46. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| forward in that light.  The business prospect still looks quite good." <br><br> Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1049, Marshall Depo. (testimony authenticating Ex. 37 at 129:11-130:10); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 37). | |
| 332.   Marshall knew that Advantis misrepresented its capabilities, telling Foti that Advantis was not a "group of attorneys" as Foti was representing, but that Marshall was the "only attorney moving forward." <br><br> Ex. 37, DE 218-2, Madden April 2017 Decl. Page ID 6053, Att. 14; Madden July 2017 Decl. at ¶ 2.h, Att. 8, MSJ Evid p. 879, 1049, Marshall Depo. (testimony authenticating Ex. 37 at 129:11-130:10); Theisman Decl. at ¶ 5, MSJ Evid p. 243 (authenticating Ex. 37). | Disputed.  Marshall's going forward was based upon BOTH a perception of sound business and legal principles. <br><br> Marshall Decl., ¶ 47. |
| 333.   Marshall knew about multiple | Disputed.  Marshall did not have |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| misrepresentations on the Advantis website regarding its experience, locations, areas of practice, attorneys, paralegals, and legal assistants.<br><br>DE 218-2, Madden April 2017 Decl. at Page ID 6073, Marshall Depo. at 241:1-244:11; Ex. 61, DE 14-4, Gales Decl., at Page ID 1367-76, Att. 18; Madden July 2017 Decl. at ¶ 3, Att. 15, MSJ Evid p. 880, 1169-70, Marshall's First RFAs, RFAs 13-27 admitted pursuant to FRCP 36(a)(3). | knowledge of the content of the website; he rarely, if ever, viewed the content.<br><br>Marshall Decl., at ¶ 48. |
| 334.   The FTC sought discovery regarding any defenses Marshall might assert, issuing interrogatories requiring him to: (1) identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses; and (2) identify all individuals or entities that have information suggesting that any Defendant was not liable for the alleged conduct and for each individual or entity, state the factual information they possess that relate to any of the claims in the complaint.  In his March 13, 2017 | Unidsputed. While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally) with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing his Fifth Amendment plea, and associated motion to amend answer identifying both defenses and affirmative defenses.<br><br>Marshall Decl., at ¶ --. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| response, Marshall did not substantively respond, but stated a response would be provided at a later date.  To date Marshall has not provided any additional response.  In addition, Marshall has not provided initial disclosures as required by FRCP 26(a)(1).<br><br>Madden July 2017 Decl. at ¶¶ 4-6, Att. 16, MSJ Evid p. 880-82, 1177-80 (excerpt of Marshall First Int. Resp., Int. Nos. 7-8 identifying no defenses and identifying no entities or individuals with information suggesting any Defendant is not liable). | |
| 335.   The FTC sought discovery requesting all documents supporting Marshall's response to any interrogatory, including  those interrogatories requiring him to: (1) identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses; and (2) identify all individuals or entities that have information suggesting that any | Unidsputed. While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally) with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing his Fifth Amendment plea, and associated motion to amend answer identifying both defenses and affirmative defenses. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
| --- | --- |
| Defendant was not liable for the alleged conduct and for each individual or entity, state the factual information they possess that relate to any of the claims in the complaint.  In his March 13, 2017 response, Marshall did not substantively respond, but stated a response would be provided at a later date.  To date Marshall has not provided any additional response.<br><br>Madden July 2017 Decl. at ¶¶ 4-5, Att. 16, MSJ Evid p. 880-82, 1177-80, 1186-87 (excerpt of Marshall First Int. Resp., Int. Nos. 7-8 identifying no defenses and identifying no entities or individuals with information suggesting any Defendant is not liable), Att. 17 (excerpts of Marshall First RFP Resp., RFP No. 2.) | Marshall Decl., at ¶ --. |
| 336.   The FTC sought discovery from Marshall requesting all documents supporting or tending to disprove that Corporate Defendants: (1) were likely to obtain relief for consumers; (2) would seek to void consumers' mortgages; (3) had a team of experienced lawyers and | Unidsputed. While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally) with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| personnel to litigate mass joinder fraud cases for hundreds or thousands of clients; and (4) would file a lawsuit on behalf of each mass joinder client. Marshall has produced no documents in response to these requests.<br><br>Madden July 2017 Decl. at ¶ 5, Att. Att. 17, MSJ Evid p. 881-82, 1188-96(excerpts of Marshall First RFP Resp., RFP Nos. 10-17.) | his Fifth Amendment plea, and associated motion to amend answer identifying both defenses and affirmative defenses.<br><br>Marshall Decl., at ¶ --. |

