BENJAMIN J. THEISMAN, *pro hac vice*
btheisman@ftc.gov
GREGORY J. MADDEN, *pro hac vice*
gmadden@ftc.gov
FEDERAL TRADE COMMISSION
600 Pennsylvania Ave. NW, CC-9528
Washington, DC 20580
Tel: (202) 326-2223, -2426; Fax: (202) 326-3197

THOMAS SYTA, Cal. Bar No. 116286
tsyta@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Tel: (310) 824-4343; Fax: (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> DAMIAN KUTZNER, et al., <br><br> Defendants. | **No. SACV16-00999-BRO (AFMx)** <br><br> **PLAINTIFF'S UNDISPUTED STATEMENT OF FACTS AND CONCLUSIONS OF LAW ON REPLY IN SUPPORT OF SUMMARY JUDGMENT AGAINST DEFENDANTS JEREMY FOTI AND CHARLES MARSHALL AS TO ALL COUNTS** <br><br> **Date:** August 28, 2017 <br> **Time:** 1:30 pm <br> **Location:** Courtroom 7C <br><br> United States Courthouse <br> 350 West 1st Street <br> Los Angeles, CA 90012 |

The Federal Trade Commission ("FTC") submits this update to its Undisputed Statement of Facts and Conclusions of Law, incorporating each of the Defendants' responses. Although both defendants failed to accurately number their factual responses, at times incorrectly listing the FTC's paragraph number and then providing a response to that incorrectly identified paragraph, the FTC has, to the best of its ability, correlated their responses to the correct paragraphs.

Marshall, in his responses, frequently claimed that he lacked knowledge or information to answer, that the fact does not apply to him, or otherwise relied on his unsupported, self-serving declaration. He has, therefore, not disputed any of the facts listed. As to the items where he claims he lacks knowledge or that the fact does not apply to him, it is unclear why he did not stipulate to those facts when the FTC met and conferred on this motion.

Foti, in his responses, almost exclusively makes formulaic objections, such as "irrelevant" and "hearsay," without explaining how or why the objections apply. As explained in this Court's standing order, these formulaic objections should be overruled. DE 108 at Page ID 3823 ("Do not submit blanket or boilerplate objections to the opponent's statement of undisputed fact. The boilerplate objections will be overruled and disregarded."). The relevance objection is particularly common and unexplained, unless Foti is admitting the Corporate Defendants committed the acts alleged in the Complaint and, therefore, the facts supporting those allegations do not need to be proven. He also frequently asserts that the evidence is not authenticated, presumably based on his baseless assertion that the Receiver is incapable of authenticating the documents found on the Receivership premises. The FTC's response to this objection is detailed in its Reply memorandum. Furthermore, Foti has frequently stated "DENY" in response to narrowly tailored facts, without offering a cognizable objection or evidence to controvert the fact. Instead, he attempts to characterize the fact in such a way that it is not inculpatory. But, that is not an objection and does not render the fact disputed. His arguments about the import of a fact should have been limited to his memorandum in opposition. None of Foti's evidentiary objections have merit, and he has not offered any evidence that actually controverts any of the listed facts.

## TABLE OF CONTENTS TO STATEMENT OF FACTS

I.      GENERAL BACKGROUND .................................................................. 1

II.     IN LATE 2010, FOTI TEAMED UP WITH TORCHIA AND
        KUTZNER TO RUN BROOKSTONE'S MASS JOINDER SCHEME ... 29

III.    WITH TORCHIA FACING BAR DIFFICULTIES, THE
        CORPORATE DEFENDANTS CREATED ADVANTIS AND
        MARSHALL BECAME AN OWNER. ...................................................... 40

        A.      The Corporate Defendants Solicited Consumers Through Mass
                Mailers Followed By Phone Calls and In-Person Meetings. ........... 78

        B.      The Corporate Defendants Convinced Consumers to Pay
                Advance Fees. .................................................................. 154

        C.      A Consumer Survey Confirms The Misrepresentations Were
                Made. ................................................................................ 204

        D.      The MARS Rule Requires Certain Disclosures, None of Which
                Were Made. ....................................................................... 209

        E.      Consumers Do Not Receive the Promised Benefits ...................... 212

        F.      In May 2016, the Corporate Defendants Sent Out "Account
                Due" Letters Demanding an Additional $5,000 ........................... 228

IV.     CONSUMERS PAID MORE THAN $18 MILLION. ........................... 241

V.      FOTI AND MARSHALL WERE DIRECTLY INVOLVED IN THE
        WRONGFUL CONDUCT. .................................................................. 243

        A.      From the Beginning, Foti Was a Manager. ................................ 243

        B.      Foti Helped Draft Mailers and Sales Scripts ............................... 303

        C.      Foti Received and Responded to Consumer Complaints and
                Otherwise Had Knowledge of Bad Acts. ................................... 327

        D.      Foti was Directly Involved in the May 2016 "Account Due"
                Scheme. ............................................................................ 346

        E.      Marshall Took Control of Advantis with Full Knowledge of
                Torchia's, Kutzner's, Broderick's and Brookstone's
                Malfeasance. ..................................................................... 355

VI.     FOTI'S PAST INVOLVES TELEMARKETING, DEBT
        SETTLEMENT, AND ATTEMPTS TO HIDE HIS OWNERSHIP OF
        COMPANIES. .................................................................................. 382

VII.    MARSHALL HAS A HISTORY OF MARS FRAUD. ......................... 390

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| **I.    General Background** | | |
| 1.    Brookstone Law P.C. (California) is a California Professional Corporation. *DE 94, Defendant Jeremy Foti's Answer to Complaint ("Foti Answer"), at Page ID 3758, ¶ 7 (admitting ¶ 6 of DE 61, First Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint")); DE 14, Declaration of Anthony L. Gales ("Gales Decl.") at Page ID 1119-23.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Declaration of Charles T. Marshall ("Marshall Decl."), at ¶ --.<br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 2.    Brookstone Law P.C. (Nevada) ("Brookstone Nevada") is a Nevada Professional Corporation. *DE 94, Foti Answer at Page ID 3758 at ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1124-27.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti:Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 3.    Brookstone Nevada | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| was incorporated on November 20, 2014 by Corporate Legal. *DE 14, Gales Decl. at Page ID 1125, Att. 7.* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Marshall Decl., at ¶ --. | |
| | Foti: Admit | Undisputed as to Foti. |
| 4.    In a November 20, 2014 Articles of Incorporation filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 is identified as the sole Board of Director/Trustee of Brookstone Nevada. *DE 14, Gales Decl. at Page ID 1125, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: Admit | Undisputed as to Foti. |
| 5.    In a March 3, 2015 corporate filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

2

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 89102 is identified as the President, Secretary, Treasurer, and Director of Brookstone Nevada. *DE 14, Gales Decl. at Page ID 1126, Att. 7.*<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Foti. |
| 6.    In the March 3, 2015 corporate filing with the Nevada Secretary of State, Dr. Connor O'Shea provides the "Signature of Officer or Other Authorized Signature" for the Brookstone Nevada filing. *DE 14, Gales Decl. at Page ID 1126, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 7.    In a June 12, 2015 corporate filing with the Nevada Secretary of State, John Mortimer from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102, is identified as the President of Brookstone Nevada. *DE 14, Gales Decl. at* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 1127, Att. 7.* | this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Foti. |
| 8.    In the June 12, 2015 corporate filing with the Nevada Secretary of State, "ST OCONNOR" from 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 is identified as the Secretary, Treasurer, and Director of Brookstone Nevada. *DE 14, Gales Decl. at Page ID 1127, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 9.    In the June 12, 2015 corporate filing with the Nevada Secretary of State, Dr. Connor O'Shea provides the "Signature of Officer or Other Authorized Signature" for the Brookstone Nevada filing. *DE 14, Gales Decl. at Page ID 1127, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: Admit | Undisputed as to Foti. |
| 10. Damian Kutzner and Jeremy Foti are identified as Board of Directors/Trustees with the address 3050 Sirius Ave, Ste 104, Las Vegas, NV 89102 on a purported March 30, 2015 Nevada Secretary of State Articles of Incorporation filing for Brookstone Nevada. *DE 69-2, Declaration of Edward Chang ("Chang July 2016 Decl.") at Page ID 3269, Att. 2.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, was actually filed, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. *Compare DE 69-2, Chang July 2016 Decl. at Page ID 3267-3269, Att. 2 with DE 14, Gales Decl. at Page ID 1125-27, Att. 7; Foti Decl., ¶ 36, 37; Thurman Decl. ¶ 2.a.; Thurman Decl., Attachment 46; FTC Fact* | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. The documents are authenticated as indicated in the FTC's original factual citation for this paragraph. The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted. It does not matter if Foti ever saw or knew of the particular pieces of evidence.<br>For support, Foti does not offer any admissible evidence capable of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Nos. 11-14;* | controverting the fact at issue. |
| 11.      The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada are different from the November 20, 2014, Articles of Incorporation filing with the Nevada Secretary of State provided to the FTC by the Nevada Secretary of State. *Compare* DE 69-2*, Chang July 2016 Decl. at Page ID 3269, Att. 2; with* DE 14*, Gales Decl. at Page ID 1125-27, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, was actually filed, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. *Compare DE 69-2, Chang July 2016 Decl. at Page ID 3267-3269, Att. 2 with DE 14, Gales Decl. at Page ID 1125-27, Att. 7; Foti Decl., ¶ 36, 37; Thurman Decl. ¶ 2.a.; Thurman Decl.,* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted.  It does not matter if Foti ever saw or knew of the particular pieces of evidence. For support, Foti  does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Attachment 46; FTC Fact Nos. 11-14;* | evidence capable of controverting the fact at issue. |
| 12.    Barbara Cegavske was the Nevada Secretary of State in 2015, and Ross Miller was the Nevada Secretary of State in 2014. *DE 14, Gales Decl. at Page ID 1125-26, Att. 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, was actually filed, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. *Compare DE 69-2, Chang July 2016 Decl. at Page ID 3267-3269, Att. 2 with DE 14, Gales Decl. at Page ID 1125-27, Att. 7; Foti Decl., ¶ 36, 37; Thurman Decl. ¶ 2.a.;* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted.  It does not matter if Foti ever saw or knew of the particular pieces of evidence.  For support, Foti  does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Thurman Decl., Attachment 46; FTC Fact Nos. 11-14;* | offer any admissible evidence capable of controverting the fact at issue. |
| 13.    The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada filing identifies Ross Miller as the Nevada Secretary of State at that time. *DE 69-2, Chang July 2016 Decl. at Page ID 3269, Att. 2* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, was actually filed, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. *Compare DE 69-2, Chang July 2016 Decl. at Page ID 3267-3269, Att. 2 with DE 14, Gales Decl. at Page ID 1125-27, Att. 7; Foti Decl., ¶ 36, 37;* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted.  It does not matter if Foti ever saw or knew of the particular pieces of evidence. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Thurman Decl. ¶ 2.a.; Thurman Decl., Attachment 46; FTC Fact Nos. 11-14;* | For support, Foti does not offer any admissible evidence capable of controverting the fact at issue. |
| 14.    The purported March 30, 2015 Nevada Secretary of State Articles of Incorporation for Brookstone Nevada accompanied a health insurance application for Damian Kutzner and Jeremy Foti. *DE 69-2, Chang July 2016 Decl. at Page ID 3267-77, Att. 2.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, was actually filed, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. *Compare DE 69-2, Chang July 2016 Decl. at Page ID 3267-3269, Att. 2 with DE 14, Gales Decl. at Page ID 1125-27, Att. 7;* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted.  It does not matter if Foti ever saw or knew of the particular pieces of |

9

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Foti Decl., ¶ 36, 37; Thurman Decl. ¶ 2.a.; Thurman Decl., Attachment 46; FTC Fact Nos. 11-14;* | evidence. For support, Foti does not offer any admissible evidence capable of controverting the fact at issue. |
| 15.    Jeremy Foti is identified as "CFO" of Brookstone Law on the health insurance application he signed on December 16, 2015, seeking health insurance through Brookstone Nevada. *DE 69-2, Chang July 2016 Decl. at Page ID 3273, 3277, Att. 2.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or the written "CFO" is genuine, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it in the form presented here. Although Mr Foti has admitted he signed the healthcare application, he denies he wrote or saw | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent. For support, Foti does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | the "CFO" on the document. *Foti Decl., ¶ 36, 37; DE 69-2, Chang July 2016 Decl. at Page ID 3267-3268, 3273, 3277, Att. 2.* | issue.  Furthermore, Foti previously admitted that the document, including the identification of Foti as "CFO," was genuine and authentic.  DE 284-8 at Page ID 7507 (Response to RFA No. 8). |
| 16.     A voided check from Brookstone Law PC, 3050 Sirius Ave, Ste 104, Las Vegas, NV, 89102 from the Bank of America account ending in 7366 accompanied the healthcare application. *DE 69-2, Chang July 2016 Decl. at Page ID 3272, Att. 2.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.  Marshall Decl., at ¶ --.  Foti: Deny -Objections to email (irrelevant; failure to authenticate; hearsay; no foundation the email or document is genuine, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it. Objections to check (failure to authenticate; irrelevant; hearsay). No evidence Mr. Foti was a | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph.  The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted.  It |

11

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | signer or had any authority regarding the account. *Foti Decl., ¶ 36, 37; DE 69-2, Chang July 2016 Decl. at Page ID 3267, 3272, Att. 2; DE 14-5, Gales Decl. at Page ID 1408-09, Att. 20.* | does not matter if Foti ever saw or knew of the particular pieces of evidence. For support, Foti does not offer any admissible evidence capable of controverting the fact at issue. |
| 17.    Brookstone Nevada had a bank account with Bank of America that ended in 7366. *DE 14-5, Gales Decl. at Page ID 1408-11, Att. 20; DE 69-2, Chang July 2016 Decl. at Page ID 3272, Att.2.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: Admit *DE 14-5, Gales Decl. at Page ID 1408-11, Att. 20; DE 69-2, Chang July 2016 Decl. at Page ID 3272, Att.2.* | Undisputed as to Foti. |
| 18.    The bank documents for the Brookstone Nevada Bank of America account ending in 7366 state that | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Jonathan Tarkowski is Brookstone Nevada's managing attorney, and that Geoffrey Broderick is an attorney for Brookstone Nevada. *DE 14-5, Gales Decl. at Page ID 1408-09, Att. 20.* | fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit<br>*DE 14-5, Gales Decl. at Page ID 1408-09, Att. 20 (demonstrates that Mr. Foti was not a signer and did not have any authority over or access to regarding the account.)* | issue<br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 19.     Advantis Law P.C. ("Advantis Law") is a California Professional Corporation. *DE 94, Foti Answer at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1114-18.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue<br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 20.     Advantis Law Group P.C. ("Advantis | Marshall: Undisputed. | Undisputed as to both Marshall and Foti |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Law Group") is a California Professional Corporation. *DE 94, Foti Answer, at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1108-13.* | Foti: Admit | |
| 21.    Brookstone Law P.C. (California) and Brookstone Nevada (collectively, "Brookstone") maintained an office at 18400 Von Karman, Suite 1000, Irvine, CA. *DE 94, Foti Answer at Page ID 3758 at ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 17, Declaration of Diane Samar Ayoub ("Ayoub Decl.") at Page ID 1942, ¶ 6, and Page ID 1944, ¶ 15; DE 186-3, Declaration of Jonathan Tarkowski ("Tarkowski Decl.") at Page ID 5356, ¶¶ 4-5; DE 284-14, Declaration of Gregory Madden ("Madden July 2017 Decl.") Page ID 8126, 8416 ¶ 3, Att. 15, Decl Plaintiff's First* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact did not involve Defendant, or Defendant's involvement with Advantis Law Group, P.C.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue<br><br><br><br><br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Requests for Admission Issued to Charles Marshall Pursuant to Federal Rule of Civil Procedure 36 ("Marshall's First RFAs"), RFA 40 admitted pursuant to FRCP 36(a)(3); DE 41-4 at Page ID 2596 (Brookstone Fee Agreement); DE 284-4, Declaration of Edward Chang Pursuant to 28 U.S.C. § 1746 ("Chang Decl.") at Page ID 7248.* | | |
| 22.    Advantis Law and Advantis Law Group (collectively, "Advantis") maintained an office at 18400 Von Karman, Suite 1000, Irvine, CA. *DE 94, Foti Answer at Page ID 3758 at ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 14, Gales Decl. at Page ID 1110-11, 1116-17; DE 284-14, at Page ID 8126, 8416, Madden July 2017 Decl. ¶ 3, Att. 15Marshall's First RFAs, RFA 41 admitted pursuant to FRCP 36(a)(3).* | Marshall: Disputed. Advantis Law and Advantis Law Group are not related and should not be collectively referred to as the same entity or common identity.<br><br>Marshall Decl., at ¶ --.<br><br><br>Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 23.    Brookstone maintained an office at 6 Hutton Centre Drive, Suite 1000, Santa Ana, CA. *DE 94, Foti Answer, at Page ID 3758, ¶ 7 (admitting ¶ 6 of DE 61, Complaint); DE 17, Ayoub Decl. at Page ID 1942, ¶ 6 and Page ID 1944, ¶ 15; DE 284-14, at Page ID 8126, 8417, Madden July 2017 Decl. ¶ 3, Att. 15, Marshall's First RFAs, RFA 43 admitted pursuant to FRCP 36(a)(3); DE 13, Declaration of Gregory J. Madden ("Madden May 2016 Decl.") at Page ID 886-93, Att. 46.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.



Undisputed as to Foti. |
| 24.    Advantis maintained an office at 6 Hutton Centre Drive, Suite 1000, Santa Ana, CA. *DE 94, Foti Answer at Page ID 3758, ¶ 8 (admitting ¶ 7 of DE 61, Complaint); DE 17, Ayoub Decl. at Page ID 1942, ¶ 6 and Page ID 1944, ¶ 15; DE 284-14, at* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Defendant was not involved with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

16

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 8126, 8417, Madden July 2017 Decl. at ¶ 3, Att. 15, Marshall's First RFAs, RFA 44 admitted pursuant to FRCP 36(a)(3).* | Advantis Law, P.C.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: Admit | Undisputed as to Foti. |
| 25.    Brookstone and Advantis (collectively, "Corporate Defendants") offered mortgage assistance relief services ("MARS") as defined in 12 C.F.R. § 1015.2. *DE 94, Foti Answer at Page ID 3578, ¶¶ 7-8 (admitting ¶¶ 6-7 of DE 61, Complaint, which alleged that the Corporate Defendants "advertised, marketed, distributed, or sold mortgage assistance relief services to consumers in this district. [Brookstone/Advantis] is a 'law firm' offering mortgage assistance relief services to consumers by representing them in litigation against their lenders."); DE 17-6, Declaration of Mario Rios ("Rios Decl.") at Page ID 2135 ("You may* | Marshall: Disputed. Advantis Law Group, P.C. offered litigation to challenege the banks' rights to foreclose on clients' properties.<br><br>Marshall Decl., at ¶ --.<br><br><br>Foti: DENY - Not a statement of fact but a conclusion of law. Objections (failure to authenticate; irrelevant; hearsay) - no showing Mr. Foti had anything to do with the documents or that they were used with any consumer. *Foti Answer, para. 23;*<br><br>DENY - Not a statement of fact but a conclusion of law. Objections (failure to authenticate; irrelevant; | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>  Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph, including emails sent by or to Foti. The evidence is not hearsay as a statement of a party opponent.  Aside from the emails he sent or received, it does not matter if Foti ever saw or knew of the particular pieces of evidence. |

17

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *become a joined plaintiff in a significant lawsuit that will seek, among other things, to void your note(s), and/or to award you relief and monetary damages.");* DE 17-6, *Rios Decl. at Page ID 2148-53 (Pre-Litigation Settlement Agreement);* DE 17, *Declaration of Jesse Chapman ("Chapman Decl.") at Page ID 1946, ¶ 7 (hired Brookstone "to get a refund from Bank of America or a modification to our loan"); id. at Page ID 1948 ("You may become a joined named plaintiff in a significant lawsuit that will seek, among other things, to void your note(s), and/or to award you relief and monetary damages.");* DE 17-7, *Declaration of Malu Lujan ("Lujan Decl.") at Page ID 2170, ¶ 8 ("Richard Taylor told me that Brookstone would probably be able to get me 'free and clear' on my loan, that I would owe* | hearsay) - no showing Mr. Foti sent or received or had anything to do with the documents or that they were used with any consumer. *Foti Answer, para. 23; Foti Depo., 117:2 to 119:12*<br><br>DENY - Not a statement of fact but a conclusion of law. Objections (failure to authenticate; irrelevant; hearsay) - no showing Mr. Foti sent or received or had anything to do with the documents or that they were used with any consumer. *Foti Answer, para. 23;*<br><br>[Foti included three responses to this paragraph, so the FTC has included each one here] | For support, Foti's cited "evidence" is limited to his answer, which is not evidence and cannot controvert a fact on summary judgment, or his self-serving testimony, which also does not controvert this fact. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *nothing on my mortgage due to my lender's fraud.");* [DE 17-4](#), *Declaration of Michael Nava ("Nava Decl.") at Page ID 2095, ¶ 7 ("He said I could get the $75,000, and the bank would try to negotiate the $750,000 claim by lowering my loan amount.");* [DE 41-2](#) *at Page ID 2517 and 2523 (scripts claiming services will help consumers "struggling to pay your mortgage" or "facing foreclosure");* [DE 284-4](#), *Chang Decl., at Page ID 7248 ¶¶ 4.e & 4.f; Ex. 75 at FTC-RAD-001-0221284 to 0221285 (offering foreclosure relief; stating "We are attorneys that focus on foreclosure defense and can offer immediate solutions to your problem. You must know well in advance what your legal rights and options are so you don't lose your home;" and further stating "Available forms* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *of relief include, reduction of unpaid principal balances, refinancing for borrowers whose homes are worth less than what they owe, payments to borrowers who were wrongly foreclosed on; and the opportunity for a short sale"); Ex. 87 at FTC-RAD-001-0089958 ("Keep in mind that this is the first lawsuit of its kind, and is keeping homeowners in there [sic] homes."); DE 284-8, Declaration of Benjamin J. Theisman in Support of Plaintiff's Motion for Summary Judgment Against Defendants Jeremy Foti and Charles Marshall as to all Counts ("Theisman Decl.") at Page ID 7485-86, 7576-7577, 7609-7614 ¶ 4.n & 4.u; DE 284-14, Madden July 2017 Decl. at Page ID 8126-28, 8423-26 ¶¶ 4-5, Att. 16 (excerpts of Defendant Charles T. Marshall's Responses to Plaintiff's First Set of* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Interrogatories ("Marshall First Int. Resp."), Int. Nos. 7-8, identifying no defenses and identifying  no individuals or entities with information suggesting any Defendant is not liable), Att. 17, (excerpts of Defendant Marshall's Objections and Response to Plaintiff's First Requests for Production of Documents ("Marshall First RFP Resp."), RFP Nos. 19, 21, identifying no documents tending to disprove or call into question that Corporate Defendants were "mortgage assistance relief providers.").* | | |
| 26.     Damian Kutzner is an individual who was an owner or executive of the Corporate Defendants. *DE 41-4 at Page ID 2620-27 (agreement making Kutzner COO of Brookstone); DE 41-5 at Page ID 2640-41 (phone directories identifying Kutzner as* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "management"); id. at Page ID 2668-72 (payment schedule listing Kutzner as an "executive"); id. at Page ID 2681 ("Deal Memo"); *DE 284-4*, Chang Decl. at Page ID 7249 ¶¶ 4.s, 4.u, 4.z, 4.bb; *DE 186-4*, Declaration of Vito Torchia, Jr. ("Torchia Decl."), at Page ID 5370-72, 5375-76, 5378-80, ¶¶ 3-8, 15-17, 21, 23-25; *DE 284-13*, Theisman Decl. at Page ID 8056 ¶ 15, Att. 12, March 22, 2017 Excerpts of Deposition of Jeremy Foti ("Foti Depo.") at 48:15-18 ("I mean, I would give my input, but the final decision always lied [sic] with Vito, or Damian if Vito wasn't around, or one of Vito's managing attorneys."); id. at 65:10-18 ("Damian was actually an officer of the corporation. . . . Damian could approve anything . . ."); *DE 218-2*, Declaration of Gregory J. Madden in Support of | Marshall Decl., at ¶ --.<br><br>Foti: No response | Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall ("Madden April 2017 Decl.") at Page ID 6063, Att. 16, March 20, 2017 Deposition of Charles Marshall ("Marshall Depo."), at 48:17-21 (Marshall understood Kutzner to be a "principal"); DE 284-7, Declaration of Josephine Lobo ("Lobo Decl.") at Page ID 7477 ¶¶4-5, Att.* | | |
| 27.    Vito Torchia Jr. is an individual who was an owner or executive of the Corporate Defendants. *DE 14, Gales Decl. at Page ID 1108, 1114, 1119; DE 186-4, Torchia Decl. at Page ID 5370, ¶ 3; DE 41-6 at Page ID 2742-44; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.kk.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: No response | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.



Undisputed as to Foti. |
| 28.    Geoffrey Broderick is an individual who was an owner or executive of | Marshall: *This* Defendant lacks the knowledge or information and belief to | Undisputed as to Marshall.  He does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| the Corporate Defendants. *DE 14, Gales Decl. at Page ID 1110, 1116; DE 186-4, Torchia Decl. at Page ID 5379-80, ¶¶ 23 & 25; DE 41-6 at Page ID 2742-44; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.kk; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8414 ¶ 3, Att. 15, Marshall's First RFAs, RFA 10 admitted pursuant to FRCP 36(a)(3).* | dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: No response | evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 29.   Jonathan Tarkowski is an individual who was a lawyer for the Corporate Defendants. *DE 186-3, Declaration of Jonathan Tarkowski ("Tarkowski Decl.") at Page ID 5356-58 ¶¶ 4-7.* | Marshall: Disputed. Tarkowski was not a lawyer for Advantis Law Group, P.C. Marshall Decl., at ¶ --.<br><br><br><br><br><br><br><br><br><br>Foti: No response | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. |
| 30.   Charles Marshall is an individual who was an owner or executive of Advantis Law Group. *DE 14, Gales Decl. at Page ID 1110; DE 41-6* | Marshall: Marshall does not dispute that he was nominally listed as an executive for Advantis Law Group PC for some period of time; he | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self- |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *at Page ID 2746-52 (Advantis Law Group shareholder agreement); DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.ll.* | disputes any inferences the FTC might draw from this fact. | serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: No response | Undisputed as to Foti. |
| 31.    Jeremy Foti is an individual who was an owner or executive of the Corporate Defendants. *DE 41-5 at Page ID 2640-41 (phone directories identifying Foti as "management"); id. at Page ID 2668-72 (payment schedule listing Foti as an "executive"); id. at Page 2681 ("Deal Memo"); DE 284-4, Chang Decl. at Page ID 7249 ¶¶ 4.u, 4.z, and 4.bb; DE 186-4, Torchia Decl. at Page ID 5370-72, 5375-76, 5378-80, ¶¶ 3-8, 15-17, 21, 23-25; DE 69-2, Chang July 2016 Decl. at Page ID 3269 (purported Articles of Incorporation listing Jeremy Foti as member of the board of directors or trustee); id. at Page ID 3273-77 (Foti signing* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the emails or documents are genuine, who prepared them, that Mr. Foti sent or received them, knew about them or had anything to do with them.
*Foti Answer, para. 23; Foti Decl. ¶ 15, 16, 19, 30, 33, 34, 36, 37, 39, 40, 41, 86 (office directories, "Deal Memo", Vito* | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant. The documents are authenticated as indicated in the FTC's original factual citation for this paragraph, including emails sent by or to Foti. The evidence is not hearsay because it is a statement of an opposing party. Aside from the emails he sent or received, it does not matter if Foti ever saw or |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *health insurance application claiming to be CFO); Madden April 2017 Decl. Page ID 6063, Att. 16, Marshall Depo. at 48:17-21 (Foti was a "principal" for Advantis whom Marshall was negotiating with); DE 284-7, Lobo Decl. at Page ID 7466-67 ¶¶ 4-5; DE 284-8, at Page ID 7486, DE 284-10, at Page ID 7752-53, Theisman Decl. ¶ 4.qq; id.DE 284-8, at Page ID 7487, DE 284-10, Page ID 7776 at ¶ 4.aaa; id. at ¶ 4.qqq, DE 284-8, Page ID 7487, DE 284-11, 7854; id. at ¶ 4.k, DE 284-8, Page ID 7485, 7541-7640; id.at ¶ 7, DE 284-8, Page ID 7489, 7503-16 (attaching excerpts of Foti's answers to RFAs in which he admits he occupied the office identified as number 111 and admitting the office locations of Kutzner and Broderick, responses to RFAs 111-13); id. at ¶ 4.ggg, DE 284-8, Page ID* | *Declaration, Marshall negotiations, Josie "only manager's claim, 50/50 split with DK, "we're partners now" Deal Memo email, everyone had a key; his job description; office leases); 287-4 - Thurman MSJ Decl., Attachments 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 13, 14, 16, 17,18, 19, 20, 21, 22, 23, 24, 25, 26; Thurman Decl., Attachment 47 (MOU between Broderick and Marshall); Thurman Decl., Attachment 46 (Nevada Secretary of State document); Thurman Decl., Attachment 48 (Damian Kutzner's Executive Employment Agreement); Theisman Decl. at ¶ 4.aaa, MSJ Evid p. 241, 530 (authenticating and attaching FTC-RAD-001-0080085) - (Josie email dated 10/4/11 stating that Vito said he was authorized to approve refunds - FTC failed to produce any emails* | knew of the particular pieces of evidence. For support, Foti's cited evidence does not controvert the fact.  He cites to his answer, which is not evidence and cannot controvert a fact on summary judgment.  He cites to his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.  He cites to evidence that others also may have had control, which does not controvert the fact. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 7487, *DE 284-10*, Page ID 7798-02 (authenticating and attaching FTC-RAD-001-0163703 to 0163707, cover email on memo regarding Brookstone's bonus structure, from Torchia to Kutzner and Foti, stating "Confidential.  Do not distribute."); id. at ¶ 4.hhh, *DE 284-8*, Page ID 7487, *DE 284-10*, *DE 284-11*, Page ID 7803-7822 (authenticating and attaching FTC-RAD-001-0164070 to 0164089, cover email from Torchia is to just Kutzner and Foti); id. at ¶ 4.iii, *DE 284-8*, Page ID 7487, *DE 284-11*, Page ID 7823-27 (authenticating and attaching FTC-RAD-001-0164311 to 0164315, cover email on memo regarding Brookstone's claim to be a national law firm, from Torchia to Kutzner and Foti, stating "This is Confidential Memo not to be distributed."); *DE 284-7*, | reflecting Mr. Foti ever approved a single refund); DE-284-7 - Lobo Decl., para. 2 ("From October 2013 until August 2014, I worked part-time for Brookstone from my home for approximately 15 hours a week. From August 2014 until mid-October 2014, I did very little work for Brookstone Law. From November 2014 until September 2015, I did no work for Brookstone. I worked for Brookstone part time from September 2015 to June 2016."); Response to FTC Nos. 10, 15 above. | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Lobo Decl. at Page ID 7467 ¶ 7; Ex. 69 (email from Kutzner to Pepe Abad, copying Foti, attaching the Deal Memo, and stating "Psss. . Look at the Deal memo we all signed. . . . I am sending this to you as we are partners NOW and you should understand all sides!  Not just one!");* DE 78-1*, Foti July Decl. at Page ID 3538-39, ¶ 10;* DE 78-1*, Foti July Decl. at Page ID 3546;* DE 152-1*, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. Decl.") at Page ID 4757;* DE 41 *at Page ID 2479 ("He operates from a large, and upon our arrival locked, office next to Mr. Kutzner's office.");* DE 41-2 *at 2498-99 (identifying Foti's office as the "VP Office" designated as "I" or* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "111"); *DE 186-3, Tarkowski Decl. at Page ID 5359, ¶ 9.* | | |
| **In Late 2010, Foti Teamed Up With Torchia and Kutzner to Run Brookstone's Mass Joinder Scheme** | | |
| 32.    Defendants initially built their mass joinder practice with the advice and support of Phil Kramer and Mitch Stein. *Ex. 2, DE 18 at Page ID 2250-54, 2259-63; DE 186-4, Torchia Decl. at Page ID 5370-71, ¶ 4 ("Initially, Brookstone engaged in debt relief work, but subsequently followed the model of three other attorneys, Mitchell Stein, Philip Kramer, and Kenin Spivak and began signing up clients for 'mass joinder' lawsuits.  In a mass joinder lawsuit, tens, or hundreds, of plaintiffs bring a single case against a common defendant, such as Bank of America.  Philip Kramer and Mitch Stein contacted Damian Kutzner and then approached me to have* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: Admit, except as to Defendant.<br>*Foti Decl., para. 12.* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  He does not attempt to dispute the fact in general, merely relying on his self-serving declaration to assert he was not involved in the fact at issue.  His self-serving declaration both does not address this fact and could not controvert a fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Brookstone interview potential clients/clients, gather documents, and communicate with clients while Mitch Stein would be the lead litigation counsel for the mass joinders against national banks.  I did not have the experience to be lead counsel in a mass joinder case against national banks because I lacked any trial experience.")* | | |
| 33.    Foti began working with Brookstone in late 2010. *DE 78-1, Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction, dated July 25, 2016 ("Foti July Decl."), at Page ID 3538, ¶ 9, and 3544-50; Ex. 91 (email dated 11/18/10 from Foti to Kutzner attaching a draft script for Brookstone); DE 284-8, Theisman Decl. at Page ID 7486, 7653-56 ¶ 4.w; id. at ¶ 4.vvvv, DE 284-8, Page ID 7489, DE 284-12, Page ID 7973-74 (attaching and* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: ADMIT - Objections to emails dated 11/18/10 and 11/30/10 (irrelevant; failure to authenticate; hearsay; no foundation the emails or document is genuine, who prepared them, whether Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *authenticating email from Foti to Brookstone personnel dated 11/30/10, FTC-RAD-002-0457531 to 0457532, stating: "It is go time let's hit it full throttle.").* | sent or received them, knew about them or had anything to do with them or whether draft script was ever presented to any consumer.<br>*Foti Decl., 16.d. and 18* | |
| 34.    Kramer and Stein are now disbarred for running an illegal mass joinder scheme. *DE 13, Madden May 2016 Decl. at Page ID 745-802, Atts 33 & 34; DE 16-2, Kennedy Decl. at Page ID 1699-1723, Att. 4 (bar information related to Mitchell J. Stein); DE 16-2 and 16-3, Kennedy Decl. at Page ID 1724-44, Att. 5 (bar information related to Philip Kramer).* | Marshall: This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant, hearsay, misleading based on FRE 403 where no evidence Mr. Foti had any awareness or involvement of any violations by Mr. Stein or Mr. Kramer)<br>*Foti Decl., para. 12.* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br>Undisputed as to Foti. The fact is relevant.  The documents are not hearsay for the purpose offered.  Rule 403 does not bar the evidence or require a showing of Foti's knowledge of the fact to permit the evidence to be admitted. For support he cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | the cited reference to the Foti Decl. does not address the fact at issue. |
| 35.    Stein is in prison. *Ex. 2, DE 18 at Page ID 2251-2; DE 16-2, Kennedy Decl. at Page ID 1699-1723, Att. 4 (bar information related to Mitchell J. Stein).* | Marshall: This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant, hearsay, misleading based on FRE 403 where no evidence Mr. Foti had any awareness or involvement of any violations by Mr. Stein or Mr. Kramer) *Foti Decl., para. 12.* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  The fact is relevant.  The documents are not hearsay for the purpose offered.  Rule 403 does not bar the evidence or require a showing of Foti's knowledge of the fact to permit the evidence to be admitted.  For support he cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 36.    Later, Kramer was | Marshall: This Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| alleged to have run another mass joinder fraud with Broderick while using an alias. *DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8366, 8374 ¶ 2.n, Att. 14.* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant, hearsay, misleading based on FRE 403 where no evidence Mr. Foti had any awareness or involvement of any violations by Mr. Stein or Mr. Kramer) *Foti Decl., para. 12.* | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  The fact is relevant.  The documents are not hearsay for the purpose offered.  Rule 403 does not bar the evidence or require a showing of Foti's knowledge of the fact to permit the evidence to be admitted.  For support he cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 37.    At times, Brookstone used mailers and sales scripts claiming the *Ronald v. Bank of America* lawsuit was | Marshall: This Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Brookstone's lawsuit. *Ex. 88 at FTC-RAD-002-0133016 to 0133017; Ex. 73 at FTC-RAD-002-0284832) (mailer stating that recipients may be a plaintiff in Ronald v. Bank of America); DE 284-8, Theisman Decl. at Page ID 7486, 7485, 7615-52 ¶¶ 4.v & 4.l* | fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the mailers or scripts are genuine, who prepared them, whether Mr. Foti ever sent or received them, knew about them or had anything to do with them or whether draft mailer or script was ever presented to any consumer. *Foti Decl., ¶ 16.d. and 18* | issue.<br><br>Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation for this paragraph, including emails sent by or to Foti. The evidence is not hearsay as a statement of a party opponent.  Aside from the emails he sent or received, it does not matter if Foti ever saw or knew of the particular pieces of evidence. The evidence in fact shows that the mailers and scripts were used.  He cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 38.   *Ronald v. Bank of* | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *America* was Stein's mass joinder lawsuit. *Ex. 2, DE 18 at Page ID 2249-50.* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - objection (hearsay) | Undisputed as to Foti. The cited testimony, "I was approached by seasoned attorneys that were in the process of prosecuting a lawsuit called Ronald v. Bank of America," is not hearsay. The testimony is not relating conversations with non-parties, it is relating Vito Torchia's knowledge regarding the Ronald lawsuit. Furthermore, conversations with Kramer and Stein are conversations with co-conspirators. |
| 39.    By January 2011, Brookstone had started its mass joinder business, filing *Wright v. Bank of* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact | Undisputed as to Marshall.  He does not offer any admissible evidence capable of |

