**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DAMIAN KUTZNER, et al.<br><br>Defendants. | **SACV16-00999-BRO (AFMx)**<br><br>**FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANTS JEREMY FOTI AND CHARLES MARSHALL** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734, 1763-64 (Mar. 22, 2009) ("Credit Card Act"), and amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111-203, Section 1097, 124 Stat. 1376, 2102-03 (July 21, 2010) ("Dodd-Frank Act"), 12 U.S.C. § 5538. On September 5, 2017, the Court issued its Order re Plaintiff's Motion for Summary Judgment Against Defendants Jeremy Foti and Charles Marshall, and Defendant Jeremy Foti's Motion for Summary Judgment or, in the Alternative, Summary Adjudication. DE

353. There, the Court granted the FTC's motion for summary judgment against defendants Jeremy Foti and Charles Marshall and denied Jeremy Foti's motion for summary judgment. On September 19, 2017, the Court ordered the FTC to "to lodge a Proposed Judgment consistent with the order issued in this matter no later than September 22, 2017." DE 358. On September 20, 2017, the FTC submitted the Proposed Judgment. Therefore, the Court issues this order as a Final Judgment pursuant to Federal Rules of Civil Procedure 54(a) and 58(a).

## SUMMARY OF FINDINGS AND JUDGMENT

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and otherwise violated the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015 ("Regulation O").

3. The undisputed facts establish that Brookstone Law P.C., a California corporation, Brookstone Law P.C., a Nevada corporation (collectively Brookstone); Advantis Law P.C. and Advantis Law Group P.C. (collectively "Advantis" and, with Brookstone, the "Corporate Defendants") formed a common enterprise. "[E]ntities constitute a common enterprise when they exhibit either vertical or horizontal commonality—qualities that may be demonstrated by a showing of strongly interdependent economic interests ofrthe pooling of assets and revenues." *FTC v. Network Servs. Depot, Inc.*, 617 F.3d 1127, 1142–43 (9th Cir. 2010). Here, the undisputed facts are that Brookstone and Advantis shared staff and office space at multiple locations. They had significant overlap in owners and direct overlap in control persons, including Foti. They also assisted one another in furthering the scheme, with Advantis coming on board when Vito Torchia was being disbarred, using virtually the same misrepresentations in mailers, scripts, and

websites. *Network Servs. Depot, Inc.*, 617 F.3d at 1143 ("The undisputed evidence is that [defendant's] companies pooled resources, staff and funds; they were all owned and managed by [defendant] and his wife; and they all participated to some extent in a common venture to sell internet kiosks."). "Thus, all of the companies were beneficiaries of and participants in a shared business scheme . . . ." *Network Servs. Depot, Inc.*, 617 F.3d at 1143.

4. The Corporate Defendants deceptively marketed and sold to struggling homeowners litigation against their lenders, falsely telling consumers: they were likely to prevail; they were likely to receive large monetary payments; the Corporate Defendants were likely to void consumers' mortgages or receive their property free and clear; the Corporate Defendants had a team of legal professionals capable of litigating the cases as promised; and, for some consumers, that they would be added to a lawsuit.

5. The Corporate Defendants were marketing and selling mortgage assistance relief services ("MARS") as defined in 12 C.F.R. § 1015.2.

6. The Corporate Defendants took advance fees for the MARS in violation of 12 C.F.R. § 1015.5.

7. The Corporate Defendants did not make the disclosures to consumers required by 12 C.F.R. § 1015.4.

8. The Corporate Defendants made misrepresentations regarding material aspects of their services in violation of 12 C.F.R. § 1015.3.

9. The Corporate Defendants do not meet the attorney exemption in 12 C.F.R. § 1015.7.

10. Jeremy Foti had authority to control and participated in the Corporate Defendants' acts, and was doing so by at least January 1, 2011.

11. Charles Marshall had authority to control and participated in the Corporate Defendants' acts, and was doing so by at least February 27, 2015.

12. Because the undisputed facts establish that Jeremy Foti and Charles Marshall had extensive involvement in the fraudulent scheme, Jeremy Foti and Charles Marshall had at least "actual knowledge of material misrepresentations, . . . reckless[] indifferen[ce] to the truth or falsity of a misrepresentation, or . . . awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Affordable Media*, 179 F.3d 1228, 1235 (9th Cir. 1999).

13. A permanent injunction is required because, in light of Jeremy Foti's and Charles Marshall's conduct in operating the Corporate Defendants, and their prior conduct, there is a "cognizable danger of recurring violation." *FTC v. Gill*, 71 F. Supp. 2d 1030, 1047 (C.D. Cal. 1999), *aff'd*, 265 F.3d 944 (9th Cir.) (citing *United States v. W.T. Grant*, 345 U.S. 629, 633 (1953)). "As demonstrated by the frequency of the misrepresentations . . . , defendants have exhibited a pattern of misrepresentations which convinces this Court that violations of the [MARS Rule] and of the FTC Act were systematic." *See Gill*, 71 F. Supp. 2d at 1047. "As to the possibility of recurrence," defendant Marshall continues to be able to practice law, such that it is possible that he could engage in similar conduct in the future. As to Foti, his involvement in the Corporate Defendants' scheme was so extensive, and the Corporate Defendants made so many misrepresentations to consumers, that in considering the undisputed facts, there is a likelihood that he will engage in similar conduct in the future.

