Thomas W. McNamara
tmcnamara@mcnamarallp.com
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Court-Appointed Receiver*

Andrew W. Robertson (SBN 62541)
arobertson@mcnamarallp.com
McNamara Smith LLP
655 West Broadway, Suite 1600
San Diego, California 92101
Telephone: 619-269-0400
Facsimile:  619-269-0401

*Attorneys for Receiver*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL TRADE COMMISSION, | Case No. 8:16-cv-00999 DOC (AFMx) |
|---|---|
| Plaintiff, | **RECEIVER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE WHY JEREMY FOTI SHOULD NOT BE HELD IN CIVIL CONTEMPT** |
| v. | |
| DAMIAN KUTZNER, et al., | |
| Defendants. | |
|  | JUDGE:  Hon. David O. Carter<br>CTRM:    9D |

## I. INTRODUCTION AND BACKGROUD

More than a year ago, the Court issued a Preliminary Injunction with Appointment of Receiver as to Defendant Jeremy Foti (the "Preliminary Injunction"), which, among other things, prohibited Receivership Entities from filing bankruptcy petitions. The Preliminary Injunction provides:

> **IT IS FURTHER ORDERED** that in light of the appointment of the Receiver, the Receivership Entities are prohibited from filing petitions for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., or any other similar insolvency proceeding, without prior permission from this Court.

(ECF No. 153 at 34:4-8 (emphasis in original).) "'Receivership Entity' means Time Out Management Ltd. LLC, DND Consulting Inc., GAMC Services Inc., and all other entities wholly owned or controlled by Defendant Foti." (*Id.* at 22:10-12.)

Foti violated the Preliminary Injunction when he caused a Chapter 7 bankruptcy petition to be filed yesterday for Time Out Management LLC. *See In re Time Out Management LLC*, Case No. 8:18-bk-10592-CB, ECF No. 1 (Bankr. C.D. Cal. Feb. 22, 2018) (the "Time Out Bankruptcy"). Despite the warning that "[b]ankruptcy fraud is a serious crime" and "[m]aking a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both," Foti, signing as "Manager", declared under penalty of perjury that he was authorized to file the petition on behalf of the debtor and the debtor requested bankruptcy relief. *See id.* at 4. Foti's actions is a blatantly contemptuous violation of the Preliminary Injunction – and potentially a criminal act.

The Time Out Bankruptcy is Foti's latest attempt to stop the Court's Order authorizing the sale of 300 Morning Star Lane, Newport Beach, California 92660 (the "Time Out Property" or "Newport Beach Real Property") owned by Time Out Management Ltd. LLC ("Time Out"). Foti has done all that he can legally to stop the sale of the Time Out Property without success. He first filed an emergency

stay motion with the United States Court of Appeals for the Ninth Circuit. Foti's motion was denied. *See Fed. Trade Comm'n v. Foti*, Case No. 17-56455, Order, ECF No. 17 (9th Cir. Jan. 24, 2018). He then filed an emergency stay motion with the Supreme Court of the United States. The Supreme Court denied that request. *Foti v. Fed. Trade Comm'n*, Case No. 17A845, (Feb. 8, 2018) (application denied).

After the Supreme Court denied his request for an emergency stay, Foti has become more desperate in his efforts to retain possession of the Time Out Property. He first filed an individual personal Chapter 7 bankruptcy petition. *See In re Jeremy Foti*, Case No. 8:18-bk-10492, ECF No. 1 (Bankr. C.D. Cal. Feb. 14, 2018). His counsel asserted that the individual bankruptcy caused an automatic stay prohibiting the Receiver's possession of the Time Out Property. When it became clear that the Receiver did not believe the personal bankruptcy affected the Preliminary Injunction and the December 18, 2017 Order of Court, and that the Receiver intended to take possession of the property, Foti filed the unlawful Time Out bankruptcy petition. *See* Accompanying Status Report for additional details.