**VI. Foti's Past Involves Telemarketing, Debt Settlement, and Attempts to Hide His Ownership of Companies.**

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 337.   In 2006, Foti was President and owned and operated a mortgage brokerage called Americor Lending Group Inc. ("Americor").<br><br>DE 78-1, Foti July 2016 Decl. at Page ID 3540, ¶ 16. | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |
| 338.   For acts that took place while Foti was an owner and President, Americor was sanctioned by the State of Washington for alleged unlawful lending practices.<br><br>DE 69-2 at Page ID 3249-52; DE 78-1, Foti July 2016 Decl. at Page ID 3540- | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 41, ¶¶ 16-21. | |
| 339.   For acts that took place while Foti was an owner and operator, Americor received a "citation" from the Federal Communications Commission for alleged unlawful telemarketing practices.<br><br>Madden July 2017 Decl. ¶ 2.i, Att. 9, MSJ Evid p. 879, 1068-70, **CITATION**, File No. EB-07-TC-821, Letter to Messrs Foti, McIlwain, Bottom, Americor Lending Group, Inc., from Kurt Schroeder, Deputy Chief, Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission (March 9, 2007). | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |
| 340.   Foti provided consulting services, office space, and capital to a firm known as Morgan Drexen, Inc. ("Morgan Drexen"), which was in the debt settlement business. | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| | individual codefendants. |
| Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 24:15-25:15, 26:3-5, MSJ Evid p. 804-05. | |
| 341.   Foti owned and operated Kirkland Green, a debt settlement business.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 22:24-23:3, 26:14-17, MSJ Evid p.804-05. | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |
| 342.   Kirkland Green has generated consumer complaints.<br><br>Theisman Decl. at ¶ 14, MSJ Evid p. 245 (attaching consumer complaints submitted to the FTC). | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |
| 343.   In his debt settlement business, Foti interceded to reduce attorney supervision of  salespersons' telephone calls because the attorney was admonishing sales staff not to make guarantees.<br><br>Theisman Decl. at ¶ 4.eee, MSJ Evid p. 241, 548-550 (authenticating and attaching FTC-RAD-001-0147614 to | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| 0147616). | |
| 344.   Foti makes use of "shelf companies" with "nominee services," allowing him to own companies while hiding his ownership from the public.<br><br>Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 153:23-154:10, 156:3-9, MSJ Evid p. 828. | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |
| 345.   The Corporate Defendants paid more than $1.5 million to Webstar, a shelf company owned and controlled by Foti.<br><br>DE 14-6 at Page ID 1436, 1438, Declaration of Emil George, May 17, 2016 ("May 17 George Decl.") at ¶ 10, Att. B. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. |
| 346.   Foti never told Torchia, Brookstone's purported owner, that he owned and controlled Webstar.<br><br>DE 186-4, Torchia Decl., at Page ID 5381, ¶ 27. | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. |
| 347.   Foti's agreement with Brookstone included a "confidentiality" clause preventing Brookstone from | *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| publicly disclosing his involvement.<br><br>DE 78-1, Foti July 2016 Decl., at Page ID 3547, ¶ 7, Ex. A. | |
| 348.   On June 6, 2016, Foti left a voice mail with FTC Counsel Benjamin Theisman, stating he was with a mortgage company that subleased from Advantis and claiming to be making the call on behalf of the mortgage company rather than himself or any of the defendants.<br><br>Theisman Decl. at ¶ 13, Att. 10, MSJ Evid p. 787-791. | This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants. |