35

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *America* in February 2011.  From that point forward, its business was focused on mass joinder litigation. *DE 12, Madden May 2016 Decl. at Page ID 620, Att. 28; DE 13, Madden May 2016 Decl. at Page ID 803-04, Att. 35; DE 14-4, Gales Decl., at Page ID 1274, Att. 17; DE 284-13, Theisman Decl. at Page ID 8062 ¶ 13, Att. 10, Foti Depo. at 104:6-14; Ex. 2, DE 18 at Page ID 2237, 2244-47, 2253 (Torchia State Bar testimony explaining Brookstone originally did debt settlement work and then switched to mass joinder litigation at the end of 2010); DE 186-4, Torchia Decl. at Page ID 5570-71, ¶ 4.* | undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY<br>*Foti Decl., ¶ 13* | controverting the fact at issue.<br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 40.     Brookstone then filed additional mass joinder lawsuits against other mortgage lenders, including JPMorgan Chase, Wells Fargo, Ally, Indymac, and Citibank. *DE 12, Madden May* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *2016 Decl. at Page ID 512, Att. 21, Page ID 463, Att. 14, Page ID 435, 439, Atts. 9-10, Page ID 498-99, Att. 19, Page ID 582, Att. 24.* | Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: ADMIT | Undisputed as to Foti. |
| 41.    By January 1, 2016, courts had dismissed all of Brookstone's mass joinder lawsuits except for *Wright v. Bank of America*. *DE 12, Madden May 2016 Decl. at Page ID 353, Att. 1, Page ID 361, Att. 2, Page ID 377, Att. 4, Page ID 414, 418, Att. 6, Page ID 419-20, 434, Atts. 7-8, Page ID 435, 438-439, 455, Atts. 9-11, Page ID 457, Att. 12, Page ID 463, 480, 482, Atts. 14 & 16, Page ID 489, Att. 17; Page ID 498, Att. 19, Page ID 512, 515, Att. 21, Page ID 600, 603, Att. 26; DE 13, Madden May 2016 Decl. at Page ID 726-27, 732, Att. 29.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY<br>*Thurman Decl., Attachment 49, 50, 51, and 52 (Cases still pending after January 1, 2016: Abdullah Aslami vs. National Default Servicing Corporation (30-2016-00844390-CU-OR-CJC); Lawley vs. Bank of America NA (37-2016)-00011715-CU-OR-CTL); Karie Wasinack vs. Quality Loan Service Corp. (RIC 1601230); John P. Wright vs. Bank* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti.  He cites only evidence of additional cases filed after January 1, 2016, which does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *of America, N.A. (30-2011-00449059-CU-MT-CXC);)* | |
| 42.   *Wright v. Bank of America* has never advanced beyond the filing of a complaint. *DE 284-14, Madden July 2017 Decl. at Page ID 8124, 8129-73 ¶ 2.a, Att. 1.* | Marshall: Disputed. See below. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: Admit | Undisputed as to Foti. |
| *43.*   On appeal, under the name *Petersen v. Bank of America*, the court stated that Brookstone's complaint in *Wright v. Bank of America* was "desultory and scattered allegations." *232 Cal. App. 4th 238, 254.* | Marshall: Dsiputed [sic]. See below. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: ADMIT *The court also stated that, by the third amended complaint, the Brookstone attorneys' claims "had crystallized into four* | Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *causes of action: intentional misrepresentation, negligent misrepresentation, unfair competition, and wrongful foreclosure. The first three apply to all plaintiffs, the foreclosure claim to only 90 of them. The wrongful foreclosure claim, interestingly enough, presents as pristine a common issue of law as it is possible to imagine: Its theory is that the various individual foreclosures were all unlawful because the eventual trustees who foreclosed on the loan were not the original agents designated in the loan papers. The claim thus presents a tidy, discrete question of law common to all 90 foreclosure plaintiffs." Peterson v. Bank of America Corp., 232 Cal. App. 4th 238, 246 (Cal.App. 2014).* | |

| Uncontroverted Fact/Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| **With Torchia Facing Bar Difficulties, the Corporate Defendants Created Advantis and Marshall Became an Owner.** | | |
| 44.  In 2014, Vito Torchia faced a trial in the State Bar Court of California regarding ethics violations concerning Brookstone Law P.C. clients who had retained Brookstone Law P.C. for representation in mass joinder lawsuits against their lenders. *DE 16, Kennedy Decl. at Page ID 1562-64, Att. 1.C* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 45.  On August 6, 2014, Judge Richard A. Platel of the State Bar Court of California entered a ruling finding that Torchia had violated his ethics obligations to Brookstone clients. *DE 16, Kennedy Decl. at Page ID 1562-1604, Att.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *1.C.* | defendants in this action. | |
| | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 46.    On February 13, 2015, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case No. 14-O-03311, alleging ethics violations arising out of Brookstone's mass joinder services. *DE 16, Kennedy Decl. at Page ID 1618-22, Att. 1.G* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 47.    On May 6, 2015, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case Nos. 14-O-04441, 14-O-04507, 14-O-04926, 14-O-4968, 14-O-05192, alleging ethics violations arising out of Brookstone's mass joinder services. *DE 16, Kennedy Decl. at Page ID 1623-32, Att. 1.H.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
|  | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 48.    On May 14, 2015, the State Bar Court of California entered a default against Vito Torchia for failing to respond to ethics charges in Case Nos. 13-O-14835 and 14-O-01008, and enrolled Vito Torchia as an inactive member of the California Bar. *DE 16, Kennedy Decl. at* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

42

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 1633-34, Att. 1.I.* | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 49.    On June 3, 2015, the State Bar Court of California entered a default against Vito Torchia for failing to respond to ethics charges in Case No. 14-O-03311, and enrolled Vito Torchia as an inactive member of the California Bar. *DE 16, Kennedy Decl. at Page ID 1635-36, Att. 1.J.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
|  | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 50.    On July 7, 2014, the California Bar filed a | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Notice of Disciplinary Charges against Vito Torchia, Case Nos. 13-O-14835 and 13-O-15422, alleging ethics violations arising out of Brookstone's mass joinder services. *DE 16, Kennedy Decl. at Page ID 1555-61, Att. 1.B.* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 51.     On November 12, 2015, Judge Yvette D. Roland of the State Bar Court of California entered an order of involuntary and inactive enrollment as to Vito Torchia for his failure to respond to 19 ethics charges related to Brookstone's mass joinder services. *DE 16 and 16-1, Kennedy Decl. at Page ID 1637-46,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.  Foti: DENY - objection (irrelevant) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Att. 1.K.* | *Foti Decl., ¶ 57 and 58* | For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 52.    On November 20, 2014, the California Bar filed a Notice of Disciplinary Charges against Vito Torchia, Case Nos. 14-O-01008, 14-O-02316, 14-O-02698, alleging ethics violations arising out of Brookstone's mass joinder services. *DE 16, Kennedy Decl. at Page ID 1608-14, Att. 1.E.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - objection (irrelevant)<br>*Foti Decl., ¶ 57 and 58* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 53.    Vito Torchia's disbarment became effective on May 29, 2016. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact | Undisputed as to Marshall.  He does not offer any admissible evidence capable of |

45

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8259-62 ¶ 2.f, Att. 6.* | undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | controverting the fact at issue. |
| | Foti: DENY - objection (irrelevant) *Foti Decl., ¶ 57 and 58* | Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 54.   Torchia registered Advantis Law P.C. with the California Secretary of State on September 30, 2014. *DE 14, Gales Decl. at Page ID 1114-15, Att. 5.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: ADMIT | Undisputed as to Foti. |
| 55.   Torchia registered Advantis Law Group P.C. with the California | Marshall: *This* Defendant lacks the knowledge or information and belief to | Undisputed as to Marshall.  He does not offer any admissible |

46

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Secretary of State on October 27, 2014. *DE 14, Gales Decl. at Page ID 1108-09, Att. 4.* | dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: ADMIT | evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. |
| 56.    By November of 2014, Foti and Kutzner were negotiating with Marshall for Marshall to become an owner of Advantis. *Ex. 30, DE 218-2, Madden April 2017 Decl. at Page ID 6055-57, Att. 15; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8286-87 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 30 at 80:16-18, 81:11-82:5); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: References in this paragraph are inherently vague and ambiguous as to what is meant by 'Advantis'. Marshall did not understand until his deposition of March 20, 2017 (check date) that there was a completely separate corporate entity called Advantis Law (for whom he was never an officer/executive/owner— nor has any evidence ever been presented with a claim that he was) he knew nothing about until same deposition was held, during which deposition based upon various FTC questions it became clear at some point that there was a separate corp entity | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | called Advantis Law PC, with whom Marshall never had dealings, and whose existence Marshall was not apprised of. As for negotiations to become an owner of Advantis Law Group, yes those began in November of 2014. | |
| | Foti: DENY - Objections (irrelevant; inadmissible opinion of law [sic] witness (FRE 701); original writing rule (FRE 1002); no foundation for basis of witness' belief or understanding where there is no evidence Mr. Foti had any ownership interest in any of the Corporate Defendants; best evidence of the identities of the principals is the Memorandum of Understanding Mr. Marshall signed with Mr. Broderick. *Thurman Decl. Attachment 47 (Marshall MOU (RFP-0130771, 0130782-788)* | Undisputed as to Foti. The fact is relevant. Marshall's testimony is appropriate because it is "rationally based on the witness's perception" of his actions, who he was negotiating with, and the nature of his negotiations. The best evidence rule is not implicated by the fact, which does not concern the contents of a document. Foti's other objections are not on point because the fact at issue does not indicate the identity of any "principals." Foti's cited evidence does not controvert the fact at issue. |
| 57.    In January 2015, | Marshall: Again this | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Kutzner emailed Marshall and Foti that "ADVANTIS LAW" needed to move forward and should leverage the existing "[Brookstone] clients" because Brookstone was a "dead hoarse" [sic] and "circl[ing] the drain." *Ex. 32; Madden July 2017 Decl. at ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 32 at 93:18-94:10); DE 284-8, Theisman Decl. at Page ID 7485, 7518 ¶ 4.a.* | email is not specifically referencing Advantis Law Group. Any response I would have had would have only been directed to ALG, as I did not know at that time (or anytime prior to March 20, 2017) of the Advantis Law entity. Any response I had to that email would have been to the effect of using Advantis Law Group to use as a vessel for potential clients in future joinder cases. Any emails exchanged at that time, would have been fairly vague as to how the clients would be generated. I specifically was not working with Brookstone clients. If I were intending to work exclusively or even primarily with Brookstone clients, I would have simply become a corporate officer of Brookstone, which I pointedly and intentionally did not due at that time or not time later because of liability | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | and other issues with those cases. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the emails are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl, ¶ 33* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay as a statement of a party opponent and to the extent not offered for the truth of the matter asserted. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 58.    In multiple email exchanges, Marshall's negotiations regarding his ownership of Advantis and other important Advantis-related matters would be between Foti, Kutzner, and sometimes James Macklin, with | Marshall: Though at times I did occasionally refer to 'we three' to exclude Macklin, in fact everyone knew, and I had mentioned a number of times, that Macklin was important to the Advantis Law Group idea because | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a |

50

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Marshall sometimes referring to "we three" to indicate himself, Foti, and Kutzner. *Ex. 34; Ex. 36; Ex. 38; Ex. 51; Ex. 53; DE 284-8, Theisman Decl. at Page ID 7485, 7518-32, 7536-37 ¶¶ 4.b, 4.c, 4.d, 4.g, & 4.h; DE 218-2, Madden April 2017 Decl., at Page ID 6013, 6078, 6006, 6007-08 (attaching Exs. 35, 54, 55, and 57); DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8290-91, 8293, 8302, 8304-05, 8307-08 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating  Exs. 34-36, 38, 51, 53-55, and 57 at 98:14-99:8, 101:19-102:18, 121:16-122:7, 148: 9-18, 150:8-12, 203:25-204:18, 210:13-211:13, 215:4-216:7, 222: 4-14,  226:24-227:11); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | of his expertise in analyzing and generating mortgage loan analyses and associated reports.  Foti: DENY - Objections (irrelevant; failure to authenticate; original writing rule (FRE 1002); best evidence of the identities of the principals is the Memorandum of Understanding Mr. Marshall signed with Mr. Broderick. No foundation the email is genuine, who prepared it, whether Mr. Foti ever received it, knew about it or had anything to do with it.) *Thurman Decl. Attachment 47 (Marshall MOU (RFP-0130771, 0130782-788)* | material fact on summary judgment.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact at issue.           Foti's cited evidence does not controvert the fact at issue. |
| 59.     Marshall testified that during his negotiations for | Marshall: If I actually called them principals of Advantis (I am not sure | Undisputed as to Marshall.  He does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| ownership of Advantis, he understood Foti and Kutzner to be  principals for Advantis.<br><br>*DE 218-2, March 20, 2017 Marshall Depo. at Page ID 6063-65, at 48:17-21, 80:2-8.* | that I did—the transcript may use that term I do not know), I did not mean that in the since of them being co-executives, etc. They were never listed as executives. So here we dispute. If I used the term 'principal' it was not meant to convey that they were co-executives or owners. Clearly they were never formally or legally either, and no document was ever created or signed indicating such executive or ownership capacity.<br><br>Foti: DENY - Objections (irrelevant; inadmissible opinion of law witness (FRE 701); original writing rule (FRE 1002); no foundation for basis of witness' belief or understanding where there is no evidence Mr. Foti had any ownership interest in any of the Corporate Defendants; best evidence of the identities of the principals is the Memorandum of Understanding Mr. | evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. The fact is relevant. Marshall's testimony is appropriate because it is "rationally based on the witness's perception" of his actions, who he was negotiating with, and the nature of his negotiations. The best evidence rule is not implicated by the fact. Marshall, as a participant, can testify to who he understood he was negotiating with and the authority he thought they |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Marshall signed with Mr. Broderick. *Thurman Decl. Attachment 47 (Marshall MOU (RFP-0130771, 0130782-788)* | had in the negotiations. Foti's cited evidence does not controvert the fact at issue. |
| 60.    On February 25, 2015, Marshall agreed to the terms of his ownership of Advantis. *Ex. 34, DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8290 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating  Ex. 34 at 98:14-99:8); DE 284-8, Theisman Decl. at Page ID 7485, 7519-26  ¶ 4.b.* | Marshall: I signed something to that effect on that date yes, as to only Advantis Law Group PC. This claim is disputable as it does not identify whether Advantis Law Group or Advantis Law is being referenced. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: DENY - Objections (Irrelevant, failure to authenticate, hearsay, original writing rule (FRE 1002) (plaintiff offers an unsigned copy). *Thurman Decl. Attachment 47 (Marshall MOU (RFP-0130771, 0130782-788)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The best evidence rule is not implicated by the fact. The cited evidence does not controvert the fact at issue. |
| 61.    On February 27, 2015, Marshall formally signed the Advantis Law | Marshall: I signed something to that effect on that date yes. | Undisputed as to Marshall.  He does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Group shareholder agreement. *DE 41-6 at Page ID 2746-52; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.ll.* | | evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: ADMIT *Thurman Decl. Attachment 47 (Marshall MOU (RFP-0130771, 0130782-788)* | Undisputed as to Foti. |
| 62.     On February 27, 2015, Broderick submitted new documents to the California Secretary of State, identifying himself and Marshall as Advantis Law Group's officers. *DE 14, Gales Decl. at Page ID 1110, Att. 4.* | Marshall: True.

Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 63.     On March 19, 2015, Marshall sent an email to Foti including the following statement: "The paperwork situation is absurd, to put the matter succinctly.  I will deal with it.  You legally represent that Advantis Law Group is a group of | Marshall: Undisputed.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email is genuine, who prepared it, whether Mr. Foti ever received it, knew about it or had anything to do with | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| attorneys, yet I am the only attorney moving forward with papers, etc. Maybe you did the same thing with Brookstone (via Vito), and got away with it.  News Flash:  I am not Vito, which is good news all the way around, for you, for me, for the future prospects of Advantis." *Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; , DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8295 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 37 at 129:11-130:10); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | it.) | not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 64.     Brookstone and Advantis shared office space at 18400 Von Karman Ave., Suite 1000, Irvine, CA. *DE 13-1, Madden Decl. at Page ID 833-344; DE 14, Gales Decl. at Page ID 1110, 1116; DE 17, Ayoub Decl. at Page ID* | Marshall: No response  Foti: ADMIT | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *1942, 1944, ¶¶ 6, 15; DE 186-3, Tarkowski Decl. at Page ID 5356-58, ¶¶ 4-6; DE 41-4 at Page ID 2596; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.q; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8416 ¶ 3, Att. 15, Marshall's First RFAs, RFA 42 admitted pursuant to FRCP 36(a)(3).* | | |
| 65.    Brookstone and Advantis shared office space at 18831 Von Karman Ave., Suite 400, Irvine, CA. *DE 13-2, Madden May 2016 Decl. at Page ID 857, 860, Atts. 42-43; DE 14, Gales Decl, at Page ID 1108, 1114, Atts. 4-5; Madden July 2017 Decl. at ¶ 3, Att. 15, Marshall's First RFAs, RFA 39 admitted pursuant to FRCP 36(a)(3).* | Marshall: No response  Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 66.    Brookstone and Advantis shared office space at 6 Hutton Centre, Suite 1000, Santa Ana, CA. *DE 13-2 at Page ID 886,* | Marshall: No response Foti: ADMIT | Undisputed as to both Marshall and Foti. |

56

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Madden May 2016 Decl. Att. 46; DE 17 at Page ID 1942, 1944, Ayoub Dec. ¶¶ 6, 15; DE 186-3 at Page ID 5356, Tarkowski Dec. ¶ 5; DE 41-4 at Page ID 2607; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.r; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8417 ¶ 3, Att. 15, Marshall's First RFAs, RFA 45 admitted pursuant to FRCP 36(a)(3).* | | |
| 67.    Advantis Law Group, P.C. signed a lease for the office space at 6 Hutton Centre, Suite 1000, Santa Ana, CA for the period beginning December 1, 2015 and ending on August 31, 2017. *DE 284-4, Chang Decl. at Page ID 7252-64 ¶5, Att. 1.* | Marshall: No response  Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 68.    Advantis began marketing for Advantis clients by at least June 2015. *DE 284-8, Theisman Decl. at Page ID 7488, DE 284-11, DE 284-12,* | Marshall: No response  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the email are genuine, who prepared | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 7892-7895 ¶ 4.cccc.* | them, whether Mr. Foti ever received, knew about or had anything to do with them.) | evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 69.      Anthony Stout was soliciting clients for Advantis by at least June 2015. *DE 284-8, Theisman Decl. at Page ID 7488, DE 284-11, DE 284-12, Page ID 7892-7895 ¶ 4.cccc.* | Marshall: No response  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the email are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | fact at issue. |
| 70.    Marshall understood that clients resulting from Advantis marketing were Advantis clients, including stating: "[A]ny Plaintiff's lawsuit will go under Advantis for sure." *DE 284-8, Theisman Decl. at Page ID 7488, DE 284-11, DE 284-12, Page ID 7892-7895 ¶ 4.cccc.* | Marshall: I understood no such thing, and do not recall this issue coming up at the deposition— though I guess it did. Clearly if I did make such a statement via email or otherwise, I would have understood that issue to be restricted to Advantis Law Group. Again, FTC here is purposely conflating Advantis Law Group with Advantis Law since they know the vast majority of any marketing docs they possess and they have shoved into their pleadings referenced Advantis Law, and even to this day, I don't believe there is a single sample referencing Advantis Law Group by itself. In other words, probably 95% of 'marketing' docs they have a la Advantis reference AL, not ALG. Moreover, even where ALG is referenced in their marketing material, usually it is a logo only— and the rest refers to AL, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | not ALG—I don't believe a single document marketing shows ONLY ALG. And I personally never signed ANY marketing doc, and anything that went out under my name I did not review or even know about specifically. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; mischaracterizes terms of a purported email by Mr. Foti, which asks a question. No foundation the email are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 71.    Marshall understood that an "Advantis referral" could come from more than one | Marshall: I never had any understanding other than the following: Wherever the referral came from, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "legal firm name." *DE 284-8*, *Theisman Decl. at Page ID 7488, DE 284-11*, *DE 284-12*, *Page ID 7892-7895 ¶ 4.cccc.* | the client would have to be personally vetted as an Advantis Law Group client. As I have maintained many times, not a single client to my knowledge ever became an ALG foreclosure client (and none became joinder clients), other than Jason Le the one individual Advantis lawsuit I had.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the email are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 72.    Foti stated that "Charles is Advantis so | Marshall: No response | Undisputed as to Marshall. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| ANY clients taken in are under the Advantis firm!" and that clients coming from the marketing "should only know Advantis." *DE 284-8, Theisman Decl. at Page ID 7488, DE 284-11, DE 284-12, Page ID 7892-7895 ¶ 4.cccc.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the email are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 73. Marshall directed Anthony Stout on setting the Advantis retainer fees. *Ex. 43; , DE 284-14, Madden July 2017 Decl. at 1051Page ID 8297 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 43 at 172:7-21); DE 284-8, Theisman Decl. at Page ID 7485, 7535 ¶ 4.f.* | Marshall: There were a number of persons (including Stout) involved with discussing what Advantis Law Group retainer fees would be. That issue was always a work-in-progress, with no definitive definition to the fees because we never reached a point where ALG foreclosure clients were being actually brought on board—again | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | with the exception of Jason Le. I never 'directed' as in commanded anything to anyone; lots of discussions and hypothetical suggestions.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the email are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 74.     Tarkowski was hired by Advantis Law Group.<br>*DE 186-3, Tarkowski Decl. at Page ID 5356, ¶¶ 4-5.* | Marshall: No response<br><br>Foti: DENY<br>*Thurman Decl., Attachment 68* | Undisputed as to Marshall.<br><br>Undisputed as to Foti. The cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 75.   Tarkowski performed work for both Brookstone and Advantis. *DE 186-3, Tarkowski Decl. at Page ID 5356-57, ¶¶ 5-6.* | Marshall: No response

Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 76.   On his financial statement, Tarkowski identifies simultaneous employment by both Brookstone and Advantis. *DE 42 at Page ID 2771.* | Marshall: No response

Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 77.   A phone directory found on-site for the Corporate Defendants identified the company as both Brookstone and Advantis, and included both Brookstone and Advantis email addresses for employees. *DE 41-5 at Page ID 2639; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.u.* | Marshall: No response

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the document is genuine, who prepared it, whether Mr. Foti ever received, knew about or had anything to do with it.) *Foti Decl, ¶ 30* | Undisputed as to Marshall.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Foti cites no evidence to controvert the fact at issue.  He cites only his self-serving declaration, which cannot controvert a fact on summary judgment. |
| 78.   Employees had phone lines and emails for | Marshall: No response | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| both Advantis and Brookstone, and the same employees would make and receive calls for both entities. *DE 41-5 at Page ID 2639; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.u; DE 17, Ayoub Decl. at Page ID 1944, ¶15; DE 284-8, Theisman Decl. at Page ID 7487, DE 284-11, Page ID 7834 ¶ 4.lll; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8417 ¶ 3, Att. 15, Marshall's First RFAs, RFA 46 admitted pursuant to FRCP 36(a)(3).* | Foti: ADMIT? [sic] | |
| 79.     The Receiver found numerous Advantis marketing materials at the Brookstone/Advantis office on June 2, 2016, including an Advantis mailer urging consumers to call, stating"[i]f you are behind on your payments act now to preserve your legal rights because the law is on your side." *DE 41-2 at Page ID 2511, 2515, 2523-27; DE 284-4,* | Marshall: No response  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The documents are authenticated as indicated in the FTC's original factual citation, including emails sent by or to Foti. The evidence is not hearsay as a statement of a party opponent.  That the marketing materials were found on-site in fact |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Chang Decl. at Page ID 7248 ¶¶ 4.b, 4.d, 4.f.* | *Foti Decl., ¶ 16.d. and 18* | makes it more likely that the marketing materials were used. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 80.    The Advantis website featured both Charles Marshall and Geoffrey Broderick as "Directors." *DE 14-4, Gales Decl. at Page ID 1374, Att. 18; Ex. 60; DE 284-8, Theisman Decl. at Page ID 7485, 7538-39 ¶ 4.i; DE 218-2, Marshall Depo. at Page ID 6073, Testimony 243:11-20; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8414 ¶ 3, Att. 15, Marshall's First RFAs, RFAs 8-9 admitted pursuant to FRCP 36(a)(3).* | Marshall: At one time I believe yes I was listed as a director—though again, I saw that as only re Advantis Law Group— not knowing about that Advantis Law or Advantis otherwise named was different corporate entity.<br><br>Foti: ADMIT?[sic] | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. |
| 81.    Both the Advantis and Brookstone websites advertised the *Wright v.* | Marshall: No response<br><br>Foti: DENY - Objection | Undisputed as to Marshall.<br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
| --- | --- | --- |
| *Bank of America* case as its own using identical language. *DE 14-4, Gales Decl. at Page ID 1275, 1367, Atts. 17-18; DE 16-4, Kennedy Decl. at Page ID 1821,1854, Atts. 8-9; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8414 ¶ 3, Att. 15, Marshall's First RFAs, RFA 11 admitted pursuant to FRCP 36(a)(3).* | (Irrelevant as to Mr. Foti, who had no involvement with the Brookstone and Advantis websites) *Foti Decl., ¶ 29* | The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 82.    The Receiver found both Brookstone and Advantis retainer agreements on-site. *DE 41-3 at Page ID 2578-84; DE 41-4 at Page ID 2586-618; DE 284-4, Chang Decl. at Page ID 7248-49 ¶¶ 4.o, 4.p, 4.q, 4.r.* | Marshall: No response  Foti: ADMIT | Undisputed as to both Marshall and Foti. |
| 83.    The Receiver found a joint retainer agreement, where a client retained both Brookstone and Advantis. *DE 41-4 at Page ID 2585-94; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.p.* | Marshall: No response  Foti: ADMIT | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 84.    The Advantis website used the same language as the Brookstone website to describe its real estate services. *DE 14-4 at Page ID 1282, Gales Decl. Att. 17; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8414 ¶ 3, Att. 15, Marshall's First RFAs, RFA 12 admitted pursuant to FRCP 36(a)(3).* | Marshall: No response<br><br>Foti: DENY - Objection (Irrelevant as to Mr. Foti, who had no involvement with the Brookstone and Advantis websites) *Foti Decl., ¶ 29* | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant. For support, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 85.    The Receiver found sales scripts for Brookstone and Advantis that were  nearly identical. *DE 41-2 at Page ID 2517-27; DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e, 4.f; DE 284-13, Theisman Decl. at Page ID 8078 ¶ 15, Att. 12, Foti Depo. at 183:4-9, (describing the two scripts as "pretty close.").* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18; In addition, the documents speak for themselves. No promises* | Undisputed as to Marshall.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5,* | does not address the fact at issue.  The other evidence he cites also does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 86.   "Main Floor" scripts for the intake personnel at 6 Hutton Centre included both Brookstone and Advantis scripts, which make many of the same misrepresentations. *DE 41-2 at Page ID 2517-19, 2523-25; DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e, 4.f.* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue.  The other evidence he cites also does not address the fact at issue. |
| 87.   Both Main Floor scripts tell the intake staff to tell callers:<br>   "[Brookstone Law/Advantis Law] is a nationwide law firm." | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as |

70

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "[Brookstone Law/Advantis Law] has teamed up with some of the top trial lawyers in the country.  These attorneys have filed multi-plaintiff litigation cases against some of the country's largest banks." *DE 41-2 at Page ID 2517, 2523; DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e, 4.f.* | are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18; In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID* | established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent.  For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue.  The other evidence he cites also does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page ID 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 88. Both Main Floor Scripts tell the intake staff to direct callers to their respective websites, www.advantislaw.com and www.brookstonelaw.com, and further tells the caller in identical language: "The home page of our website features many of the different services that [Advantis/Brookstone] has to offer and displays some of the Mass Tort complaints that we have filed to date; | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.)<br>*Foti Decl., ¶ 16.d. and 18; In addition, the documents speak for* | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "[Brookstone Law/Advantis Law] is comprised of legal professionals and attorneys who specialize in Real Estate and financial transactions. Already these lawyers have filed multiple mass tort actions against Bank of America, JP Morgan Chase, Citibank, GMAC, Aurora, Wells Fargo, and numerous individual complaints;"<br><br>"[on] our website you will see a list of some important case results that we have achieved as of today. [Brookstone/Advantis] is a Pioneer in Mass Tort litigation and all of our landmark cases are still going through the court system.  We have had some phenomenal results in our individual cases and have been able to save hundreds of homes and have achieved many confidential settlements."<br><br>"What we need to do next is analyze your situation | *themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at* | reference to the Foti Decl. does not address the fact at issue.  The other evidence he cites also does not address the fact at issue. |

73

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| to see if it meets the parameters of our cases. Before we can do this I need to take your file to our Legal Department where they will either accept or deny your case for the next stage of the process." *DE 41-2* at Page ID 2519, 2525; *DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e, 4.f.* | *Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 89.    Foti coordinated substituting Advantis mailers for Brookstone mailers, directing technical support to convert a Brookstone mailer to an Advantis mailer. *DE 284-8, Page ID 7488, DE 284-12, Page ID 7918-22, Theisman Decl. ¶¶ 4.llll and 4.mmmm.* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18; In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no* | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent.  For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue.  The other evidence he cites also |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118;* | does not address the fact at issue. |

| Uncontroverted Fact/Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 90.    Foti coordinated sending out Advantis Law Group marketing mailers beginning in at least August 2015. *DE 284-8, Page ID 7488, DE 284-12, Page ID 7915-17, 7899-7902, Theisman Decl.  ¶¶ 4.kkkk and 4.ffff.* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18;In addition, the documents speak for themselves.  No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046;* | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue.  The other evidence he cites also does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 91.    The costs for Advantis mailers were billed to Brookstone. *DE 284-8*, Page ID 7488, *DE 284-12*, Page ID 7908-13, Theisman Decl. ¶ 4.iiii. | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| **a.    The Corporate Defendants Solicited Consumers Through Mass Mailers Followed By Phone Calls and In-Person Meetings.** | | |
| 92.    The Corporate Defendants would contact consumers through mailed advertisements. *DE 17, Declaration of Jesse Chapman ("Chapman Decl.") at Page ID 1945,  ¶ 2; DE 17, Declaration of Corina Durrett ("C. Durrett Decl.") at Page ID 1965-66,  ¶ 3; DE 17-1, Declaration of Teresa Irannejad ("Irannejad Decl.") at Page ID 1976, ¶¶ 3-7; DE 17-2, Declaration of Ronald Kolodziej ("Kolodziej Decl.") at Page 1998 at ¶ 3; DE 17-4, Declaration* | Marshall: No response  Foti: ADMIT - Objections (irrelevant; failure to authenticate; hearsay. No foundation the emails and any accompanying documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether duch documents were ever used in any presentations to consumers.) | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *of Richard Leonido ("Leonido Decl.") at Page 2076 , ¶ 2; DE 17-4, Declaration of Michael Nava ("Nava Decl.") at Page ID 2094,  ¶ 3; DE 17-5, Declaration of Raymond Navarro ("Navarro Decl.") at Page ID 2107, ¶ 3; DE 17-6, Declaration of Mario Rios ("Rios Decl.") at Page ID 2131, ¶ 3; DE 17-7, Declaration of Malu Lujan ("Lujan Decl.") at Page ID 2168, ¶ 3; DE 41-2 at Page ID 2507-08; DE 41-2 at Page ID 2511; DE 41-2 at Page ID 2515; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4 (authenticating documents filed with DE 41); DE 284-13, Theisman Decl. at Page ID 8062 ¶ 15, Att. 12, Foti Depo. at 104:15-105:21.* | | |
| 93.    After receiving mailed advertisements, consumers would call the Corporate Defendants. *DE 17, Chapman Decl. at* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; No | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 1945, ¶ 3; DE 17, C. Durrett Decl. at Page ID 1966 at ¶ 8; DE 17-1, Irannejad Decl. at Page ID 1976, ¶ 4; DE 17-2, Kolodziej Decl. at Page ID 1998 , ¶ 3; DE 17-4, Leonido Decl. at Page ID 2076, ¶ 4; DE 17-7, Lujan Decl. at Page ID 2168, ¶ 4; DE 17-4, Nava Decl. at Page ID 2094, ¶ 4; DE 17-5, Navarro Decl. at Page ID 2107, ¶ 4; DE 17-6, Rios Decl. at Page ID 2131, ¶ 5; DE 41-2 at Page ID 2517-2527 (inbound telemarketing scripts for Corporate Defendants); DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e, 4.f.* | foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 94.      After calling the Corporate Defendants, most consumers would have an in person sales meeting with a "Banking Specialist," a non-attorney sales representative. *DE 41-2 at Page ID 2520, 2526 (scripts showing meetings are being set up with Banking Specialists);* | Marshall: No response Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent or a |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 41-5 at Page ID 2640-41 (office directories identifying Banking Specialists Anthony Stout, Dwight Watanabe, Robert Geist, and Richard Taylor); DE 284-4, Chang Decl. at Page ID 7248-49 ¶¶ 4.e, 4.f, & 4.u; DE 17, Chapman Decl. at Page ID 1945-47, ¶¶ 3 & 10 (met with Anthony Stout and Dwight Watanabe but not with any attorney); DE 17-1, Irannejad Decl. at Page ID 1978-79, ¶¶ 10-14 (met with Anthony Stout); DE 17, C. Durrett Decl. at Page ID 1966-68, ¶¶ 8-13 (met with Dwight Watanabe); DE 17-2, Kolodziej Decl. at Page ID 1998-2000, ¶¶ 3-10 (met with Robert Geist, an attorney only took part in a portion of one meeting); Ex. 86 at FTC-RAD-001-0171366 to 0171369 ("CLR Workflow" explaining that the CLR sets up meeting with Banking Specialist); DE 284-8, Theisman* | any presentations to consumers.) *Thurman Decl., Attachment 53; Torchia Decl., ¶ 14.* | sworn declaration. Foti's cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Declaration at Page ID 7485, 7592-7608 ¶ 4.t.* | | |
| 95.    Brookstone received ethics advice stating:  "We cannot too strongly emphasize the riskiness of using non-lawyers as a material part of any law firm's communications with clients and prospective clients." *DE 284-8, Page ID 7487, DE 284-10, DE 284-11, Page ID 7803-7822, Theisman Decl. at ¶ 4.hhh.* | Marshall: No response

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims in this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | Undisputed as to Marshall.
Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 96.    Brookstone received ethics advice that | Marshall: No response | Undisputed as to Marshall. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| its Banking Specialists were likely "runners and cappers" in violation of the law:  "As to the banking specialists, given that the attorney-client relationship typically is formalized at this initial office visit and that an attorney is not present during a significant part of this meeting or at all, arguably the banking specialist is acting for the 'procurement of business for' Brookstone in violation of Cal. Bus. & Prof. Code Section 6152." *DE 284-8*, Page ID 7487, *DE 284-10*, *DE 284-11*, Page ID 7803-7822, *Theisman Decl. at ¶ 4.hhh.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims in this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 97.    Torchia testified in 2014 that he knew it would be "highly illegal" to be "splitting fees with non-attorneys," and stating "I didn't want to | Marshall: No response

Foti: ADMIT | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| be one of these 'shops,' quote/unquote." *Ex. 2, DE 18, Torchia Transcript at Page ID 2268-69.* | | |
| 98.    Brookstone received ethics advice regarding possible unauthorized practice of law by its Banking Specialists:  "We believe the risk is great that the Brookstone Banking specialists are engaged in UPL.  We understand that they have no script for dealing with clients, which heightens the risk. . . . The fact that a lawyer might be in the room with a banking specialist and client or potential client does not immunize the banking specialist from UPL issues." *DE 284-8, Page ID 7487, DE 284-10, DE 284-11, Page ID 7803-7822, Theisman Decl. at ¶ 4.hhh.* | Marshall: No response  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims in this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-* | Undisputed as to Marshall. Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |

84

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *RFP-0149575-0149576)* | |
| 99.    Mailers sent to consumers state: "[Y]ou may be a potential plaintiff against your lender." *DE 17-6, Rios Decl. at Page ID 2135; DE 17-5, Navarro Decl. at Page ID 2128-29; DE 17, Chapman Decl. at Page ID 1948; DE 17, C. Durrett Decl. at Page ID 1972; Ex. 73 at FTC-RAD-002-0284832 ("RECORDS INDICATE YOU ARE A POTENTIAL PLAINTIFF IN THE FOLLOWING CASES: **Ronald vs. Countrywide** & **Wright v. Bank of America**"); Ex. 76 at FTC-RAD-002-0373032 ("You have been identified as a potential plaintiff due to 1 or more of the following reasons. . ."); Ex. 77 at FTC-RAD-002-0373017 ("You have been identified as a potential plaintiff. . . ."); DE 284-8, Theisman Decl. at Page ID 7485, 7571-74, 7579-85 ¶¶ 4.l,* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Exh. 73, 76 and 77, FTC-RAD-001-0183728 to 0183731, FTC-RAD-001-0065189 to 0065190 or RAD-001-0064644 to 0064646 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page* | Undisputed as to Marshall.<br>Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *4.o, & 4.p; id. DE 284-8 at Page ID 7487, DE 284-11, Page ID 7843-46 ¶ 4.ooo , (authenticating and attaching FTC-RAD-001-0183728 to 0183731, claiming "YOU ARE A POTENTIAL PLAINTIFF AGAINST YOUR LENDER"); id. DE 284-8, at Page ID 7486, DE 284-10, at Page ID 7757-58 ¶ 4.ss (authenticating and attaching FTC-RAD-001-0065189 to 0065190, stating "Our records indicate that you may be a potential plaintiff against your lender."); id. DE 284-8, Page ID 7486, DE 284-10, 7754-56 at ¶ 4.rr (attaching and authenticating FTC-RAD-001-0064644 to 0064646, at FTC-RAD-001-0064645 stating "Our records indicate that you may be a potential plaintiff against your lender.").* | *ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 100.   Mailers sent to consumers state that mass joinder litigation is a way to "void your note(s), | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| and/or to award you relief and monetary damages." *DE 17-6*, Rios Decl. at Page ID 2135; *DE 17-5*, Navarro Decl. at Page ID 2128-29; *DE 17*, Chapman Decl. at Page ID 1948; *DE 17*, C. Durrett Decl. at Page ID 1972; Ex. 73 at FTC-RAD-002-0284832 ("void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages"); *DE 284-8*, Theisman Decl. at Page ID 7485, 7571-74 ¶ 4.l (authenticating and attaching Ex. 73); id. *DE 284-8*, at Page ID 7487, *DE 284-11*, at Page ID 7843-46 ¶ 4.ooo, (authenticating and attaching FTC-RAD-001-0183728 to 0183731, at FTC-RAD-001-0183729 claiming "void your note(s), to give you your home free and clear, and/or to award you relief and monetary."); id. *DE 284-8*, at Page ID 7486, *DE* | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Exh. 73, 76 and 77, FTC-RAD-001-0183728 to 0183731, FTC-RAD-001-0065189 to 0065190 or RAD-001-0064644 to 0064646 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046;* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *284-10*, at Page ID 7757-58 ¶ 4.ss, (authenticating and attaching FTC-RAD-001-0065189 to 0065190, stating "void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages."); id *DE 284-8*, at Page ID 7486, *DE 284-10*, at 7754-56 ¶ 4.rr (attaching and authenticating FTC-RAD-001-0064644 to 0064646, stating "void your note(s), to give you your home free and clear, and/or to award you relief and monetary damages."). | *DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 101.   Mailers sent to consumers state: "[O]ur team of experienced lawyers offers you a superior alternative for recovery." *DE 17-6*, Rios Decl. at Page ID 2135; *DE 17-5*, Navarro Decl. at Page ID | Marshall: No response  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about | Undisputed as to Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of |

88

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2128-29; *DE 17, Chapman Decl. at Page ID 1948; DE 17, C. Durrett Decl. at Page ID 1972; DE 284-8, Page ID 7486, DE 284-10, Page ID 7757-58, Theisman Decl. at ¶ 4.ss; id. DE 284-8, at Page ID 7486, DE 284-10, at 7754-56 ¶ 4.rr. See also Ex. 79 at FTC-RAD-001-0088987 ("BROOKSTONE LAW, P.C.: Headquartered in Newport Beach, Calif., and with offices in Los Angeles, Calif., and Ft. Lauderdale, Fla., Brookstone Law, PC is a law firm comprised of attorneys with experience and success in business, corporate and personal finance, employment, entertainment and media, art and museum, intellectual property and real estate law. The firm has a network of more than 40 affiliate attorneys nationwide and employs highly trained specialists, paralegals, paraprofessionals and* | *or had anything to do with them and whether any of them were ever used in any presentations to consumers.) No evidence Exh. 73, 76 and 77, FTC-RAD-001-0183728 to 0183731, FTC-RAD-001-0065189 to 0065190 or RAD-001-0064644 to 0064646 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-* | the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *administrative staff dedicated to serving clients."); Ex. 73 at FTC-RAD-002-0284832 ("Our team of Lawyers specializes in Lender fraud and we are notifying you to discuss settlement arrangements. The attorneys are at the top firms in the nation and have represented hundreds of homeowners with these causes. Prior settlements with these Banks have been successful which have included Cash Settlement and properties rewarded Free and Clear homes.");* DE 284-8, *Theisman Decl. at Page ID 7485, 7587-89, 7571-74 ¶¶ 4.r & 4.l.* | *1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 102.   Mailers sent to consumers state: "It may be necessary to litigate your claims against your lender to get the help you need and our lawyers know how to do so." DE 17-6, *Rios Decl. at Page ID 2136;* DE 17-5, *Navarro Decl. at Page ID* | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with | Undisputed as to Marshall.<br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is |

90

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2128; *DE 17-6*, Navarro Decl. at Page ID 2130; *DE 17*, Chapman Decl. at Page ID 1948; *DE 284-8*, at Page ID 7487, *DE 284-11*, at Page ID 7843-46 Theisman Decl. ¶ 4.ooo, (authenticating and attaching FTC-RAD-001-0183728 to 0183731, at FTC-RAD-001-0183729 claiming "Our team of lawyers specialize in lender fraud and related claims. We are notifying you to discuss your potential involvement in our team's efforts. Our attorneys have represented hundreds of homeowners. Prior settlements with banks have included Cash Settlement and properties retained Free and Clear. However, a settlement is not always available. It may be necessary to litigate to seek a better result and our lawyers know how to do so."); id. *DE 284-8*, at Page ID 7486, *DE 284-10*, at Page ID 7757-58 ¶ 4.ss | them and whether any of them were ever used in any presentations to consumers.) *No evidence Exh. 73, 76 and 77, FTC-RAD-001-0183728 to 0183731, FTC-RAD-001-0065189 to 0065190 or RAD-001-0064644 to 0064646 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at* | not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *(attaching and authenticating FTC-RAD-001-0065189 to 0065190, at FTC-RAD-001-0065190 claiming "Our team of lawyers, coordinated by Brookstone Law, P.C., specialize in lender fraud and related claims.  We are notifying you to discuss your potential involvement in our team's efforts.  Our attorneys have represented hundreds of homeowners.  Prior settlements with banks have included cash settlement and properties retained free and clear.  However, a settlement is not always available.  It may be necessary to litigate to seek a better result and our lawyers know how to do so."); id.* DE 284-8*, at Page ID 7486,* DE 284-10*, at 7754-56 ¶ 4.rr (authenticating and attaching FTC-RAD-001-0064644 to 0064646, at FTC-RAD-001-0064645claiming "Our* | *Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *team of lawyers, coordinated by Brookstone Law, P.C., specializes in lender fraud and related claims.  We are notifying you to discuss your potential involvement in our team's efforts.  Our attorneys have represented hundreds of homeowners. It may be necessary to litigate to seek a better result and our lawyers know how to do so.").* | | |
| 103.   One mailer from 2011 asserted plaintiffs in the *Wright v. Bank of America* litigation would be entitled to "$75,000 in damages per individual." *Ex. 73 at FTC-RAD-002-0284832; DE 284-8, Theisman Decl. at Page ID 7485, 7571-74 ¶ 4.l (authenticating and attaching Ex. 73).* | Marshall: No response<br><br>Foti: Lack of foundation (no evidence Exh. 73 was sent out). FTC has Vito as a witness, yet no testimony on this. Hearsay.<br>*No evidence Exh. 73 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-* | Undisputed as to Marshall.<br>Undisputed as to Foti. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the |

93

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | receivership in fact makes it more likely it was used. Foti's cited evidence he cites does not address the fact at issue. |
| *104.*  One mailer sent to | Marshall: No response | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| consumers in 2011 stated: "That each Plaintiff shall receive a judicial determination that the mortgage lien alleged to exist against their particular property is null and void *ab initio*. The case is covered by the settlement is defined [sic] as follows:  all Florida and California residents who purchased a loan by any of these lenders from January 1, 2004 through February 5, 2009 (the 'Settlement Class'). Your current lender will pay up to $75,000 in cash and certificates for (i) valid claims submitted by Settlement Class members, (ii) notice to the Settlement Class, (iii) administrative costs of the settlement, (iv) Settlement Class Counsel's attorneys fees and costs not to exceed $793,750, and (v) incentive awards to the Plaintiffs not to exceed $5,000 for each Plaintiff ('Settlement Fund')." *Ex. 79 at FTC-RAD-001-* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 79 or Ex. 80 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID* | Marshall. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *0088987 (including cover email indicating the mailer was sent to consumers and then the two page mailer); Ex. 80 (email indicating that this mailer was a mailer that had been in use for more than one set of mailings);* DE 284-8*, Theisman Decl. at Page ID 7485, 7587-91  ¶¶ 4.r & 4.s.* | *2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page ID 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 105.   Foti sent an email to Torchia attaching a mailer that stated, among other items: "I'm sure you may share a similar situation as many of our clients either being lied to, mislead, or wrongfully denied a loan modification.  As you | Marshall: No response

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with | Undisputed as to Marshall.
Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| may already know, <<BANK>> is under great scrutiny for questionable business practices, negligence in processing loan modifications, and illegal foreclosures." *Ex. 75 at FTC-RAD-001-0221284; DE 284-8, Theisman Decl. at Page ID 7485, 7576-78 ¶ 4.n.* | them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 75 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido* | not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 106.   Foti sent an email to Kutzner including a draft mailer that stated: "Mortgage Lenders Have Profited Now It Is Time To Make Them Pay!" "You have been identified as a potential plaintiff due to 1 or more of the following reasons: You received an NOD or a NOS within the last 3 years which could entitled [sic] you to damages. Even if you are in default your loan may be 'current'. Home has been foreclosed on under a noncompliant process that could have | Marshall: No response<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 76 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All* | Undisputed as to Marshall.<br>Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| violated your legal rights. Have received a temporary Loan Modification or didn't have a single point of contact try to help you stay in your home. You were foreclosed on while you had a loan Modification application in process. Laws AB 1950, SB 1474 extends the statute of limitations to file claims for fraud." "If you have received a Notice of Default or Notice of Sale within the last 3 years you could be entitled to damages!" "If you have been foreclosed on if [sic] could have been done illegally.  New laws that protect homeowners under the new Homeowner Bill of Rights act are on your side.  Major Banks are settling for billions of dollars and you may be entitled to part of these settlements." *Ex. 76 at FTC-RAD-002-* | *clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID* | it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *0373032; DE 284-8, Theisman Decl. at Page ID 7485, 7579-82 ¶ 4.o.* | *2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 107.   Foti sent an email identifying a mailer as "the final one" making the following statements: "5 Major Banks agree to $25 BILLION dollar settlement which you could be entitled to." "Bank of America just settled for $16.5 BILLION dollars for homeowner relief." | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| "You received an NOD or NOS within the last 3 years which could entitle you to damages." "Even if you are in default your loan may be 'current' because of a special provision in your mortgage note/deed." "Home has been foreclosed on under a noncompliant process that could have violated your legal rights." "Have received a temporary Loan Modification or didn't have a single point of | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 77 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| contact try to help you stay in your home." "You were foreclosed on while you had a loan Modification application in process." "Laws AB 1950, SB 1474 extends the statute of limitations to file claims for fraud." "If you are late on your mortgage call today before you lose your rights." "If you have received a Notice of Default or Notice of Sale within the last 3 years you could be entitled to damages!" "If you have been foreclosed on, or in the process of foreclosure, it could have been illegal. New laws that protect homeowners under the Homeowner Bill of Rights Act are on your side.  Major Banks are settling for billions of dollars and you may be entitled to part of these settlements." *Ex. 77 at FTC-RAD-002-0373017; DE 284-8,* | *clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3  Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID* | it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

101

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Theisman Decl. at Page ID 7485, 7583-85 ¶ 4.p.* | *2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 108.   Some versions of mailers sent to consumers reference the Department of Justice's multibillion dollar settlements with certain banks. *DE 17-8, Lujan Decl. at Page ID 2194 ("Your property may be eligible to receive settlement funds to be released in 2015.  Bank of America entered into an agreement with Federal Banking Regulators-the office of Comptroller of Currency and board of Governors of the Federal Reserve System.  By accepting this settlement you do not waive any legal claims against Bank of America and are entitled to still sue your Trustee.  It is important that you call us to discuss these details further."); Ex. 76 at FTC-RAD-002-0373032 ("Major Banks are settling for billions of* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Exs. 75,76 or 77 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *dollars and you may be entitled to part of these settlements."); Ex. 77 at FTC-RAD-002-0373016 ("5 Major Banks agree to <u>$25 BILLION</u> dollar settlement which you could be entitled to."); id. ("Bank of America just settled for <u>$16.5 BILLION</u> dollars for homeowner relief."); DE 284-8, Theisman Decl. at Page ID 7485, 7579-85 ¶¶ 4.o & 4.p.  See also Ex. 75 at FTC-RAD-001-0221285 ("The California Attorney General has obtained a broad-ranging settlement against <<BANK>>.  If you are a homeowner struggling to pay your mortgage or facing foreclosure, or have already lost a home to foreclosure, it is possible that this settlement could help you."); DE 284-8, Theisman Decl. at Page ID 7485, 7576-78 ¶ 4.n; DE 41-2 at Page ID 2508; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.a.* | *are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5,* | it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24). Thurman Decl., Attachment 65* | |
| 109.   A mailer sent to consumers in 2015 made the following statements: "We have been trying to reach you to discuss our landmark victory against Bank of America in California's Supreme Court.  This decision is NOW LAW which opens up many different legal channels on your case. Brookstone Law is preparing to sue the trustee assigned to foreclose on your property for wrongful foreclosure and demand that they immediately cancel your auction date scheduled for **8/26/2015**." "Your property may be eligible to receive settlement funds to be released in 2015.  Bank of America entered into an agreement with Federal | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred without this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *The documents speak for themselves.  No promises are made. All clients* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  A consumer testified to receiving this mailer. Foti's cited evidence does not address and/or |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Banking Regulators-the office of Comptroller of Currency and board of Governors of the Federal Reserve System.  By accepting this settlement you do not waive any legal claims against Bank of America and are entitled to still sue your Trustee.  It is important that you call us to discuss these details further." *DE 17-8*, *Lujan Decl. at Page ID 2194.* | *signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3   Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID* | controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 110.   The Receiver found a mailer for Advantis that referenced both Advantis Law and Advantis Law Group and stated that Marshall was the attorney issuing the marketing. *DE 41-2 at Page ID 2511 (containing "Advantis Law Group" in header and then stating: "Advantis Law, PC (attorney Charles Marshall, esq) is a CA licensed law firm. . . ."); DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.b.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred wiuthout this Defendant's involvement in Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page ID 2511 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page* | it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |
| 111.   A mailer for Advantis touts in bold type that consumers might be entitled to relief as a result of multibillion-dollar settlements with banks. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

107

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 41-2 at Page ID 2511 ("5 Major Banks agree to $25 BILLION dollar settlement which you could be entitled to;" "Bank of America just settled for $16.5 BILLION dollars for homeowner relief;" and "Major Banks are settling for billions of dollars and you may be entitled to part of these settlements."); DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.b.* | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page ID 2511 was used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 112.   The mailers included phone numbers for consumers to call to get more information. *DE 41-2* at Page ID 2511; *DE 284-4,* *Chang* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl. at Page ID 7248 ¶ 4.b; Exs. 73, 75-77, 79; DE 284-8, Theisman Decl. at Page ID 7485, 7571-74, 7576-85, 7587-89 ¶¶ 4.l, 4.n, 4.o, 4.p & 4.r; DE 41-2 at Page ID 2508; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.a; DE 17-5, Navarro Decl. at Page ID 2128; DE 17-6, Navarro Decl. at Page ID 2130; DE 17, Chapman Decl. at Page ID 1948; DE 284-8, Page ID 7487, DE 284-11, Page ID 7843-46 Theisman Decl. at ¶ 4.ooo; id. DE 284-8, Page ID 7486, DE 284-10, Page ID 7757-58 at ¶ 4.ss; id. DE 284-8, Page ID 7486, DE 284-10, 7754-56 at ¶ 4.rr.* | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.)<br>*No evidence the mailers were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 113.   Brookstone received ethics advice indicating its mailers may contain deceptive statements:  "In the | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| current mailing, there are a few phrases that could be misleading.  One is the case validation expiration date.  We're not sure why there is an expiration date and if it has any basis.  If it does not have any basis, it is possible the expiration date could be taken as putting false pressure on a potential client.  Also, is it correct that Brookstone Law has obtained settlements for clients of cash and properties retained free and clear?  As you can see, we have some questions on whether the current mailing could be in violation of CRPC 1-400.  It might be helpful to go over the language of the current mailing with you to consider alternative phrasing that might be less likely to run afoul of CRPC 1-400."  *DE 284-8, at Page ID 7487, DE 284-10, DE 284-11, at Page ID 7803-7822, Theisman Decl. ¶ 4.hhh.* | fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.)  *Thurman Decl., Attachment 54  (Vito clawback request - FTC-* | issue.  Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5.  Foti's cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *RFP-0149575-0149576)* | |
| 114.   Some consumers completed the sales process entirely over the phone. *DE 17-4, Nava Decl. at Page ID 2094-96 ¶¶ 4-11; DE 41-2 at Page ID 2520 (script stating phone appointments are available for people more than 3 hours away); DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.e.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 115.   The Corporate Defendants preferred the | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| sales process to be completed through an in person meeting with the consumer because they believed they were more likely to close a deal if the person physically came to the office. *DE 41-2 at Page ID 2520 ("If anyone lives more than a three (3) hour drive away then we will allow phone appointments, however be aware of the fact that these appointments close at a smaller percentage in comparison to in office appointments."); DE 41-2 at Page ID 2526 (same); DE 284-4, Chang Decl. at Page ID 7248 ¶¶ 4.e & 4.f; Ex. 87 at FTC-RAD-001-0089958 (in large type "In office appointment (preferred)"); Ex. 88 at FTC-RAD-002-0133018 (stating that everyone within 150 miles must come in for an in person appointment); DE 284-8, Theisman Decl. at Page ID 7486, 7609-7652¶¶* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used.<br>For support, Foti cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *4.u & 4.v.* | | |
| 116.   At least one script directed the sales people to say the following when setting an in person appointment:  "The legal department has informed me that due to the strength of your case they would like to schedule a time to have you come down to our office to meet with the attorney at no charge to go over your potential case as soon as possible." *Ex. 87 at FTC-RAD-001-0089958; Ex. 88 at FTC-RAD-002-0133017 ("The legal department has informed me that due to the strength of your case they would like to schedule a time to have you come down to our office to meet with the attorney to go over your potential case as soon as possible."); DE 284-8, Theisman Decl. at Page ID 7486, 7609-7652 ¶¶ 4.u & 4.v.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Exs. 87 or 88 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made. All clients signed agreements confirming that no* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118;* | controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 117.   At times, Corporate Defendants' sales people would tell consumers that the Corporate Defendants' lawyers "previously represented these very same banks we are suing." *Ex. 86 at FTC-RAD-001-0171373 ("The nation's top trial lawyers have banded together.  These are the lawyers who previously represented these very same banks we are suing; (Now let's go to the second paragraph) the lawyers who know their way around the courthouses better than anyone."); DE 284-8, Theisman Decl. at Page ID 7485, 7592-7608 ¶ 4.t.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 86 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does |

117

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118;* | not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 118.   The Corporate Defendants' sales scripts instructed sales people to tell consumers: "[Brookstone Law/Advantis Law] is a nationwide law firm that focuses [mainly] on civil litigation." *DE 41-2 at Page IDs 2517 & 2523; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.e & 4.f.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence SE-41-2 at Page IDs 2517 & 2523 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made. All clients* | Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  Foti's cited evidence does |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID* | not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 119.   Sales scripts instruct sales people to say:  "We are currently reviewing potential litigation cases from bank records and we feel your file fits our nationwide litigation case against the Banks." *Ex. 86 at FTC-RAD-001-0171362; Ex. 87 at FTC-RAD-001-0089955;* <u>*DE 284-8*</u>*, Theisman Decl. at Page ID 7485, 7579-85 ¶¶ 4.t & 4.u.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Exs. 86 or 87 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

121

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5,* | it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 120.   Sales scripts instruct sales people to say: "These lawyers have filed multiple mass joinder cases against Bank of America (Countrywide) and Wells Fargo and additional litigation against (there bank if applicable)  These Banks have admitted defrauding hundreds of thousands of Homeowners.  (Now 3 sentences below it says) This case is now going national.  Recently Bank of America was forced to admit that it had been defrauding the government in foreclosing on mortgages nationwide." *Ex. 86 at FTC-RAD-001-0171364; DE 284-8, Theisman Decl. at Page ID 7485, 7592-7608 ¶ 4.t.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 86 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5,* | receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 121.   Brookstone never maintained more than one office with actual employees. *DE 284-13, Theisman Decl. at Page ID 8054 ¶ 15, Att. 12, Foti Depo. at 41:21-42:1, ("Q.  So talking generally about Brookstone law, was Brookstone Law a national law firm?  A.  I don't believe so.  Q.  How many offices did it have?  A.  I've only seen one at a time.  That's what I knew."); DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8285 ¶ 2.h, Att. 8, Marshall Depo. at 73:13-18 ("Q. How many offices did Advantis have?  A.  That I was familiar with?  I was familiar with one office at a time.  There was an office in Irvine for some time, and then there was an office in Santa Ana.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: Admit | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Those are the only offices I visited, and those are the only offices I'm familiar with.")* | | |
| 122.  Brookstone received ethics advice that it should not claim to be a national law firm. *DE 284-8, at Page ID 7487, DE 284-11, at Page ID 7823-27 Theisman Decl. ¶ 4.iii, (attaching and authenticating FTC-RAD-001-0164311 to 0164315, and stating on FTC-RAD-001-0164313 "we believe that Brookstone holding itself out as a 'national law firm' could be misleading under Rule 1-400").* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | issue. |
| 123.   The Corporate Defendants' sales scripts instructed sales people to tell consumers: "[Brookstone Law/Advantis Law] has teamed up with some of the top trial lawyers in the country.  These attorneys have filed multi-plaintiff litigation cases against some of the country's largest banks.  The banks were charged with committing the biggest corporate fraud in United States history and for trying to foreclose on homes they do not own. The Department of Justice and the State Attorney Generals have reached a historic settlement with some of these same banks | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a |

127

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| and if you are a homeowner that is struggling to pay your mortgage, facing foreclosure, or if you have already lost your home to foreclosure, it is possible that this settlement could help you." *DE 41-2 at Page IDs 2517 & 2523; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.e & 4.f; See also Ex. 86 at FTC-RAD-001-0171362 & FTC-RAD-001-0171370 ("Brookstone Law has teamed up with some of the top trial lawyers in the country; these lawyers have filed a mass joinder case (which is a form of a Class Action) against some of the largest banks in the country. Recently in the news, all fifty state Attorney Generals have announced actions against the lenders for their wrongdoing. We feel you might be a part of these potential claims against the banks."); Ex. 87 at FTC-RAD-001-* | *No evidence DE-41-2 at Page IDS 2517 and 2523 or Exhs. 86 to 88 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3 Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page* | receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

128

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *0089955 ("Brookstone Law Firm has teamed up with some of the top trial lawyers in the country; these lawyers have filed a mass joinder case (which is a form of a Class Action) against some of the largest banks in the country.  Recently in the news, all fifty state Attorney Generals have announced actions against the lenders for their wrongdoing.  We feel you might be part of these potential claims against the banks."); Ex. 88 at FTC-RAD-002-0133014 ("Brookstone Law has teamed up with some of the top trial lawyers in the country.  These lawyers have filed multi-plaintiff litigation against the largest banks in the nation, for committing the biggest corporate fraud in United States history.  The five major banking institutions have admitted to wrongdoing and have reached a settlement with* | *ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *all fifty state Attorney Generals.  These actions have placed increased pressure on the lenders to improve and remedy the harms, misrepresentations and fraud committed within their illegal loan practices.");* [DE 284-8](), *Theisman Decl. at Page ID 7485-86, 7592-7652 ¶¶ 4.t, 4.u & 4.v.* | | |
| 124.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:   As you look at our "website you will see a list of some important case results that we have achieved as of today. [Brookstone/Advantis] is a Pioneer in Mass Tort litigation and all of our landmark cases are still going through the court system. We have had some phenomenal results in our individual cases and have been able to save hundreds of homes and have achieved many confidential settlements." [DE 41-2]() at Page IDs | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2519 & 2525; *DE 284-4*, *Chang Decl. at Page ID 7248 ¶¶ 4.e & 4.f. See also Ex. 88 at FTC-RAD-002-0133016 ("Our cases are now proceeding into trial court, and the numbers of plaintiffs from around the country are expanding. It may be that the banks are unable to show they own any of their promissory notes, or that the banks have made errors that will cause other penalties to be levied against them. In the case below, the attorneys have racked up consecutive wins in each round against the Banks."); Ex. 86 at FTC-RAD-001-0171364 (same); DE 284-8, Theisman Decl. at Page ID 7485-86, 7592-7608, 7615-52 ¶¶ 4.t & 4.v.* | any presentations to consumers.) *No evidence DE-41-2 at Page IDS 2519 and 2523 or Exhs. 86 to 88 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page ID 2085; DE 17-4, Leonido* | statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

131

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 125.   The Corporate Defendants' sales scripts instructed sales people to tell consumers: "[Brookstone Law/Advantis Law] is comprised of legal professionals and attorneys who specialize in Real Estate and financial transactions. Already, these lawyers have filed multiple mass tort actions against Bank of America, JP Morgan Chase, Citibank, GMAC, Aurora, Wells Fargo,and numerous individual complaints" *DE 41-2* at Page IDs | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2519 & 2525; *DE 284-4*, *Chang Decl. at Page ID 7248 ¶¶ 4.e & 4.f.* | them and whether any of them were ever used in any presentations to consumers.) *No evidence DE-41-2 at Page IDS 2519 and 2523 were used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4,* | not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24). Foti Decl. 42, 44, 70.* | |
| *126.* At least one script instructed sales people to tell consumers: "You will see that the judge has stated in court, that the whole matter is of intense interest of the U.S. congress, as well as the central bank.  Now (Name) if some of the claims pressed are proven and successful and a request to be tried in a jury court is achieved, the judge states that the punitive damages or reasonable outcome of the | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br> Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| case would be a judgment and or settlement would be in the billions.  So as you can see this case is starting to get a lot of attention and we are achieving very serious results." <br> *Ex. 86 at FTC-RAD-001-0171364;* [DE 284-8](#)*, Theisman Decl. at Page ID 7485, 7592-7608 ¶ 4.t.* | them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) <br> *No evidence Ex. 86 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID* | evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 127.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:   "The five major banking institutions have admitted to wrongdoing and have reached a settlement with all fifty state Attorney Generals.  These actions have placed increased pressure on the lenders to improve and remedy the harms, misrepresentations and fraud committed within their illegal loan practices." | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Ex. 88 at FTC-RAD-002-0133014; DE 284-8, Theisman Decl. at Page ID 7486, 7615-7652 ¶ 4.v.* | them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 88 was used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID* | evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24). Thurman Decl., Attachment 65 (state settlements)* | |
| 128.   The Corporate Defendants' sales scripts instructed sales people to tell consumers:  "Our cases are now proceeding into trial court, and the numbers of plaintiffs from around the country are expanding.  It may be that the banks are unable to show they own any of their promissory notes, or that the banks have made errors that will cause | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.   Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.   Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| other penalties to be levied against them.  In the case below, the attorneys have racked up consecutive wins in each round against the Banks." *Ex. 88 at FTC-RAD-002-0133016; DE 284-8, Theisman Decl. at Page ID 7486, 7615-7652 ¶ 4.v.* | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 88 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 129.   Over the phone, Advantis sales people would claim *Wright* as Advantis', pointing the caller to the Advantis website and saying: "As you scroll down [the website] you will see one of our prominent cases called Wright v. Bank of America.  Do you see it? [**YES**] Great, the Wright case is probably one of the most controversial | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| existing Mass Torts against a major lender in the nation, . . . If you scroll down you will be able to find the many amendments that we have collectively filed with our associate counsel Brookstone Law." *DE 41-2 at Page ID 2525; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.f.* | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page 2525 was used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl.* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

141

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 130.   Over the phone, Advantis sales people would say "we have teamed up with Brookstone Law on this very High profile case and have associated on many other cases." *DE 41-2* at Page ID 2525; *DE 284-4*, Chang Decl. at Page ID 7248 ¶ 4.f. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page ID 2525 was used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151;* | The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

143

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 131.   Another document, titled "Objection Techniques," instructed sales people, when challenged on how much the mass joinder was going to cost, to say:  "So what your saying is that you want to [sic] the most cost effective program available, the fact is that Brookstone law has been | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| assisting homeowners like you for many years, what this means to you is that we have helped thousands of homeowners save their homes either through litigation, bankruptcy, or some other form of legal aide [sic], and you do want to you're your home don't you?" The Objection Techniques document also instructed sales people to tell a customer who didn't want to pay anything because they were tired of losing money on their property: "Sir, I know exactly how you feel and the bottom line is, if we can't custom tailor a program that benefits you and your family we won't get to write and you won't sign it correct?" *DE 41-2* at Page ID 2529; *DE 284-4,  Chang Decl. at Page ID 7248 ¶ 4.g.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page ID 2525 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 132.   In another document, sales people are directed to address questions about whether the mass joinder is better or different than a loan modification by stating: "Over the past few years we have taken the steps to build solid relationships with the major banking | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| institutions to provide our clients with the relief they seek.  By Having the backing of a REPUTABLE law Firm that has formed a strong relationship with the lenders as we have, you can rest assured that we will be able to get you and your family a permanent solution." *Ex. 88 at FTC-RAD-002-0133025; DE 284-8, Theisman Decl. at Page ID 7486, 7615-7652 ¶ 4.v.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence Ex. 88 was used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

147

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 133.   The scripts and email correspondence with the sales people emphasize that the sales people were supposed to ask about consumers' "harms"—why consumers were falling behind on their mortgage or feel they were harmed by their banks—and then to | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "repeat the harms" and state that because of the "strength of your case" the consumer should come in for an in person meeting to further discuss the mass joinder litigation. *DE 41-2 at Page IDs 2518 & 2524 (directing sales people to ask "Do you feel that you have been harmed, misrepresented or defrauded by your lender," and directing them to say, "IF HAVE HARMS REPEAT (LH1, LH2, LH3) back to them. 'Due to the fact you have LH1, LH2, and LH3 we believe you can be a possible candidate for our program'."); Ex. 87 at FTC-RAD-001-0089958 ("The legal department has informed me that due to the strength of your case they would like to schedule a time to have you come down to our office to meet with the attorney at no charge to go over your potential* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *No evidence DE 41-2 at Page IDs 2518 & 2524, Exhs. 87 and 88 or FTC-RAD-002-0411571 were used in any presentations to consumers.  In addition, the documents speak for themselves.  No promises are made.  All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *case as soon as possible.");* Ex. 88 at FTC-RAD-002-0133018 *("Legal has informed that due to the strength of your case you are able to proceed further with the litigation process. . . .");* DE 284-8, *Theisman Decl. at Page ID 7486, 7609-7652 ¶¶ 4.u & 4.v;* id. DE 284-8, *Page ID 7489,* DE 284-12, *Page ID 7972 at ¶ 4.uuuu (authenticating and attaching FTC-RAD-002-0411571, an email from Todd Siedel to Banking Specialists, cc'ing Foti, stating: "Going forward it is imperative you do your job correctly, REPEAT THE HARMS! DUE TO THE STRENGTH OF YOUR CASE!").* | *Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 134.   Brookstone's ethics counsel warned that Brookstone may have been improperly playing on potential clients' emotions:<br>"For instance, in the document entitled 'CLR | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Work Flow – Resource Management Temp', Brookstone directs client litigation representatives to listen for 'emotions and clients pains brought on by bank and [to] notate them on intake form. LISTEN!  LISTEN! LISTEN!.'  This could be taken to suggest Brookstone is evaluating and directing its efforts at those who are in a suffering emotional state. There is a risk that communications by Brookstone personnel could come under Standard 3 of CRPC 1-400.  Standard 3 presumes a violation if a communication is 'delivered to a potential client whom the member knows or should reasonably know is in such a physical, emotional, or mental state that he or she would not be expected to exercise reasonable judgment as to the retention of counsel.' We have not looked into | Group, P.C. or the other individual defendants in this action.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.  In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| whether any behavior could violate other laws, such as elder abuse laws. The language above highlights the care that must be taken when creating and reviewing scripts." *DE 284-8, Theisman Decl. at Page ID 7487 ¶ 4.hhh.* | | |
| 135.   CLR Work Flow document states:  "CLR listens for emotions and clients pains brought on by bank and will notate them on intake form. **LISTEN!  LISTEN! LISTEN!**" *Ex. 86 at FTC-RAD-001-0171366; DE 284-8, Theisman Decl. at Page ID 7485, 7592-7608 ¶ 4.t.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | consumers.) *No evidence Exh. 86 was used in any presentations to consumers. In addition, the documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan* | documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |

|  |
|---|
| **a.   The Corporate Defendants Convinced Consumers to Pay Advance Fees.** |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 136.   Consumers were told they were likely to prevail in their mass joinder litigation. *DE 186-4, Torchia Decl. at Page ID 5373-75, ¶¶ 9-14, and Page ID 5384-88 (legal analysis would tell clients they had claims); DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶ 8, and Page ID 2005-10; DE 17-6, Rios Decl. at Page ID 2132, ¶ 7, and Page ID 2142-47; DE 17-1, Irannejad Decl. at Page ID 1977, ¶¶ 9-12; DE 17, C. Durrett Decl. at Page ID 1968, ¶ 11; DE 17, Chapman Decl. at Page ID 1945, ¶¶ 4-5;* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (irrelevant; hearsay; lack of personal knowledge based on witness' testimony ("My understanding is that ...") No basis stated for declarant's "understanding." | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.  Torchia's statements include proper |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 17-4*, *Leonido Decl. at Page ID 2077, ¶¶ 8-9;* *DE 17-7*, *Lujan Decl. at Page ID 2170, ¶¶ 7-8;* *DE 17-4*, *Nava Decl. at Page ID 2095, ¶¶ 6-7;* *DE 17-5*, *Navarro Decl. at Page ID 2108, ¶ 5; DE 284-6*, *Expert Report Submitted by Dr. Bruce Isaacson Measuring the Experiences of Consumers Who Retained Brookstone Law Firm ("Isaacson Expert Report") at Page ID 7303 ¶ 2.i.* | Acknowledges he did not "complete," "produce or review" any of the the legal analysis reports; no evidence of Mr. Foti 's knowledge or involvement; Expert Report: Fails to comply with FRE 702 and the Daubert standard; double hearsay.) *The documents speak for themselves.  No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1,* | foundation, as one of the control people of the business and its activities. Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay.      Foti's cited evidence does not address or controvert the fact at issue. |

155

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).* | |
| 137.   Consumers were told they were likely to obtain monetary relief, including $75,000 or more.  *DE 17-1, Irannejad Decl. at Page ID 1978-79, ¶¶ 12 & 14; DE 17, C. Durrett Decl. at Page ID 1968, ¶ 11; DE 17-6, Rios Decl. at Page ID 2132, ¶ 6; DE 17-7, Lujan Decl. at Page ID 2170, ¶ 8; DE 17-4, Nava Decl. at Page ID 2095, ¶¶ 6-7; DE 17-2, Kolodziej Decl. at Page* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (failure to authenticate; hearsay; irrelevant - no evidence of Mr. Foti's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| ID 2000, ¶ 9; *DE 17-5*, *Navarro Decl. at Page ID 2108, ¶ 6; DE 284-8, Page ID 7488, DE 284-12, Page ID 7926-28, Theisman Decl. at ¶ 4.pppp (authenticating and attaching FTC-RAD-002-0256242 to 0256244, an email in which a Brookstone associated lawyer writes: "Bottom line—prospective clients are being given the numbers of $75,000 in general damages and $750,000 in punitive damages. No mental gymnastics related to 'guarantee', 'promise', 'no guarantee', 'estimate', 'likely', 'unlikely', etc. can change that fact. The prospective client hears numbers only. That's how any reasonable outside person wil look at that. But, hey, that's just one person's opinion."); DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8420 ¶ 3, Att. 15, Marshall's First RFAs, RFA 75* | knowledge or involvement; Hearsay; Expert Report: Hearsay, other grounds stated in motion to exclude; *The documents speak for themselves. No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3 Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page* | established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. Finding documents on a receivership computer or the receivership premises in fact makes it more likely it was used. Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay.  Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *admitted pursuant to FRCP 36(a)(3); DE 284-6, Isaacson Expert Report at Page ID 7303, 7333, 7334 ¶¶ 2, 91 & 95.* | *ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).  DE 17, C. Durrett Decl. at Page ID 1968, ¶ 11: Not supported by statement made in declaration ("When questioned about particular potential claims he explained in detail why he thought we had a case. He said our case looked pretty good. He said we shouldn't run out and buy a new car because it wasn't guaranteed, but that we had a good case."); She knew Mr. Watanabe was not a lawyer (Para. 8); Kolodzieg: testified before Judge Carter he had participated in litigation before retaining Brookstone and knew* | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *there were "no guarantees"in litigation ("The judge could rule against you?); Thurman Decl., Attachment 66 (Kolodziej Carter 8/3/16)* | |
| 138.   Consumers were told they were likely to obtain a loan modification. *DE 17-4, Nava Decl. at Page ID 2095, ¶¶ 6-7; DE 17-2, Kolodziej Decl. at Page ID 1999-2000, ¶ 9; DE 17, Chapman Decl. at Page ID 1946, ¶ 7* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (failure to authenticate; hearsay; irrelevant - no evidence of Mr. Foti's knowledge or involvement; Hearsay; Expert Report: Hearsay, other grounds stated in motion to exclude; *The documents speak for themselves.  No promises are made. All clients signed agreements confirming that no guarantees were made to them (Receiver's* | Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.  This fact is supported by declarations from consumers testifying to their interactions with |

159

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3   Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24).  DE* | the Corporate Defendants. Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay.        Foti's cited evidence does not address or controvert the fact at issue. |