14. The Corporate Defendants' net revenues from January 1, 2011 to June 2, 2016 were $18,146,866.34.

15. The Corporate Defendants' net revenues from February 27, 2015 to June 2, 2016 were $1,784,022.61.

## DEFINITIONS

For the purposes of this Final Judgment, the following definitions apply:

A. **"Assisting others"** includes:

1. performing customer service functions, including receiving or responding to consumer complaints;
2. formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;
3. formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including web or Internet Protocol addresses or domain name registration for any Internet websites, affiliate marketing services, or media placement services;
4. providing names of, or assisting in the generation of, potential customers;
5. performing marketing, billing, or payment services of any kind; or
6. acting or serving as an owner, officer, director, manager, or principal of any entity.

B. **"Corporate Defendants"** means Brookstone Law P.C. (California), Brookstone Law P.C. (Nevada), Advantis Law P.C., and Advantis Law Group P.C., and their successors and assigns.

C. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

D. **"Financial product or service"** means any product, service, plan, or program represented, expressly or by implication, to:

|   |   |   |   |
|---|---|---|---|
| 1 | | 1. | provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; |
| | | 2. | provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards; |
| | | 3. | improve, repair, or arrange to improve or repair, any consumer's credit record, credit history, or credit rating; or |
| | | 4. | provide advice or assistance to improve any consumer's credit record, credit history, or credit rating. |

E. **"Individual Defendants"** means Damian Kutzner, Jeremy Foti, Vito Torchia Jr., Jonathan Tarkowski, R. Geoffrey Broderick, and Charles T. Marshall.

F. **"Person"** includes a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

G. **"Secured or unsecured debt relief product or service"** means:
1. With respect to any mortgage, loan, debt, or obligation between a person and one or more secured or unsecured creditors or debt collectors, any product, service, plan, or program represented, expressly or by implication, to:
   a. stop, prevent, or postpone any mortgage or deed of foreclosure sale for a person's dwelling, any other sale of collateral, any repossession of a person's dwelling or other collateral, or otherwise save a person's dwelling or other collateral from foreclosure or repossession;
   b. negotiate, obtain, or arrange a modification, or renegotiate, settle, or in any way alter any terms of the

                mortgage, loan, debt, or obligation, including a reduction in the amount of interest, principal balance, monthly payments, or fees owed by a person to a secured or unsecured creditor or debt collector;

      c.    obtain any forbearance or modification in the timing of payments from any secured or unsecured holder or servicer of any mortgage, loan, debt, or obligation;

      d.    negotiate, obtain, or arrange any extension of the period of time within which a person may (i) cure his or her default on the mortgage, loan, debt, or obligation, (ii) reinstate his or her mortgage, loan, debt, or obligation, (iii) redeem a dwelling or other collateral, or (iv) exercise any right to reinstate the mortgage, loan, debt, or obligation or redeem a dwelling or other collateral;

      e.    obtain any waiver of an acceleration clause or balloon payment contained in any promissory note or contract secured by any dwelling or other collateral; or

      f.    negotiate, obtain, or arrange (i) a short sale of a dwelling or other collateral, (ii) a deed-in-lieu of foreclosure, or (iii) any other disposition of a mortgage, loan, debt, or obligation other than a sale to a third party that is not the secured or unsecured loan holder.

The foregoing shall include any manner of claimed assistance, including auditing or examining a person's application for the mortgage, loan, debt, or obligation.

2.    With respect to any loan, debt, or obligation between a person and one or more unsecured creditors or debt collectors, any

7

product, service, plan, or program represented, expressly or by implication, to:

    a.    repay one or more unsecured loans, debts, or obligations; or

    b.    combine unsecured loans, debts, or obligations into one or more new loans, debts, or obligations.

**I.    BAN ON SECURED OR UNSECURED DEBT RELIEF PRODUCTS AND SERVICES**

**IT IS ORDERED** that Jeremy Foti and Charles Marshall are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of any secured or unsecured debt relief product or service.

**II.    PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO FINANCIAL PRODUCTS AND SERVICES**

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any financial product or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    A.    the terms or rates that are available for any loan or other extension of credit, including:

        1.    closing costs or other fees;

        2.    the payment schedule, monthly payment amount(s), any balloon payment, or other payment terms;

        3.    the interest rate(s), annual percentage rate(s), or finance charge(s), and whether they are fixed or adjustable;

        4.      the loan amount, credit amount, draw amount, or outstanding balance; the loan term, draw period, or maturity; or any other term of credit;

        5.      the amount of cash to be disbursed to the borrower out of the proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

        6.      whether any specified minimum payment amount covers both interest and principal, and whether the credit has or can result in negative amortization; or

        7.      that the credit does not have a prepayment penalty or whether subsequent refinancing may trigger a prepayment penalty and/or other fees;