The Receiver hereby applies to the Court for entry of an order directing Foti to show cause as to why he should not be held in civil contempt and ordered to immediately dismiss the Time Out Bankruptcy; charging a fine in the amount of $500 per day until the contempt is purged; causing Foti to be liable to the Receivership Estate for compensation for any actual damages suffered, including, but not limited to, the Receiver's attorneys' fees and expenses; and permitting the Receiver to seek additional civil contempt sanctions if, after 30 days, Foti is still not in compliance with the Court's Orders.

## II.   DISCUSSION

### A.   Defendant Foti Violated the Court's Order and Should Be Held in Contempt

The evidence is clear and convincing that Foti has violated and obstructed the Court's Order, and that the Court may find him in civil contempt after issuing

1  an order to show cause providing him with an opportunity to respond and to be
2  heard.
3      Obedience of a court order is required unless and until it has been vacated or
4  reversed, except in only the rarest of situations. *Walker v. City of Birmingham*,
5  388 U.S. 307, 315 (1967); *see also Zapon v. U.S. Dep't of Justice*, 53 F.3d 283,
6  285 (9th Cir. 1995). Federal courts have inherent power to enforce their lawful
7  orders through contempt. *Spallone v. United States*, 493 U.S. 265, 276 (1990). "A
8  district court has the power to adjudge in civil contempt any person who willfully
9  disobeys a specific and definite order of the court." *FTC v. Kutzner*, 2017 U.S.
10 Dist. LEXIS 172569, at *7-8 (C.D. Cal. June 12, 2017), citing *Gifford v. Heckler*,
11 741 F.2d 263, 265 (9th Cir. 1984). "Civil contempt . . . consists of a party's
12 disobedience to a specific and definite court order by failure to take all reasonable
13 steps within the party's power to comply." *Inst. of Cetacean Research v. Sea*
14 *Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014), citing *In re*
15 *Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.
16 1993).
17     A party alleging civil contempt must demonstrate that the alleged contemnor
18 violated the court's order by "clear and convincing evidence." *Inst. of Cetacean*
19 *Research*, 774 F.3d 935 at 945, citing *Dual-Deck*, 10 F.3d at 695 (further citations
20 omitted)). "The burden then shifts to the contemnors to demonstrate why they
21 were unable to comply." *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th
22 Cir. 1999). The accused party must demonstrate that it took all reasonable steps to
23 comply, yet was unable to do so. *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856
24 (9th Cir. 1992).
25     A district court has "wide latitude in determining whether there has been a
26 contemptuous defense of its order." *Stone*, 968 F.2d 850 at 856, citing *Gifford v.*
27 *Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). The Court need not find that the
28 violations were willful or intentional. *See In re Crystal Palace Gambling Hall*,

1  Inc., 817 F.2d 1361, 1365 (9th Cir. 1987); *United States v. Asay*, 614 F.2d 655, 661

2  (9th Cir. 1980) ("Willfulness is not an element of civil contempt." (citing *McComb*

3  *v. Jacksonville Paper Co.*, 336 U.S. 187 (1948)).

4        Here, clear and convincing evidence establishes that Foti violated the

5  Preliminary Injunction prohibiting Receivership Entities from filing bankruptcy

6  petitions absent Court authorization. *See* ECF No. 153 at 34:4-8. Foti filed the

7  Time Out Bankruptcy at 10:31 a.m. yesterday, February 22, 2018 – after his

8  counsel was told the evening before that the Receiver planned to take possession of

9  the Time Out Property. *See* Accompanying Status Report for additional details.

10 The Time Out Bankruptcy is an attempt to gum up the works and slow the

11 Receiver's possession, marketing, and sale of the property.

12       In sum, all the elements of contempt are present. First, a valid court order

13 exists. The Preliminary Injunction was issued by the Court after briefing by the

14 parties and after the Court considered oral arguments. *See* ECF No. 142 (Minute

15 Order granting Preliminary Injunction).

16       Next, the language of the Order is specific and definite:

> **IT IS FURTHER ORDERED** that in light of the appointment of the Receiver, the Receivership Entities are prohibited from filing petitions for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., or any other similar insolvency proceeding, without prior permission from this Court.