**VII.   Marshall Has a History of MARS Fraud.**

| | |
|---|---|
| 349.   In October 2011,  Marshall stipulated to findings that he violated his ethical duties to five different sets of clients related to short sale and loan modification representation, taking fees for work that he then did not perform.<br><br>DE 16-2, Kennedy Decl. Page ID 1691-96, Att. 3.E (*In the Matter of: Charles Thomas Marshall,* State Bar Court of California, Case Nos. 10-O-07313, 10- | Disputed. The stipulation with the California State Bar does not reference violations of MARS or any other FTC rule.<br><br>Marshall Decl., at ¶ 53. |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| O-10279. 10-O-10779, 10-O-10781, 11-O-16059). | |
| 350.  In December 2013, Marshall stipulated to findings that he violated his ethical duties by taking advance fees for a loan modification.<br><br>DE 16-1, Kennedy Decl. at Page ID 1662-67, Att. 3.C, ¶¶ 7,14 (*In the Matter of: Charles Thomas Marshall*, State Bar Court of California, Case No. 12-O-17880.) | Disputed. The stipulation with the California State Bar does not reference violations of MARS or any other FTC rule. |
| 351.  In the December 2013 stipulated findings, Marshall admits that he told the client he would pursue litigation to obtain mortgage relief, but then did not pursue litigation.<br><br>DE 16-1, Kennedy Decl. Page ID 1662-67, Att. 3.C at ¶¶ 5, 13 (*In the Matter of: Charles Thomas Marshall*, State Bar Court of California, Case No. 12-O-17880). | Undisputed.  But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, which resulted in no lawsuit being filed.<br><br>Marshall Decl., at ¶ 55. |
| 352.  In June 2015 Marshall stipulated to findings that he violated his ethical duties by taking advance fees for a loan modification. | Undisputed.  But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, |

| Plaintiff's Facts and Evidence | Defendant's Facts and Evidence |
|---|---|
| [DE 16-1](#), Kennedy Decl. Page ID 1676-81, Att. 3.D at ¶¶ 3, 9 (*In the Matter of: Charles Thomas Marshall*, State Bar Court of California, Case No. 14-O-04274). | which resulted in no lawsuit being filed.<br><br>Marshall Decl., at ¶ 55. |
| 353.   In the June 2015 stipulated findings, Marshall admits that he told the client he would pursue litigation to obtain mortgage relief, but then did not pursue litigation.<br><br>[DE 16-1](#), Kennedy Decl. Page ID 1676-81, Att. 3.D at ¶¶ 6, 8 (*In the Matter of: Charles Thomas Marshall,* State Bar Court of California, Case No. 14-O-04274). | Undisputed.  But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, which resulted in no lawsuit being filed.<br><br>Marshall Decl., at ¶ 55. |

## **CONCLUSIONS OF LAW**

1.      This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345; 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b); and Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, and amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.

2.      Venue is proper as to all parties in this district under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

3.      Defendant's activities are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.      The Complaint states a claim upon which relief may be granted pursuant to Section 13 of the FTC Act, 15 U.S.C. §§ 53 and 57b, and Section 626 of the Omnibus Act.

5.      Defendants Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), Advantis Law P.C., and Advantis Law Group P.C. (the "Corporate Defendants"), violated Section 5 of the FTC Act when they made material misrepresentations to consumers when selling them mass joinder litigation against their lenders. *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009); *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095-96 (9th Cir. 1994) ("Express product claims are presumed to be material.").

6.      The Corporate Defendants were providers of mortgage assistance relief services ("MARS") as defined by the Mortgage Assistance Relief Services Rule ("MARS Rule"), 12 C.F.R. § 1015.2, and they violated the MARS Rule when they:

      a.      Requested or received payment of any fee or other consideration from consumers in advance of executing a written agreement with the consumer's loan holder or servicer; 12 C.F.R. § 1015.5(a);

      b.      Misrepresented, expressly or by implication, material aspects of MARS that they sold; 12 C.F.R. § 1015.3; or

      c.      Failed to make mandatory disclosures in all commercial communications; 12 C.F.R. §§ 1015.4(a)(1)-(2), 1015.4(b)(1)-(3), 1015.4(c).

7.      The Corporate Defendants formed a "common enterprise," rendering each liable for the others' conduct. *See Delaware Watch v. FTC*, 332 F.2d 745, 746 (2d Cir. 1964); *FTC v. Network Svcs Depot*, 617 F.3d 1127, 1142 (9th Cir. 2010) ("[Q]ualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues."); *accord FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000) (common enterprise shown where corporate defendants were under common control; shared office space, employees, and officers").

8.     Defendant Jeremy Foti ("Foti") is liable for injunctive relief because he had control over the Corporate Defendants and/or participated in the wrongful conduct. *FTC v. Publishing Clearinghouse Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

9.     Defendant Charles Marshall ("Marshall") is liable for injunctive relief because he had control over the Corporate Defendants and/or participated in the wrongful conduct. *FTC v. Publishing Clearinghouse Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

10.     Foti is liable for monetary relief because he had, at least, "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).  In fact, the evidence shows he intended to defraud consumers.

11.     Marshall is liable for monetary relief because he had, at least, "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).  In fact, the evidence shows he intended to defraud consumers.