160

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *17, C. Durrett Decl. at Page ID 1968, ¶ 11: Not supported by statement made in declaration ("When questioned about particular potential claims he explained in detail why he thought we had a case. He said our case looked pretty good. He said we shouldn't run out and buy a new car because it wasn't guaranteed, but that we had a good case."); She knew Mr. Watanabe was not a lawyer (Para. 8); Kolodzieg: testified before Judge Carter he had participated in litigation before retaining Brookstone and knew there were "no guarantees" in litigation ("The judge could rule against you?); Thurman Decl., Attachment 66* | |
| 139.   Consumers were told they were likely to have their mortgage notes voided or obtain their homes free and clear. *DE 17-6*, Rios Decl. at Page ID 2132, ¶ 6; *DE* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *17-7, Lujan Decl. at Page ID 2170, ¶ 8; DE 284-14, Isaacson Expert Report at Page ID 7430 ¶ 110; Madden July 2017 Decl. at Page ID 8126, 8420 ¶ 3, Att. 15, Marshall's First RFAs, RFA 78 admitted pursuant to FRCP 36(a)(3).* | with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objections (failure to authenticate; hearsay; irrelevant - no evidence of Mr. Foti's knowledge or involvement; Hearsay; Expert Report: Fails to comply with FRE 702 and the Daubert standard; double hearsay. *The documents speak for themselves. No promises are made. All clients signed "no guarantee" agreements; Receiver's Preliminary Report (DE-41-4), Exh. 19 pg. 2; Exh. 20, p. 2; DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3 Kolodziej Decl. at Page ID 2029 and 2039-2040; DE 17-3 Kolodziej Decl. at Page ID 2046; DE-6, Rios at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151; DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. Finding documents on a receivership computer or the receivership premises in fact makes it more likely it was used. Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay.<br><br>     Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad at Page ID 1994-95; DE 17-4, Leonido Decl. at Page 2085; DE 17-4, Leonido Decl. at Page 2091; DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page 2185; DE 17-7, Lujan Decl. at Page ID 2191; DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104; DE-17-5, Navarro Decl. at Page ID 2114; DE 17-5 Navarro Decl. at Page ID 2118; DE 17-5 Navarro Decl. at Page ID 2123-24;* | |
| 140.   In an email exchange in May 2012, an attorney associated with Brookstone wrote: "Bottom line—prospective clients are being given the numbers of $75,000 in general damages and $750,000 in punitive damages.  No mental gymnastics related to 'guarantee', 'promise', 'no guarantee', 'estimate', 'likely', 'unlikely', etc. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| can change that fact. The prospective client hears numbers only. That's how any reasonable outside person will look at that. But, hey, that's just one person's opinion." *DE 284-8, at Page ID 7488, DE 284-12, at Page ID 7926-28, Theisman Decl. ¶ 4.pppp.* | (irrelevant - no evidence email was directed to, received by or reviewed by Mr. Foti; failure to authenticate; hearsay. No foundation the email is genuine, who prepared it, whether Mr. Foti ever received, reviewed, knew about or had anything to do with it.) | The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 141.   During in person meetings, Banking Specialists show consumers a "Legal Analysis" that would invariably state that consumers had multiple valid causes of action against their lenders with no discussion of any defenses the lenders may have or discussions of the relative weakness of the various claims. *DE 186-4, Torchia Decl. at Page ID 5373-75, ¶¶ 9-* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br><br> Foti: DENY - DE 186-4, Torchia Decl: lack of foundation ("My understanding is that ..." | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br> Undisputed as to Foti. The fact is relevant. Torchia's statements include proper |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *14, and Page ID 5384-88, Att. A ("My understanding is that the vast majority of the Legal Analysis reports told clients they that they [sic] had a valid legal claim (e.g., fraudulent concealment, intentional misrepresentations, negligent misrepresentation, breach of contract) against their lender and/or other third party;" "Signing clients up for a Legal Analysis report was Damian Kutzner's idea and its main purpose was to get people in the door as clients. . . . Specifically, the Legal Analysis would tell the client the causes of action the client had against their lender and/or other third party. Contrary to the statements in the Legal Analysis, these documents were not thorough legal analyses of the clients' possible claims. For instance, although the Legal Analysis would* | No personal knowledge or other basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); irrelevant (no evidence of Foti involvement); *DE 186-4, Torchia Decl. ("My understanding is that ..." No basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); Thurman Decl., Attachments 43 (Mr. Torchia's description of the "thorough analysis" of the client's chain of title in the preliminary legal analysis reports prepared by the law firm for some but not all clients)* | foundation, as one of the control people of the business and its activities.   Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *state consumers had valid causes of action against their lenders, it would not discuss or identify any defenses to these claims or weaknesses of these claims.  Furthermore, although the Legal Analysis purported to be an examination of the client's specific circumstances, the discussion of the client's particular facts and analysis of those facts was cursory."); DE 17-2, Kolodziej Decl. at Page ID 2005-10 (a "Legal Analysis" for Ronald Kolodziej, identifying several causes of action against his lender without any discussion of any defenses the lender may have); DE 17-6, Rios Decl. at Page ID 2142-47 (a "Legal Analysis" for Mario Rios, identifying several causes of action against his lender without any discussion of any defenses the lender may have).* | | |
| 142.   The "Legal | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Analysis" would state: "A thorough and comprehensive analysis was completed on all loan documents supplied;" and "The purpose of this report is to flush out some of those claims and to insure that you have a valid claim against your lender." | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| *DE 186-4, Torchia Decl. at Page ID 5373, ¶ 10; DE 17-2, Kolodziej Decl. at Page ID 2005; DE 17-6, Rios Decl. at Page ID 2142.* | Foti: DENY - DE 186-4, Torchia Decl: lack of foundation ("My understanding is that ..." No personal knowledge or other basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); irrelevant (no evidence of Foti involvement); *DE 186-4, Torchia Decl. ("My understanding is that ..." No basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); Thurman Decl., Attachments 43 (Mr. Torchia's description of the "thorough analysis" of* | Undisputed as to Foti. The fact is relevant. Torchia's statements include proper foundation, as one of the control people of the business and its activities.         Foti's cited evidence does not address or controvert the fact at issue. |

167

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *the client's chain of title in the preliminary legal analysis reports prepared by the law firm for some but not all clients)* | |
| 143.  The "Legal Analysis" provided to clients was not completed by a lawyer or reviewed by a lawyer prior to being shown or explained to a client. *DE 284-13, Theisman Decl. at Page ID 8085 ¶ 15, Att. 12, Foti Depo. at 262:7-10, ("Q.  Is the legal analysis completed by a lawyer?  A.  A legal analysis was actually, I believe, completed by an expert who was familiar with title documents."); DE 186-4, Torchia Decl. at Page ID 5373-74, ¶ 11 ("Although identified as Legal Analysis reports, lawyers did not complete the reports for the clients. . . . Brookstone lawyers did not produce or review these documents before they were shared with clients.").* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - DE 186-4, Torchia Decl: lack of foundation ("My understanding is that ..." No personal knowledge or other basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); irrelevant (no evidence of Foti involvement); *DE 186-4, Torchia Decl. ("My understanding is that ..." No basis stated for his understanding. Acknowledges he did not* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant. Torchia's statements include proper foundation, as one of the control people of the business and its activities.    Foti's cited evidence does not address or controvert the fact at issue. |

168

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *"complete," "produce or review" the reports); Thurman Decl., Attachments 43 (Mr. Torchia's description of the "thorough analysis" of the client's chain of title in the preliminary legal analysis reports prepared by the law firm for some but not all clients)* | |
| 144.   Banking Specialists would present the "Legal Analysis" to potential mass joinder clients. *DE 186-4, Torchia Decl. at Page ID 5374-75, ¶ 13 ("Typically, the Banking Specialist would meet with the client after the Legal Analysis report was prepared and were principally responsible for reviewing and explaining the Legal Analysis report to Brookstone clients.  The protocol I established was to have an attorney present at some point during the meeting with the client about the Legal Analysis report and to answer client questions.  I* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.

Foti: DENY - DE 186-4, Torchia Decl: lack of foundation ("My understanding is that ..." No personal knowledge or other basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); irrelevant (no evidence of | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.



Undisputed as to Foti. The fact is relevant. Torchia's statements include proper foundation, as one of the control people of the business and its activities.

   Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *now understand that this protocol was not regularly followed by the Banking Specialists.");* <u>DE 17</u>, *C. Durrett Decl. at Page ID 1967-68, ¶¶ 10-11;* <u>DE 17-2</u>, *Kolodziej Decl. at Page ID 1999-2000, ¶¶7-9;* <u>DE 17-7</u>, *Lujan Decl. at Page ID 2169-70, ¶¶ 5-6.* | *Foti involvement); DE 186-4, Torchia Decl. ("My understanding is that ..." No basis stated for his understanding. Acknowledges he did not "complete," "produce or review" the reports); Thurman Decl., Attachments 43 (Mr. Torchia's description of the "thorough analysis" of the client's chain of title in the preliminary legal analysis reports prepared by the law firm for some but not all clients). Declaration reflects that legal analyses were presented to only three of the nine consumers who submitted declarations.* | |
| 145.   Teresa Irannejad testifies that she met with a Brookstone representative, Salvador Auciello, who told her she would need to pay an additional $605 in cash for the "Legal Analysis." <u>DE 17-1</u>, *Irannejad Decl. at Page 1977, ¶ 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad Decl. at Page 1994-95;* | Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.        Foti's cited evidence does not address or controvert the fact at issue. |
| 146.   Teresa Irannejad testifies that a Brookstone representative, Salvador Auciello, told her:  "I did not have to make my mortgage payments to BoA while I was paying Brookstone.  I did not have enough money to pay both Brookstone and BoA.  I stopped paying my BoA mortgage at that point." *DE 17-1, Irannejad Decl. at Page 1977, ¶ 8.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the | Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on |

171

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad Decl. at Page 1994-95;* | personal knowledge or an opposing party's statement.     Foti's cited evidence does not address or controvert the fact at issue. |
| 147.   Teresa Irannejad testifies that after paying for her "Legal Analysis," she received a phone call from a Brookstone representative, Salvador Auciello, who "told me he had received the legal analysis and the lawyer said it was a good case and Brookstone could help me if they got involved. He told me I would need to come into the Brookstone office again to get signed up with Brookstone." *DE 17-1*, Irannejad Decl. at Page ID 1977, ¶ 9. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or* | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.     Foti's cited evidence does not address |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad Decl. at Page 1994-95;* | or controvert the fact at issue. |
| 148.   Teresa Irannejad testifies: "When I went to Brookstone, I met with Anthony Stout.  Anthony Stout showed me the legal analysis report and we went through it page by page.  Anthony Stout told me that Countrywide had done things they shouldn't have on my mortgage.  He said they charged me a half-point for a 'stated income' loan even though I had provided them with pay stubs.  He said Countrywide had changed the mortgage to a balloon payment even though I had said I didn't want a balloon payment." *DE 17-1*, *Irannejad Decl. at Page ID 1978, ¶ 10.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1,* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br>Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.<br>        Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Irannejad Decl. at Page 1994-95;* | |
| 149.  Teresa Irannejad testifies: "Anthony Stout told me Brookstone could represent me and that I had a good case.  He said there was no risk of losing because Countrywide had already been sued and lost.  Anthony Stout told me that the minimum amount I would get was $75,000 and it could be as much as $160,000 because Countrywide had made my mortgage a 'stated income' loan with a balloon payment.  He told me the lawyers said I was guaranteed $75,000.  He also said I would get the money back that I paid to Brookstone in fees." *DE 17-1*, *Irannejad Decl. at Page ID 1978, ¶ 12.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY- Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad Decl. at Page 1994-95;* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.       Foti's cited evidence does not address or controvert the fact at issue. |
| 150.   Teresa Irannejad testifies: "Before signing | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

174

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| the retainer agreement, I asked Anthony Stout about the disclaimer in the agreement saying that there was no guarantee, but that he had told me I was guaranteed at least $75,000.  He said that it was just legal words in the retainer and they had to use them in the agreement, but there was no risk of losing.  He said I shouldn't pay attention to the disclaimer because the case against Countrywide had already been proven.  Anthony Stout said trust me, I can assure you that you will get $75,000 and the money you paid to Brookstone back." *DE 17-1*, Irannejad Decl. at Page ID 1979, ¶ 14. | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: ADMIT - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Ms. Irannejad testified she signed several agreements stating there were no guarantees or promises made to her. DE 17-1, Irannejad Decl. at Page ID 1984; DE 17-1, Irannejad Decl. at Page ID 1988; DE 17-1, Irannejad Decl. at Page 1994-95;* | offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |
| 151.   Corina Durrett testifies being told by a Banking Specialist: "He said our case looked pretty good.  He said we shouldn't run out and buy | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

175

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| a new car because it wasn't guaranteed, but that we had a good case. He said that we could win over $1.0 million, counting punitive damages." <br><br> *DE 17, C. Durrett Decl. at Page ID 1968, ¶ 11.* | Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) <br> *"When questioned about particular potential claims he explained in detail why he thought we had a case. He said our case looked pretty good. He said we shouldn't run out and buy a new car because it wasn't guaranteed, but that we had a good case." Ms. Durrett also testified she knew Mr. Watanabe was not a lawyer (DE-17, C. Durrett Decl. at Page ID 1968, ¶ 8).* | Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. <br><br> Foti's cited evidence does not address or controvert the fact at issue. |
| 152.   Mario Rios testifies: "The Brookstone Law representatives told me that they would file a | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| lawsuit on my behalf against my lender, Bank of America, and that the lawsuit would get me at least $75,000 off the principal of my house, and that it might remove the entire mortgage from my house." *DE 17-6, Rios Decl. at Page ID 2132, ¶ 6.* | fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Rios signed multiple agreements confirming there were no guarantees. DE 17-6, Rios Decl. at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151;* | issue.<br><br>Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.     Foti's cited evidence does not address or controvert the fact at issue. |
| 153.   Mario Rios testifies: "The Brookstone Law representatives told me that Brookstone Law had a great chance of succeeding in the lawsuit. They said that although it may take some time, Brookstone Law would succeed eventually." *DE 17-6, Rios Decl. at Page ID 2132, ¶ 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

177

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Rios signed multiple agreements confirming there were no promises or guarantees. DE 17-6, Rios Decl. at Page ID 2139; DE 17-6, Rios Decl. at Page ID 2151.* | Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.        Foti's cited evidence does not address or controvert the fact at issue. |
| 154.   Jesse Chapman testifies that Banking Specialists told him: "Stout and Watanabe told us that we would have a very good case against our lender because the lender failed to disclose to us that our mortgage was an interest only loan." *DE 17, Chapman Decl. at Page ID 1945, ¶ 4.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br>Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an |

178

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Mr. Chapman signed multiple agreements confirming there were no promises or guarantees. DE-17, Chapman Decl. at Page ID 1951 ¶ 7; 1957, ¶ 1(e).* | opposing party's statement.            Foti's cited evidence does not address or controvert the fact at issue. |
| 155.   Jesse Chapman testifies that Banking Specialists told him: "Stout and Watanabe further stated that we were very good candidates and were entitled to a refund as a result of litigation between the Department of Justice and Bank of America." *DE 17, Chapman Decl. at Page ID 1945, ¶ 5.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Chapman signed multiple agreements confirming there were no promises or guarantees. DE-17, Chapman Decl. at Page ID 1951 ¶ 7; 1957, ¶ 1(e).* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.            Foti's cited evidence does not address or controvert the fact at issue. |
| 156.   Richard Leonido | Marshall: *This* Defendant | Undisputed as to |

179

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| testifies: "I also spoke with some other Brookstone Law P.C. employees who assured me that I had a good case against my lender. . . . At the time that I signed up, I was told that the litigation would, at the very least, put me in a better position on my mortgage." *DE 17-4*, *Leonido Decl. at Page ID 2077, ¶¶ 8-9.* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Leonido signed multiple agreements confirming there were no promises or guarantees. DE 17-4, Leonido Decl. at Page ID 2085; DE 17-4, Leonido Decl at Page ID 2091.* | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.  The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.<br>    Foti's cited evidence does not address or controvert the fact at issue. |
| 157.   Malu Lujan testifies "Senior Banking Specialist" Richard Taylor, "told me that he had been a loan underwriter at the time I re-financed my mortgage with JP Morgan and based on my documents it was | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| likely JP Morgan and the mortgage broker had likely committed fraud. He said they must have falsified the loan documentation in originating my loan because it would have been otherwise impossible to get a stated income loan with those terms at that time." *DE 17-7*, *Lujan Decl. at Page ID 2170, ¶ 7.* | individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Lujan signed multiple agreements confirming there were no promises or guarantees. DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page ID 2185; DE 17-7, Lujan Decl. at Page 2191.* | Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.         Foti's cited evidence does not address or controvert the fact at issue. |
| 158.   Malu Lujan testifies "Senior Banking Specialist" Richard Taylor, "told me that Brookstone would probably be able to get me 'free and clear' on my loan, that I would owe nothing on my mortgage due to my lender's fraud. He also said Brookstone would seek compensatory damages up to $75,000 and punitive damages of $675,000 per plaintiff. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.                        Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Richard Taylor told me that Brookstone had already been offered substantial settlements by JP Morgan.  He estimated settlement would take up to one year to complete." *DE 17-7, Lujan Decl. at Page ID 2170, ¶ 8.* | Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Lujan signed multiple agreements confirming there were no promises or guarantees. DE 17-7, Lujan Decl. at Page ID 2180; DE 17-7, Lujan Decl. at Page ID 2185; DE 17-7, Lujan Decl. at Page 2191.* | evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.          Foti's cited evidence does not address or controvert the fact at issue. |
| 159.   Michael Nava testifies: "I spoke to Anthony Stout from Brookstone who told me I had a number of different counts on which to sue Chase Bank and Brookstone would sue Chase Bank for me. Anthony Stout told me that the counts against Chase Bank were fraudulent concealment, intentional misrepresentation, and negligence.  I asked for a copy of the preliminary report at least twice. Brookstone never provided the preliminary report to me." | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Nava signed multiple agreements confirming* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 17-4*, Nava Decl. at Page ID 2094-95, ¶ 5. | *there were no promises or guarantees. DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104.* | Foti's cited evidence does not address or controvert the fact at issue. |
| 160.   Michael Nava testifies: "Brookstone offered to file a lawsuit on my behalf as part of the *Potter v. Chase* case. Anthony Stout told me that I could get $75,000 for my participation in the joint lawsuit.  He also said I could get an additional $750,000 due to my individual circumstances." *DE 17-4*, Nava Decl. at Page ID 2095, ¶ 6. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.  Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Nava signed multiple agreements confirming there were no promises or guarantees. DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104.* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.        Foti's cited evidence does not address or controvert the fact at issue. |
| 161.   Michael Nava testifies:  "Anthony Stout | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| told me that I definitely had a very strong case, it was basically a done deal, and filing the lawsuit would get me those results.  He said I could get the $75,000, and the bank would try to negotiate the $750,000 claim by lowering my loan amount." *DE 17-4*, Nava Decl. at Page ID 2095, ¶ 7. | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | offer any admissible evidence capable of controverting the fact at issue. |
|  | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Nava signed multiple agreements confirming there were no promises or guarantees. DE 17-4, Nava Decl. at Page ID 2099; DE 17-4, Nava Decl. at Page ID 2104.* | Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.          Foti's cited evidence does not address or controvert the fact at issue. |
| 162.   Ronald Kolodziej testifies being told by a Banking Specialist: "[I]t was not a question of whether I would win my cases, but how much money I would get.  He never identified not winning as a | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| consideration." *DE 17-2*, *Kolodziej Decl. at Page ID 1999-2000, ¶ 8.* | individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Kolodziej signed multiple agreements confirming there were no promises or guarantees. DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-40; DE 17-3, Kolodziej Decl. at Page ID 2046.* | Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.<br>        Foti's cited evidence does not address or controvert the fact at issue. |
| 163.   Ronald Kolodziej testifies being told by a Banking Specialist: "Brookstone told me that I would win at least some loan forgiveness through the lawsuit.  They said that my potential recovery was two to three hundred thousand dollars, and a drastically reduced interest rate.  Brookstone told me that based on the | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

185

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| value of my properties, I could expect to recover a couple hundred thousand dollars." *DE 17-2, Kolodziej Decl. at Page ID 2000, ¶ 9.* | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Kolodziej signed multiple agreements confirming there were no promises or guarantees. DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-40; DE 17-3, Kolodziej Decl. at Page ID 2046.* | Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.          Foti's cited evidence does not address or controvert the fact at issue. |
| 164.   Ronald Kolodziej testifies being told by a Banking Specialist:  "I would be added to a lawsuit against Bank of America ("BOA"), who now owned Countrywide, very shortly.  He said BOA would probably not want to go to court and would want to settle the case.  I was told that it would take three to six months to get the loan forgiveness and reduced interest rate." *DE 17-2, Kolodziej Decl.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *at Page ID 2000, ¶ 10.* | or involved in the transaction) *Mr. Kolodziej signed multiple agreements confirming there were no promises or guarantees. DE 17-3, Kolodziej Decl. at Page ID 2022 and 2033; DE 17-3, Kolodziej Decl. at Page ID 2029 and 2039-40; DE 17-3, Kolodziej Decl. at Page ID 2046.* | statements based on personal knowledge or an opposing party's statement.  Foti's cited evidence does not address or controvert the fact at issue. |
| 165.   Raymond Navarro testifies to a conversation "with a Brookstone Law P.C. employee who told me that based on what I owed on my house, and the practices of my lender, Wells Fargo, I was a good candidate for litigation." *DE 17-5, Navarro Decl. at Page ID 2108, ¶ 5.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.   Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Navarro signed multiple agreements* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.   Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *confirming there were no promises or guarantees. DE 17-5, Navarro Decl. at Page ID 2114; DE 17-5, Navarro Decl. at Page ID 2118; DE 17-5, Navarro Decl. at Page ID 2123-24.* | Foti's cited evidence does not address or controvert the fact at issue. |
| 166. Raymond Navarro testifies: "On September 8, 2011, I went to the Brookstone Law P.C. offices and met with a Brookstone Law P.C. employee. At this meeting, I was told I should expect to recover $75,000 for both the original loan and the loan modification and that my girlfriend, who was also on the loans, should also expect to recover $75,000 for both the original loan and the loan modification. In total, we were told we should expect to recover $300,000 from Wells Fargo, less Brookstone Law P.C.'s fee." *DE 17-5*, Navarro Decl. at Page ID 2108, ¶ 6. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Mr. Navarro signed multiple agreements confirming there were no promises or guarantees. DE 17-5, Navarro Decl. at Page ID 2114; DE 17-5, Navarro Decl. at Page* | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *ID 2118; DE 17-5, Navarro Decl. at Page ID 2123-24.* | |
| 167.   Many if not most of the meetings with Banking Specialists were not attended by attorneys. *DE 186-4, Torchia Decl. at Page ID 5375, ¶ 13 ("The protocol I established was to have an attorney present at some point during the meeting with the client about the Legal Analysis report and to answer client questions.  I now understand that this protocol was not regularly followed by the Banking Specialists."); DE 284-13, Theisman Decl. at Page ID 8078 ¶ 15, Att. 12, Foti Depo. at 181:17-182:6 ("Q.  Is it your understanding that everybody met with an attorney?  A.  No.  I know that there was times that that didn't happen because of the attorneys being busy or whatnot, but I'm not sure how often or the – when that* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Thurman Decl., Attachment 53 (Torchia testimony re: attorneys at meetings)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti.  The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.

      Foti's cited evidence does not address or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *happened.  Q.  Do you think it would be more likely that somebody would not meet with an attorney than that that they would?  A.  Well, I guess it would depend on staffing at that point.  I don't know.  There was times that, you know, there was more attorneys than clients, and then there was times that there was more clients than attorneys.  So I don't – I don't – I don't know the averages.  Q.  But at the very least there are people who met with just the banking specialist and not an attorney; right?  A. I would say that's accurate.");* DE 17-5, *Navarro Decl. at Page ID 2108, 2110, ¶¶ 7, 12 (stating that at the end of his sales meeting he was introduced to man who claimed to be Torchia, but then when Navarro took Brookstone to small claims court to recover the fees he paid to Brookstone, the* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Brookstone lawyer that entered an appearance in small claims court as Torchia was not the man he had been introduced to at the end of the sales meeting);* [DE 17](#), *Chapman Decl. at Page ID 1945-64 (reporting that he met with "representatives" and that after he signed up could never get an appointment or phone call with an attorney);* [DE 17](#), *C. Durrett Decl. at 1966, ¶ 8 (an attorney only took part for 10 minutes of the sales process);* [DE 17-7](#), *Lujan Decl. at 2169-70, ¶¶ 6-8 (talked only with non-attorneys).* | | |
| 168.   Consumers paid for the "Legal Analysis," in amounts ranging from $895-$1500. [DE 186-4](#), *Torchia Decl. at Page ID 5373, ¶ 10 ("Clients typically paid $895 for a 'Legal Analysis' report.");* [DE 284-13](#), *Theisman Decl. at Page ID 8085 ¶ 15, Att. 12, Foti Depo. at 263:4-8;* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 17, Chapman Decl. at Page ID 1950; DE 17, C. Durrett Decl. at Page ID 1966-67, ¶ 8 ("We agreed to pay Brookstone $895 to prepare an analysis report to check our mortgage records for issues and evaluate whether we had claims against Chase Bank."); DE 17-1, Irannejad Decl. at Page ID 1976-77, ¶ 7 ("He said the cost of the legal analysis was $895. I gave him a check for that amount, but he said Brookstone would not cash the check before I received the legal analysis. I signed an agreement with Brookstone to have them do the legal analysis. (Attachment A.) Approximately two days later, he called me and said the cost had changed and that I would need to pay $1500 for the legal analysis. I paid Salvador Auiello the difference in cash that day."); DE 17-2, Kolodziej Decl. at Page* | Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Thurman Decl., Attachment 43 (Torchia testimony - not all clients purchased, "Some do, some don't.")* | Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement. Foti's cited evidence does not address or controvert the fact at issue. |

192

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *ID 1998-99, ¶ 5 ("The fee for each legal analysis was $895. For the three legal analyses, I paid Brookstone a total of $2685.");* [DE 17-4](), *Leonido Decl. at Page ID 2076-77, ¶ 5 ("The paralegal told me that it looked like I had a case against my lender but that I would need to spend $1,250 on a further legal analysis to determine what laws had been broken. The paralegal told me that Brookstone Law P.C. would reimburse me this money if I did not have a case. I agreed to this and paid the $1,250.");* [DE 17-7](), *Lujan Decl. at Page ID 2169, ¶ 5 ("He told me Brookstone would offer me a special deal and do the initial legal research for $895 and $1000 a month for three months to participate in the case.");* [DE 17-4](), *Nava Decl. at Page ID 2094, ¶ 4 ("I paid Brookstone $1300 to do a preliminary report* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *about whether I had a case against Chase Bank.");* [DE 17-5](), *Navarro Decl. at Page 2108, ¶ 7 ("I signed two agreements.  The first one was for a legal analysis, and I paid $895 under that agreement.");* [DE 17-6](), *Rios Decl. at Page ID 2132, ¶ 9 ("First, on May 30, 2013, I paid $895 for a review of my mortgage documents.").* | | |
| 169.   Consumers paid an initial fee for the mass joinder litigations, always exceeding $1,000. [DE 17](), *Chapman Decl. at Page ID 1946, ¶ 7 ("Under this agreement, we agreed to pay an initial fee of $3,000, spread over five payments, as well as a monthly fee of $250.");* [DE 17](), *C. Durrett Decl. at Page ID 1968, ¶ 12 ("[I]nitial payment of $3000, paid in installments of $1000, and monthly payments of $250 for 12 months, followed by monthly payments of* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Foti Decl. ¶ 75 and 76* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant. The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| $59.99."); *DE 17-1, Irannejad Decl. at Page ID 1991 ($4,500 over five payments); DE 17-2, Kolodziej Decl. at Page ID 2001, ¶ 12 (referring to his Attachment B, paying $6,250); DE 17-4, Leonido Decl. at Page ID 2077, ¶ 8 ($1,500); DE 17-7, Lujan Decl. at Page ID 2170-71, ¶ 9 ("In April 2013, I signed the Contingency Fee Agreement and agreed to pay Brookstone $3,000 in $1,000 installment payments. . . ."); DE 17-4, Nava Decl. at Page ID 2095, ¶ 8 ("I paid Brookstone $3,000 in three $1,000 monthly payments from July-September 2013 to file a case against Chase Bank for me."); DE 17-5, Navarro Decl. at Page ID 2108, ¶ 7 ("The second agreement was for the mass joinder litigation, and I agreed to pay $3,000 plus $250 per month during the course of the litigation."); DE* | *(some paid nothing)* | statement.     Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *17-6, Rios Decl. at Page ID 2132-33, ¶ 12 ("[O]n June 10, 2013, I signed a retainer agreement with Brookstone Law, paying $1,500 upfront and agreeing to pay an additional $250 per month."); DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8419 ¶ 3, Att. 15, Marshall's First RFAs, RFAs 70 admitted pursuant to FRCP 36(a)(3); DE 284-14, Madden July 2017 Decl. at Page ID 8126-27, 8423-26 ¶¶ 4-5, Att. 16 (excerpts of Marshall First Int. Resp., Int. Nos. 7-8 identifying no defenses and identifying no individuals or entities suggesting any Defendant is not liable), Att. 17, (excerpts of Marshall First RFP Resp., RFP No. 23 identifying no documents tending to disprove or call into question that Corporate Defendants would receive advance fees.).* | | |
| 170.   Consumers paid | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| monthly fees, in many instances $250 per month. *DE 17, Chapman Decl. at Page ID 1946, ¶ 7 ("Under this agreement, we agreed to pay an initial fee of $3,000, spread over five payments, as well as a monthly fee of $250."); DE 17, C. Durrett Decl. at Page ID 1968, ¶ 12 ("[I]nitial payment of $3000, paid in installments of $1000, and monthly payments of $250 for 12 months, followed by monthly payments of $59.99."); DE 17-1, Irannejad Decl. at Page 1991 ("A monthly legal fee of $250.00."); DE 17-3, Kolodziej Decl. at Page ID 2025 ($250 monthly fee); DE 17-4, Leonido Decl. at Page ID 2077, ¶ 8 ("250 per month thereafter for 12 months and then a $59.99 monthly fee for the duration of the litigation."); DE 17-7, Lujan Decl. at Page ID 2170-71, ¶ 9 ("The* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (hearsay; irrelevant as to Mr. Foti since no evidence he was aware of or involved in the transaction) *Only nine declarations obtained in context of legal services provided on behalf of 2,468 plaintiffs.* | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The evidence is not hearsay because it is either statements based on personal knowledge or an opposing party's statement.  The evidence he cites does not address or controvert the fact at issue.        He cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Contingency Fee Agreement also required a $250 monthly payment for 12 months."); DE 17-4, Nava Decl. at Page ID 2095, ¶ 9 ("Pursuant to the agreement, I paid Brookstone a $250 monthly fee from October 2013-November 2014."); DE 17-5, Navarro Decl. at Page ID 2108, ¶ 7 ("The second agreement was for the mass joinder litigation, and I agreed to pay $3,000 plus $250 per month during the course of the litigation."); DE 17-6, Rios Decl. at Page ID 2132-33, ¶ 12 ("[O]n June 10, 2013, I signed a retainer agreement with Brookstone Law, paying $1,500 upfront and agreeing to pay an additional $250 per month.").* | | |
| 171.   The Corporate Defendants did not deposit the fees it collected into client trust accounts or an IOLTA account. *DE 284-5, Second* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

198

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Declaration of Emil T. George dated July 6, 2017 ("George July 6, 2017 Decl.") at Page ID 7265-66 ¶ 5; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8419 ¶ 3, Att. 15, Marshall's First RFAs, RFA 71 admitted pursuant to FRCP 36(a)(3).* | with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - irrelevant (no evidence Mr. Foti had any signing authority on any banking or merchant processing accounts or had any involvement with depositing any funds on behalf of Corporate Defendants) | Undisputed as to Foti. The fact is relevant. He cites no evidence to controvert the fact at issue. |
| 172.   Brookstone received ethics advice that its "non-refundable" flat fees were not true retainer fees: "The retainer agreements should be amended to remove the language that the retainer fees are non-refundable unless the payment is used to insure availability and not to any extent to compensate Brookstone for providing legal services.  Given that Brookstone's attorneys do not currently keep track of the time spent on each client, it would be | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| difficult for Brookstone to track the time spent in case a client terminates Brookstone's representation before the matter is resolved or adjudicated. We recommend that Brookstone's lawyers begin keeping track of their time to provide a basis to show that fees have been earned." *DE 284-8*, at Page ID 7487, *DE 284-10*, *DE 284-11*, at Page ID 7803-7822, Theisman Decl. ¶ 4.hhh | previously by Mr. Torchia. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | submitted in support of the fact. The evidence is not hearsay to the extent not offered for the truth of the matter asserted. All parties potentially holding a relevant attorney-client privilege have waived that privilege. See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 173. Brookstone received ethics advice noting that Brookstone did not perform conflicts checks when retaining clients and stating that this was problematic. *DE 284-8*, at Page ID 7487, *DE 284-10*, *DE 284-11*, at Page ID 7803-7822, Theisman Decl. at ¶ 4.hhh. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay to the extent not offered for the truth of the matter asserted. All parties potentially holding a relevant attorney-client privilege have waived that privilege. See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 174.   FTC's requests for production of documents 8-15 issued to Foti sought all documents supporting or tending to disprove that | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| consumers would win their mass joinder lawsuits, obtain a financial benefit, be added to mass joinder lawsuits, or that the Corporate Defendants had the experience and capability to litigate the mass joinders as promised.  In response, Foti produced no documents controverting the FTC's evidence that these claims were made and that they were false. *DE 284-8, Theisman Decl. at Page ID 7490 ¶ 12.* | fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (assertion contitutes [sic] argument). *The fact that Foti has no documents in his possession, in light of the fact that all of his documents relating to this action were either seized at the Brookstone premises on June 2, 2016, or seized from his home on October 22, 2016, does not establish any of Plaintiff's claims.  More importantly, as a non-attorney who relied on the attorneys who researched, filed and prosecuted the lawsuits on behalf of the Law Firms' clients, Mr. Foti had no knowledge regarding the facts and legal arguments supporting the claims, the benefits to consumers* | issue.  Undisputed as to Foti.  He makes no cognizable objection and cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *and/or the capability of the Brookstone attorneys. However, Mr. Foti's genuine belief that such was the case is shown by the fact that he and his wife retained Brookstone to represent them in the Potter action and paid the firm $20,000 for its services.  In addition, in December 2014, the California Court of Appeals held that by the third amended complaint, the Brookstone attorneys' claims "had crystallized into four causes of action: intentional misrepresentation, negligent misrepresentation, unfair competition, and wrongful foreclosure. The first three apply to all plaintiffs, the foreclosure claim to only 90 of them. The wrongful foreclosure claim, interestingly enough, presents as pristine a common issue of law as it is possible to imagine: Its theory is that the various individual* | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *foreclosures were all unlawful because the eventual trustees who foreclosed on the loan were not the original agents designated in the loan papers. The claim thus presents a tidy, discrete question of law common to all 90 foreclosure plaintiffs." Peterson v. Bank of America Corp., 232 Cal. App. 4th 238, 246 (Cal.App. 2014), DE-12, pg. 174; Thurman Decl., Attachment 46; Foti Decl, 42, 44, 70.* | |

### a.   A Consumer Survey Confirms The Misrepresentations Were Made.

| | | |
|---|---|---|
| 175.  Dr. Bruce Isaacson of MMR Strategy Group conducted a survey of the Corporate Defendants' clients in accordance with standard procedures. *DE 284-6, Isaacson Expert Report at Page ID 7306, 7310, 7318-20 ¶ 12, 27, 50-52.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed.<br><br>Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.)<br>*See objections to Isaacsen Report* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br>Undisputed as to Foti.  The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 176.   Dr. Isaacson found that "80.4% of all respondents answered that Brookstone's representatives said or suggested that hiring Brookstone would definitely or probably achieve at least one of the following five outcomes: respondents would (1) win a lawsuit against the company that holds their mortgage; (2) have the terms of their mortgage changed; (3) receive money; (4) have their mortgage voided; and/or (5) get their property free and clear of their mortgage." *DE 284-6, Isaacson Expert Report at Page ID 7303 ¶ 2.* | Marshall: <br><br> Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 177.   Dr. Isaacson found that 64.5% of the survey respondents "indicated that Brookstone's representatives said or suggested they would definitely or probably win their lawsuit." *DE 284-6, Isaacson Expert Report at Page ID* | Marshall: No response <br><br> Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen* | Undisputed as to Marshall. <br><br> Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 7303 ¶ 2.i. | *Report* | hearsay. |
| 178.   Dr. Isaacson asked the survey respondents an open-ended question at the beginning of the survey about what Brookstone representatives said or suggested they would achieve by hiring Brookstone, more than 70% provided an answer in their own words referencing one of the following three themes: (1) obtaining money or a settlement, getting their loan reduced or modified, or eliminating their loan; (2) joining a lawsuit, suing lender or banks, or class action; or (3) saving their house from foreclosure or keeping or saving their home. *DE 284-6, Isaacson Expert Report at Page ID 7322, 7323 ¶¶ 59 (Table A), 63.* | Marshall: No response

Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Marshall.

Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 179.   Dr. Isaacson asked the survey respondents an open-ended question at the beginning of the survey about what they | Marshall:  No response

Foti: DENY - Objections (expert report fails to | Undisputed as to Marshall.