    B.      the ability to improve or otherwise affect a consumer's credit record, credit history, credit rating, or ability to obtain credit, including that a consumer's credit record, credit history, credit rating, or ability to obtain credit can be improved by permanently removing current, accurate negative information from the consumer's credit record or history;

    C.      that a consumer will receive legal representation; or

    D.      any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## III. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO ANY PRODUCT OR SERVICE

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product, service, plan, or program,

are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

  A. the likelihood of obtaining any relief for consumers;

  B. that consumers will be added to a lawsuit;

  C. any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

  D. that any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other non-commercial program; or any other program;

  E. the nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

  F. the person who will provide any product, service, plan, or program to any consumer;

  G. that any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

  H. that the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;  or

  I. any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV. MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that judgment in the amount of Eighteen Million One Hundred Forty-Six Thousand Eight Hundred Sixty-Six Dollars and

Thirty Four Cents ($18,146,866.34), is entered, in favor of the Commission against Jeremy Foti, jointly and severally, as equitable monetary relief. Jeremy Foti is ordered to pay the FTC this amount immediately upon the entry of this Final Judgment.

**IT IS FURTHER ORDERED** that judgment in the amount of One Million Seven Hundred Eighty-Four Thousand Twenty-Two Dollars and Sixty-One Cents ($1,784,022.61), is entered in favor of the Commission against Charles Marshall, jointly and severally, as equitable monetary relief. Charles Marshall is ordered to pay the FTC this amount immediately upon the entry of this Final Judgment.

## V. ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A. Jeremy Foti and Charles Marshall relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Final Judgment and may not seek the return of any assets.

B. All money paid to the Commission pursuant to this Final Judgment may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

C. The asset freezes in force against Jeremy Foti and Charles Marshall are modified to permit the payment of the Monetary Judgments, above identified.

Upon satisfaction of their Monetary Judgments, the asset freezes shall be dissolved.

## VI. RECEIVERSHIP TERMINATION

**IT IS FURTHER ORDERED** that the Receiver must complete all duties related to the individual receivership estate created pursuant to DE 153 within 180 days after entry of this Final Judgment, but any party or the Receiver may request that the Court extend the Receiver's term for good cause.

## VII. CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Final Judgment, are permanently restrained and enjoined from directly or indirectly:

A. failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Jeremy Foti and Charles Marshall must provide it, in the form prescribed by the Commission, within 14 days;

B. disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Final Judgment in connection with any product or service related to consumers' mortgages; and

C. failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Final Judgment.

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

VIII. **FINAL JUDGMENT ANCKNOWLEDGMENTS**

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall submit acknowledgments of the Final Judgment. They each shall:

A. Within 7 days of entry of this Final Judgment, submit to the Commission an acknowledgment of receipt of this Final Judgment sworn under penalty of perjury.

B. For 5 years after entry of this Final Judgment, for any business that either of them, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Final Judgment to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Final Judgment; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Final Judgment for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Jeremy Foti or Charles Marshall delivered a copy of this Final Judgment, he must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Final Judgment.

IX. **COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall make timely submissions to the Commission.

A. They each shall, one year after entry of this Final Judgment, submit a compliance report, sworn under penalty of perjury:

1. (a) identifying the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with him; (b) identifying all of his businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describing the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which he must describe if he knows or should know due to their own involvement); (d) describing in detail whether and how he is in compliance with each Section of this Final Judgment; (e) providing a copy of each Final Judgment Acknowledgment obtained pursuant to this Final Judgment, unless previously submitted to the Commission; and
2. (a) identifying all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identifying all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describing in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Final Judgment, Jeremy Foti and Charles Marshall each must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. (a) any designated point of contact; or (b) the structure of any entity that he has any ownership interest in or controls directly

or indirectly that may affect compliance obligations arising under this Final Judgment, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Judgment; and

  2. (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

 C. Jeremy Foti and Charles Marshall must each submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against him within 14 days of its filing.

 D. Any submission to the Commission required by this Final Judgment to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: \_\_\_\_\_" and supplying the date, signatory's full name, title (if applicable), and signature.

 E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Final Judgment must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Damian Kutzner, X030002.

## X. RECORDKEEPING

**IT IS FURTHER ORDERED** that Jeremy Foti and Charles Marshall each must create certain records for 15 years after entry of the Final Judgment, and retain each such record for 5 years. Specifically, for any business that either, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, he must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Final Judgment, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## XI. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Jeremy Foti's and Charles Marshall's compliance with this Final Judgment:

A. Within 14 days of receipt of a written request from a representative of the Commission, Jeremy Foti and Charles Marshall each must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of

Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Final Judgment, the Commission is authorized to communicate directly with Jeremy Foti and Charles Marshall. Jeremy Foti and Charles Marshall each must permit representatives of the Commission to interview any employee or other person affiliated with him who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Jeremy Foti or Charles Marshall or any individual or entity affiliated with either or both of them, without the necessity of identification or prior notice. Nothing in this Final Judgment limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D. Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning either Jeremy Foti or Charles Marshall, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Judgment.

IT IS SO ORDERED.
DATED: September 21, 2017

By: _____
Honorable Beverly R. O'Connell
United States District Court Judge