21 *See* ECF No. 153 (Preliminary Injunction) at 34:4-8 (emphasis in original).

22       Foti has disobeyed, violated, and continues to disregard the Court's Order.

23 In this matter, there is clear and convincing evidence that Foti is in contempt of the

24 Court's Order. Given that the Receiver's initial burden to show contempt has been

25 met, the burden now shifts to Foti to demonstrate that he took all reasonable steps

26 to comply with the Court's Order, yet was unable to do so. *See Stone v. City &*

27 *County of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992).

28 ///

### B. The Requested Relief

The Receiver asks that the Court issue an order as follows:

(1) Ordering defendant Foti to show cause as to why he should not be held in civil contempt for failing to comply with the Court's Order prohibiting Receivership Entities from filing bankruptcy petitions without prior permission from the Court (ECF No. 153 at 34:4-8);

(2) Granting defendant Foti five court days in which to file a response to such an order to show cause, and the Receiver three court days to respond, and then setting the matter for an in-person hearing (as is required for a civil contempt proceeding) on the next available court day thereafter.

After defendant Foti has received such notice and opportunity to respond and to be heard, the Receiver further asks this Court to issue an order holding defendant Foti in civil contempt and issuing appropriate sanctions. The nature of the permissible sanctions are as follows:

"District courts have broad equitable power to order appropriate relief in civil contempt proceedings." *FTC v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012). "A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (citation and internal quotation marks omitted); *see also In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). "Remedial or compensatory actions for contempt are essentially backward looking, seeking to compensate the complainant through the payment of money for damages caused by past acts of obedience. Compensatory awards must be based upon evidence of complainant's actual loss. In determining the proper amount of a coercive sanction, the court should consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction." *FTC v. Gill*, 183 F. Supp. 2d 1171, 1180 (C.D. Cal. 2001)

1  (citations, alteration, and internal quotation marks omitted).  Reasonable fees and
2  costs may be an appropriate remedial measure regardless of whether the
3  contemptuous party acted willfully.  *Kutzner*, 2017 U.S. Dist. LEXIS 172569 at
4  *7-8, citing *Perry v. O'Donnell*, 759 F.2d 702, 704-05 (9th Cir. 1985).

      Here, the Receiver seeks relief both to coerce compliance with the Court's Order, and to compensate the receivership for expenses sustained due to the violations of the Order.  Specifically, after the required hearing, the Receiver seeks an order:

(1)    Holding defendant Foti in civil contempt;

(2)    Ordering defendant Foti to cure his contempt by immediately dismissing the Time Out Bankruptcy;

(3)    Ordering that should defendant Foti fail to immediately dismiss the Time Out Bankruptcy, he shall pay a fine of $500 per calendar day to the Clerk of the Court every court day thereafter until he cures his contempt;

(4)    Ordering that defendant Foti pay the Receiver's reasonable attorneys' fees and costs in bringing and pursuing this application for civil contempt, to be determined based upon the Receiver's submission of such fees and costs, to be filed within five court days of the Court's award of such fees and costs;

(5)    Setting the matter for a hearing fourteen days after the order holding defendant Foti in civil contempt, the purpose of which hearing shall be to determine if he has complied with the civil contempt order or if further coercive measures are necessary; and

(6)    Issuing such additional relief as the Court finds just and equitable.

      The Receiver further reserves the right to seek civil contempt findings and sanctions against additional persons acting in concert with defendant Foti.  He does not seek such relief at this time in hope that the Court's intervention through

issuance of the above-identified relief will be enough to persuade defendant Foti and those acting in concert with him to comply with the Court's Orders.

## III. CONCLUSION

For the foregoing reasons, the Receiver respectfully requests that the Court grant this application and issue an Order to Show Cause as to Why Defendant Jeremy Foti Should Not Be Held in Civil Contempt. A proposed Order is attached hereto.

Dated: February 23, 2018                MCNAMARA SMITH LLP

By:   /s/ Andrew W. Robertson
        Andrew W. Robertson
        Attorneys for Thomas W. McNamara, Receiver