12.     The FTC is entitled to monetary relief in the full amount consumers paid to the Corporate Defendants.  *See, e.g., FTC v. Figgie Int'l*, 994 F.2d 595, 605-06 (9th Cir. 1993) (holding that consumers are assumed to have relied upon the deceptive claims because they were widely disseminated, and that consumers were entitled to full refunds because the fraud was in the selling).

13.     Therefore, Foti's and Marshall's monetary liability for violations of the FTC Act and the MARS Rule is joint and several with each other and the Corporate Defendants for the time period they had control or participated in the wrongful conduct.  *See FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009) (rejecting

arguments that defendants should not be liable for the full amount of consumer loss because they only received a percentage of the funds); *FTC v. Commerce Planet Inc.*, 815 F.3d 593, 603 (9th Cir. 2016).

14.     There is a cognizable danger that Foti and Marshall will violate the FTC Act and the MARS Rule again; therefore, a permanent injunction to fence in future conduct is appropriate. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *FTC v. USA Fin., LLC*, 415 Fed. App'x 970, 975 (11th Cir. 2011) (per curiam); *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395, 85 S. Ct. 1035, 1048 (1965); *Litton Indus., Inc. v. FTC*, 676 F.2d 364, 370 (9th Cir. 1982) (quoting *FTC v. Ruberoid Co.*, 343 U.S. 470, 473 (1952)).

Executed this 7th day of August, 2017.

                             /s/  Michael T. Stoller
                            Attorneys for Defedant
                            FEDERAL TRADE COMMISSION

## INDEX TO EVIDENCE

**Evidence Already on the Record:**

| Document Title | Docket Entry |
|---|---|
| Declaration of Gregory J. Madden (May 18, 2016) | DE 12 &13 |
| Declaration of Anthony L. Gales | DE 14 |
| Declaration of Emil George (May 17, 2016) | DE 14-6 |
| Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report | DE 152-1 |
| Declaration of Joseph Kennedy Pursuant to 28 U.S.C. § 1746 | DE 16 |
| Declaration of Diane Samar Ayoub | DE 17 |
| Declaration of Jesse Chapman | DE 17 |
| Declaration of Corina Durrett | DE 17 |
| Declaration of Teresa Irannejad | DE 17-1 |
| Declaration of Ronald Kolodziej | DE 17-2 |
| Declaration of Michael Nava | DE 17-4 |
| Declaration of Richard Leonido | DE 17-4 |
| Declaration of Raymond Navarro | DE 17-5 |
| Declaration of Mario Rios | DE 17-6 |
| Declaration of Malu Lujan | DE 17-7 |
| Ex. 2, Excerpts of Trial Transcript In the Matter of Vito Torchia Jr., Esq. (May 6-8, 2014) | DE 18 |
| Declaration of Jonathan Tarkowski | DE 186-3 |
| Declaration of Vito Torchia, Jr. | DE 186-4 |

1

| Document Title | Docket Entry |
|---|---|
| **Declaration of Gregory J. Madden in Support of Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall** | DE 218-2 |
| **Declaration of Gregory J. Madden in Support of Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall** | DE 278-1 |
| **Preliminary Report of Temporary Reciever** | DE 42 |
| **Notice of Appearance of Counsel (Charles T. Marshall)** | DE 50 |
| **Joint Stipulation Regarding Proposed Stipulated Preliminary Injuctions to Certain Parties** | DE 53 |
| **First Amended Complaint for Permanent Injunction and Other Equitable Relief** | DE 61 |
| **Declaration of Edward Chang** | DE 69-2 |
| **Declaration of Andrew W. Robertson** | DE 69-2 |
| **Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction, dated July 25, 2016** | DE 78-1 |
| **Defendant Jeremy Foti's Answer to Complaint** | DE 94 |

**Evidence Submitted with This Motion:**

| Document Title | MSJ Evid Page Nos. |
|---|---|
| **Declaration of Edward Chang Pursuant to 28 U.S.C. § 1746** | 1-18 |

2

| Document Title | MSJ Evid Page Nos. |
| --- | --- |
| **Second Declaration of Emil T. George dated July 6, 2017** | 19-55 |
| **Expert Report Submitted by Dr. Bruce Isaacson Measuring the Experiences of Consumers Who Retained Brookstone Law Firm** | 56-219 |
| **Declaration of Josephine Lobo** | 220-236 |
| **Declaration of Benjamin J. Theisman in Support of Plaintiff's Motion for Summary Judgment Against Defendants Jeremy Foti and Charles Marshall as to all Counts** | 237-876 |
| **Declaration of Gregory Madden** | 877-1198 |