Undisputed as to Foti. The fact is relevant.  Dr. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| thought hiring Brookstone would achieve, and more than 20% answered by complaining about Brookstone, including the following statements: "They stole my money and lied to me." "We gave them about $15,000 and they packed and left town like a bunch of thieves." "A lot of lies and promises. They took money from me and nothing happened." *DE 284-6, Isaacson Expert Report at Page ID 7324-25 ¶¶ 66-67.* | comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 180.  Dr. Isaacson found that if a consumer recalled a certain claim being made, more than 79% would state they were told that result was definite or probable. *DE 284-6, Isaacson Expert Report at Page ID 7326-29, 7332-33, 7335-38 ¶¶ 73-74 (Table D), 80-81 (Table G), 90-91 (Table K), 99-100 (Table O), 104-05 (Table Q).* | Marshall:  No response  Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Marshall.  Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 181.  Dr. Isaacson found | Marshall:  No response | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| that 54.3% of the survey respondents "indicated that Brookstone's representatives said or suggested that they would definitely or probably receive money." *DE 284-6, Isaacson Expert Report at Page ID 7303 ¶ 2.* | Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Marshall.  Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 182.   Dr. Isaacson found that of those who reported being told they would definitely or probably obtain money as a result of hiring Brookstone, "80.4% answered $75,000 or more, including 51.7% who answered $300,000 or more." *DE 284-6, Isaacson Expert Report at Page ID 7334 ¶ 95.* | Marshall:  No response  Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Marshall.  Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| 183.   Dr. Isaacson concluded: "Based on the findings from my survey of customers who had retained Brookstone, I conclude that a substantial percentage of respondents hired Brookstone to obtain a settlement or a modification relating to | Marshall:  No response  Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Marshall.  Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| their mortgage, to join a lawsuit, or to save a home from foreclosure." *DE 284-6, Isaacson Expert Report at Page ID 7339 ¶ 109.* | | |
| 184.   Dr. Isaacson concluded: "Based on the findings from my survey, I also conclude that a substantial percentage of respondents believe that Brookstone's representatives said or suggested that the respondents will definitely or probably:  (a) win their lawsuit against the company that holds their mortgage, and/or (b) achieve outcomes such as changing the terms of their mortgage, receiving money, having their mortgage voided, or getting their property free and clear of their mortgage." *DE 284-6, Isaacson Expert Report at Page ID 7340 ¶ 110.* | Marshall:  No Response

Foti: DENY - Objections (expert report fails to comply with FRE 702 and the Daubert standard; irrelevant; double hearsay.) *See objections to Isaacsen Report* | Undisputed as to Marshall.

Undisputed as to Foti. The fact is relevant.  Dr. Isaacson's report is appropriate expert testimony under Rule 702 and so is both admissible and does not constitute hearsay. |
| **a.     The MARS Rule Requires Certain Disclosures, None of Which Were Made.** | | |
| 185.   The Corporate | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Defendants' mailers, websites, and retainer agreements did not include the disclosures identified in 12 C.F.R. § 1015.4. *DE 17, Chapman Decl. at Page ID 1948 (mailer); id. at Page ID 1949-63 (agreements); DE 17, C. Durrett Decl. a Page ID 1971-72 (mailer); DE 17-1, Irannejad Decl. at Page ID 1982-92 (agreements); DE 17-1, Irannejad Decl. at Page ID 1993-97 (second half of agreement); DE 17-3, Kolodziej Decl. at Page ID 2021-50 (agreements); DE 17-4, Leonido Decl. at Page ID 2084-93 (agreement); DE 17-7, Lujan Decl. at Page ID 2175-76 (mailer); id. at Page ID 2178-87 (agreements); DE 17-8, Lujan Decl. at Page ID 2188-93 (second half of agreement); id. at Page ID 2194 (mailer); DE 17-4, Nava Decl. at Page ID 2098-99 (first two pages of agreement); DE 17-5,* | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. This Defendant did not have knowledge of or any involvement with marketing or advertising. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant where no evidence of Mr. Foti's involvement in or knowledge of any mailer, website or retainer agreement requirements and where no showing that Corporate Defendants activities were "mortgage assistance services.") *Foti Decl. ¶ 16.d., 18, 19, 20, 24, 26, 29, 31.* | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.<br>　　　Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Nava Decl, at Page ID 2100-06 (remainder of agreement);* DE 17-5, *Navarro Decl. at Page ID 2112-25 (agreements); id. at Page ID 2128-29 (one mailer and first page of second mailer);* DE 17-6, *Navarro Decl. at Page ID 2130 (second page of mailer);* DE 17-6, *Rios Decl. at Page ID 2135-36 (mailer);* DE 17-6, *Rios Decl. at Page ID 2137-41, 2148-53 (agreements);* DE 41-2 *at Page ID 2508-11, 2515 (mailers);* DE 284-4, *Chang Decl. at Page ID 7248 ¶¶ 4.a, 4.b, 4.d;* DE 41-3 *at Page ID 2578-84 (agreement);* DE 284-4, *Chang Decl. at Page ID 7248 ¶ 4.o;* DE 41-4 *at Page ID 2586-2618 (agreements);* DE 284-4, *Chang Decl. at Page ID 7248-49 ¶¶ 4.p, 4.q, 4.r;* DE 14-4, *Gales Decl. at Page ID 1268-1366 (Brookstone Law website);* DE 14-4, *Gales Decl. at Page ID 1367-76 (Advantis Law website);* Ex. 73 at FTC-RAD-002-* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *0284832 (mailer); Ex. 75 at FTC-RAD-001-0221284-85; Ex. 76 at FTC-RAD-002-0373032-33 (mailer); Ex. 77 at FTC-RAD-002-0373017 (mailer); Ex. 79 at FTC-RAD-001-0088986-87 (mailer); Ex. 80 (Ex. 79 mailer was sent); DE 284-8, Theisman Decl. at Page ID 7485, 7571-7574, 7576-7591 ¶¶ 4.l, 4.n, 4.o, 4.p, 4.q, 4.r, & 4.s; id. DE 284-8, Page ID 7487, 7486, DE 284-11, Page ID 7843-46, DE 284-10, Page ID 7754-58 at 4.ooo, 4.ss & 4.rr; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8420, ¶ 3, Att. 15, Marshall's First RFAs, RFAs 82-83 admitted pursuant to FRCP 36(a)(3).* | | |
| **a.    Consumers Do Not Receive the Promised Benefits.** | | |
| 186.   Torchia declared: "Neither Brookstone nor Advantis has ever won a mass joinder case. Because there is always risk in litigation, I knew there was a possibility | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

212

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| that we could in fact lose all of the lawsuits and that payment to Brookstone and Advantis would increase those consumers' losses." *DE 186-4, Torchia Decl. at Page ID 5375, ¶ 14.* | with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br>Foti: ADMIT | <br><br>Undisputed as to Foti. |
| 187.   Of all of the mass joinder cases filed prior to 2016, all but *Wright* had been dismissed and none had resulted in a judgment for plaintiffs. *DE 12, Madden May 2016 Decl. at Page ID 353, Att. 1, Page ID 361, Att. 2; Page ID 377, Att. 4; Page ID 414, 418, Att. 6; Page ID 420, 434, Atts. 7-8; Page ID 439, 442-43, 455-56, Atts. 9-11;  Page ID 457, Att. 12; Page ID 463, 480, 482, Atts. 14 & 16; Page ID 489, 491 Att. 17; Page ID 498, 502 Att. 19; Page ID 512, 515, Att. 21; Page ID 600, 603, Att. 26; DE 13, Madden May 2016 Decl. at Page ID 726, 732, Att. 29; See DE 17, Chapman Decl. at Page ID 1947, ¶¶ 11-12; DE 17, C. Durrett Decl. a* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br>Foti: DENY *Thurman Decl., Attachment 49, 50, 51, and 52 (Cases still pending after January 1, 2016: Abdullah Aslami vs. National Default Servicing Corporation (30-2016-00844390-CU-OR-CJC); Lawley vs. Bank of America NA (37-2016)-00011715-CU-OR-CTL); Karie Wasinack* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br><br><br><br>Undisputed as to Foti.  He cites only evidence of additional cases filed after January 1, 2016, which does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 1968-70, ¶¶ 15-22;* [DE 17-1](), *Irannejad Decl. at Page ID 1979-81, ¶¶ 16-22;* [DE 17-2]() *, Kolodziej Decl. at Page ID 2002-04, ¶¶ 16-22;* [DE 17-4](), *Leonido Decl. at Page ID 2077-79, ¶¶ 10-14;* [DE 17-7](), *Lujan Decl. at Page ID 2171-72, ¶¶ 10-14;* [DE 17-4](), *Nava Decl. at Page ID 2095-96, ¶¶ 10-12;* [DE 17-5](), *Navarro Decl. at Page ID 2109-10, ¶¶ 8-13;* [DE 17-6](), *Rios Decl. at Page ID 2133, ¶¶ 13-16.* | *vs. Quality Loan Service Corp. (RIC 1601230); John P. Wright vs. Bank of America, N.A. (30-2011-00449059-CU-MT-CXC); 80 additional Wright plaintiffs added in May 2016.)* | |
| 188.   Although *Wright* is still active, it has not progressed beyond the filing of a complaint. [DE 284-14](), *Madden July 2017 Decl. at Page ID 8124, 8129-73 ¶ 2.a, Att. 1.* | Marshall: Disputed. *Petersen v. Bank of America*, 232 Cal. App. 4th 238, 254 (2014). | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: ADMIT *As the appellate court stated in the Wright case, "In this case it will* | Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *obviously be a while before this complaint is ready for the prime time of a trial." Peterson v. Bnak of America Corp., 232 Cal.App.4th 238, 254 n.19 (Cal.App. 2014)* | |
| 189.   On appeal in *Wright*, the California Court of Appeal stated that Brookstone's complaint, as filed, was not viable and criticized it as "scattered and desultory allegations." *Petersen v. Bank of America, 232 Cal. App. 4th 238, 254 (2014)*. | Marshall: Disputed. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: ADMIT *However, the California Court of Appeals also stated that by the time of the third amended complaint, the Brookstone attorneys' claims "had crystallized into four causes of action: intentional misrepresentation, negligent misrepresentation, unfair competition, and wrongful foreclosure. The first* | Undisputed as to Foti. |

215

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *three apply to all plaintiffs, the foreclosure claim to only 90 of them. The wrongful foreclosure claim, interestingly enough, presents as pristine a common issue of law as it is possible to imagine: Its theory is that the various individual foreclosures were all unlawful because the eventual trustees who foreclosed on the loan were not the original agents designated in the loan papers. The claim thus presents a tidy, discrete question of law common to all 90 foreclosure plaintiffs." Peterson v. Bank of America Corp., 232 Cal. App. 4th 238, 246 (Cal.App. 2014).* | |
| 190.   Currently in *Wright*, a demurrer is pending and many of the plaintiffs have stipulated to a dismissal with prejudice in exchange for Bank of America agreeing not to seek costs. *DE 284-14, Madden July* | Marshall: Disputed. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a |

216

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *2017 Decl. at Page ID 8124, 8129-8258 ¶¶ 2.a-e, Att. 1-5.* | Foti: DENY - Objection (irrelevant where FTC injunction has denied plaintiffs their counsel in the Wright action; irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 57, 58, 75, 76, 7, 78, 79, 80* | material fact on summary judgment.<br><br>Undisputed as to Foti. The fact is relevant.<br>    Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 191.   Brookstone lost a number of  mass joinder cases on the merits. *DE 12, Madden May 2016 Decl., at Page ID 414, 418, Att. 6; 463, 480, 482,  Atts. 14 & 16; Page ID 512, 515, Att. 21; DE 13 at Page ID 727, 732, Att. 29.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (misstates the evidence - none of the outcomes were the result of trials on the merits or even | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br>Undisputed as to Foti. The fact is relevant and supported by the cited evidence.<br>    Foti cites no |

217

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | summary judgment determinations against the plaintiffs; irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *DE 12, Madden May 2016 Decl., at Page ID 414, 418, Att. 6; 463, 480, 482, Atts. 14 & 16; Page ID 512, 515, Att. 21; DE 13 at Page ID 727, 732, Att. 29. Tarkowski deposition (Thurman Decl., Att. 73, pgs. 98:4-99:16, 117-119:10)* | evidence to controvert the fact at issue. |
| 192.   In *Wells Fargo Bank Mortgage Cases*, JCCP No. 4711, Coordinated Actions *Mireles, et al. v. Wells Fargo Bank N.A., et al.* No. BC467652 and *Roberts, et al. v. Wells Fargo Bank N.A., et al.* No. 34-2011-00110146, a September 12, 2013 decision sustained Wells Fargo's demurrer without leave to amend, finding: the complaint "is recycled | Marshall:<br><br><br><br><br><br><br>Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 57, 58, 75,* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.         Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| from other cases, by other plaintiffs, represented by other lawyers, against other defendants." at p. 1; the complaint "matches the invalid complaint described in the Bank of America case. Comparing the two documents establishes that the pleading by Luis Mireles in this case is unoriginal.  As the Bank of America complaint lacked merit, so too does this complaint lack merit." at p. 2; "Copycat allegations warrant the same legal fate as earlier and more original pleadings that themselves – at the pleading stage – completely and conclusively failed." at pp. 8-9; "Mireles has not shown a reasonable probability he could cure the pleading defects.  At oral argument, the court inquired on this topic. Mireles's reply illustrated the gulf between his | *76, 7, 78, 79, 80* | the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| concept of a curative amendment and the requirements of the law." at p. 16. *DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8263-64, 8270-71, 8278 ¶ 2.g, Att. 7.* | | |
| 193.   In *Potter v. JP Morgan Chase Bank, N.A. et al.*, BC 459627, California Superior Court for Los Angeles County, judgment was entered in favor of JP Morgan Chase. *DE 12, Madden May 2016 Decl. at Page ID 512, 515, Att. 21.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: ADMIT *Foti Decl. 78; Tarkowski deposition (Thurman Decl., Att. 73, pgs. 98:4-99:16, 117-119:10)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. |
| 194.   In *Norberto Flores Zenteno et al. v. Aurora Loan Services, LLC et al.*, BC460262, California Superior Court for Los Angeles County, judgment was entered in favor of defendants. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 13, Madden May 2016 Decl. at Page ID 727, 732, Att. 29.* | Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl ¶ 57, 58, 75, 76, 7, 78, 79, 80* | Undisputed as to Foti. The fact is relevant. Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 195.   In *James Hughes et al. v. Ocwen Financial Corp. et al.*, BC559747, California Superior Court for Los Angeles County, the mass joinder was dismissed for want of prosecution. *DE 12, Madden May 2016 Decl. at Page ID 457, Att. 12.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br> Undisputed as to Foti. The fact is relevant. Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Foti Decl ¶ 57, 58, 75, 76,7, 78, 79, 80* | reference does not address the fact at issue. |
| 196.   In many instances, Brookstone voluntarily dismissed mass joinder actions it had filed. *DE 12, Madden May 2016 Decl. at Page ID 353, 360 Att. 1, Page ID 361, 371 Att. 2, Page ID 377, 384, Att. 4, Page ID 439, 442, 455-56, Atts. 10-11, Page ID 489, 491 Att. 17, Page ID 498, 502 Att. 19.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions)  *Foti Decl ¶ 57, 58, 75, 76, 7, 78, 79, 80* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.       Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 197.   The Corporate Defendants did not seek to void consumers' mortgage notes through mass joinder litigation arguing **"the debt isn't void, just the sale. The property is still subject to the same** | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare part of this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

222

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| **encumbrances as existed prior to the wrongful foreclosure sale."** (emphasis in original). *DE 13-3, Madden May 2016 Decl. at Page ID 919, 942-43, Att. 50, Potter v. JP Morgan Chase Bank N.A., No. 11-10255 (C.D. Cal.) (Pltf. Reply in Support of Motion to Remand, at 15-16, (DE 24)).* | P.C. or the other individual defendants in this action. Disputed. To the extent "Advantis" refers to Advantis Law Group, P.C. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl ¶ 57, 58, 75, 76, 7, 78, 79, 80* | Undisputed as to Foti. The fact is relevant. Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 198.   Neither Brookstone nor Advantis ever succeeded in a mass joinder case it filed. *DE 186-4, Torchia Decl. at Page ID 5375, ¶ 14; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8419-20 ¶ 3, Att. 15, Marshall's First RFAs, RFAs 69, 76-77, 79 admitted pursuant to FRCP 36(a)(3).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or | Undisputed as to Foti. The fact is relevant. Foti cites only his self-serving declaration, |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | involvement regarding the handling or status of any of the legal actions) *Foti Decl ¶ 57, 58, 75, 76, 7, 78, 79, 80* | which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 199.   Some consumers who paid to be mass joinder clients were never added to a mass joinder case. *DE 16, Kennedy Decl. at Page ID 1562, 1580, 1589,  Att. 1.C (Decision, In the Matter of: Vito Torchia, Jr., Member No. 244687, Case Nos. 12-O-11847-RAP (12-O-13469); 12-O-14081; 12-O-14522; 12-O-16003; 12-O-17260; 12-O-17119; 12-O-18135 (State Bar Court of California (Aug. 6, 2014))); id. at Page ID 1641, 1642, Att. 1.K (Decision and Order of Involuntary Inactive Enrollment, In the Matter of: Vito Torchia, Jr., Case Nos. 13-O-14835 (13-O-15422); 14-O-01008 (14-O-02316); 14-O-02698-YDR, (State Bar Court of California (Nov. 12, 2015))); DE 284-14,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl ¶ 57, 58, 75, 76, 7, 78, 79, 80; Thurman Decl., Attachment 70.* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.

        In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Madden July 2017 Decl. at Page ID 8126, 8420 ¶ 3, Att. 15, Marshall's First RFAs, RFA 81 admitted pursuant to FRCP 36(a)(3).* | | |
| 200.   The California Bar found Torchia "lacked and continues to lack the law-office-management skills and basic knowledge of mortgage lending law and bankruptcy law necessary to adequately and properly represent some 4,000 mortgage loan clients and to adequately supervise a law office staff of 30 to 40 employees." *DE 16*, *Kennedy Decl. at Page ID 1565, Att. 1.C (Decision, In the Matter of: Vito Torchia, Jr., Member No. 244687, Case Nos. 12-O-11847-RAP (12-O-13469); 12-O-14081; 12-O-14522; 12-O-16003; 12-O-17260; 12-O-17119; 12-O-18135 (State Bar Court of California (Aug. 6, 2014))).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl ¶ 57, 58* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br>Undisputed as to Foti. The fact is relevant.<br>     Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 201.  Tarkowski was first admitted to the California Bar in 2014. *DE 16-1, Kennedy Decl. at Page ID 1647.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 75, 76, 77, 78, 79, 80* | Undisputed as to Foti. The fact is relevant.        Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 202.  Tarkowski had little mortgage lender litigation experience prior to working for the Corporate Defendants. *DE 186-3, Tarkowski Decl. at Page ID 5356-57, ¶¶ 2-3, 6.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 75, 76, 77, 78, 79, 80* | Undisputed as to Foti. The fact is relevant. Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 203.   Marshall had no prior mass joinder litigation experience. *DE 284-14, Madden July 2017 Decl. at Page ID 8125, Page ID 8283 ¶ 2.h, Att. 8, Marshall Depo. at 19:11-20.* | Marshall: Undisputed. That is one of the big reasons Marshall sought to coordinate with the individual co-defendants— they had foreclosure joinder lawsuit experience and Marshall had the deeper foreclosure law experience overall. It was never a secret that Marshall sought to make their cases more successful. In turn, if and when Marshall filed joinder cases, which never happened, Marshall would benefit and his new Adavantis Law Group clients would benefit.<br><br>Foti: DENY - Objection (irrelevant as to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. |

| Uncontroverted Fact/Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 75, 76, 77, 78, 79, 80* | Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 204.   Many of the complaints Marshall has filed on behalf of his clients are dismissed without leave to amend for failure to allege cognizable claims. *DE 284-14, Madden July 2017 Decl. at Page ID 8125-26, 8316-8365, ¶¶ 2.j-m, Atts. 10-13.* | Marshall: Disputed. A significant number of foreclosure cases Marshall has settled and "won." Marshall Decl., at ¶ --.  Foti: DENY - Objection (irrelevant as to Mr. Foti where no evidence he had any knowledge or involvement regarding the handling or status of any of the legal actions) *Foti Decl. ¶ 75, 76, 77, 78, 79, 80* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.      Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| **a.      In May 2016, the Corporate Defendants Sent Out "Account Due" Letters Demanding an Additional $5,000.** | | |
| 205.   On May 5, 2016, Brookstone mass mailed an "ACCOUNT DUE" letter to clients claiming each owed Brookstone $5,000 for past work done on the *Wright* appeal. *DE 41-2 at Page ID 2543-45; DE 41-3 at* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 2547-74;* *DE 284-4*, *Chang Decl. at Page ID 7248 ¶¶ 4.l, 4.m.* | P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej Decl. at Page* | Undisputed as to Foti. The fact is relevant. The FTC's evidence shows that the letters were in fact sent to consumers. Foti cites no evidence to controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094- 2096; DE 17-5, Navarro Decl. at Page ID 2107- 11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17- 7, Lujan Decl. at Page ID 2168-74). No other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| 206.   The "Account Due" letter claimed:  "Your file needs your immediate attention as we show there is an outstanding balance. We need this to be cleared up with accounting so we can continue to represent you as a plaintiff on this case." *DE 41-2 at Page ID 2543; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.l.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The FTC's evidence shows that the letters were in fact sent to consumers.   Foti cites no |

230

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej Decl. at Page 1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17-7, Lujan Decl. at Page ID 2168-74). No other evidence submitted* | evidence to controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *reflecting any payments received in response to the "Account Due" letters.* | |
| 207.   The "Account Due" letter claimed:  "**We do have several options for you in order to make it financially feasible for you to continue to have our firm represent you in this case**. Attached please find an invoice for services provided and an amount that is currently due." (bold in original). *DE 41-2 at Page ID 2543; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.l.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). *Not a single one of the* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The FTC's evidence shows that the letters were in fact sent to consumers.  Foti cites no evidence to controverting the fact at issue. |

232

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej. at Page 1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17- 7, Lujan Decl. at Page ID 2168-74). No other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| 208.   The "Account Due" letter claimed:  "Call today to get your account off 'Accounting Hold.'" *DE 41-2 at Page ID 2543; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.l.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-* | Undisputed as to Foti. The fact is relevant.  The FTC's evidence shows that the letters were in fact sent to consumers.      Foti cites no evidence to controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *2, Kolodziej Decl. at Page 1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17- 7, Lujan Decl. at Page ID 2168-74).  No other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| 209.   The "Account Due" letter attached an invoice, claiming $5,000 was due for over 1,800 hours purportedly spent working on the *Wright* appeal. *DE 41-2 at Page ID 2543-44; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.l.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.   Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.     Undisputed as to Foti. The fact is relevant.  The FTC's evidence shows that the letters were in fact sent to consumers. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej Decl. at Page 1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17- 7, Lujan Decl. at Page ID 2168-74).  No* | Foti cites no evidence to controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| 210.   The "Account Due" letter attached an invoice, claiming 1,237 hours had been worked on the opening appeal brief for the *Wright v. Bank of America* appeal. *DE 41-2 at Page ID 2543-44; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.l* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay). | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The FTC's evidence shows that the letters were in fact sent to consumers.      Foti cites no evidence to controverting the fact at issue. |

237

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej Decl. at Page 1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17-7, Lujan Decl. at Page ID 2168-74). No other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| 211.   The Corporate Defendants did not track the hours worked by attorneys on matters or projects related to the mass joinder litigation. *DE 186-3, Tarkowski* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl., at Page ID 5363-64, ¶ 22;* DE 186-4, *Torchia Decl., at Page ID 5381-82, ¶¶ 28-30;* DE 284-14, *Madden July 2017 Decl. at Page ID 8126, 8419 ¶ 3, Att. 15, Marshall's First RFAs, RFA 73 admitted pursuant to FRCP 36(a)(3).* | involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br>**Foti: DENY** *Foti Decl. 43, 44; MT MSJ Decl. Attachment 17 (Vito State Bar testimony: "there is a protocol that I established in which the assisting managing attorney at the time would be responsible for looking into the allegations, gathering documents, time sheets, whatever, depending on what they were asking for ... if they wanted refunds of money, then I would review it."); Thurman Decl., Attachment 55, 56;* | Undisputed as to Foti. <br><br>    In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment. The other evidence he cites does not indicate that the Corporate Defendants in fact tracked the hours that they worked. |
| 212.  The "Account Due" letter went to clients who had not agreed to additional billings, clients who had regularly made their monthly payments, and even some clients who had long since terminated Brookstone. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 41-3 at Page ID 2547-74; Chang Decl. at ¶ 4.m.* | P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant - no evidence regarding when mailed, to whom mailed, how many mailed or who mailed; no evidence that any clients made any payments based on any letters; no evidence Jeremy approved or directly participated in preparation or mailing of letters or that he was aware of the amounts billed and how they were calculated; hearsay) *Not a single one of the FTC's declarants claims they paid any money to the Corporate Defendants in response to the "Account Due" letters. (DE 17, Chapman Decl. at Page ID 1945-47; DE 17, C. Durrett Decl.") at Page ID 1965-70; DE 17-1, Irannejad Decl. at Page ID 1976-81; DE 17-2, Kolodziej Decl. at Page* | Undisputed as to Foti. The fact is relevant. The FTC's evidence shows that the letters were in fact sent to consumers. The evidence is not hearsay because it is an opposing party's statement.<br><br>    Foti cites no evidence to controverting the fact at issue. |

240

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *1998-2004; DE 17-4, Leonido Decl. at Page 2076-79; DE 17-4, Nava Decl. at Page ID 2094-2096; DE 17-5, Navarro Decl. at Page ID 2107-11; DE 17-6, Rios Decl. at Page ID 2131-34; DE 17- 7, Lujan Decl. at Page ID 2168-74). No other evidence submitted reflecting any payments received in response to the "Account Due" letters.* | |
| **Consumers paid more than $18 Million.** | | |
| 213.   From January 1, 2011 through June 2, 2016, the Corporate Defendants had revenues of $18,146,866.34 taking into account refunds, chargebacks, and transfers among the Corporate Defendants' bank accounts. <br> *DE 284-5, George July 6, 2017 Decl. at Page ID 7271 ¶ 9, Att. B.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br> Marshall Decl., at ¶ --. <br><br> Foti: DENY <br> *Thurman Decl., Attachment 39; FTC's Updated Response to Interrogatory No. 1 (FTC-* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br> Undisputed as to Foti. <br>     The document Foti cites to in response is not accompanied by any testimony explaining that |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *RFP-0152760)* | the spreadsheet included all revenues and so does not controvert Mr. George's testimony of the revenue figure based on his review of the Corporate Defendants' bank statements. |
| 214.   From February 27, 2015 through June 2016, the Corporate Defendants had revenues of $1,784,022.61 taking into account refunds, chargebacks, and transfers among the Corporate Defendants' bank accounts. *DE 284-5, George July 6, 2017 Decl. at Page ID 7272 ¶ 10, Att. C.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY *Thurman Decl., Attachment 39; FTC's Updated Response to Interrogatory No. 1 (FTC-RFP-0152760)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti.       The document Foti cites to in response is not accompanied by any testimony explaining that the spreadsheet included all revenues and so does not controvert Mr. George's testimony of the revenue figure based on his review of the Corporate Defendants' |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | bank statements. |
| **Foti and Marshall Were Directly Involved in the Wrongful Conduct.** | | |
| **a.       From the Beginning, Foti Was a Manager.** | | |
| 215.    Foti began working with Brookstone in late 2010. *DE 78-1, Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction ("Foti July 2016 Decl.") at Page ID 3538, ¶¶ 9-10; id. at Page ID 3544-50; DE 152-1, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. 2016 Decl.") at Page ID 4757-59; Ex. 91 (email from Foti to Kutzner regarding Brookstone sales script dated November 18, 2010); Ex. 97 (email from Foti to Kutzner and other Brookstone employees re sales dated December 10, 2010); DE 284-8, Theisman Decl. at Page ID 7486, 7653-56, 7685* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.    Foti: ADMIT - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.          Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *¶¶ 4.w & 4.cc; id. at DE 284-8, Page ID 7489, DE 284-12, Page ID 7973-74 ¶ 4.vvvv (authenticating and attaching FTC-RAD-002-0457531 to 0457532, email from Foti to Kutzner regarding bringing on Brookstone employees dated November 30, 2010); id at DE 284-8, Page ID 7487, DE 284-10, Page ID 7790-93 ¶ 4.ddd (authenticating and attaching FTC-RAD-001-0131338 to 0131341, email dated November 16, 2010 from Kutzner to Foti attaching Brookstone script); id. at DE 284-8, Page ID 7487, DE 284-11, 78547 ¶ 4.ttt (authenticating and attaching FTC-RAD-001-0201437, email dated November 17, 2010 from Foti to Kutzner replying to email from Kutzner attaching a Brookstone sales script, stating: "Send me the rest of your scripts. I am putting an ad in to hire people and* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *have leads starting on Thursday.  We are set to have our screeners answer calls as soon as tomorrow.  If calls dump into screens they will get all the mortgage info then transfer the call over to your QC person.  I think the flow can be a little smoother that is why I want to look at the scripts. I will work on a little bit shorter process, but will still have the same effect with the client.  Let me know what you think.");* id. at <u>DE 284-8</u>, *Page ID 7487,* <u>DE 284-11</u>, *7855 ¶ 4.rrr (authenticating and attaching FTC-RAD-001-0195945, email exchange dated December 2, 2010, with Foti regarding a shared calendar for Brookstone); id. at* <u>DE 284-8</u>, *Page ID 7487,* <u>DE 284-11</u>, *7854 ¶ 4.qqq (authenticating and attaching FTC-RAD-001-0191412, email from Foti to Kutzner regarding "our deal," and stating, among other things,* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *"[p]rofits to be split 50/50"); id. at DE 284-8, Page ID 7487, DE 284-11, 7858 ¶ 4.uuu (authenticating and attaching FTC-RAD-001-0204736, an email exchange dated December 6, 2010, with Foti asking what to do about Brookstone's phone provider being down); id. at DE 284-8, Page ID 7487, DE 284-11, 7856, ¶ 4.sss (authenticating and attaching FTC-RAD-001-0196601, email dated December 7, 2010, with Foti asking for a "company employee list" to be sent to jeremyf@brookstone-law.com"); id. at DE 284-8, Page ID 7487, DE 284-11, 7847-53 ¶ 4.ppp (authenticating and attaching FTC-RAD-001-0191405 to 0191411, email dated December 16, 2010 with Foti requesting an estimate for business cards and attaching proofs of the cards including one listing his* | | |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *title as "Managing Team"); DE 284-7, Lobo Decl. at Page ID 7472¶ 4, Att. 1 at 4.* | | |
| 216.   In an email dated November 17, 2010, in response to an email from Kutzner attaching a Brookstone script, Foti writes to Kutzner: "Send me the rest of your scripts.  I am putting an ad in to hire people and have leads starting on Thursday.  We are set to have our screeners answer calls as soon as tomorrow.  If calls dump into screens they will get all the mortgage info then transfer the call over to your QC person.  I think the flow can be a little smoother that is why I want to look at the scripts.  I will work on a little bit shorter process, but will still have the same effect with the client.  Let me know what you think." *Theisman Decl. at DE 284-8, Page ID 7487, DE 284-11, 7857 ¶ 4.ttt; id. at DE 284-8, Page ID 7487,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: ADMIT - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl., ¶ 16.d. and 18* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 284-10, Page ID 7790-93 ¶ 4.ddd (authenticating and attaching FTC-RAD-001-0131338 to 0131341, email dated November 16, 2010 from Kutzner to Foti attaching Brookstone script).* | | |
| 217.   In an email dated November 30, 2010, Foti tells Kutzner he is bringing in numerous employees, several of whom are sales people and are former employees of Plan Right Group, and further states: "It is go time let's hit it full throttle." *Theisman Decl. at DE 284-8, Page ID 7489, DE 284-12, Page ID 7973-74 ¶ 4.vvvv.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  <br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl., ¶ 32, (Plan Right); DE-284-7, Lobo* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  <br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Decl., Att. 1. Page ID 7475-76.* | statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.   In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |
| 218.   In an email from Foti to Kutzner dated December 3, 2010, Foti writes: "Here is the way I see our deal being structured so look it over and make any changes or suggestions you might have.  1)   Investment to be split 50/50  2)   Investment to be paid back by applying 80% of the net profit | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| per month until everyone's investment has been paid back.<br><br>3)   Profits to be split 50/50<br><br>4)   All decisions to be agreed on and discussed.<br><br>5)   Salaries for all ACTIVE working employee's<br><br>6)   Start date income and expenses to be effective 11-29-10 this past Monday<br><br>7)   Shared employee's must be agreed on by all parties before such share shall take place<br><br>8)   Any past expenses for either party to be paid by that party in full<br><br>9)   All expenses to be agreed upon<br><br>10)   Agreement can only be broken if BOTH parties agree<br><br>11)   All parts of | (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.)<br>*Foti Decl., ¶ 86, (December 2010 email)* | The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.<br>     In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| litigation business to be split 50/50 regardless of who brings it in  12)   Any NEW outside ventures should be 50/50 as well  That all I can think of as of now but I am sure you will come up with some things." *Theisman Decl. at DE 284-8, Page ID 7487, DE 284-11, 7854 ¶ 4.qqq.* | | |
| 219.   Foti had authority to issue refunds to Brookstone clients. *Theisman Decl. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7776 ¶ 4.aaa; DE 284-7, Lobo Decl. at Page ID 7467 ¶ 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of |

251

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | or had anything to do with them.) *Foti, 39, 67 (no authority to authorize refunds); MT MSJ Decl., Attachments 11 (Torchia testimony: "I would have had to [approve a refund]"), 16 (Torchia testimony: His assistant attorney "had certain authority to handle certain matters on his own," "as long as it didn't have to do with money. If it had to do with money, we would sit down" and "if he felt that there might be some refund due, ... I would go over it with him"), 17 ("there is a protocol that I established in which the assisting managing attorney at the time would be responsible for looking into the allegations, gathering documents, time sheets, whatever, depending on what they were asking for ... if they wanted refunds of money, then I would review it."); Damian Kutzner's Executive Employment* | the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.

    In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. The other evidence cited does not controvert the fact at issue. Although he cites to "protocol," the evidence he cites acknowledges the protocol was not followed. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Agreement; Lobo email (FTC-RAD- 001- 0080085) states: "Per Vito the two of you have the authority to issue refunds. So whenever there is a refund request I need an email from either of you confirming it is ok to issue the refund & the amount of the refund." Although it has produced hundreds of thousands of documents and had access to thousands of emails, the FTC has failed to identify a single email or other document where Mr. Foti approved a refund.* | |
| 220. One of the Corporate Defendants' phone directories identified Foti as "management." *DE 41-5 at Page ID 2640; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.u.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. 33, 34, 36 (not an Executive); Thurman Decl., Attachment 48 (Kutzner employment agreement)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. The other evidence cited does not controvert the fact at issue. |
| 221.   One of the Corporate Defendants' phone directories identified Foti as "VP of | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact | Undisputed as to Marshall. He does not offer any admissible evidence capable of |

254

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Marketing." *DE 41-5 at Page ID 2641; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.u; Theisman Decl. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7769-71 ¶ 4.yy (authenticating and attaching FTC-RAD-001-0079758 to 0079759, an email dated July 12, 2012, to "Brookstone All," recovered from one of Foti's computers, attaching phone directory identifying Foti as VP of Marketing).* | undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. (not an Executive); Thurman Decl., Attachment 48 (Kutzner employment agreement)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.     In response, Foti cites his self-serving declaration, which cannot controvert a fact on |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |
| 222.   Foti was copied on an email from a Brookstone employee to Brookstone's landlord attaching a "Tenant Contact Information" document listing Foti as the person with signature authority and identifying him as an "Executive." *Theisman Decl. at DE 284-8, Page ID 7486, DE 284-10, 7752-53 ¶ 4.qq.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. 33, 34, 36 (not an Executive); Thurman Decl., Attachment 48 (Kutzner employment agreement)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.<br><br>        In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |
| 223.   When Foti applied for health insurance, he claimed to be Brookstone's CFO. *DE 69-2, Chang July 2016 Decl., at Page ID 3273-77, Att. 2, at Page ID 3273 (Foti health care application); , DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpt of Foti RFA answer admitting he signed this health care application, response to RFAs 8 & 9).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; no foundation the email or | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | the written "CFO" is genuine, that Mr. Foti sent or received a copy of it, knew about it or had anything to do with it in the form presented here. Although Mr Foti has admitted he signed the healthcare application, he denies he wrote or saw the "CFO" on the document.) *Foti Decl. 36, 37 (re: "CFO"); DE 69-2, Chang July 2016 Decl. at Page ID 3267-3268, 3273, 3277, Att. 2.* | established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.     In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue.  In fact, as the FTC cited, Foti admitted the application, with the designation of CFO and employee of Brookstone, is genuine and authentic. |
| 224.   Brookstone's bookkeeper created a | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| chart showing the payments to Brookstone employees, and Foti, along with Kutzner, is identified as an "executive." *DE 41-5 at Page ID 2669; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.z.* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 225.   In the chart created by Brookstone's bookkeeper, Foti received | Marshall: *This* Defendant lacks the knowledge or information and belief to | Undisputed as to Marshall.  He does not offer any admissible |

259

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| the same amount of income from Brookstone as Torchia and Kutzner. *DE 41-5 at Page ID 2668-72; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.z; DE 284-7, Lobo Decl. at Page ID 7467 ¶ 6.* | dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) No authentication of who created chart - Lobo declaration fails to state the time period when she claims Foti received the same amounts; acknowledges that she did very little or no work from August 2014 to September 2015 and worked from home from October 2013 to August 2014 and September 2015 to June 2016; Irrelevant (the fact that Foti received | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | the same amount of income from Brookstone as Torchia and Kutzner during the referenced time period does not establish either that Foti had any ownership interest or any ability to control Brookstone). *DE-284-7, Lobo Decl., ¶ 2. ("From October 2013 until August 2014, I worked part-time for Brookstone Law from my home for approximately 15 hours a week. From August 2014 until mid-October 2014, I did very little work for Brookstone Law. From November 2014 until September 2015, I did no work for Brookstone. I worked for Brookstone Law part time from September 2015 to June 2016.")* | |
| 226.   Brookstone's bookkeeper created and distributed "daily cash position" reports to Foti, Kutzner, and Torchia. *DE 284-7, Lobo Decl. at Page ID 7467 ¶ 7.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.  Not unusual Mr. Foti would receive these in light of his budgeting and forecasting responsibilities - do not establish any ability to control). *Foti Decl. 15, 16 (re: his responsibilities)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.      In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 227.  Foti, Kutzner, and Torchia all signed their initials to a document titled "Deal Memo." *DE 41-5 at Page ID 2681; Ex. 68; DE 284-8, Theisman Decl. at Page ID 7485, 7540 ¶ 4.j; DE 284-13, Theisman Decl. at Page ID 8059 ¶ 15, Att. 12, Foti Depo. at 74:12-18 ("It's not my signature.  It's my initials."); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's response to RFA 38 admitting the Deal Memo is authentic, response to RFA 38).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: ADMIT *Foti Decl. 33, 34 (explaining Deal Memo); MAT MSJ Decl., Attachments 1 (Brookstone Law, P.C. Statement of Information" dated December 11, 2013), 2 (Brookstone accountant's testimony that 2012 K-1 shows Vito Torchia was "100% owner " of Brookstone), 3 (Resolution of the Shareholders of Brookstone Law, P.C., Stock Certificate Transfer dated July 8, 2015), 4 (Memorandum of Understanding between* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Law Offices of Jonathan Tarkowski and Brookstone Law, P.C. dated June 30, 2014), 5 (Attachment C-1 Standard Law Corporation Guarantee), 6 (Torchia State Bar Testimony that he was the CEO, president and managing attorney of Brookstone), 7 (Memorandum of Understanding between Law Offices of Vito Torchia, Jr., Esq. and Advantis Law, P.C. dated July 8, 2015); Thurman Decl., Attachment 68 (Certified copy of Attachment C-1 Standard Law Corporation Guarantee produced by California State Bar); Thurman Decl., Attachment 48 (Kutzner's Executive Employment Agreement); DE-78-1, Pages 3544-50 (Independent consulting and business services agreement).* | |
| 228.   The "Deal Memo," in a provision related to the day-to-day | Marshall: *This* Defendant lacks the knowledge or information and belief to | Undisputed as to Marshall.  He does not offer any admissible |

264

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| management of Brookstone, states: "[T]here will be a majority rule in the voting decision amongst the shareholders of the firm and non-attorneys (Employees) Jeremy Foti and Damian Kutzner." *DE 41-5 at Page ID 2681; Ex. 68; DE 284-8, Theisman Decl. at Page ID 7485, 7540 ¶ 4.j; DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's response to RFAs admitting the Deal Memo is authentic, response to RFA 38).* | dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: ADMIT *Foti Decl. 33, 34 (Deal Memo); MAT MSJ Decl., Attachments 1 (Brookstone Law, P.C. Statement of Information" dated December 11, 2013), 2 (Brookstone accountant's testimony that 2012 K-1 shows Vito Torchia was "100% owner " of Brookstone), 3 (Resolution of the Shareholders of Brookstone Law, P.C., Stock Certificate Transfer dated July 8, 2015), 4 (Memorandum of Understanding between Law Offices of Jonathan Tarkowski and Brookstone Law, P.C. dated June 30, 2014), 5* | evidence capable of controverting the fact at issue.  Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *(Attachment C-1 Standard Law Corporation Guarantee), 6 (Torchia State Bar Testimony that he was the CEO, president and managing attorney of Brookstone), 7 (Memorandum of Understanding between Law Offices of Vito Torchia, Jr., Esq. and Advantis Law, P.C. dated July 8, 2015); Thurman Decl., Attachment 68 (Certified copy of Attachment C-1 Standard Law Corporation Guarantee produced by California State Bar); Thurman Decl., Attachment 48 (Kutzner's Executive Employment Agreement); DE-78-1, Pages 3544-50 (Independent consulting and business services agreement).* | |
| 229.   Foti later provided loan funding to Brookstone in accordance with the "Deal Memo" agreement. *DE 284-13, Theisman Decl. at Page ID 8059 ¶* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 15, Att. 12, Foti Depo. at 76:6-12 ("Q. Did you ever provide loan funding to Brookstone? A. I did. I provided Vito [Torchia] personally with funds. I'm not sure of the exact amounts, but it was always, you know, approached by Vito [Torchia] about, 'Hey, I need to be able to pay this or pay that,' and so I would consider it from time to time."). | involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY *Foti Decl. 33* | Undisputed as to Foti.        Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment |
| 230.   In 2015, Kutzner sent the "Deal Memo" to a third party, explaining that he and Foti were "partners" of Brookstone. *Ex. 69 (email from Kutzner to Pepe Abad, copying Foti, attaching the Deal Memo, and stating "Psss. . Look at the Deal memo we all signed. . . . I am sending this to you as we are partners NOW and you should understand all sides!  Not just one!");* DE 284-8, *Theisman Decl. at Page ID 7485, 7541-7640 ¶ 4.k.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the |

267

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. 33, 34 (Deal Memo); MAT MSJ Decl., Attachments 1 (Brookstone Law, P.C. Statement of Information" dated December 11, 2013), 2 (Brookstone accountant's testimony that 2012 K-1 shows Vito Torchia was "100% owner " of Brookstone), 3 (Resolution of the Shareholders of Brookstone Law, P.C., Stock Certificate Transfer dated July 8, 2015), 4 (Memorandum of Understanding between Law Offices of Jonathan Tarkowski and Brookstone Law, P.C. dated June 30, 2014), 5 (Attachment C-1 Standard Law Corporation Guarantee), 6 (Torchia State Bar Testimony that he was the CEO, president and managing attorney of Brookstone), 7 (Memorandum of* | evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Understanding between Law Offices of Vito Torchia, Jr., Esq. and Advantis Law, P.C. dated July 8, 2015); Thurman Decl., Attachment 68 (Certified copy of Attachment C-1 Standard Law Corporation Guarantee produced by California State Bar); Thurman Decl. Attachment 48 (Kutzner's Executive Employment Agreement); DE-78-1, Pages 3544-50 (Independent consulting and business services agreement).* | |
| 231.   Foti has declared that his role with the Corporate Defendants included:  (1) " . . . [M]anagement services related to referral services, hiring/recruiting, vendor relations, IT relations, and data sources"; (2) "Obtain[ing] estimates and costs for expenses associated with day to day operations"; (3) "Obtain[ing] or arrang[ing] for the | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: ADMIT | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| preparation of law firm supplied creative content, advertising, campaign management and other related services"; and (4) "Audit[ing] all invoices and expenses provided by third-parties to ensure accuracy, including but not limited to payroll bonuses and employee compensation." *DE 78-1, Foti July Decl. at Page ID 3538-39, ¶ 10.* | *Foti Decl. ¶ 15, 16, 17 (re: duties)* | |
| 232.   Foti declares he was promised an "turnkey private office space free of charge" in whatever offices Brookstone maintained. *DE 78-1, Foti July Decl. at Page ID 3546; DE 152-1, Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report ("Foti Nov. Decl.") at Page ID 4757.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objection (irrelevant - negotiations for office space are not evidence of knowledge, ownership or ability to control) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.        Foti cites only his self-serving declaration, which cannot controvert a fact on summary |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Foti Decl. ¶ 81 (re: office negotiations)* | judgment, and the cited reference does not address the fact at issue. |
| 233.   Foti admits that he occupied a "VP Office" at 6 Hutton Centre, Suite 1000, Santa Ana, CA, which, according to the Receiver's diagram, was larger than all offices occupied by any other Brookstone employee but Kutzner. *DE 41 at Page ID 2479 ("He operates from a large, and upon our arrival locked, office next to Mr. Kutzner's office."); DE 41-2 at 2498-99 (identifying Foti's office as the "VP Office" designated as "I" or "111"); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's answers to RFAs in which he admits he occupied the office identified as number 111 and admitting the office locations of Kutzner and Broderick, responses to RFAs 111-13).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objection (irrelevant - negotiations for office space are not evidence of knowledge, ownership or ability to control) *Foti Decl. ¶ 81 (re: office negotiations)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br> Undisputed as to Foti. The fact is relevant. <br>         Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 234.   Foti agreed to hold Brookstone "harmless from any and all claims brought by a third party. . . ." *DE 152-1, Foti Nov. Decl., at Page ID 4758.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
|  | Foti: DENY - Objection (missstates the evidence as a result of incomplete citation; irrelevant - no evidence unsigned sublease agreement between GAMC Services and Brookstone was ever executed *Foti Decl. ¶ 14 (re: indemnification); DE 152-1, Foti Nov. Decl., at Page ID 4758 (unsigned lease reflects that the parties reciprocally proposed "to indemnity and hold each other harmless from any and all claims brought by a third party relating to one* | Undisputed as to Foti. The fact is relevant and supported by the cited evidence.       Foti cites no evidence to controvert the fact at issue. |

272

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *another's businesses."* | |
| 235.   Brookstone's ethics counsel stated, in a memo addressed to Torchia: "You are the sole shareholder of Brookstone.  You supervise the attorneys' work, and the attorneys seem to understand that you are the supervisory lawyer at Brookstone.  It is less clear to us whether the non-lawyer personnel at Brookstone understand that you are in charge of supervising their work." *DE 284-8, Theisman Decl. at Page ID 7487, DE 284-10, DE 284-11, Page ID 7803-7822 ¶ 4.hhh.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | |
| 236.   Foti was responsible for determining the bonuses for the Corporate Defendants' sales personnel. *DE 284-13, Theisman Decl. at Page ID 8081-82 ¶ 15, Att. 12, Foti Depo. at 216:21-217:6, 219:7-13 (indicating he would "verify" "units" sold to determine bonus amounts); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's answers to RFAs, including where he admits he was "responsible for calculating bonuses for non-lawyer staff that worked as employees for Corporate Defendants, or as contractors for Corporate Defendants", response to RFA 90).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (misstates the testimony stating that Mr. Foti "verified" and "calculated" bonuses, but failing to include that all bonus payments were required to be approved by Torchia or other managing attorneys) *DE-186-4, Torchia Decl., ¶16 ("Bonus calculations were done primarily by Jeremy Foti. Damian Kutzner would approve* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant and supported by the cited evidence.<br><br>    Foti cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *the bonuses. I would sign off on the bonuses based on what Jeremy Foti and Damian Kutzner provided to me.")*; *MAT MSJ Decl., Attachments 16 and 17 (Mr. Torchia's State Bar testimony regarding his control over financial decisions at Brookstone). Foti Decl. ¶ 16.c., 39, 59 (re: bonuses);* | |
| 237.   In determining bonuses, Foti would determine the payment status of a client and bonuses could be changed, including taking into account chargebacks or if a client cancelled or obtained a refund. *DE 284-13, Theisman Decl. at Page ID 8082 ¶ 15, Att. 12, Foti Depo. at 217:17-218:13; DE 284-8, at Page ID 7488, DE 284-11, at Page ID 7866, Theisman Decl. ¶ 4.www (authenticating and attaching FTC-RAD-001-0218348, email to Foti claiming right to bonuses, including taking into account chargebacks);* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the testimony. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 69-2, Chang July 2016 Decl. at Page ID 3259-61 (email correspondence with Brookstone sales person about bonus amount, including deductions where consumers signed up for less lucrative deals and where there were chargebacks).* | received, knew about or had anything to do with them. Mr. Foti testified he "calculated" and "verified" bonuses, but all bonus payments were required to be approved by Torchia or other managing attorneys. *Torchia Decl., ¶16 ("Bonus calculations were done primarily by Jeremy Foti. Damian Kutzner would approve the bonuses. I would sign off on the bonuses based on what Jeremy Foti and Damian Kutzner provided to me."); MAT MSJ Decl., Attachments 16 and 17 (Mr. Torchia's State Bar testimony regarding his control over financial decisions at Brookstone). Foti Decl. ¶ 15.c. and 39 re: bonuses;* | The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.   In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. The other evidence cited does not controvert the fact at issue. |
| 238.   Bonuses were based on the number of sales made by a sales person. *DE 284-13, Theisman Decl. at Page ID 8081-82 ¶ 15, Att. 12, Foti Depo. at 217:7-13 ("Q.  Right.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

276

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *So the methodology would be that they would submit information to you indicating the number of units sold, 'units' meaning the number of clients who were retained; and then depending on the number of units that were sold, they would receive an incentive payment; is that accurate?  A.  That sounds accurate."); DE 284-8, Page ID 7487, DE 284-10, DE 284-11, Page ID 7798-7822, Theisman Decl. at ¶¶ 4.hhh & 4.ggg (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164082, and authenticating and attaching FTC-RAD-001-0163703 to 0163707, at FTC-RAD-001-0163706) (ethics opinions discussing Brookstone's practice of bonuses based on the number of sales); DE 284-8, Page ID 7488, DE 284-11, Page ID 7866, Theisman Decl. at ¶ 4.www (authenticating* | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Torchia Decl., ¶16 ("Bonus calculations were done primarily by Jeremy Foti. Damian Kutzner would approve the bonuses. I would sign off on the bonuses based on what Jeremy Foti and* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. As noted elsewhere, any privilege associated with the ethics opinions has been waived.

     In response, Foti cites his self-serving declaration, which cannot controvert a fact on |

277

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *and attaching FTC-RAD-001-0218348, email to Foti claiming right to bonuses, including taking into account chargebacks); DE 69-2, Chang July 2016 Decl. at Page ID 3259-61 (email correspondence with Brookstone sales person about bonus amount, including deductions where consumers signed up for less lucrative deals and where there were chargebacks).* | *Damian Kutzner provided to me.''); MAT MSJ Decl., Attachments 16 and 17 (Mr. Torchia's State Bar testimony regarding his control over financial decisions at Brookstone). Foti Decl. ¶ 16.c., 39, 59 (re: bonuses); Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |
| 239.   Broderick, the purported "Managing Attorney," sought approval from Foti for payment of bonuses for collections activities. *DE 41-6 at Page ID 2714; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.gg.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the evidence; | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action. No indication from  the content of the email that Mr. Broderick was requesting approval as opposed to instructing Mr. Foti to make the payments directed.) *Torchia Decl., ¶16 ("Bonus calculations were done primarily by Jeremy Foti. Damian Kutzner would approve the bonuses. I would sign off on the bonuses based on what Jeremy Foti and Damian Kutzner provided to me."); MAT MSJ Decl.,* | established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  The other objections do not appear to apply to this fact or the evidence cited. Foti's cited evidence does not controvert the fact at issue. |

279

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Attachments 16 and 17 (Mr. Torchia's State Bar testimony regarding his control over financial decisions at Brookstone). Foti Decl. ¶ 16.c., 39, 59 (re: bonuses);Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | |
| 240.   Brookstone obtained ethics advice that paying sales people a bonus based on the number of clients retained likely violated Brookstone's ethical duties. *DE 284-8, Page ID 7487, DE 284-10, DE 284-11, Page ID 7803-7822, Theisman Decl. at ¶ 4.hhh (authenticating and attaching FTC-RAD-001-0164070 to 0164089, at FTC-RAD-001-0164082, stating: "Brookstone's payments to CSRs of bonuses based on a percentage of the clients' initial fees clearly violate this rule.  It is possible the bonuses to other non-* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *attorney personnel violate this rule too, but we don't have information about how those bonuses are calculated.  This is not to say that a bonus cannot be paid to the CSRs.  For instance, the CSRs could be paid a bonus based on compliance with the guidelines for their performance.  It is crucial that any bonus or amount paid to a non-attorney could not be characterized as fee-sharing or as a referral fee.");* DE 284-8*, Page ID 7487,* DE 284-10*, Page ID 7798-82, Theisman Decl. at ¶ 4.ggg (authenticating and attaching FTC-RAD-001-0163703 to 0163707, at FTC-RAD-001-0163706 stating: "[I]t seems more likely than not that the proposed bonus arrangement would be found to violate CRPC 1-320.").* | genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 241.   At times, Foti would send emails to the Corporate Defendants' | Marshall: *This* Defendant lacks the knowledge or information and belief to | Undisputed as to Marshall.  He does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| sales personnel regarding sales process and guidelines. *DE 284-8, Page ID 7486, DE 284-10, Page ID 7759, Theisman Decl. at ¶ 4.tt; id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7764 ¶ 4.ww (authenticating and attaching FTC-RAD-001-0072682, stating, among other things: "I the [sic] company is very concerned with your numbers!  In Aug you sold 37 reports vs. only 10 Litigations.  These numbers are unacceptable and the company cannot afford to pay a large bonus for such a low conversion ratio?  I hope you would agree that these numbers are not what we were trying to accomplish with the new bonus system.  If you can please email me back an explanation on this so we can understand what happened that would be great."); id. At DE 284-8, Page ID 7488, DE 284-* | dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. 21, 31 (re: forwarding documents/messages within Brookstone); Thurman Decl., Attachment 59 (Rodriguez Decl.)* | evidence capable of controverting the fact at issue. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. In response, Foti cites his self-serving declaration, which cannot |

282

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *11, Page ID 7889-91 ¶ 4.bbbb; id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7762-63 ¶ 4.vv.* | | controvert a fact on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 242.   At times, Foti monitored the use of "leads" by sales people, even instructing those sales people to create Excel spreadsheets and then report to Foti on the status of a sales lead. *DE 41-6 at Page ID 2736; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.jj.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl 31 (re: following up on leads); Thurman Decl.,* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Attachment 59 (Rodriguez Decl.)* | documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. |
| | | In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| *243.    Foti received and then provided to sales people messages from potential clients, passing them on as "leads."* DE 284-8, *Page ID 7487,* DE 284-10, *Page ID 7797, Theisman Decl. at ¶ 4.fff (authenticating and attaching FTC-RAD-001-0156323, email from a sales person to other Brookstone sales people stating:* "Good afternoon,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objections | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br><br><br> Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Jeremy has been sending NEW Chase Bank leads/messages from our answering service. I understand we're all busy however, it is absolutely critical YOU* <br> *Call back all leads SAME DAY* <br> *Put client info in ILS EVERY TIME* <br> *Schedule QUALITY appointments for Banking Specialists* <br> *Please remember. . . .* <br> *These clients are calling us, leaving a message and NEED a call back ASAP!!!!!!* <br> *Also... work closest to the MONEY! Things can ONLY get better!").* | (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) <br> *Foti Decl. ¶ 21, 22, 31 (re: forwarding documents within Brookstone/discuss when phone system was down, following up on leads);* Thurman Decl., Attachment 59 (Rodriguez Decl.) | The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. <br> In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 244.   On March 21, 2016, Foti sent an email to sales people stating: "Attached is a daily sales | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact | Undisputed as to Marshall. He does not offer any admissible evidence capable of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| sheet that we can use as a tracking tool for all of your calls and appointments.  Please take a look at it and then go back and plug in the numbers from this month.  To start please email this to me at the end of each day so we can keep our eye on the target." *DE 284-8, Page ID 7488, DE 284-12, Page ID 7905-07, Theisman Decl. at ¶ 4.hhhh.* | undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 21 (re: forwarding documents/messages within Brookstone); Thurman Decl., Attachment 59 (Rodriguez Decl.)* | controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  In response, Foti cites his self-serving declaration, which cannot controvert a fact on |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | summary judgment.  He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 245.   On January 21, 2011, Foti sent an email to other Brookstone personnel on setting up training meetings for sales staff. *DE 284-8, Page ID 7488, DE 284-12, Page ID 7929-30, Theisman Decl. at ¶ 4.qqqq.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. *Foti Decl. ¶ 21, 31 (re: forwarding documents/messages within Brookstone);* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Thurman Decl., Attachment 59 (Rodriguez Decl.); Email cited by FTC sought confirmation from managers regarding an upcoming office meeting Mr. Foti was NOT scheduled to lead and reflects that Mr. Kutzner was in charge.* | receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.   In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 246.   Foti took part in meetings to determine the sales process. *DE 284-13, Theisman Decl. at Page ID 8065, 8067-68 ¶ 15, Att. 12, Foti Depo. at 114:19-115:8, 124:21-125:11, (meetings regarding content of mailers); DE 284-8, Page ID 7488, DE 284-12, Page ID 7929-30, Theisman Decl. at ¶ 4.qqqq; id. at DE 284-8, Page ID 7489, DE 284-12, 7937-71 ¶ 4.tttt.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.   Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.   Undisputed as to Foti. The fact is relevant. The |

288

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. *Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 ; Thurman Decl., Attachment 59 (Rodriguez Decl.)* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment.  He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 247.   At times, Foti would distribute sales scripts to sales people. *Theisman Decl. at DE 284-8, Page ID 7488, DE* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *284-11, Page ID 7874-78 ¶ 4.yyy; id. at DE 284-8, Page ID 7488, DE 284-11, Page ID 7867-7873 ¶ 4.xxx; id. at DE 284-8, Page ID 7488, DE 284-11, Page ID 7879-83 ¶ 4.zzz; id. at DE 284-8, Page ID 7488, DE 284-11, Page ID 7884-88 ¶ 4.aaaa.* | fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 21, 31; Thurman Decl., Attachment 59 (Rodriguez Decl.)* | issue.<br><br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.     In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment. He |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 248.   Torchia, the purported owner of Brookstone, declared: "Although Jeremy Foti was technically a 'consultant' for Brookstone, he was, along with Damian Kutzner, responsible for all non-legal aspects of Brookstone's operation." *DE 186-4, Torchia Decl. at Page ID 5371-72, ¶ 6.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY *MT MSJ Decl., Attachment 11 (Torchia testimony: "I would have had to [approve a refund]"), 16 (Torchia State Bar testimony: His assistant attorney "had certain authority to handle certain matters on his own," "as long as it didn't have to do with money.  If it had to do with money, we would sit* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti.    In response, he cites to evidence that others also may have had control, which does not controvert the fact. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *down" and "if he felt that there might be some refund due, ... I would go over it with him"),  17 (Torchia State Bar testimony: "there is a protocol that I established in which the assisting managing attorney at the time would be responsible for looking into the allegations, gathering documents, time sheets, whatever, depending on what they were asking for ... if they wanted refunds of money, then I would review it.");  Thurman Decl., Attachment 59 (Peter Rodriguez Decl.); Thurman Decl., Attachment 48 (Kutzner's employment Agreement); Kutzner's Stipulated Order;* | |
| 249.   Former Brookstone and Advantis attorney Jonathan Tarkowski declares: "Damian Kutzner and Jeremy Foti, another non-attorney, were responsible for Brookstone/Advantis financial matters.  Damian | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Kutzner and Jeremy Foti supervised the individuals primarily responsible for customer contact—the 'Civil Litigation Representatives' (CLRs) and 'Banking Specialists.'" *DE 186-3, Tarkowski Decl. at Page ID 5359, ¶ 9.* | P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY *MT MSJ Decl., Attachment 11 (Torchia testimony: "I would have had to [approve a refund]"), 16 (Torchia State Bar testimony: His assistant attorney "had certain authority to handle certain matters on his own," "as long as it didn't have to do with money. If it had to do with money, we would sit down" and "if he felt that there might be some refund due, ... I would go over it with him"), 17 (Torchia State Bar testimony: "there is a protocol that I established in which the assisting managing attorney at the time would be responsible for looking into the allegations, gathering documents, time sheets, whatever, depending on what they were asking for* | Undisputed as to Foti.<br>     In response, he cites to evidence that others also may have had control, which does not controvert the fact. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *... if they wanted refunds of money, then I would review it.");  Thurman Decl., Attachment 59 (Peter Rodriguez Decl.); Thurman Decl., Attachment 48 (Kutzner's employment Agreement); (DE-95-1) Kutzner Stipulated Order.* | |
| 250.   In a deposition taken as a result of ULG's bankruptcy, Brookstone's then bookkeeper, Josephine Lobo, testified that Brookstone's management was "Vito [Torchia], Damian [Kutzner], and Jeremy [Foti]." _DE 284-7_, *Lobo Decl. at Page ID 7477 ¶¶ 4-5, Att. 1 at 9.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY *MT MSJ Decl., Attachment 11 (Torchia testimony: "I would have had to [approve a refund]"), 16 (Torchia State Bar testimony: His assistant attorney "had certain authority to handle certain matters on* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br> Undisputed as to Foti.      In response, he cites to evidence that others also may have had control, which does not controvert the fact. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *his own," "as long as it didn't have to do with money. If it had to do with money, we would sit down" and "if he felt that there might be some refund due, ... I would go over it with him"), 17 (Torchia State Bar testimony: "there is a protocol that I established in which the assisting managing attorney at the time would be responsible for looking into the allegations, gathering documents, time sheets, whatever, depending on what they were asking for ... if they wanted refunds of money, then I would review it."); Thurman Decl., Attachment 59 (Peter Rodriguez Decl.); Thurman Decl., Attachment 48 (Kutzner's employment Agreement); (DE-95-1) Kutzner's Stipulated Order;* | |
| 251.   In a deposition taken as a result of ULG's bankruptcy, Brookstone's then bookkeeper, Josephine Lobo, testified | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| that Torchia, Kutzner, and Foti received the same compensation from Brookstone. *DE 284-7, Lobo Decl. at Page ID 7481 ¶¶ 4 & 6, Att. 1 at 13.* | fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | issue. |
| | Foti: ADMIT, as of date of deposition (8/19/11) - Objection (irrelevant as to whether Corporate Defendants engaged in any violations or whether Mr. Foti had control or knowledge over the Corporate Defendants) | Undisputed as to Foti. |
| 252.   A Brookstone employee wrote an email to Torchia, Kutzner, and Foti seeking their approval to become the direct supervisor over the sales operation. *DE 284-8, at Page ID 7487, DE 284-10, at Page ID 7789, Theisman Decl. at ¶ 4.ccc.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. Fact that an employee may have copied Foti on the email does not mean he had authority to approve any promotion.) *Foti Decl. ¶ 41 (no power to fire); Thurman Decl., Attachment 59 (Rodriguez Decl); Thurman Decl., Attachment 48 (Kutzner Employment Agreement)* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. |
| | | In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment.  He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue.  He cites to evidence that others also may have had control, which does not controvert the fact. |
| 253.   Brookstone | Marshall: *This* Defendant | Undisputed as to |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| obtained ethics advice, which was shared only with Torchia, Kutzner, and Foti. *DE 284-8*, Page ID 7487, *DE 284-10*, Page ID 7798-7802, Theisman Decl. at ¶ 4.ggg (authenticating and attaching FTC-RAD-001-0163703 to 0163707, cover email on memo regarding Brookstone's bonus structure, from Torchia to Kutzner and Foti, stating "Confidential.  Do not distribute."); id. at *DE 284-8*, Page ID 7487, *DE 284-10*, *DE 284-11*, Page ID 7803-7822 ¶ 4.hhh (authenticating and attaching FTC-RAD-001-0164070 to 0164089, cover email from Torchia is to just Kutzner and Foti); id. at *DE 284-8*, Page ID 7487, *DE 284-11*, Page ID 7823-27 ¶ 4.iii (authenticating and attaching FTC-RAD-001-0164311 to 0164315, cover email on memo regarding Brookstone's | lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl.,* | Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *claim to be a national law firm, from Torchia to Kutzner and Foti, stating "This is Confidential Memo not to be distributed.").* | *Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | |
| 254.   In response to the ethics opinion Foti responded:  "This looks pretty good overall just need to change a few things," to which Kutzner wrote:  "You didn't read it?"  *DE 284-8, at Page ID 7487, DE 284-11, at Page ID 7828, Theisman Decl. ¶ 4.jjj.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the evidence; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay for the reason offered.  All parties potentially holding a relevant attorney-client privilege have waived that |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action. Email reflects that although it was not his responsibility to implement, since he did not supervise the relevant areas, he expected and believed they would be implemented. ) *Thurman Decl., Attachment 53 (Vito clawback request - FTC-RFP-0149575-0149576); Although not his responsibility to implement since he did not supervise the relevant areas, but email reflects that Mr. Foti expected and believed the proposed procedures would be implemented. Thurman Decl., Attachment 59 (Rodriguez Decl.); Foti Decl. ¶ 15 and 16 (his responsibilities)* | privilege.  See Madden 8-14-17 Decl. ¶ 5.          Foti's cited evidence does not controvert the fact at issue.  He cites his self-serving declaration, which cannot controvert a fact on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 255.   In response to one piece of ethics advice, | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Foti wrote:  "I think we need to keep in mind he is an ethic's attorney so he is going to always say you shouldn't do this you shouldn't do that." *DE 284-8, at Page ID 7486, DE 284-10, at Page ID 7760-6, Theisman Decl. at ¶ 4.uu.* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the evidence; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action. FTC left out Mr. Foti's | offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay for the reason offered.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5.<br>        Foti's cited evidence does not controvert the fact at issue.  He cites his self-serving declaration, which cannot controvert a fact |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | statement: "We need to power forward and mend the holes in the ship." *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576); FTC's statement left out Mr. Foti's statement that, "We need to power forward and mend the holes in the ship." Although it was not his responsibility to implement the proposed changes, since he did not supervise the relevant areas, but Mr. Foti's email reflects that he expected and believed the proposed procedures would be implemented. Thurman Decl., Attachment 59 (Rodriguez Decl.); Foti Decl. ¶ 15 and 16 (his responsibilities)* | on summary judgment. He also cites to a single declaration from a former sales person who does not testify to a fact controverting the fact at issue. |
| 256.   The FTC sought discovery from Foti on his control over the Corporate Defendants and he did not identify or produce any documents controverting the FTC's evidence. | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

302

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 284-8, Theisman Decl. at Page ID 7489-90 ¶ 9.* | involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (irrelevant - Mr. Foti's inability to produce documents, where all of Mr. Foti's documents relevant to this action were previously seized at his home and office, does not constitute an admission of anything other than that he has no documents. | Undisputed as to Foti. The fact is relevant. He cites no evidence to controvert the fact at issue. |
| **a.     Foti Helped Draft Mailers and Sales Scripts.** | | |
| 257.   Foti owned and controlled GAMC Services Inc. ("GAMC Services"). *DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's responses to RFAs, response to RFA 89).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: ADMIT | Undisputed as to Foti. |
| 258.   Foti owned and controlled DND Consulting Inc. *DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's responses to RFAs, response to RFA 88).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: ADMIT | Undisputed as to Foti. |
| 259.   Foti owned and controlled Webstar Inc. ("Webstar"). *DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's responses to RFAs, response to RFA 86); DE 284-13, Theisman Decl. at Page ID 8071 ¶ 15, Att. 12, Foti Depo. at 143:17-18 (Q.  What was Webstar?  A.  Webstar was an extension of GAMC Services. . . .") id. DE 284-13, at Page ID 8075, 158:22-159:12 (noting that multiple* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay.  No foundation the documents | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The document(s) are genuine and authentic, as established by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *people knew he owned Webstar).* | are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Theisman Decl. at ¶ 7, MSJ Evid p. 243 (attaching excerpts of Foti's responses to RFAs, response to RFA 86) (Mr. Foti has acknowledged only that he controlled Webstar); Foti Decl. ¶ 73 (re: Webstar)* | evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. He testified at his deposition that he purchased the company and registered it.  His contrary statements in response to RFAs and in his self-serving declaration cannot controvert this fact. Furthermore, he does not deny that he in fact controlled the company. |
| 260.   Foti, through GAMC Services and Webstar, arranged for the Corporate Defendants' mailers to be sent to consumers. *DE 78-1, Foti July* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl.at 3538;* DE 284-13, *Theisman Decl. at Page ID 8063 ¶ 15, Att. 12, Foti Depo. at 105:1-3 ("Q.  Would you say that the direct mail was the most commonly used form of solicitation?  A.  I would probably say that was correct."); id.* DE 284-13 *at Page ID 8064, 109:12-22, ("Q.  And your consulting services, did it have anything to do with the mailers?  A.  As far as?  Q.  Anything.  A. Well, yeah.  I would – I would find services for them to get quotes on whatever marketing they were seeking and see, you know, how the pricing would look; and, you know, based off of what Vito wanted to have go out, rather be it mail or whatever type of marketing, he would say, 'Hey this is what I want to do.  Can you find some vendors that will help?'"); id.* DE 284-13, *at Page ID 8064, 110:19-23 ("Q.  What I'm asking* | involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br><br>Marshall Decl., at ¶ --.<br><br>Foti: DENY<br>*Foti Decl. ¶ 16.d., 19, 20, 21, 23, 25, 38); Thurman Decl., Attachment 67 (FTC-RAD-001-0099028) (reflects that Mr. Foti did not send the mailer to the outside vendor but was under the impression it was sent by Mr. Torchia had with the assistance of Kevin and Josh*<br>      *("This was done by Kevin, Josh and yourself?").  Mr. Kutzner eventually responds, stating, "No i just verified that The printing house for the mailers printed the old one as we have been back and forth on this for months.")* | Undisputed as to Foti.<br>      Foti's cited evidence does not controvert the fact at issue.  He cites his self-serving declaration, which cannot controvert a fact on summary judgment.  Otherwise, he challenges only one piece of evidence related to one mailer, which on its own does not controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *you is:  You, as part of your consulting services, would provide the mailing companies with proofs and copies of the mailers that they were instructed to, then, send to consumers?  A.  It's – it's possible.");  id. DE 284-13, at Page ID 8071, 144:10-13  ("Q.  What did Webstar do regarding the marketing?  A.  It was a facilitator.  It would locate the best marketing, the lowest prices, and, you know, who can do the best job and then subcontract them.");  DE 78-1, Foti July 2016 Decl. at page ID 3539, ¶ 10 (declaring his duties included "[o]btain[ing] or arrang[ing] for the preparation of law firm supplied creative content, advertising, campaign management and other related services).* | | |
| 261.   At times, Foti circulated the mailers to Torchia. *Ex. 75 (email from Foti to Torchia attaching mailers* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *to be sent to consumers);* [DE 284-8](), *Theisman Decl. at Page ID 7485, 7576-78 ¶ 4.n; id. at* [DE 284-8](), *Page ID 7486,* [DE 284-10](), *Page ID 7757-58 ¶ 4.ss (authenticating and attaching FTC-RAD-001-0065189 to 0065190, email from Foti to Torchia attaching a mailer).* | fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; mischaracterizes the evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 16.d., 19, 20, 21, 23, 25, 38* | issue.

Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.

 In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | the cited reference to the Foti Decl. does not address the fact at issue. |
| 262.   Not all of the mailers sent to consumers were approved by attorneys. *Ex. 79 at FTC-RAD-001-0088985 (email from Torchia to Kutzner and Foti stating:  "SEE THE ATTACHED MAILER.  THIS WAS NOT AUTHORIZED! WHO SENT THIS AND WHEN WAS IT SENT. THERE ARE SO MANY THINGS WRONG WITH THIS I CANNOT EVEN BEGIN TO LIST THEM.");* DE 284-8*, Theisman Decl. at Page ID 7485, 7587-89 ¶ 4.r.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; mischaracterizes the evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence Mr. Foti forwarded the mailer to the outside vendor.) *Thurman Decl., Attachment 67 (FTC-RAD-001-0099028 ) (reflects that Mr. Foti did* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

     Undisputed as to Foti.  The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *not send the mailer to the outside vendor but was under the impression it was sent by Mr. Torchia had with the assistance of Kevin and Josh ("This was done by Kevin, Josh and yourself?"). Mr. Kutzner eventually responds, stating, "No i just verified that The printing house for the mailers printed the old one as we have been back and forth on this for months.")* | receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |
| 263.   In March 2011, Foti sent an email to Kutzner and Torchia stating: "Here is where we should target until we run out of local data. Min loan – 400K NOD and late payments (no current loans) Chase, Aurora, Wells, Citi, Ocwen Add to mailer – Mass joinder lawsuit claiming trial loan modification fraud". *Ex. 74; DE 284-8, Theisman Decl. at Page ID 7485, 7579 ¶ 4.m.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; mischaracterizes the | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and no evidence whether communication resulted in any consumers receiving any mailers as a result.) *Foti Decl ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38* | established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.     In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 264.   Foti sent an email to Kutzner, subject line "info for mailer," stating "This is what I am thinking for inside message for mailer" and then included the following text: "We have been trying to reach you to discuss our | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| landmark victory against Bank of America in California supreme court. Bank of America was not pleased with this decision as it now opens up many different legal channels on your case.  Brookstone is preparing to sue the trustee assigned to foreclose on your property for wrongful foreclosure and demand that they immediately cancel your sale date scheduled for _____.  If you would like to be included in this case we need to hear from you as soon as possible.  This is a very time sensitive matter so please call us at XXX XXX XXXX." *Ex. 78; DE 284-8, Theisman Decl. at Page ID 7485, 7586 ¶ 4.q.* | individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.     In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 265.   Foti provided text for mailers to | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

312

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| subordinates at Brookstone, had subordinates create mailer proofs incorporating that text, and then further arranged for those mailers to be distributed. *Ex. 76 (email chain showing Foti providing text for a mailer to Josh Cook, who then created a mailer proof that Foti then provided to Kutzner); Ex. 77 (email chain showing Foti taking mailer completed by Cook and identifying it as the final one in an email to bobby@clientprocessingc enter.com); DE 284-8, Theisman Decl. at Page ID 7485, 7579-85 ¶¶ 4.o & 4.p; id. at DE 284-8, Page ID 7486, DE 284-10, 7754-56 ¶ 4.rr (authenticating and attaching FTC-RAD-001-0064644 to 0064646, email from Foti to a mailing vendor providing mailer).* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *The FTC's email (FTC-RAD-001-0064644 to 0064646) makes clear that the mailer was reviewed and revised by Vito Torchia: "The head attorney made a few changes to this mailer. Make sure the 800 number is the same as we* | offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *are sending out now and make sure this one goes out on next batch. Thanks." ; Foti Decl re: role on marketing* | issue. |
| 266.   Foti sent and received emails attaching mailers sent to consumers. *DE 284-8, Theisman Decl. at Page ID 7487 ¶ 4.ooo (authenticating and attaching FTC-RAD-001-0183728 to 0183731, an email from Torchia to Foti attaching an approved mailer); id. at DE 284-8, Page ID 7486, DE 284-10, Page ID 7757-58 ¶ 4.ss (authenticating and attaching FTC-RAD-001-0065189 to 0065190, an email from Foti to Torchia attaching a mailer).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to consumers.) *The FTC's email (FTC-RAD-001-0183728 to 0183731) confirms that* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br> Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *Mr. Torchia reviewed and approved the mailer.* | defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |
| 267.   Foti received draft mailers from other sales staff. *DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7713-16Theisman Decl. ¶ 4.kk; Ex. 76 (email chain showing Foti providing text for a mailer to Josh Cook, who then created a mailer proof that Foti then provided to Kutzner.); Ex. 77 (email chain showing Foti taking mailer completed by Cook and identifying it as the final one in an email to bobby@clientprocessingc enter.com); DE 284-8, Theisman Decl. at Page ID 7485, 7579-85 ¶ 4.o and 4.p; id. DE 284-8, Page ID 7486, DE 284-10, 7754-56 at ¶ 4.rr (authenticating and* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any presentations to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding |

315

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *attaching FTC-RAD-001-0064644 to 0064646, email from Foti to a mailing vendor providing mailer).* | consumers.) *The FTC's email (FTC-RAD-001-0064644 to 0064646) demonstrates that the email was reviewed and revised by Vito Torchia: "The head attorney made a few changes to this mailer. Make sure the 800 number is the same as we are sending out now and make sure this one goes out on next batch. Thanks."; Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 (re role in marketing)* | documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |
| 268.   Foti was frequently included on emails to sales staff or emails regarding sales process. *Ex. 87 (Foti copied on email to "Brookstone Banking Specialists"); DE 284-8, Theisman Decl. at Page ID 7486, 7609-7614 ¶ 4.u; id. at DE 284-8, Page ID 7486, DE 284-9, Page ID 7717-20 ¶ 4.ll; id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7765-68 ¶ 4.xx; id. at DE 284-8,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.   Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.   Undisputed as to Foti. The fact is relevant. The |

316

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 7489, DE 284-12, Page ID 7972 ¶ 4.uuuu (authenticating and attaching FTC-RAD-002-0411571, an email from Todd Siedel to Banking Specialists, cc'ing Foti); id. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7931-32 ¶ 4.rrrr; id. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7937-71 ¶ 4.tttt.* | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) *Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 (re: role in marketing)* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.   In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 269.   In November 2010, Foti provided a copy of a sales script to Kutzner, stating in the email attaching the script: "Check it out made some minor, but good changes." *Ex. 91; DE 284-8,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Theisman Decl. at Page ID 7486, 7653-56 ¶ 4.w.* | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 270.   In January 2011 Foti wrote an email proposing language for sales people to use to close sales, including lines like "If your case is not strong enough we can't risk the validity of | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| these cases so we would not be able to represent you" and "[t]hese attorneys are so sure that they will win that they will defer 95% of their fee and charge it ONLY IF THEY WIN." *Ex. 96; DE 284-8, Theisman Decl. at Page ID 7486, 7682-84 ¶ 4.bb.* | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant. No foundation whether the proposed language was ever used in any communications with consumers.) *Foti Deposition (JF testified that he believes he was directed by Vito to provide this language to sales staff) - Exh. 96; Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 (re: role in marketing)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The stated fact is limited to Foti sending the text at issue.  In response, Foti cites only his self-serving declaration to characterize the fact, which does not and cannot controvert the fact at issue. |
| 271.   In December 2010 Foti wrote an email to sales staff directing them to say the following: "As a case specialist it is my job to see if you are ready to join the case.  As you are aware the attorneys have approved your case so all we need is the signed retainer and a | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| check to get this going. Remember that 99% of the law firms fees are only earned if they win the case so they feel pretty good about your chances of winning." *Ex. 97; DE 284-8, Theisman Decl. at Page ID 7486, 7685 ¶ 4.cc.* | this action. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objections (irrelevant. No foundation whether the proposed language was ever used in any communications with consumers.) *Foti Deposition (JF testified that he believes he was directed by Vito to provide this language to sales staff) - Exh. 97; Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 (re: role in marketing)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The stated fact is limited to Foti sending the text at issue. <br><br>     In response, Foti cites only his self-serving declaration to characterize the fact, which does not and cannot controvert the fact at issue. |
| 272.   In January 2014, Foti sent an email attaching a draft script to Kutzner, among others, and stating: "Please look at this and give any feedback you have." *DE 284-8, at Page ID 7488, DE 284-11, at Page ID 7879-83, Theisman Decl. ¶ 4.zzz.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) *Foti Decl. ¶ 16.d., 18, 19, 20, 21, 26, 29, 31, 38 (re: role in marketing)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay as a statement of a party opponent.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used.<br><br>        In response, Foti cites only his self-serving declaration to characterize the fact, which does not and cannot controvert the fact at issue. |
| 273.   Over several years, Foti was included on numerous emails attaching scripts and drafts of scripts. Sometimes, the emails asked for Foti's input on scripts. *Ex. 92 (email to Foti attaching a draft script and stating:  "Please* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *review.");* Ex. 93 (email to Foti attaching a draft script and stating: "Check it out and if okay. . . I will finish the rest!"); Ex. 94 (email from Kutzner to Foti attaching script and stating: "Can you look over this.. Seems alittle too much!"); DE 284-8, Theisman Decl. at Page ID 7486, 7657-78 ¶¶ 4.x, 4.y, & 4.z; id. DE 284-8, Page ID 7487, DE 284-10, Page ID 7829-33 at ¶ 4.kkk (authenticating and attaching FTC-RAD-001-0171170 to 0171174, an email cc'ing Foti asking for approval for a "CLR Work Flow"); id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7790-93 ¶ 4.ddd (authenticating and attaching FTC-RAD-001-0131388 to 0131341, email dated November 16, 2010 from Kutzner to Foti attaching Brookstone script); id. at DE 284-8, Page ID 7487, DE 284-11, 7857 ¶ 4.ttt; id at DE* | this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *284-8, Page ID 7486, DE 284-9, Page ID 7721-28 ¶ 4.mm; id. at DE 284-8, Page ID 7486, DE 284-9, Page ID 7729-36 ¶ 4.nn; id. at DE 284-8, Page ID 7486, DE 284-9, Page ID 7737-44 ¶ 4.oo; id. at DE 284-8, Page ID 7486, DE 284-9, Page ID 7745-51 ¶ 4.pp (authenticating and attaching FTC-RAD-001-0049879 to 0049885, email to Kutzner and Foti with a draft script stating: "Thoughts?"); id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7772-75 ¶ 4.zz; id. at DE 284-8, Page ID 7487, DE 284-10, Page ID 7777-7788 ¶ 4.bbb* | | |
| 274.   In September 2015, Foti sent an email to a sales person, giving him language to include in an email to a Brookstone client. *Theisman Decl. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7914 ¶ 4.jjjj.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 275.   In April 2015, Kutzner sent an email to Foti stating: "Another BIG issue we MUST update the SCRIPT!!  ME and YOU….. LETS DO THIS!!!" *Ex. 95; DE 284-8, Theisman Decl. at Page ID 7486, 7679-81 ¶ 4.aa.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 276.   The FTC sought discovery from Foti on his duties in drafting and creating marketing materials for the Corporate Defendants and he did not identify or produce any documents controverting the FTC's evidence. *DE 284-8, Theisman Decl. at Page ID 7490, 8000-32 ¶ 10.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: DENY - Objection (irrelevant - Mr. Foti's inability to produce documents, where all of Mr. Foti's documents relevant to this action were previously seized at his home and office, does not constitute an admission of anything other than that he has no documents. *See Updated Interrogatory Responses* | Undisputed as to Foti. The fact is relevant. In response, Foti cites evidence that is not relevant to the fact at issue. |
| 277.   FTC sought discovery regarding any defenses Foti might assert, issuing an interrogatory requiring him to identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses. In response, Foti asserted only that the FTC would not be able to prove he had control, participated in the relevant acts, or had the relevant knowledge to hold him monetarily liable.  He did not assert that the Corporate | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (irrelevant - Mr. Foti's inability to produce documents, where all of Mr. Foti's documents relevant to this action | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. In response, Foti cites evidence that is not relevant to the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Defendants did not commit the alleged acts. He also did not identify any affirmative defenses. *DE 284-8, Theisman Decl. at Page ID 7490, 8000-13 ¶ 11.* | were previously seized at his home and office, does not constitute an admission of anything other than that he has no documents. *See Updated Interrogatory Responses* | |

| | a.   Foti Received and Responded to Consumer Complaints and Otherwise Had Knowledge of Bad Acts. | | |
|---|---|---|

| 278.   Foti, at times, would engage in collection efforts for Brookstone, including bragging to Kutzner on one occasion:  "I took a small amount of them (50) and closed 36." *Ex. 108; DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7704-07, Theisman Decl. ¶ 4.ii.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | any communications with consumers.) *Foti Decl ¶ 53, 91 (re: collections)* | opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. <br><br>In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 279.   The Receiver found hundreds of "chargebacks" in Foti's office. *DE 69-2, Declaration of Andrew W. Robertson ("Roberston Decl.") at Page ID 3283-84, ¶ 8 (attaching "true and correct redacted examples of Advices of Chargebacks to Brookstone Law from Merchant Services that were in a box on the floor of Jeremy Foti's office at* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. <br><br>Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *that time.  The box contained hundreds of envelopes with Merchant Services Chargeback notices.")*, Page ID 3287-88, Att. 1, 3307-11, Att. 4; DE 284-13, *Theisman Decl. at Page ID 8088 ¶ 15, Att. 12, Foti Depo. at 291:8-292:10 (admitting he responded to consumer chargebacks).* | authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them, how box came to be in Foti's office, who placed it there or when, whether it had been opened, whether he ever looked at it).  *Foti Decl. ¶ 66, 67, 68, 69 re: chargebacks* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.          In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 280.   Foti worked with others to respond to chargebacks.  DE 284-7, *Lobo Decl. at Page ID 7467-68 ¶ 10;* DE 284-8, *at Page ID 7488,* DE 284-11, *at Page ID 7859-65, Theisman* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

329

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl. ¶ 4.vvv; id. at DE 284-8, Page ID 7489, DE 284-12, Page ID 7978 ¶ 4.xxxx; id. at DE 284-8, Page ID 7489, DE 284-12, Page ID 7979 ¶ 4.yyyy; DE 284-13, Theisman Decl. at Page ID 8088 ¶ 15, Att. 12, Foti Depo. at 291:8-292:10 (admitting he responded to consumer chargebacks).* | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: ADMIT<br>*Foti Decl. ¶ 66, 67, 68, 69* | Undisputed as to Foti. |
| 281.   Foti received emails from consumers complaining about the Corporate Defendants' services.<br>*Ex. 100 (Foti receiving and responding to a consumer complaint); Ex. 107 (Foti directing another employee to address a written consumer complaint); DE 284-8, at Page ID 7486, DE 284-9, at 7686-7695, 7702-03, Theisman Decl. ¶¶ 4.dd, 4.ee, & 4.hh; id. DE 284-8, at Page ID 7489 ¶ 7 (attaching excerpts of Foti's responses to RFAs, request admitting he had* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *access to the* accounting@brookstonelaw.com *email address, response to RFA 29);* DE 41-3 *at Page ID 2547-53 (complaint sent to "accounting"); id. at Page ID 2559-65 (complaints sent to "accounting"); id. at 2576 (email complaint sent to "accounting" to which Foti then directs another employee to respond);* DE 284-4, *Chang Decl. at Page ID 7248 ¶¶ 4.m & 4.n (authenticating documents in* DE 41-3*);* DE 284-8, *at Page ID 7488,* DE 284-11, *at Page ID 7889-91, Theisman Decl. ¶ 4.bbbb (authenticating and attaching FTC-RAD-001-0232680 to 0232682, email thread with a complaint from a consumer about an individual lawsuit in which nothing had been done as to which Foti instructed sales people to call the client to save the* | or had anything to do with them. No evidence that Mr. Foti routinely reviewed emails sent to accounting@brookstonelaw.com.) *Foti Decl. ¶ 66, 67, 68, 69 re: chargebacks* | the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti admits he used the accounting@brookstonelaw.com email address.  DE 284-8 at Page ID 7509-10.

In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |

331

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *deal).* | | |
| 282.  One "chargeback" document found in Foti's office relates to a particular client whose signature block for the purported "Credit Card / Debit Card Authorization" is at an angle in comparison to the rest of the document, the margins for the signature block portion of the document are narrower than the remainder of the document, and the date of the signature is for two years prior to the date of the authorized charge. *DE 284-8, Theisman Decl. at Page ID 7489 ¶ 6 (authenticating and attaching FTC-RFP-0040099 to 0040112, at FTC-RFP-0040102, marked as "confidential" pursuant to protective order and redacted for use in this filing, DE 158).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.) *The evidence shows the authorization form on Theisman Decl, Attachment 7, Page ID 7989 was either misdated or prepared AFTER the client retained the law* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *firm on 9/4/12 (Pages 7990-99). DE-12, Page ID 214-216 demonstrates that, after client retained the law firm the client was added as a Plaintiff in the Potter Third Amended Complaint on 2/7/13.* | it more likely it was used. In response, Foti offers no evidence, just conjecture, which cannot controvert the fact at issue. |
| 283.   In November and December 2014, Foti received consumer voice messages directly from Brookstone's answering service, with consumers complaining about unfulfilled promises and not being able to reach Brookstone. *DE 284-8, Theisman Decl. at Page ID 7489 ¶ 7 (attaching excerpts of Foti's responses to RFAs, response to RFA 131, admitting: "In November and December 2014 you received consumer messages from Brookstone's answering service."); DE 284-8, Theisman Decl. at Page ID 7491 ¶ 16 (authenticating and attaching emails to Foti attaching voicemails from* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the messages are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl ¶ 22* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *consumers from November and December 2014).* | | documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.    In response, Foti cites only to his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited references does not address the fact at issue. Furthermore, in another paragraph of his declaration, he admits receiving the messages at issue. DE 304-1 at Page ID 9764 ¶ 21. |
| 284.   In November 2015, Tarkowski sent an email to Foti, among others, stating concerns he had with consumers reporting to him that they had been promised they would prevail in the mass joinder litigation or otherwise obtain relief. *DE 186-3, Tarkowski Decl. at Page ID 5361, ¶ 15, and Page ID 5365,* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Att. 1.* | Foti: ADMIT<br>Foti Decl. ¶ 60 (Geist fired shortly after);<br>Tarkowski Depo, (Geist fired shortly after) | Undisputed as to Foti. |
| 285.   In 2015, Foti helped draft and send emails stating that Brookstone is "very confident we will prevail" in the mass joinder litigation, that the consumer's accout was "on suspense due to a past due amount," and then responded to emails sent by consumers receiving these messages. *DE 284-8, at Page ID 7488, DE 284-12, at Page ID 7923, Theisman Decl. ¶ 4.nnnn (authenticating and attaching FTC-RAD-002-0231191, email from Foti to Kutzner with draft language to send to consumers); id. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7897-98 ¶ 4.eeee (authenticating and attaching FTC-RAD-002-0078913 to 0078914, email exchange with* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them and whether any of them were ever used in any communications with consumers.)<br>*Thurman Decl., Attachment 57 (FTC-* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's |

335

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *consumer that received email claiming "very confident we will prevail," with Brookstone employee reporting to Foti); Ex. 100;* [DE 284-8](),*Theisman Decl. at Page ID 7486, 7686-87 ¶4.dd; id. at* [DE 284-8](), *Page ID 7488,* [DE 284-12](), *Page ID 7896 ¶ 4.dddd (authenticating and attaching FTC-RAD-002-0078912, email exchange with consumer receiving "very confident we will prevail" email, and consumer indicating he has been in correspondence with Foti about this);* [DE 17-6](), *Rios Decl. at Page ID 2157-58.* | *RAD-002-0024528)  (No evidence Foti was involved in sending emails; evidence shows that Mr. Kutzner re-wrote the communication afterwards and directed Brookstone's Accounting Dept to send it out.) The complaint contains no allegations Defendants' conduct regarding the Account Due letters was deceptive or that any clients made any payments as a result of receiving Account Due letters; The Brookstone client retainer agreement authorized payments for work performed by Brookstone on appeals (Receiver's Preliminary Report (DE-41-4), Exhs. 19 and 20)* | office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti's cited evidence does not address and/or controvert the fact at issue. |
| 286.   One consumer who received the email from 2015 demanding more money and claiming Brookstone is "very confident we will prevail," responded by stating:  "I am unwilling to put more money into | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| this 'possibility.' Back when this all started I was promised many things that were never delivered." Foti responded: "[W]e think things looks [sic] promising." *Ex. 100; DE 284-8, Theisman Decl. at Page ID 7486, 7686-87 ¶ 4.dd.* | P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 39:14-40:19, MSJ Evid p. 808 (Mr. Foti testified he was aware Mr. Kutzner had been sued by the FTC but understood that Mr. Kutzner, who shares a nearly identical name as his brother, took responsibility for his brother's actions and that it was the brother who was actually responsible for the conduct involved. Foti Decl. 83, 84, 86* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. For support Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. The other evidence he cites also does not address the fact at issue. |
| 287.  Foti was aware that Kutzner had been pursued | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

337

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| by the FTC in the past. *DE 284-13, Theisman Decl. at Page ID 8054 ¶ 15, Att. 12, Foti Depo. at 39:14-40:11; DE 284-8, at Page ID 7488, DE 284-12, at Page ID 7933-36, Theisman Decl. ¶ 4.ssss (authenticating and attaching FTC-RAD-002-0323522 to 0323525, email including Foti discussing Kutzner's history with the FTC, including a telemarketing ban).* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Theisman Decl. at ¶ 15, Att. 12, Foti Depo. at 39:14-40:19, MSJ Evid p. 808 (Mr. Foti testified he was aware Mr. Kutzner had been sued by the FTC but understood that Mr. Kutzner, who shares a nearly identical name as his brother, took responsibility for his brother's actions and that it was the brother who* | offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.

        In response, Foti cites to his self-serving affidavit, which cannot controvert a fact on summary judgment, and the cited reference does not actually controvert the fact at issue.  The other cited evidence also does not controvert the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *was actually responsible for the conduct involved. Foti Decl. ¶ 83, 84, 85, 86* | issue. |
| 288.   Foti was aware that Kutzner had previously worked with United Law Group ("ULG") and that ULG had been shut down by criminal law enforcement. *Ex. 110 (email correspondence discussing criminal investigation of ULG); DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7708-12, Theisman Decl. ¶ 4.jj; id. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7933-36 ¶ 4.ssss (authenticating and attaching FTC-RAD-002-0323522 to 0323525, email exchange including Foti discussing Kutzner and ULG).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; misstates the evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 84, 85, 86 (re: ULG); Thurman Decl., Attachment 58 (unsealing order)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent or a sworn declaration. Foti's cited evidence does not controvert the fact at issue. |
| 289.   Torchia and Kutzner had worked for | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| ULG. *DE 18, Ex. 2, at Page ID at 2225-40 (Torchia explaining his history with ULG, Kutzner's position with ULG and ULG's demise); id. at 2256-57 (Torchia explaining how he opened Brookstone and took on a number of ULG employees); id. at 2239-40 (Kutzner was ULG's COO); United States v. Kutzner, SACR14-00186-JLS (C.D. Cal.), DE 1 (information), DE 19 (guilty plea).* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: ADMIT - Objection (irrelevant. No evidence Mr. Foti was aware of any criminal wringdoing associated with ULG). *Foti Decl. ¶83, 84, 85, 86 (re: ULG); Thurman Decl., Attachment 58 (unsealing order)* | offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br>Undisputed as to Foti. |
| 290.   Kutzner has been indicted and pled guilty to conspiracy to commit mail fraud and wire fraud related to ULG's loan modification and lender litigation practices. *United States v. Kutzner, SACR14-00186-JLS (C.D. Cal.), DE 1 (information), DE 19 (guilty plea).* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

340

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Foti: ADMIT - Objection (irrelevant. No evidence Mr. Foti was aware of any criminal wringdoing associated with ULG). *Foti Decl. ¶ 84, 85 (re: ULG); Thurman Decl., Attachment 58 (unsealing order)* | Undisputed as to Foti. |
| 291.   In 2012, Gil Mariscal, one of Brookstone's sales managers, stated the following in an email to Kutzner that Foti also received: "When the crap came down with the U.S. Attorney I gave you information to try to help you out and whether it was helpful or not is irrelevant, I was trying to look out for you.  If you don't think that was loyalty then I would have kept my mouth shut and would not have led those investigators in a different direction.  Jeremy knows the person leading the investigation and he believes what I say | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 83, 84, 85, 86* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.  Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| because the guy has not [sic] reason to doubt me. I told him Brookstone had nothing to do with all the bullshit Kramer/Kaslow and ULG did and they left it alone.  You know those people came to my home and I never said shit to them.  I instead picked up the phone and called off the dogs and sent them in a different direction.  For them to try to pull Jeremy and me into an investigation that we had nothing to do with is beyond me.  If you don't think that was loyalty Damian, then I don't know what is." *Ex. 110 at FTC-RAD-002-0256068;* [DE 284-8]*, at Page ID 7486* [DE 284-9]*, at Page ID 7708-12, Theisman Decl. ¶ 4.jj.* | *(re: ULG); Thurman Decl., Attachment 58 (unsealing order)* | opposing party's statement.  In response, Foti cites to his self-serving affidavit, which cannot controvert a fact on summary judgment, and the cited reference does not actually controvert the fact at issue.  The other cited evidence also does not controvert the fact at issue. |
| 292.   Brookstone's ethics counsel identified and discussed a Brookstone document that made reference to ULG in a memo forwarded to Foti by Torchia: "There is an error in the Guidelines, | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

342

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| which has 'United' as the defined term for Brookstone.  This could prove highly detrimental to Brookstone because it could be seen as evidence that Brookstone is a continuation of United." *DE 284-8, at Page ID 7487, DE 284-10, DE 284-11, at Page ID 7803-7822, Theisman Decl. ¶ 4.hhh.* | Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.  Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay; subject to attorney-client communication and work product privilege asserted previously by Mr. Torchia.  No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. In addition, advice related to supervision of nonattorneys regarding the dispensation of "legal advice" under state ethics laws, not any claims relating to this action.) *Thurman Decl., Attachment 54 (Vito clawback request - FTC-RFP-0149575-0149576)* | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay to the extent not offered for the truth of the matter asserted.  All parties potentially holding a relevant attorney-client privilege have waived that privilege.  See Madden 8-14-17 Decl. ¶ 5. Foti's cited evidence does not controvert the fact at issue. |
| 293.   At least at one point, there were staffing guidelines that stated: "This is a list of | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact | Undisputed as to Marshall.  He does not offer any admissible evidence capable of |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| mandatory guidelines to be followed by any Resource Management employee that has an assignment with Brookstone Law, Inc. ("United"). . . ." *Ex. 88 at FTC-RAD-002-0133032; DE 284-8, Theisman Decl. at Page ID 7486, 7615-7652 ¶ 4.v.* | undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 294.   In an email from 2012, Gil Mariscal wrote to Foti, among others, regarding banking specialists' behavior: | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

344

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| "Cain brings me a list of clients every day that need repeated calls because they are being ignored and we are losing monthly revenue because of it. Their response is, I don't get paid on residuals so I don't care about dealing with those clients I did my job. They complain our BBB rating is an 'F', they complaint [sic] that they can't close deals unless they stretch the truth. . . ." *Ex. 110 at FTC-RAD-002-0256066; DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7708-12, Theisman Decl. at ¶ 4.jj.* | fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Thurman Decl., Attachment 59 (Rodriguez decl.)* | issue.<br><br><br><br><br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent or a sworn declaration. Foti's cited evidence does not controvert the fact at issue. |
| 295.   The FTC sought discovery from Foti on his duties in communicating with clients, and he did not identify or produce any docments controverting the FTC's evidence. *DE 284-8, Theisman Decl. at Page ID 7490 ¶ 10.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

345

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | this action.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objection (irrelevant - Mr. Foti's inability to produce documents, where all of Mr. Foti's documents relevant to this action were previously seized at his home and office, does not constitute an admission of anything other than that he has no documents. | Undisputed as to Foti. The fact is relevant. He cites no evidence to controvert the fact at issue. |

### a.   Foti was Directly Involved in the May 2016 "Account Due" Scheme.

| | | |
|---|---|---|
| 296.   Foti was included on numerous emails regarding the April/May 2016 draft "Account Due" letters and draft invoices, including the final draft invoice circulated on May 4, 2016.<br>*DE 41-6 at Page ID 2729-32; DE 284-4, Chang Decl. at Page ID 7249 ¶ 4.jj; DE 284-8, at Page ID 7486, 7489, DE 284-9, at Page ID 7969-01, DE 284-12, at Page ID 7975-77, Theisman Decl. ¶¶ 4.ff, 4.gg, &* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant. The document(s) are genuine |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 4.wwww. | foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that any consumer made any payments after receiving any such documents.) *Foti Declaration ¶ 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 (re: Account Due letters)* | and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.  In response, Foti cites his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue.  The other evidence cited does not controvert the fact at issue. |
| 297.   Foti received at least some emails from consumers complaining about the "Account Due" letters. *DE 41-3 at Page ID 2576; DE 284-4, Chang* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl. at Page ID 7248 ¶ 4.n; Ex. 107, FTC-RAD-007-0000771 to 0000772; DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7702-03, Theisman Decl. ¶ 4.hh.* | involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that Mr. Foti routinely reviewed emails sent to accounting@brookstonelaw.com.) *Foti Decl. ¶ 66, 67, 68, 69 (re: chargebacks)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti admits he used the accounting@brookstonelaw.com email address. DE 284-8 at Page ID 7509-10.            In response, Foti cites only his self-serving |

348

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 298.   Foti directed other staff members to respond to consumer complaints regarding the "Account Due" letters. *DE 41-3 at 31, Page ID 2576; DE 284-4, Chang Decl. at Page ID 7248 ¶ 4.n* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that Mr. Foti routinely reviewed emails sent to accounting@brookstonelaw.com.) *Foti Decl. ¶ 66, 67, 68, 69* | Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *(re: chargebacks)* | from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti admits he used the accounting@brookstonelaw.com email address.  DE 284-8 at Page ID 7509-10. <br><br> In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 299.   In one consumer complaint regarding the "Account Due" letters that Foti received, the consumer expressed concern about the Account Due letter and explained that she had previously been convinced to pay an additional $1,500 based on claims that the *Wright v. Bank of America* litigation was close to resolution in the fall of | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. <br> Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objections | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br><br><br><br><br><br><br><br><br> Undisputed as to Foti. |

350

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2015.<br>*Ex. 107, FTC-RAD-007-0000771 to 0000772; DE 284-8, at Page ID 7486, DE 284-9, at Page ID 7702-03, Theisman Decl. ¶ 4.hh.* | (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that Mr. Foti routinely reviewed emails sent to accounting@brookstonelaw.com.)<br>*Foti Decl. ¶ 66, 67, 68, 69 (re: chargebacks)* | The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used. Foti admits he used the accounting@brookstonelaw.com email address.  DE 284-8 at Page ID 7509-10.<br>    In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference does not address the fact at issue. |
| 300.   Throughout 2015, there was not an operative | Marshall: *This* Defendant lacks the knowledge or | Undisputed as to Marshall.  He does not |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| complaint on file in *Wright v. Bank of America.* *Petersen v. Bank of America,* [232 Cal. App. 4th 238](#) *(Dec. 11, 2014);* [DE 12](#)*, Madden May 2016 Decl., at Page ID 657-60, Att. 28.* | information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: ADMIT *Petersen v. Bank of America, 232 Cal. App. 4th 238, n.19 (Dec. 11, 2014) ("In this case it will obviously be a while before this complaint is ready for the prime time of a trial.") Thurman Decl. (case is still pending and litigation over the amended complaint continues in the more than a year since Brookstone was removed from the case.)* | Undisputed as to Foti. |
| 301.   The Receiver found on Foti's desk copies of the "Accounting Inbound SCRIPT (Inbound)" with handwritten notes about the "accounting hold" | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| referred to in the May 5 letter.<br>*DE 69-2, Robertson Decl. at Page ID 3282-84, 3289-90, Ex. 11, ¶5, Att. 1.* | without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that any consumer made any payments after receiving any such documents.)<br>*Foti Decl. ¶ 52 (not JF's handwriting)* | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement. Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.<br>    In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | Foti Decl. does not address the fact at issue. |
| 302.   The Receiver found on Foti's desk a printout tallying the results of the collection efforts related to the Account Due letters with the title "Damian and Regina Crushing IT!!!" *DE 69-2, Robertson Decl. at Page ID 3282-86, Ex. 11, ¶5, Att. 1.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed, as this alleged fact occurred prior to or without this Defendant's involvement with Advantis Law Group, P.C. or the other individual defendants in this action. Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them or placed them on Mr. Foti's desk or whether they were received or reviewed by Mr. Foti. No evidence any consumers paid anything as a result of any statements on this document.whether Mr. Foti ever received, knew about or had anything to do with them. No evidence that any consumer made any | Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph.  The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | payments after receiving any such documents.) *Foti Decl. ¶ 53* | receivership in fact makes it more likely it was used.<br><br>    In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |

### a.    Marshall Took Control of Advantis with Full Knowledge of Torchia's, Kutzner's, Broderick's and Brookstone's Malfeasance.

| | | |
|---|---|---|
| 303.   Marshall intended to transfer clients from Brookstone to Advantis, including providing instruction regarding the "Brookstone to Advantis client hand-off," and Brookstone clients "subject to transfer to Advantis." *Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-6003, Att. 7; Ex. 44, DE 218-2, Madden April 2017 Decl. at Page ID 6004 Att. 8; Ex. 48, DE 218-2, Madden April 2017 Decl. at Page ID 6005, Att. 9; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8299, 8301 ¶ 2.h,* | Marshall: Disputed. There were a tiny number of clients—no more than a half dozen— that were considered as possible candidates because the coordination efforts to start filing mass joinder cases in coordination with co-defendants was slow in developing and the idea was to jump-start one small test case in one joinder. There was never any global transfer clients and/or Brookstone cases to Advantis Law Group, P.C.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br><br><br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Att. 8, Marshall Depo. (testimony authenticating Exs. 44 & 46 at 178:7-12, 179:1-20, 185:14-19, 186:10-17, 187:3-16); DE 218-2, Madden April 2017 Decl. at Page ID 6069, Marshall Depo. (testimony authenticating Ex. 48 at 194:11-195:1; DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | | |
| 304.   Marshall sent letters to Brookstone clients informing them that their cases were being transferred to Marshall and Advantis. *Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-6003, Att. 7; Marshall Depo. (testimony authenticating Ex. 46 at 185:14-19, 186:10-17, 187:3-16); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: Disputed. There were a tiny number of clients—no more than a half dozen— that were considered as possible candidates because the coordination efforts to start filing mass joinder cases in coordination with co-defendants was slow in developing and the idea was to jump-start one small test case in one joinder. There was never any global transfer clients and/or Brookstone cases to Advantis Law Group, P.C. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | applicable to Mr. Foti | |
| 305.   On numerous occasions, Marshall requested that Kutzner and Foti begin fully marketing Advantis' mass joinder services urging them to "fully open marketing," have marketing "full-on," and "open up the marketing." *Ex. 54, DE 218-2, Madden April 2017 Decl. at Page ID 6078, Att. 17; Ex. 55, DE 218-2, Madden April 2017 Decl. at Page ID 6006, Att. 10; Ex. 56, DE 218-2, Madden April 2017 Decl. at Page ID 6094, Att. 18; DE 284-14, Madden July 2017 Decl. at Page ID 8304, 8306 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Exs. 54-56 at 215:4-216:7, 222:4-14, and 223:22-224:25); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: Disputed. During Marshall's brief tenure with Advantis Law Group, P.C., he issued three to three to six letters, which he never heard the results of nor followed up with as to whether the letters actually went out or if any of those clients actually switched and became either Advantis Law clients (which Marshall never had any information about or control over) nor Advantis Law Group, which he would have known and been informed, if true. In fact, Marshall has no knowledge whether these letters actually went out. Marshall never reviewed or individually vetted the marketing. As his deposition states, multiple times, whenever the issue of marketing came up, Kutzner assured Marshall that a separate attorney had reviewed and fully vetted and signed off on | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | the marketing and advertising as fully compliant with all California Bar rules, state and federal laws, including FTC requirements. Foti's and Kutzner's initial disclosures identify the reviewing attorney. Marshall Decl., at ¶ --. | |
| | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 306.   Marshall had an Advantis email address of Charles@advantislaw.co | Marshall: Undisputed. | Undisputed as to Marshall.  He does not offer any admissible |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| m. *Ex. 62, DE 218-2, Madden April 2017 Decl. at Page ID 6009; DE 284-14, Madden July 2017 Decl. at Page ID 1064 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 62 at 253:8-254:9); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8417 ¶ 3, Att. 15, Marshall's First RFAs, RFA 47.b admitted pursuant to FRCP 36(a)(3).* | Foti: DENY - Not applicable to Mr. Foti | evidence capable of controverting the fact at issue.\n\nUndisputed as to Foti. |
| 307.   Marshall received multiple emails from people associated with the Corporate Defendants from advantislaw.com email addresses and multiple emails from people who claimed Advantis titles in their email signature blocks. *Ex. 46, DE 218-2, Madden April 2017 Decl. at Page ID 5996-98, Att. 7; Ex. 57, DE 218-2, Madden April 2017 Decl.* | Marshall: Disputed. This fact is vague. Marshall considered this email domain to be associated with Advantis Law Group. He used 'advantislaw' because it was shorter. Prior to his deposition, Marshall had no awareness of Advantis Law as opposed to Advantis Law Group. Marshall rarely used this email—less than a few dozen emails were ever | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *at Page ID 6007-08; Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8295, 8301, 8308 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Exs. 37, 46, and 57 at 129:11-130:10, 185:14-19, 186: 10-17, 187: 3-16, 226:24-227:11; DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8417-18 ¶ 3, Att. 15, Marshall's First RFAs, RFAs 46, 48-51 admitted pursuant to FRCP 36(a)(3).* | sent or received over the few months Marshall was involved with Advantis Law Group. Marshall Decl., at ¶ --. <br><br> Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Foti. |
| 308.   Marshall expected Kutzner and Foti to be in charge of the marketing and, although asking that the marketing be "full on," never reviewed any of the Advantis marketing materials. *Ex. 55, DE 218-2, Madden April 2017 Decl. at Page ID 6006, Att. 10; DE 218-2, Madden April 2017 Decl. at Page ID* | Marshall: Undisputed. Marshall relied on the attorney who had vetted all this for compliance based on Kutzner's representations. Also, the "full on" comments were few, and spaced weeks or sometimes months apart, and never came to anything—mere suggestions that never transpired. | Undisputed as to Marshall. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *6072, Marshall Depo. at 218:8-20, Att. 16; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8137 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 55 at 222:4-14); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall Decl., at ¶ --. <br><br> Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them. Mr. Marshall's "expectation" regarding Mr. Foti's role irrelevant.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 309.  Marshall scheduled a meeting with the Brookstone/Advantis sales people to go over the entire business, including sales scripts. *Ex. 41; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8296 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating  Ex. 41 at* | Marshall: Disputed. Defendant never scheduled any such meeting because his inquiries about the overall operation was never satisfied, and the discussions between co-defendants and Marshall never reached the stage where such a meeting was actually warranted. The meeting of this kind never | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *166:2-7, 167:9-17); DE 284-8, Theisman Decl. at Page ID 7485, 7533-34 ¶ 4.e.* | in fact happened—an Marshall does not recall following up to make it happen later. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | <br><br>Undisputed as to Foti. |
| 310.   Marshall first appeared in the *Wright v. Bank of America* litigation on July 20, 2015. *DE 13-1, Madden May 2016 Decl. at Page ID 833-34, Att. 38.* | Marshall: Undisputed. Marshall appeared as cocounsel only. Marshall did not manage client contacts. Marshall appeared on the pleadings solely to help with litigation and negotiation strategy. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |
| 311.   Marshall appeared on pleadings in the *Wright v. Bank America* litigation on behalf of all plaintiffs. *DE 13-1, Madden May 2016 Decl. at Page ID 837-41, Att. 39; DE 13-3, Madden May 2016 Decl. at Page ID 904-08, Att. 49; Ex. 62, DE 218-2,* | Marshall: Undisputed. Marshall appeared as cocounsel only. Marshall did not manage client contacts. Marshall appeared on the pleadings solely to help with litigation and negotiation strategy. Up to seven attorneys appeared on the pleadings in the *Wright* | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Madden April 2017 Decl. at Page ID 6009-12, Att. 12; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8418 ¶ 3, Att. 15, Marshall's First RFAs, RFA 56 admitted pursuant to FRCP 36(a)(3); id. at ¶ 2.h, Att. 8, DE 284-14, Page ID 8125, 8310, Marshall Depo. (testimony authenticating Ex. 62 at 253:8-254:9); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | litigation but Plaintiff only sued Torchia and Marshall.  Marshall Decl., at ¶ --.  Foti: DENY - Not applicable to Mr. Foti | |
| 312.   As a counsel of record, Marshall received the "Separate Case Management Statement of Defendants" filed in the *Wright v. Bank of America* litigation highlighting Brookstone's, Torchia's, Broderick's, and Kutzner's checkered histories. *DE 13-1, Madden May 2016 Decl. at Page ID 809, 816, 818-20, 822, Att. 36; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8310-11* | Marshall: Undisputed. Marshall appeared as co-counsel only. Marshall received and read the statement, which appeared to be tendentious boilerplate intimidation tactics. The juge agreed and admonished defendant Bryan Cave— attorney Stuart Price. Marshall Decl., at ¶ --.  Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| ¶ 2.h, Att. 8, Marshall Depo. at 255:13-256:13; 257:2-9, 259:7-8 | | |
| 313.   Marshall appeared in the *Wright v. Bank of America* litigation because if *Wright v. Bank of America* were dismissed it would hamper his ability to market new mass joinder litigation under the "Advantis" name. *DE 218-2*, Madden April 2017 Decl. at Page ID 6075, Marshall Depo. at 250:4-11, 251:15-16, Att. 16. | Marshall: Disputed. Marshall stated that if the *Wright* case was lost, it would hurt the credibility of joinder cases in general. For that reason, he sought to keep the case alive and thriving. His goal was to bring credibility to joinder cases so he could file one someday himself and vindicate borrower rights in such a case.

Marshall Decl., at ¶ --. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| | Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Foti. |
| 314.   Marshall told Foti and Kutzner that the *Wright* matter and his participation in it and any settlement was dependent on his "presenting well for Advantis." *Ex. 55, DE 218-2*, Madden April 2017 Decl. at Page ID 6006, Att. 10; *DE 284-14*, Madden July 2017 Decl. at Page ID | Marshall: Undisputed. But by Advantis, Marshall was referring to Adavntis Law Group *only*. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti | Undisputed as to Marshall.



Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC |

364

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *8125, 8307 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 55 at 222:4-14); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | ever received, knew about or had anything to do with them.) | submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used.  For support, Foti cites no evidence to controvert the fact at issue. |
| 315.   Marshall worked to ensure the *Wright* case "stays on track" due to its importance and told Foti he had "done all the right things to keep that baby alive." *Ex. 57, DE 218-2, Madden April 2017 Decl. at Page ID 6007, Att. 11; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8308 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 57 at 226:24-227:11); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: Undisputed. Based on his foreclosure litigation expertise, Marshall believed the *Wright* case was the only joinder case still alive in June of 2016 when the FTC sued everyone. It was alive partially due to Marshall's efforts, for which he never sought or received compensation of any kind. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti | Undisputed as to Marshall.<br><br><br><br><br><br><br><br><br><br><br><br><br>Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | ever received, knew about or had anything to do with them.) | submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used.  For support, Foti cites no evidence to controvert the fact at issue. |
| 316.   Marshall participated in the *Wright* matter, signing a pleading as "Advantis Law Group, PC, Charles Marshall, Attorneys for All Plaintiffs." *Ex. 62, DE 218-2, Madden April 2017 Decl. at Page ID 6009, 6012, Att. 12; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8310 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating  Ex. 62 at 253:8-254:9); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: Undisputed.  Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |
| 317.   After his bar suspension concluded in | Marshall: Disputed. Marshall did not deepen | Undisputed as to Marshall.  He does not |

366

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| 2016, Marshall deepened his involvement in Brookstone matters, telling Jonathan Tarkowski that, per instructions from Foti and Kutzner, he would need "access to all the pleadings for recent Brookstone joinder cases that you filed.  I need to review and assess status of hearings, pleadings, next steps, etc." *Ex. 53, DE 278-1 at Page ID 6995, 6998, Madden May 22, 2017 Decl. at ¶ 2.a, Att. 1; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8304 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 53 at 210:13-211:14); DE 284-8, Theisman Decl. at Page ID 7485, 7537 ¶ 4.h (attaching and authenticating Ex. 53); id. at DE 284-8, Page ID 7488, DE 284-12, Page ID 7903-04 ¶ 4.gggg; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8417-18 ¶ 3, Att.* | his involvement but lessened it overall. He never signed back onto the *Wright* or any other case. He went off the *Jason Le* case too. And when he returned to that case after his suspension, he signed back on under his name—NOT under Advantis Law Group. Marshall requested pleadings of the different Brookstone cases because again, he intended to do what he could to make the pleadings better from a litigation point of view. Marshall believed that if the cases were dismissed with prejudice, it would hurt foreclosure joinder cases generally. Marshall Decl., at ¶ --.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *15, Marshall's First RFAs, RFA 57-62 admitted pursuant to FRCP 36(a)(3) .* | | of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 318.   In numerous emails including Marshall, Advantis was referred to as "Advantis" or "Advantis Law." *DE 284-8, at Page ID 7487, DE 284-10, DE 284-11, at Page ID 7803-7822, Theisman Decl. ¶ 4.mmm; DE 218-2, Madden April 2017 Decl., at Page ID 6055-57, 6004, 6006, 6007-08 (attaching Exs. 30, 44, 55, and 57); DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8286-87, 8289, 8296-97, 8299, 8302, 8308 ¶ 3, Att. 15, Marshall Depo. (testimony authenticating Exs. 30, 32, 41, 43-44, 51, 55, 57 at 80:16-18, 81:11-82:5, 93:18-94:10, 166:2-* | Marshall: Disputed. Co-defendants might have used these terms interchangeably but the ONLY Advantis entity Marshall was aware of was Advantis Law Group—using "Advantis" or "Advantis Law" as shorthand.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *7, 167: 9-17, 172:7-21, 178:7-12, 179:1-20, 203:25-204:18, 222:4-14, 226:24-227:11; DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5; id. at DE 284-8, Page ID 7485, 7518, 7533-36 ¶¶ 4.a, 4.e, 4.f, & 4.g.* | | |
| 319.   Marshall signed a payment processing application for "Advantis Law." *DE 284-8, at Page ID 7487, DE 284-11, at Page ID 7835-40, Theisman Decl. ¶ 4.mmm.* | Marshall: Dsiputed [sic]. Marshall did not sign a payment processing application for Advantis Law, P.C., but for Adbvantis Law Group, P.C., which was referred to in short hand as Advantis Law. Marshall Decl., at ¶ --.  Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. Undisputed as to Foti. |
| 320.   Marshall appeared on behalf of and signed the stipulation for the preliminary injunction in this matter on behalf of "Advantis Law Group P.C." and "Advantis Law P.C." *DE 50 at Page ID 2959; DE 53 at Page ID 2967-69, DE 53-1 at Page ID 2972-3005* | Marshall: Disputed. Marshall was never aware that Advantis Law, P.C., was a separate eniaty [sic] that predates Advantis Law Group, P.C. Marshall appeared solely to state that he had a legal conflict and could not represent either entity. Marshall was factually mistaken about who and what | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

369

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | Advantis Law was believing it to be an aka for Advantis Law Group, P.C.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Foti. |
| 321.   Marshall was aware that Torchia and Brookstone were facing bar discipline related to the mass joinder practice. *Ex. 30, DE 218-2, Madden April 2017 Decl. at Page ID 6055-57, Att. 15; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8286-87 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 30 at 80:16-18, 81:11-82:5); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5; DE 218-2, Madden April 2017 Decl. at Page ID 6061-62, Marshall Depo. at 24:6-25:14, Att. 16.* | Marshall: Undisputed. Marshall learned of Torchia and Brookstone's troubles, which is why he did not associate with Torchia and why he signed onto Advantis Law Group, so that the new corporate entity could do matters right and be Bar and otherwise legally compliant.<br>Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br><br><br><br>Undisputed as to Foti. |
| 322.   Notwithstanding his knowledge of Torchia's California State Bar disciplinary issues related to Brookstone's | Marshall: Dsiputed[sic]. Marshall decided to not involve himself directly with Torchia and Brookstone, deciding to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

370

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| mass joinder litigations, Marshall did no systematic analysis of the Brookstone mass joinder cases, undertook no investigation and did not research the bar complaints against Torchia at "any kind of level of detail." *DE 218-2, Madden April 2017 Decl. at Page ID 6061-62, 6068-69, Marshall Depo. at 24:6-25:14, 146:12-16, 196:18-20, Att. 16.* | create a new entity— Advantis Law Group, P.C. Marshall Decl., at ¶ --.

Foti: DENY - Not applicable to Mr. Foti | issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.

Undisputed as to Foti. |
| 323.   Marshall was aware of Kutzner's history, including that ULG had been shut down by criminal law enforcement. *DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 245:24-246:1-17, Att. 16; DE 13-1, Madden May 2016 Decl. at Page ID 815-16, Att. 36.* | Marshall: Undisputed. Marshall was later made aware.

Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |
| 324.   Marshall claims he relied solely on Kutzner's oral representations that the Brookstone/Advantis practices were bar compliant. | Marshall:  No response

Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *DE 218-2, Madden April 2017 Decl. at Page ID 6071, 6073, Marshall Depo. at 215:23-216:24; 244:19-25, Att. 16.* | | |
| 325.   Marshall testified he never saw any documents corroborating Kutzner's claim that any advertising materials were vetted and bar compliant. *DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 247:10-248:5, Att. 16.* | Marshall: Dispute—I specifically relied on his oral representations that a specific attorney vetted same practices—I was not relying on Kutzner per se—I was relying on the attorney he indicated had done the due diligence. Clearly I would not rely on Kutzner for this due diligence—as he is not an attorney and thus would not clearly know all the rules himself.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. |
| 326.   Marshall testified that at no time did he do "an independent corroboration" of what Kutzner told him. *DE 218-2, Madden April 2017 Decl. at Page ID 6077, Marshall Depo. at 261:3-9, Att. 16.* | Marshall: True.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |
| 327.   Marshall relied exclusively on the word | Marshall: True. | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| of Kutzner, a non-lawyer with a checkered history, as conclusively establishing the legality of the business practices. *DE 218-2, Madden April 2017 Decl. at Page ID 6074, Marshall Depo. at 247:10-248:5, Att. 16.* | Foti: DENY - Not applicable to Mr. Foti | |
| 328.   Marshall was aware of Broderick's past involving another alleged mass joinder fraud as of early March 2015, communicating with Foti and Kutzner regarding the Federal District Court actions of the Florida and Connecticut Attorneys General. *Ex. 35, DE 218-2,* | Marshall: See 324 again—dispute and reference that language. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |
| *Madden April 2017 Decl. at Page ID 6013-52, Att. 13; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8291 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 35 at 101:19-102:18); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5; DE 218-2 at Page ID 6067, Marshall Depo. at 101:21-103:7; Ex. 36; DE* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *284-14, Madden July 2017 Decl. at Page ID 8125, 8293 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 36 at 121:16-122:7); DE 284-8, Theisman Decl. at Page ID 7485, 7527-28 ¶ 4.c.* | | defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 329.   The Federal District Court actions of the Florida and Connecticut Attorneys General against Broderick involved a mass joinder litigation scheme by a purported law firm using advertising tactics like those used by Brookstone and Advantis. *Ex. 35, DE 218-2, Madden April 2017 Decl. at Page ID 60134, 6015-17, Att. 13 at ¶¶ 3, 7-11; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8291 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 35 at 101:19-102:18); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: This Defendant does not have any personal knowledge of these actions and on that basis can neither dispute nor declare this fact as undisputed.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a public record.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | evidence to controvert the fact at issue. |
| 330.   The Federal District Court Complaints filed by the Florida and Connecticut Attorneys General identify Broderick as the "front man" for the mass joinder litigation scheme. *Ex. 35, DE 218-2, Madden April 2017 Decl. at Page ID 6021, Att. 13 at ¶ 31; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8291 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 35 at 101:19-102:18); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Marshall: This Defendant does not have any personal knowledge of these actions and on that basis can neither dispute nor declare this fact as undisputed.

Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a public record.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 331.   Marshall acknowledges analyzing/investigating the Florida and Connecticut Attorneys | Marshall: Undisputed. But this is exactly why Marshall would not go under the Brookstone umbrella, but insisted on | Undisputed as to Marshall. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| General action against Broderick and tells Kutzner and Foti the "results are quite unfavorable." *Ex. 36; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8293 ¶ 2.h, Att. 8, Marshall Depo. at 127:20-129:3 (testimony authenticating Ex. 36 at 121:16-122:7); DE 284-8, Theisman Decl. at Page ID 7485, 7527-28 ¶ 4.c.* | having a new corporate vehicle to file the cases using due diligence. Marshall Decl., at ¶ 46.<br><br>Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used.<br>For support, Foti cites no evidence to controvert the fact at issue. |
| 332.   In one email related to Broderick's past involving another alleged mass joinder fraud, Marshall stated: "misgivings, given the situation with Brookstone" and that Brookstone's and Broderick's history was | Marshall: Undisputed. But this is exactly why Marshall would not go under the Brookstone umbrella, but insisted on having a new corporate vehicle to file the cases using due diligence. Marshall Decl., at ¶ 46. | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| creating "a lot of liability for me," he wanted to continue because "[a]t the end of the day, though, we are in complete agreement that this is fundamentally a business decision.  So I am moving forward in that light.  The business prospect still looks quite good." *Ex. 37, DE 218-2, Madden April 2017 Decl. at Page ID 6053, Att. 14; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8295 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 37 at 129:11-130:10); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti.  The fact is relevant.  The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact.  The evidence is not hearsay as a statement of a party opponent.  Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 333.   Marshall knew that Advantis misrepresented its capabilities, telling Foti that Advantis was not a "group of attorneys" as Foti was representing, but that Marshall was the "only attorney moving forward." *Ex. 37, DE 218-2, Madden April 2017 Decl.* | Marshall: Disputed.  Marshall's going forward was based upon BOTH a perception of sound business and legal principles. Marshall Decl., ¶ 47. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 6053, Att. 14; DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8295 ¶ 2.h, Att. 8, Marshall Depo. (testimony authenticating Ex. 37 at 129:11-130:10); DE 284-8, Theisman Decl. at Page ID 7489 ¶ 5.* | Foti: DENY - Objections (irrelevant; failure to authenticate; hearsay. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) | Undisputed as to Foti. The fact is relevant. The document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact. The evidence is not hearsay as a statement of a party opponent. Finding documents on a defendant's computer or on-site at the receivership defendant's premises in fact makes it more likely it was used. For support, Foti cites no evidence to controvert the fact at issue. |
| 334.   Marshall knew about multiple misrepresentations on the Advantis website regarding its  experience, locations, areas of practice, attorneys, paralegals, and legal assistants. *DE 218-2, Madden April 2017 Decl. at Page ID 6073, Marshall Depo. at 241:1-244:11; Ex. 61, DE 14-4, Gales Decl., at* | Marshall: Disputed. Marshall did not have knowledge of the content of the website; he rarely, if ever, viewed the content. Marshall Decl., at ¶ 48.<br><br>Foti: DENY - Not applicable to Mr. Foti | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.<br><br>Undisputed as to Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Page ID 1367-76, Att. 18; DE 284-14, Madden July 2017 Decl. at Page ID 8126, 8415-16 ¶ 3, Att. 15, Marshall's First RFAs, RFAs 13-27 admitted pursuant to FRCP 36(a)(3).* | | |
| 335.   The FTC sought discovery regarding any defenses Marshall might assert, issuing interrogatories requiring him to: (1) identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses; and (2) identify all individuals or entities that have information suggesting that any Defendant was not liable for the alleged conduct and for each individual or entity, state the factual information they possess that relate to any of the claims in the complaint. In his March 13, 2017 response, Marshall did not substantively respond, but stated a response would | Marshall: Unidsputed. While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing his Fifth Amendment plea, and associated motion to amend answer identifying both defenses and affirmative defenses. Marshall Decl., at ¶ --.

Foti: DENY - Not applicable to Mr. Foti | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| be provided at a later date. To date Marshall has not provided any additional response. In addition, Marshall has not provided initial disclosures as required by FRCP 26(a)(1). *DE 284-14, Madden July 2017 Decl. at Page ID 8126-28, 8423-26 ¶¶ 4-6, Att. 16 (excerpt of Marshall First Int. Resp., Int. Nos. 7-8 identifying no defenses and identifying no entities or individuals with information suggesting any Defendant is not liable).* | | |
| 336. The FTC sought discovery requesting all documents supporting Marshall's response to any interrogatory, including those interrogatories requiring him to: (1) identify any defenses he might assert and further identify all individuals, entities, and documents that might support those defenses; and (2) identify all | Marshall: Unidsputed. While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally) with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing his Fifth Amendment plea, and associated motion to | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| individuals or entities that have information suggesting that any Defendant was not liable for the alleged conduct and for each individual or entity, state the factual information they possess that relate to any of the claims in the complaint. In his March 13, 2017 response, Marshall did not substantively respond, but stated a response would be provided at a later date. To date Marshall has not provided any additional response. *DE 284-14, at Page ID 8126-28, 8423-26, DE 284-15, at Page ID 8432-33, Madden July 2017 Decl. ¶¶ 4-5, Att. 16 (excerpt of Marshall First Int. Resp., Int. Nos. 7-8 identifying no defenses and identifying no entities or individuals with information suggesting any Defendant is not liable), Att. 17 (excerpts of Marshall First RFP Resp., RFP No. 2.)* | amend answer identifying both defenses and affirmative defenses. Marshall Decl., at ¶ --.<br><br>Foti: DENY - Not applicable to Mr. Foti | |
| 337.   The FTC sought | Marshall: Unidsputed. | Undisputed as to both |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| discovery from Marshall requesting all documents supporting or tending to disprove that Corporate Defendants: (1) were likely to obtain relief for consumers; (2) would seek to void consumers' mortgages; (3) had a team of experienced lawyers and personnel to litigate mass joinder fraud cases for hundreds or thousands of clients; and (4) would file a lawsuit on behalf of each mass joinder client. Marshall has produced no documents in response to these requests. *DE 284-14, at Page ID 8127-28, DE 284-15, at Page ID 8434-42, Madden July 2017 Decl. at ¶ 5, Att. Att. 17, (excerpts of Marshall First RFP Resp., RFP Nos. 10-17.)* | While it is true Marshall has not provided initial disclosures and other responses to discovery, he attempted several times (two at least formally) with the Court—which were rejected—when he attempted to file a formal amended answer, withdrawing his Fifth Amendment plea, and associated motion to amend answer identifying both defenses and affirmative defenses. Marshall Decl., at ¶ --. Foti: DENY - Not applicable to Mr. Foti | Marshall and Foti |
| **Foti's Past Involves Telemarketing, Debt Settlement, and Attempts to Hide His Ownership of Companies.** | | |
| 338.  In 2006, Foti was President and owned and operated a mortgage brokerage called Americor Lending Group | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this | Undisputed as to both Marshall and Foti |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Inc. ("Americor"). *DE 78-1, Foti July 2016 Decl. at Page ID 3540, ¶ 16.* | Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: ADMIT - Objection (irrelevant) *Foti Declaration ¶ 4 (re: Americor.)* | |
| 339.   For acts that took place while Foti was an owner and President, Americor was sanctioned by the State of Washington for alleged unlawful lending practices. *DE 69-2 at Page ID 3249-52; DE 78-1, Foti July 2016 Decl. at Page ID 3540-41, ¶¶ 16-21.* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: DENY - Objections (Irrelevant; misstates the terms of the Order) *Foti Declaration ¶ 5 and 6 (re: Americor); DE 69-2 at Page ID 3249-52 (Americor was sanctioned for, in some instances, failing to maintain records, failing to disclose that the broker fee had increased from the date of the last Good Faith Estimate to the date of settlement; (3) failing* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. The fact is relevant.  He cites no evidence to controvert the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | *to disclosue the yield spread premium before settlement, (4) failing to pay a late fee for its 2006 annual report, and (5) failing to submit its 2007 annual report and annual assessment fee. These were technical violations discovered in an annual audit of a company that was winding down its business activities in the State of Washingtomn as the mortgage boom had ended. There were no allegations of any misrepresentations in the marketing of any loans or any other violations relating to alleged deception.  Order makes clear that subsequent violations will incur additional penalties, but no evidence of any subsequent violations.)* | |
| 340.   For acts that took place while Foti was an owner and operator, Americor received a "citation" from the Federal Communications | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

384

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Commission for alleged unlawful telemarketing practices.<br><br>*DE 284-14, Madden July 2017 Decl. at Page ID 8125, 8314-16 ¶ 2.i, Att. 9, **CITATION**, File No. EB-07-TC-821, Letter to Messrs Foti, McIlwain, Bottom, Americor Lending Group, Inc., from Kurt Schroeder, Deputy Chief, Telecommunications Consumers Division, Enforcement Bureau, Federal Communications Commission (March 9, 2007).* | with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: DENY - Objections (irrelevant - no evidence Americor "received" the citation; no allegations of any telemarketing violations in this action; "Citation" against Americor imposed no fine and provides little indication regarding the nature of the conduct that is the subject of the claimed violation, apart from contacting phone numbers without "prior express consent," which is not involved in this action. Citation makes clear that subsequent violations will incur fines of $11,000 per violation, but no evidence of any subsequent violations.) *Foti Decl. ¶7 (re: Americor/FCC)* | Undisputed as to Foti. The fact is relevant. He cites no evidence to controvert the fact at issue. |
| 341.   Foti provided consulting services, office space, and capital to a firm known as Morgan Drexen, Inc. ("Morgan | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| Drexen"), which was in the debt settlement business. *DE 284-13, Theisman Decl. at Page ID 8050-51 ¶ 15, Att. 12, Foti Depo. at 24:15-25:15, 26:3-5.* | Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: DENY - Objection (irrelevant; misstates the evidence) *Foti Decl ¶ 9 (re: Morgan Drexen)* | issue.<br><br>Undisputed as to Foti. The fact is relevant. He cites no evidence to controvert the fact at issue. |
| 342.   Foti owned and operated Kirkland Green, a debt settlement business. *DE 284-13, Theisman Decl. at Page ID 8050-51 ¶ 15, Att. 12, Foti Depo. at 22:24-23:3, 26:14-17.* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: ADMIT - Objection (irrelevant - no evidence of any violations by Kirkland Green). *Foti Decl ¶ 8 re: KLG (3 complaints out of 6,900 clients)* | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue.<br><br>Undisputed as to Foti. |
| 343.   Kirkland Green has generated consumer complaints. *DE 284-8, Theisman Decl. at Page ID 7491 ¶ 14 (attaching consumer complaints submitted to* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law | Undisputed as to Marshall. He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *the FTC).* | Group, P.C., and/or individual codefendants. | |
| | Foti: ADMIT - Objection (irrelevant - only three consumer complaints regarding client's purported inability to reach company - one made to the CFPB, one to the BBB and one to the FTC. The FTC has initiated no investigations or enforcement actions based on any consumer complaints against Kirkland Green or Mr. Foti while it was in business. *Foti Decl ¶ 8 re: KLG (3 complaints out of 6,900 clients)* | Undisputed as to Foti. |
| 344.   In his debt settlement business, Foti interceded to reduce attorney supervision of salespersons' telephone calls because the attorney was admonishing sales staff not to make guarantees. *DE 284-8, at Page ID 7487, DE 284-10, at Page ID 7794-96, Theisman* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.

Foti: DENY - Objections (irrelevant; failure to | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.

Undisputed as to Foti. The fact is relevant.  The |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl. ¶ 4.eee.* | authenticate; hearsay; misstates the evidence. No foundation the documents are genuine, who prepared them, whether Mr. Foti ever received, knew about or had anything to do with them.) *Foti Decl. ¶ 87* | document(s) are genuine and authentic, as established by the evidence the FTC submitted in support of the fact for this paragraph. The evidence is not hearsay because it is an opposing party's statement.  Finding documents on a receivership computer from the defendant's office or from the defendants' premises taken over by the receivership in fact makes it more likely it was used.       In response, Foti cites only his self-serving declaration, which cannot controvert a fact on summary judgment, and the cited reference to the Foti Decl. does not address the fact at issue. |
| 345.   Foti makes use of "shelf companies" with "nominee services," allowing him to own companies while hiding his ownership from the public. *DE 284-13, Theisman* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *Decl. at Page ID 8074 ¶ 15, Att. 12, Foti Depo. at 153:23-154:10, 156:3-9.* | individual codefendants. <br><br> Foti: ADMIT - Objection (irrelevant) <br> *Foti Decl.¶ 91* | Undisputed as to Foti. |
| 346.   The Corporate Defendants paid more than $1.5 million to Webstar, a shelf company owned and controlled by Foti. *DE 14-6 at Page ID 1436, 1438, Declaration of Emil George, May 17, 2016 ("May 17 George Decl.") at ¶ 10, Att. B.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. <br><br> Foti: DENY - Objection (irrelevant; misstates the evidence) <br> *Foti Decl. ¶ 73 re: Webstar* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br><br> Undisputed as to Foti. The fact is relevant.  He cites no evidence to controvert the fact at issue. |
| 347.   Foti never told Torchia, Brookstone's purported owner, that he owned and controlled Webstar. *DE 186-4, Torchia Decl., at Page ID 5381, ¶ 27.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed. <br><br> Foti: DENY - Objection (irrelevant; Misstates the evidence) <br> *Thurman Decl., Attachment 61 (Webstar Advertising/Marketing Agreement signed by Mr. Torchia on 12/7/10);* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue. <br> Undisputed as to Foti. The fact is relevant. <br>        Foti's cited evidence does not controvert the fact at issue.  The agreement he cites to does not identify Foti by name or address. He admitted he did not tell Vito Torchia he owned Webstar. DE 284- |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| | | 8 at Page ID 7512. |
| 348.   Foti's agreement with Brookstone included a "confidentiality" clause preventing Brookstone from publicly disclosing his involvement. *DE 78-1, Foti July 2016 Decl., at Page ID 3547, ¶ 7, Ex. A.* | Marshall: *This* Defendant lacks the knowledge or information and belief to dispute or declare this fact undisputed.<br><br>Foti: ADMIT *Foti Decl ¶ 12 (confidentiality clause)* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br>Undisputed as to Foti. |
| 349.   On June 6, 2016, Foti left a voice mail with FTC Counsel Benjamin Theisman, stating he was with a mortgage company that subleased from Advantis and claiming to be making the call on behalf of the mortgage company rather than himself or any of the defendants. *DE 284-13, Theisman Decl. at Page ID 8033-37 ¶ 13, Att. 10.* | Marshall: This Defendant cannot state with any certainty whether this fact is disputed or not because it predates this Defendant's involvement with Advantis Law Group, P.C., and/or individual codefendants.<br><br>Foti: ADMIT *Foti Decl ¶ 88, 89, and 90* | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue.<br><br><br><br>Undisputed as to Foti. |
| **Marshall Has a History of MARS Fraud.** | | |
| 350.   In October 2011, Marshall stipulated to findings that he violated his ethical duties to five different sets of clients related to short sale and loan modification representation, taking fees | Marshall: Disputed. The stipulation with the California State Bar does not reference violations of MARS or any other FTC rule. Marshall Decl., at ¶ 53. | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| for work that he then did not perform. *DE 16-2, Kennedy Decl. Page ID 1691-96, Att. 3.E (In the Matter of: Charles Thomas Marshall, State Bar Court of California, Case Nos. 10-O-07313, 10-O-10279. 10-O-10779, 10-O-10781, 11-O-16059).* | Foti: No response | genuine dispute as to a material fact on summary judgment.  Undisputed as to Foti. |
| 351.   In December 2013, Marshall stipulated to findings that he violated his ethical duties by taking advance fees for a loan modification. *DE 16-1, Kennedy Decl. at Page ID 1662-67, Att. 3.C, ¶¶ 7,14 (In the Matter of: Charles Thomas Marshall, State Bar Court of California, Case No. 12-O-17880.)* | Marshall: Disputed. The stipulation with the California State Bar does not reference violations of MARS or any other FTC rule.    Foti: No response | Undisputed as to Marshall.  He does not offer any admissible evidence capable of controverting the fact at issue, including his self-serving declaration, which cannot be used to create a genuine dispute as to a material fact on summary judgment.  Undisputed as to Foti. |
| 352.   In the December 2013 stipulated findings, Marshall admits that he told the client he would pursue litigation to obtain mortgage relief, but then did not pursue litigation. *DE 16-1, Kennedy Decl. Page ID 1662-67, Att. 3.C at ¶¶ 5, 13 (In the Matter* | Marshall: Undisputed. But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, which resulted in no lawsuit being filed. Marshall Decl., at ¶ 55. | Undisputed as to both Marshall and Foti. |

| Uncontroverted Fact/ Support | Defendants' Responses | FTC's Reply |
|---|---|---|
| *of: Charles Thomas Marshall, State Bar Court of California, Case No. 12-O-17880).* | Foti: No response | |
| 353.   In June 2015 Marshall stipulated to findings that he violated his ethical duties by taking advance fees for a loan modification. *DE 16-1, Kennedy Decl. Page ID 1676-81, Att. 3.D at ¶¶ 3, 9 (In the Matter of: Charles Thomas Marshall, State Bar Court of California, Case No. 14-O-04274).* | Marshall: Undisputed. But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, which resulted in no lawsuit being filed. Marshall Decl., at ¶ 55.<br><br>Foti: No response | Undisputed as to both Marshall and Foti. |
| 354.   In the June 2015 stipulated findings, Marshall admits that he told the client he would pursue litigation to obtain mortgage relief, but then did not pursue litigation. *DE 16-1, Kennedy Decl. Page ID 1676-81, Att. 3.D at ¶¶ 6, 8 (In the Matter of: Charles Thomas Marshall, State Bar Court of California, Case No. 14-O-04274).* | Marshall: Undisputed. But in fact his statement to the Bar prior to ultimately signing the stipulation makes clear that he had cooperation problems with his clients, which resulted in no lawsuit being filed. Marshall Decl., at ¶ 55.<br><br>Foti: No response | Undisputed as to both Marshall and Foti. |

## CONCLUSIONS OF LAW

The FTC notes that neither Foti nor Marshall responded to the FTC's Conclusions of Law.  Additionally, Marshall included the FTC's Conclusions of Law in his own separate statement, as if they were his own.  Marshall's lawyer also signed his separate statement as an attorney for the Federal Trade Commission. The Conclusions of Law below are as originally submitted:

1.    This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345; 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b); and Section 626 of the Omnibus Act, as clarified by Section 511 of the Credit Card Act, and amended by Section 1097 of the Dodd-Frank Act, 12 U.S.C. § 5538.

2.    Venue is proper as to all parties in this district under 28 U.S.C. §§ 1391(b)(1), (b)(2), (c)(1), (c)(2), and (d), and 15 U.S.C. § 53(b).

3.    Defendant's activities are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    The Complaint states a claim upon which relief may be granted pursuant to Section 13 of the FTC Act, 15 U.S.C. §§ 53 and 57b, and Section 626 of the Omnibus Act.

5.    Defendants Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), Advantis Law P.C., and Advantis Law Group P.C. (the "Corporate Defendants"), violated Section 5 of the FTC Act when they made material misrepresentations to consumers when selling them mass joinder litigation against their lenders.  *FTC v. Stefanchik*, 559 F.3d 924, 928 (9th Cir. 2009); *FTC v. Pantron I Corp.*, 33 F.3d 1088, 1095-96 (9th Cir. 1994) ("Express product claims are presumed to be material.").

6.    The Corporate Defendants were providers of mortgage assistance relief services ("MARS") as defined by the Mortgage Assistance Relief Services Rule ("MARS Rule"), 12 C.F.R. § 1015.2, and they violated the MARS Rule when they:

a.      Requested or received payment of any fee or other consideration from consumers in advance of executing a written agreement with the consumer's loan holder or servicer; 12 C.F.R. § 1015.5(a);

b.      Misrepresented, expressly or by implication, material aspects of MARS that they sold; 12 C.F.R. § 1015.3; or

c.      Failed to make mandatory disclosures in all commercial communications; 12 C.F.R. §§ 1015.4(a)(1)-(2), 1015.4(b)(1)-(3), 1015.4(c).

7.      The Corporate Defendants formed a "common enterprise," rendering each liable for the others' conduct.  *See Delaware Watch v. FTC*, 332 F.2d 745, 746 (2d Cir. 1964); *FTC v. Network Svcs Depot*, 617 F.3d 1127, 1142 (9th Cir. 2010) ("[Q]ualities that may be demonstrated by a showing of strongly interdependent economic interests or the pooling of assets and revenues."); *accord FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000) (common enterprise shown where corporate defendants were under common control; shared office space, employees, and officers").

8.      Defendant Jeremy Foti ("Foti") is liable for injunctive relief because he had control over the Corporate Defendants and/or participated in the wrongful conduct. *FTC v. Publishing Clearinghouse Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

9.      Defendant Charles Marshall ("Marshall") is liable for injunctive relief because he had control over the Corporate Defendants and/or participated in the wrongful conduct.  *FTC v. Publishing Clearinghouse Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997).

10.     Foti is liable for monetary relief because he had, at least, "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth."  *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014).  In fact, the evidence shows he intended to defraud consumers.

11.     Marshall is liable for monetary relief because he had, at least, "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101-02 (9th Cir. 2014). In fact, the evidence shows he intended to defraud consumers.

12.     The FTC is entitled to monetary relief in the full amount consumers paid to the Corporate Defendants. *See, e.g., FTC v. Figgie Int'l*, 994 F.2d 595, 605-06 (9th Cir. 1993) (holding that consumers are assumed to have relied upon the deceptive claims because they were widely disseminated, and that consumers were entitled to full refunds because the fraud was in the selling).

13.     Therefore, Foti's and Marshall's monetary liability for violations of the FTC Act and the MARS Rule is joint and several with each other and the Corporate Defendants for the time period they had control or participated in the wrongful conduct. *See FTC v. Stefanchik*, 559 F.3d 924, 931 (9th Cir. 2009) (rejecting arguments that defendants should not be liable for the full amount of consumer loss because they only received a percentage of the funds); *FTC v. Commerce Planet Inc.*, 815 F.3d 593, 603 (9th Cir. 2016).

14.     There is a cognizable danger that Foti and Marshall will violate the FTC Act and the MARS Rule again; therefore, a permanent injunction to fence in future conduct is appropriate. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953); *FTC v. USA Fin., LLC*, 415 Fed. App'x 970, 975 (11th Cir. 2011) (per curiam); *FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 395, 85 S. Ct. 1035, 1048 (1965); *Litton Indus., Inc. v. FTC*, 676 F.2d 364, 370 (9th Cir. 1982) (quoting *FTC v. Ruberoid Co.*, 343 U.S. 470, 473 (1952)).

Executed this 14th day of August, 2017.

 /s/  Benjamin J. Theisman
BENJAMIN J. THEISMAN
GREGORY J. MADDEN

395

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## INDEX TO EVIDENCE

**Evidence Already on the Record:**

| Document Title | Docket Entry |
|---|---|
| Declaration of Gregory J. Madden (May 18, 2016) | DE 12 &13 |
| Declaration of Anthony L. Gales | DE 14 |
| Declaration of Emil George (May 17, 2016) | DE 14-6 |
| Declaration of Jeremy Foti in Support of Defendant's Response to Plaintiff's Objections to Proposed Findings of Fact and Receiver's Supplemental Report | DE 152-1 |
| Declaration of Joseph Kennedy Pursuant to 28 U.S.C. § 1746 | DE 16 |
| Declaration of Diane Samar Ayoub | DE 17 |
| Declaration of Jesse Chapman | DE 17 |
| Declaration of Corina Durrett | DE 17 |
| Declaration of Teresa Irannejad | DE 17-1 |
| Declaration of Ronald Kolodziej | DE 17-2 |
| Declaration of Michael Nava | DE 17-4 |
| Declaration of Richard Leonido | DE 17-4 |
| Declaration of Raymond Navarro | DE 17-5 |
| Declaration of Mario Rios | DE 17-6 |
| Declaration of Malu Lujan | DE 17-7 |
| Ex. 2, Excerpts of Trial Transcript In the Matter of Vito Torchia Jr., Esq. (May 6-8, 2014) | DE 18 |
| Declaration of Jonathan Tarkowski | DE 186-3 |
| Declaration of Vito Torchia, Jr. | DE 186-4 |

1

| Document Title | Docket Entry |
|---|---|
| **Declaration of Gregory J. Madden in Support of Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall** | DE 218-2 |
| **Declaration of Gregory J. Madden in Support of Plaintiff's Opposition to Motion to Dissolve or Otherwise Modify Preliminary Injunction as to Defendant Charles T. Marshall** | DE 278-1 |
| **Preliminary Report of Temporary Reciever** | DE 42 |
| **Notice of Appearance of Counsel (Charles T. Marshall)** | DE 50 |
| **Joint Stipulation Regarding Proposed Stipulated Preliminary Injuctions to Certain Parties** | DE 53 |
| **First Amended Complaint for Permanent Injunction and Other Equitable Relief** | DE 61 |
| **Declaration of Edward Chang** | DE 69-2 |
| **Declaration of Andrew W. Robertson** | DE 69-2 |
| **Declaration of Jeremy Foti in Support of Opposition to Preliminary Injunction, dated July 25, 2016** | DE 78-1 |
| **Defendant Jeremy Foti's Answer to Complaint** | DE 94 |

**Evidence Submitted with This Motion:**

| Document Title | MSJ Evid Page Nos. |
|---|---|
| **Declaration of Edward Chang Pursuant to 28 U.S.C. § 1746** | 1-18 |

| Document Title | MSJ Evid Page Nos. |
| --- | --- |
| **Second Declaration of Emil T. George dated July 6, 2017** | 19-55 |
| **Expert Report Submitted by Dr. Bruce Isaacson Measuring the Experiences of Consumers Who Retained Brookstone Law Firm** | 56-219 |
| **Declaration of Josephine Lobo** | 220-236 |
| **Declaration of Benjamin J. Theisman in Support of Plaintiff's Motion for Summary Judgment Against Defendants Jeremy Foti and Charles Marshall as to all Counts** | 237-876 |
| **Declaration of Gregory Madden** | 877-1198 |